**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST GUARANTY MORTGAGE CORPORATION, | Case No. 22- 10584 (___) |
| Debtor. | |
| Tax I.D. No. 54-1429575 | |
| In re: | Chapter 11 |
| MAVERICK II HOLDINGS, LLC, | Case No. 22- 10583 (___) |
| Debtor. | |
| Tax I.D. No. 88-1305621 | |

**DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION
OF RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")
hereby move (the "Motion") the Court for the entry of an order, substantially in the form
attached hereto as **Exhibit A**, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy
Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice
and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local
Rules"), authorizing and directing the joint administration of the Debtors' related chapter 11
cases for procedural purposes only. In support of this Motion, the Debtors rely on the
*Declaration of Aaron Samples in Support of Chapter 11 Petitions and First Day Pleadings* (the
"First Day Declaration"), filed concurrently herewith, and state as follows:

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference from the United States District Court for the District of Delaware*,

dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. §

157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of

a final order by the Court in connection with this Motion to the extent that it is later determined

that the Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are section 105(a) of title

11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Bankruptcy

Rule 1015(b), and Local Rule 1015-1.

## Background

4.      On the date hereof (the "Petition Date"), the Debtors each commenced voluntary

cases for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue

operating their businesses and managing their properties as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee

has been appointed in the chapter 11 cases.

5.      Prior to the Petition Date, FGMC was a full service, non-bank mortgage lender,

offering a full suite of residential mortgage options tailored to borrowers' different financial

situations.  It was one of the leading independent mortgage companies in the United States that

originated residential mortgages through a national platform.  As described in more detail in the First Day Declaration, FGMC's business included the origination, purchase, service, sale and/or securitization of residential real estate mortgage loans.  However, just prior to the Petition Date, as a result of an extreme and unanticipated liquidity crisis and resultant inability to obtain additional capital, FGMC ceased all of its mortgage loan origination activity and separated nearly 80% of its workforce.  The Debtors commenced these Chapter 11 Cases to evaluate their restructuring options, accommodate their customers, and maximize and preserve value for all stakeholders.

6.      Additional information regarding the Debtors, including their business and the events leading to the commencement of these chapter 11 cases, is set forth in the First Day Declaration.

## **Relief Requested**

7.      By this Motion, the Debtors seek entry of an order directing the joint administration of their chapter 11 cases and the consolidation thereof for procedural purposes only. The Debtors also request that the caption of their chapter 11 cases be modified to reflect their joint administration as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br>FIRST GUARANTY MORTGAGE<br>CORPORATION, *et al.*,[1]<br><div align=center>Debtors.</div> | Chapter 11<br><br>Case No. 22-10584 (___)<br><br>(Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5400 Tennyson Parkway, Suite 450, Plano, TX 75024.

8.      In addition, the Debtors request that the Court direct the Clerk of this Court (the "Clerk") to make a notation substantially similar to the following on the docket of each Debtor:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below for procedural purposes only.  The docket in Case No. 22-10584 (___) should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order: First Guaranty Mortgage Company 22-10584 (___) and Maverick II Holdings LLC 22-10583 (   ).

9.      Finally, the Debtors request that the Court permit use of a combined service list and correspondingly combined notices.

10.      Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  The Debtors are "affiliates" of each other as that term is defined in section 101(2) of the Bankruptcy Code, as FGMC directly owns 100% of the membership interests in Maverick.  11 U.S.C. § 101(2).  Thus, joint administration for procedural purposes is proper.

11.     Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.  An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time.  An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

12.     Joint administration of the Debtors' cases is warranted because it will ease the administrative burden on the Court and all parties in interest.  Joint administration of the Debtors' cases will eliminate the need for duplicate pleadings, notices, and orders on each of the respective dockets and will save the Court, the Debtors, and other parties in interest substantial time and expense when preparing and filing such documents.  Further, joint administration will protect parties in interest by ensuring that they will be apprised of the various motions filed with the Court with respect to each of the Debtors' cases.  Therefore, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

13.     Joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.  Accordingly, the Debtors submit that the joint administration of these chapter

11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

14.     Finally, the Debtors submit that use of the simplified caption, without reference to the Debtors' full tax identification numbers, addresses, and previous names will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification.  A copy of the Motion, along with other case-specific information, is also available on the Debtors' case website at www.kccllc.net/FGMC. Therefore, the Debtors submit the policies behind the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) have been fully satisfied.

## No Previous Request

15.     No previous motion or application for the relief sought herein has been made to this or any other court.

## Notice

16.     Notice of this Motion shall be given to the following parties: (a) the Office of the United States Trustee; (b) counsel to the Debtors' prepetition and post-petition secured lenders; and (c) the Debtors' thirty largest unsecured creditors on a consolidated basis.  As the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. LR 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**: (a) authorizing the joint administration of

the Debtors' cases for procedural purposes only, (b) directing the Clerk to make the docket entries

set forth herein, and (c) granting such other and further relief as is proper.

Dated: June 30, 2022                **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
       tcairns@pszjlaw.com
       mcaloway@pszjlaw.com


-and -

**DENTONS US LLP**

Samuel R. Maizel
Tania M. Moyron
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Email:   samuel.maizel@dentons.com
         tania.moyron@dentons.com

-and-

**DENTONS US LLP**

David F. Cook
1900 K Street, NW
Washington, DC 20006
Telephone:  (202) 496-7500
Email:   david.f.cook@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*