# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10584 (   )<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION SEEKING ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED
LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING
MATRIX FOR EACH DEBTOR, (B) FILE A CONSOLIDATED LIST OF THE
DEBTORS' THIRTY LARGEST UNSECURED CREDITORS, AND (C) REDACT
CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL
CREDITORS AND INTEREST HOLDERS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:

**Relief Requested**

1. The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**: (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors' thirty largest unsecured creditors in lieu of filing lists for each Debtor, and (iii) redact certain personally identifiable information for the Debtors' individual creditors and interest holders; and (b) granting related relief.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5400 Tennyson Parkway, Suite 450, Plano, TX 75024.
.

**Jurisdiction and Venue**

2.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory bases for the relief requested herein are sections 105(a), 107(c), 342(a), and 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 1007, 2002, and 9013-1, and Local Rules 1001-1(c), 1007-1, 1007-2, 2002-1, and 9013-1(m).

**Background**

5.  On the date hereof (the "Petition Date"), the Debtors each commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in the chapter 11 cases.

6. Prior to the Petition Date, FGMC was a full service, non-bank mortgage lender, offering a full suite of residential mortgage options tailored to borrowers' different financial situations. It was one of the leading independent mortgage companies in the United States that originated residential mortgages through a national platform. As described in more detail in the First Day Declaration, FGMC's business included the origination, purchase, service, sale and/or securitization of residential real estate mortgage loans. However, just prior to the Petition Date, as a result of an extreme and unanticipated liquidity crisis and resultant inability to obtain additional capital, FGMC ceased all of its mortgage loan origination activity and separated nearly 80% of its workforce. The Debtors commenced these Chapter 11 Cases to evaluate their restructuring options, accommodate their customers, and maximize and preserve value for all stakeholders.

7. Additional information regarding the Debtors, including their business and the events leading to the commencement of these chapter 11 cases, is set forth in the *Declaration of Aaron Samples in Support of Chapter 11 Petitions and First Day Pleadings* (the "<u>First Day Declaration</u>").

**Basis for Relief**

**A. Cause Exists to Authorize the Debtors to File a Consolidated List of Creditors in Lieu of Filing a Separate Mailing Matrix for Each Debtor.**

8. Local Rule 2002-1(f)(v) requires each debtor, or its duly retained agent, in jointly administered cases to maintain a separate creditor mailing matrix. Local Rule 1001-1(c) permits modification of the Local Rules by the Court "in the interest of justice." The Debtors submit that permitting them to maintain a single consolidated list of creditors (the "<u>Creditor Matrix</u>"), in lieu of maintaining a separate creditor matrix for each Debtor, is warranted. Requiring the Debtors to

3

segregate and convert their computerized records to a Debtor-specific creditor matrix format would be an unnecessarily burdensome task and result in duplicative mailings.[2]

9. Moreover, the Court has granted relief similar to the relief requested herein since the modifications to Local Rule 2002-1(f)(v) took effect. *See, e.g.*, *In re Agspring Mississippi Region, LLC,* No. 21-11238 (CTG) (Bankr. D. Del. September 13, 2021) (authorizing filing of consolidated list of creditors in lieu of separate mailing matrices); *In re Sequential Brands Group, Inc.*, No. 21-11195 (JTD) (Bankr. D. Del. September 2, 2021) (same); *In re Maines Paper & Food Service, Inc.*, No. 20-11502 (KBO) (Bankr. D. Del. June 12, 2020) (same); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020) (same); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) (same); *In re Destination Maternity Corp., et al.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (same).[3]

**B. It Is Appropriate for the Debtors to File a Single Consolidated List of the Debtors' Top Thirty Largest Creditors in These Chapter 11 Cases.**

10. Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders" (the "<u>Top 20 List</u>"). Fed. R. Bank. P. 1007(d). This Top 20 List is primarily used by the Office of the United States Trustee (the "<u>U.S. Trustee</u>") to evaluate the types and amounts of unsecured claims against the debtor and, thus, identify potential candidates to serve on an official committee of unsecured creditors appointed in the debtor's case pursuant to Bankruptcy Code section 1102.

---

[2] The Debtors submit that, if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will maintain its own creditor mailing matrix.

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

11. The Debtors request authority to file a single list of their thirty largest general unsecured creditors on a consolidated basis.[4] Because the Top 20 Lists of the Debtors could overlap, and certain Debtors may have fewer than thirty significant unsecured creditors, the Debtors submit that filing separate Top 20 Lists for each Debtor would be of limited utility. In addition, the exercise of compiling separate Top 20 Lists for each individual Debtor could consume an excessive amount of the company's limited time and resources. Further, the Debtors believe that a single, consolidated list of the Debtors' thirty largest unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors.

