**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10584<br><br>(Jointly Administered) |

**DEBTORS' APPLICATION FOR ORDER APPOINTING KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS AND NOTICING AGENT, EFFECTIVE AS OF THE PETITION DATE**

First Guaranty Mortgage Corporation ("FGMC") and the above-referenced affiliated debtors and debtors in possession (the "Debtors")[2] under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code"),[3] in these chapter 11 cases (the "Chapter 11 Cases"), by and through the undersigned counsel of record, hereby apply (the "Section 156(c) Application"), pursuant to 28 U.S.C. 156(c), section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002, 6003, and 6004, Local Rules 2002-1(f) and 9013-1(m), and the Court's *Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c)* (the "Claims Agent Protocol"), instituted by the Office of the Clerk of the Bankruptcy Court (the "Clerk") on February 1, 2012, for entry of an order (substantially in the form attached hereto as **Exhibit A**, the "Order") appointing Kurtzman Carson Consultants LLC ("KCC") as claims and noticing agent ("Claims

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The location of the corporate headquarters and the service address for First Guaranty Mortgage Corporation is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the First Day Declaration.

[3] All references to "§" or "section" herein are to sections of the Bankruptcy Code. All references to "Bankruptcy Rules" are to provisions of the Federal Rules of Bankruptcy Procedure. All references to "Local Rules" are to provisions of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware (the "Court").

and Noticing Agent") in the Chapter 11 Cases, including assuming full responsibility for the distribution of notices and maintenance, processing, and docketing of proofs of claim filed in the Chapter 11 Cases, effective as of the Petition Date (as defined below), all as more fully set forth herein.

In support of this Section 156(c) Application, the Debtors submit the *Declaration of Evan Gershbein in Support of Debtors' Application for Order Appointing Kurtzman Carson Consultants LLC as Claims and Noticing Agent, Effective as of the Petition Date* (the "Gershbein Declaration"). The terms of KCC's retention are set forth in the Engagement Agreement attached hereto as **Exhibit C** (the "Engagement Agreement"), provided however, that the Debtors are seeking approval solely of the terms and provisions as set forth in this Section 156(c) Application and the proposed Order attached hereto.

In further support of this Section 156(c) Application, the Debtors submit and rely on (i) the *Declaration of Aaron Samples In Support of Chapter 11 Petitions and First Day Pleadings* sworn to the date hereof (the "First Day Declaration"), which has been filed contemporaneously herewith and is incorporated by reference herein.

In further support of the Section 156(c) Application, the Debtors, by and through their proposed undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008 and Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Section 156(c) Application to the extent that it is later determined that the

Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested by this Section 156(c) Application are 28 U.S.C. 156(c), section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002, 6003, and 6004, Local Rules 2002-1(f) and 9013-1(m), and the Claims Agent Protocol.

### RELIEF REQUESTED

4.  The Debtors seek entry of an order (substantially in the form attached hereto as **Exhibit A**, the "Order") appointing KCC as Claims and Noticing Agent in the Chapter 11 Cases, including assuming full responsibility for the distribution of notices and maintenance, processing, and docketing of proofs of claim filed in the Chapter 11 Cases, effective as of the Petition Date (as defined below).

5.  The Debtors seek retention of KCC as Claims and Noticing Agent under 28 U.S.C. 156(c). If warranted, the Debtors will seek authorization to retain and employ KCC under section 327(a) of the Bankruptcy Code by separate application.

### BACKGROUND

6.  On the date hereof (the "Petition Date"), the Debtors each commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in the Chapter 11 Cases.

7.  Prior to the Petition Date, FGMC was a full service, non-bank mortgage lender, offering a full suite of residential mortgage options tailored to borrowers' different financial

3

situations. It was one of the leading independent mortgage companies in the United States that originated residential mortgages through a national platform. As described in more detail in the First Day Declaration, FGMC's business included the origination, purchase, service, sale and/or securitization of residential real estate mortgage loans. However, just prior to the Petition Date, as a result of an extreme and unanticipated liquidity crisis and resultant inability to obtain additional capital, FGMC ceased all of its mortgage loan origination activity and separated nearly 80% of its workforce. The Debtors commenced these Chapter 11 Cases to evaluate their options, accommodate their customers, and maximize and preserve value for all stakeholders.