12. Courts in this district have granted similar relief to the relief requested herein. *See, e.g.*, *In re Agspring Mississippi Region, LLC,* No. 21-11238 (CTG) (Bankr. D. Del. September 13, 2021) (authorizing the debtors to file a consolidated list of the debtors' twenty largest unsecured creditors); *In re Sequential Brands Group, Inc.*, No. 21-11195 (JTD) (Bankr. D. Del. September 2, 2021) (same); *In re Maines Paper & Food Service, Inc.*, No. 20-11502 (KBO) (Bankr. D. Del. June 12, 2020) (same); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020) (same); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) (same); *In re Destination Maternity Corp., et al.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (authorizing a consolidated top fifty general unsecured creditors list).

13. Accordingly, the Debtors submit that filing a consolidated list of their thirty largest unsecured creditors contributes to the efficient and orderly administration of these chapter 11

---

[4] The Debtors submit that, if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will file an unconsolidated Top 20 List within ten (10) days of any such conversion.

cases, is appropriate under the facts and circumstances, and is in the best interests of the Debtors' estates.

### C. Cause Exists to Redact Certain Personally Identifiable Information for Individual Creditors and Interest Holders.

12. Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:] . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A).

14. The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these chapter 11 cases the home addresses of individuals—including the Debtors' employees and former employees—because such information could be used, among other things, to perpetrate identity theft or to locate survivors of domestic violence, harassment, or stalking. This risk is not merely speculative. In at least one chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety.[5] The Debtors propose to provide, on a confidential basis, an unredacted version of the Creditor Matrix and any other applicable filings to (a) the Court, the U.S. Trustee, counsel to any official committee of unsecured creditors appointed in these chapter 11 cases, and (b) upon a request to the Debtors (email is sufficient) or to the Court, any other party in

---

[5] The incident, which took place during the *Charming Charlie* chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019) [Docket No. 4].

6

interest to these chapter 11 cases that has a reasonable and legitimate basis for requesting such information. In addition, the Debtors will distribute to their former employees any notices that are received at the Debtors' corporate headquarters and are intended for an employee.

15. Courts in this jurisdiction have granted the relief requested herein in comparable chapter 11 cases. *See, e.g.*, *In re Agspring Mississippi Region, LLC,* No. 21-11238 (CTG) (Bankr. D. Del. September 13, 2021) (authorizing the debtors to redact the home addresses of individuals listed on the creditor matrix); *In re Sequential Brands Group, Inc.*, No. 21-11195 (JTD) (Bankr. D. Del. September 2, 2021) (authorizing the debtors to redact the home addresses of individuals listed on the creditor matrix and the names and address information of individuals); *In re Maines Paper & Food Service, Inc.*, No. 20-11502 (KBO) (Bankr. D. Del. June 12, 2020) (same); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020) (same); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) (same); *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (authorizing the debtors to redact personally identifiable information of the debtors' employees); *In re Loot Crate, Inc.*, No. 19-11791 (BLS) (Bankr. D. Del. Oct. 1, 2019) (authorizing the debtors to file lists of customer creditors under seal); *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. Jul. 12, 2019) (same).

16. In addition to granting the requested relief, courts in this district have also expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular. In *Clover*, while overruling the objection of the U.S Trustee to the same redaction-related relief proposed here, Judge Owens noted that "[t]o me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by

way of the court's electronic case filing system and, of course, the claims agent's website. . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses." Hr'ing Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020). In *Forever 21*, in overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019). Similarly in *Anna Holdings*, Chief Judge Sontchi also overruled the U.S. Trustee's objection, emphasizing the importance of protecting individuals from unnecessary disclosure of such information, noting that "I think it's just plain common sense in 2019—soon-to-be 2020—to put as little information out as possible about people's personal lives to [prevent] scams. . . So, you know, it's a real-life issue, and, of course, the issue of domestic violence is extremely important." Hr'ing Tr. at 48:20-25, 49:1–8, *In re Anna Holdings, Inc.*, No. 19- 12551 (Bankr. D. Del. Dec. 3, 2019).

17.     For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1), personally identifiable information— including home addresses—in respect of the Debtors' individual creditors and interest holders who are listed on the Creditor Matrix or any other document filed with the Court. Absent such relief, the Debtors would unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of these same individuals without any advance notice or opportunity to opt

out or take protective measures.

## Notice

18.  Notice of this Motion shall be given to the following parties: (a) the Office of the United States Trustee; (b) counsel to the Debtors' prepetition and post-petition secured lenders; and (c) the Debtors' largest unsecured creditors on a consolidated basis. A copy of the Motion is also available on the Debtors' case website at www.kccllc.net/FGMC. As the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. LR 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

19.  No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated: June 30, 2022                          **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
       tcairns@pszjlaw.com
       mcaloway@pszjlaw.com

-and -

**DENTONS US LLP**

Samuel R. Maizel
Tania M. Moyron
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Email: samuel.maizel@dentons.com
       tania.moyron@dentons.com

-and-

**DENTONS US LLP**

David F. Cook
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 496-7500
Email: david.f.cook@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*