8. Additional information regarding the Debtors, including their business and the events leading to the commencement of these Chapter 11 Cases, is set forth in the First Day Declaration.

## KCC'S QUALIFICATIONS

9. KCC is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. KCC's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. KCC's professionals have acted as official claims and noticing agent in many large bankruptcy cases in this District and in other districts nationwide. KCC's active and former cases include: *In re TECT Aerospace Group Holdings, Inc, et al.*, Case No. 21-10670 (KBO) (Bankr. D. Del. Apr. 7, 2021); *In re Medley LLC*, Case No. 21-10526 (KBO) (Bankr. D. Del. Mar. 10, 2021); *In re Chaparral Energy, Inc., et. al.*, Case No. 20-11947 (MFW) (Bankr. D. Del. Aug. 18, 2020); *In re Skillsoft Corp., et. al.*, Case No. 20-11532 (MFW) (Bankr. D. Del. Jun. 16, 2020); *In re Templar Energy LLC, et. al.*, Case No. 20-11441 (BLS) (Bankr. D. Del. Jun. 2, 2020); *In re Art Van Furniture, LLC, et al.*, Case No. 20-10553 (CSS) (Bankr. D. Del. Mar. 8, 2020); *In re Valeritas Holdings, Inc., et al.*, Case No.

20-10290 (LSS) (Bankr. D. Del. Feb. 9, 2020); *In re Melinta Therapeutics, Inc., et al.*, Case No. 19-12748 (LSS) (Bankr. D. Del. Dec. 27, 2019); *In re Celadon Group, Inc.*, Case No. 19-12606 (KO) (Bankr. D. Del. Dec. 8, 2019); *In re HRI Holding Corp.*, Case No. 19-12415 (MW) (Bankr. D. Del. Nov. 14, 2019); *In re Highland Capital Management, L.P.*, Case No. 19-12239 (CSS) (Bankr. D. Del. Oct. 16, 2019); *In re Bayou Steel BD Holdings, L.L.C.*, Case No. 19-12153 (KBO) (Bankr. D. Del. Oct. 1, 2019); *In re Pancakes & Pikes, LLC, et al. (f/k/a Perkins & Marie Callender's, LLC), et al.*, Case No. 19-11743 (KG) (Bankr. D. Del. Aug. 5, 2019); *In re Emerge Energy Services LP, et al.*, Case No. 19-11563 (KBO) (Bankr. D. Del. Jul. 15, 2019); *In re Fuse, LLC, et al.*, Case No. 19-10872 (KG) (Bankr. D. Del. Apr. 22, 2019); *In re Achaogen, Inc.*, Case No. 19-10844 (BLS) (Bankr. D. Del. Apr. 15, 2019); *In re Southcross Energy Partners, L.P.*, Case No. 19-10702 (MW) (Bankr. D. Del. Apr. 1, 2019); *In re Novum Pharma, LLC*, Case No. 1910209 (KJC) (Bankr. D. Del. Feb. 3, 2019); *In re Egalet Corp.*, Case No. 18-12439 (BLS) (Bankr. D. Del. Nov. 1, 2018).

10. By appointing KCC as the Claims and Noticing Agent in these Chapter 11 Cases, the distribution of notices and the processing of claims will be expedited, and the Clerk will be relieved of the administrative burden of processing what may be a substantial number of claims.

## SERVICES TO BE PROVIDED

11. This Section 156(c) Application pertains only to the work to be performed by KCC under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c) and Local Rule 2002-1(f). Any work to be performed by KCC outside of this scope is not covered by this Section 156(c) Application or by any order granting approval hereof. Specifically, KCC will perform the following tasks in its role as Claims and Noticing Agent, as well as all quality control relating thereto:

5

a) prepare and serve required notices and documents in the Chapter 11 Cases in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in the form and manner directed by the Debtors and/or the Court, including (i) notice of the commencement of the Chapter 11 Cases and the initial meeting of creditors under section 341(a) of the Bankruptcy Code, (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan, and (vii) all other notices, orders, pleadings, publications and other documents as the Debtors or the Court may deem necessary or appropriate for an orderly administration of the Chapter 11 Cases;

b) maintain an official copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

c) maintain (i) a list of all potential creditors, equity holders, and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; and update and make said lists available upon request by a party-in-interest or the Clerk;

d) furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount, and classification of their respective claims as set forth in the Schedules, which may be effected by the inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

e) maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

f) for *all* notices, motions, orders, or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven (7) business days of service, which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

g) process all proofs of claim received, including those received by the Clerk, check said processing for accuracy, and maintain the original proofs of claim in a secure area;

h) maintain the official claims register for the Debtors (the "Claims Register") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial copies of the Claims Register; and specify in the Claims Register the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name

6

    and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.), (vi) the applicable debtor(s) and (vii) any disposition of the claim;

i) provide public access to the Claims Register, including complete proofs of claim with attachments, if any, without charge;

j) implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

k) record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

l) relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of KCC, not less than weekly;

m) upon completion of the docketing process for all claims received to date for this case, turn over to the Clerk copies of the Claims Register for the Clerk's review (upon the Clerk's request);

n) monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the Claims Register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

o) assist in the dissemination of information to the public and respond to requests for administrative information regarding the Chapter 11 Cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

p) if the Chapter 11 cases are converted to proceedings under chapter 7 of the Bankruptcy Code, contact the Clerk's office within three (3) days of notice to KCC of entry of the order of conversion;

q) thirty (30) days prior to the close of the Chapter 11 Cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing KCC as Claims and Noticing Agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of the Chapter 11 Cases;

r) within seven (7) days of notice to KCC of entry of an order closing the Chapter 11 Cases, provide to the Court the final version of the Claims Register as of the date immediately before the close of the Chapter 11 Cases; and

s) at the close of the Chapter 11 Cases, (i) box and transport all original documents, in proper format, as provided by the Clerk's office, to (A) the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, PA 19154-1096 or (B) any other location requested by the Clerk's office; and (ii) docket a completed SF-135 Form indicating the accession

and location numbers of the archived claims.

12. The Claims Register shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by KCC.

## PROFESSIONAL COMPENSATION

13. The Debtors respectfully request that the undisputed fees and expenses incurred by KCC in the performance of the above services be treated as administrative expenses of the Debtors' estates pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of the Court.

14. KCC agrees to maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and to serve monthly invoices on the Debtors, the Office of the United States Trustee (the "U.S. Trustee"), counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute. If resolution is not achieved, the parties may seek resolution of the matter from the Court.

15. Prior to the Petition Date, the Debtors provided KCC an advance in the amount of $30,000.00, which was received by KCC on June 17, 2022, and $40,000.00, which was received by KCC on June 24, 2022. Except as stated in this paragraph, KCC has not received any payments from the Debtors in the 90 days prior to the Petition Date. KCC seeks to first apply the advance to all prepetition invoices, and thereafter, to have the advance replenished to the original advance amount, and thereafter, to hold the advance under the Engagement Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement

Agreement.

16. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend and hold harmless KCC and its members, officers, employees, representatives and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from KCC's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or the Order. The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a Claims and Noticing Agent in the Chapter 11 Cases.

## **DISINTERESTEDNESS**

17. Although the Debtors do not propose to employ KCC under section 327 of the Bankruptcy Code pursuant to this Section 156(c) Application, KCC has nonetheless reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Gershbein Declaration, KCC has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

18. Moreover, in connection with its retention as Claims and Noticing Agent, KCC represents in the Gershbein Declaration, among other things, that:

   a) KCC is not a creditor of the Debtors;

   b) KCC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in the Chapter 11 Cases;

   c) by accepting employment in the Chapter 11 Cases, KCC waives any rights to receive compensation from the United States government in connection with the Chapter 11 Cases

    d) in its capacity he Claims and Noticing Agent in the Chapter 11 Cases, KCC will not be an agent of the United States and will not act on behalf of the United States;

    e) KCC will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in the Chapter 11 Cases;

    f) KCC is "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

    g) in its capacity as Claims and Noticing Agent in the Chapter 11 Cases, KCC will not intentionally misrepresent any fact to any person;

    h) KCC shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

    i) KCC shall comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

    j) none of the services provided by KCC as Claims and Noticing Agent in the Chapter 11 Cases shall be at the expense of the Clerk's office.

19. KCC will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## COMPLIANCE WITH CLAIMS AGENT PROTOCOL

20. This Section 156(c) Application complies with the Claims Agent Protocol and substantially conforms to the standard section 156(c) application in use in this Court. To the extent that there is any inconsistency between this Section 156(c) Application, the Order, and the Engagement Agreement, the Order shall govern.

## BASIS FOR RELIEF

21. The Court is permitted to appoint KCC as Claims and Noticing Agent in the Chapter 11 Cases. Pursuant to 28 U.S.C. § 156(c), this Court is authorized to utilize agents and facilities other than the Clerk for the administration of bankruptcy cases. Specifically, 28 U.S.C. § 156(c) provides, in relevant part, as follows:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States.

28 U.S.C. § 156(c). Further, section 105(a) of the Bankruptcy Code provides, in pertinent part, as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte,* taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). Moreover, Bankruptcy Rule 2002, which regulates the notices that must be provided to creditors and other parties in interest in a bankruptcy case, provides that the Court may direct that a person other than the Clerk give notice of the various matters described therein. *See* Fed. R. Bankr. P. 2002. In addition, Local Rule 2002-1(f) provides that "[u]pon motion of the debtor or trustee," in conformity with form 134 of the Local Bankruptcy Forms of the Court, "at any time without notice or hearing, the Court may authorize the retention of a notice and/or claims clerk under 28 U.S.C. § 156(c)." Del. Bankr. L.R. 2002-1(f).

22.    The Debtors' selection of KCC to act as the Claims and Noticing Agent has satisfied the Court's Claims Agent Protocol, in that the Debtors have obtained and reviewed engagement proposals from at least two other court-approved claims and noticing agents to ensure selection through a competitive process. Moreover, the Debtors submit that, based on all engagement proposals obtained and reviewed, that KCC's rates are competitive and reasonable given KCC's quality of services and expertise.

23.    In view of the substantial number of parties receiving notice in the Chapter 11 Cases and the number of anticipated claimants, the Debtors submit that the appointment of KCC as

Claims and Noticing Agent is necessary and in the best interests of the Debtors and their estates and will serve to maximize the value of the Debtors' estates for all stakeholders.

## RELIEF AS OF THE PETITION DATE IS APPROPRIATE

24. In accordance with the Debtors' request, KCC has agreed to serve as Claims and Noticing Agent on and after the Petition Date with the assurance that the Debtors would seek approval of its employment and retention, effective as of the Petition Date, so that KCC can be compensated for services rendered on and after the Petition Date, including prior to the Court's approval of this Section 156(c) Application. The Debtors believe that no party in interest will be prejudiced by the granting of the employment, as proposed in this Section 156(c) Application, because KCC has provided and continues to provide valuable services to the Debtors' estates during the interim period.

25. Accordingly, the Debtors respectfully request entry of the Order authorizing the Debtors to retain and employ KCC as Claims and Noticing Agent, effective as of the Petition Date.

## WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

26. To implement the foregoing successfully, and given the nature of the relief requested herein, the Debtors respectfully request a finding that (x) the notice requirements under Bankruptcy Rule 6004(a) are met and (y) the 14-day stay under Bankruptcy Rule 6004(h) is waived. As explained above and in the First Day Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, ample cause exists to justify finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and granting a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

## **NOTICE**

27.     Notice of this Section 156(c) Application shall be given to the following parties: (a) the Office of the United States Trustee; (b) counsel to the Debtors' prepetition and postpetition secured lenders; and (c) the Debtors' thirty largest unsecured creditors on a consolidated basis.  As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

28.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of an order (i) granting the relief requested herein; and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

Dated: June 30, 2022                **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Tel:   (302) 652-4100
Fax:   (302) 652-4400
Email:  ljones@pszjlaw.com
          tcairns@pszjlaw.com

-and-

Samuel R. Maizel (*Pro Hac Vice* pending)
Tania M. Moyron (*Pro Hac Vice* pending)
**DENTONS US LLP**
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Email:  samuel.maizel@dentons.com
         tania.moyron@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*