# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE<br>CORPORATION, *et al.*,[1]<br>Debtors. | Chapter 11<br><br>Case No. 22-10584<br><br>(Jointly Administered) |

**ORDER GRANTING DEBTORS' APPLICATION FOR ORDER
APPOINTING KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS
AND NOTICING AGENT, EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Section 156(c) Application")[2] of the Debtors for entry of an order

(this "Order"), pursuant to 28 U.S.C. § 156(c), section 105(a) of title 11 of the United States Code

(the "Bankruptcy Code"), rules 2002, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), rules 2002-1(f) and 9013-1(m) of the Local Rules of Bankruptcy Practice

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"), and the Court's *Protocol for the Employment of Claims and Noticing Agents under 28

U.S.C. § 156(c)* (the "Claims Agent Protocol"), instituted by the Office of the Clerk of the

Bankruptcy Court (the "Clerk") on February 1, 2012, appointing Kurtzman Carson Consultants LLC

("KCC") as claims and noticing agent ("Claims and Noticing Agent") in the Debtors' Chapter 11

Cases, effective as of the Petition Date, to, among other things, (i) distribute required notices to

parties in interest, (ii) receive, maintain, docket, and otherwise administer the proofs of claim filed

in the Chapter 11 Cases, and (iii) provide such other administrative services as required by the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are:  First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621).  The location of the corporate headquarters and the service address for First Guaranty Mortgage Corporation is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

[2] Capitalized terms not defined herein have the meaning given to them in the Section 156(c) Application.

Debtors that would fall within the purview of services to be provided by the Clerk's office, as more fully set forth in the Section 156(c) Application; and upon the Gershbein Declaration submitted in support of the Section 156(c) Application; and the Court having jurisdiction to consider the Section 156(c) Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Section 156(c) Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and due, sufficient, and proper notice of the Section 156(c) Application having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Section 156(c) Application (the "Hearing"); and upon consideration of the First Day Declaration and the Gershbein Declaration, and the record of the Hearing and all of the proceedings had before the Court; and it appearing that the receiving, docketing, and maintaining of proofs of claim would be unduly time-consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C. § 156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy, and transmit proofs of claim; and the Court being satisfied that KCC has the capability and experience to provide such services and that KCC does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and this Court having found and determined that the employment of KCC and the relief sought in the Section 156(c) Application is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy

Rule 6003, and is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Section 156(c) Application and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      The Section 156(c) Application is GRANTED as set forth herein on a final basis. Any objections or reservations of rights filed in respect of the Section 156(c) Application are overruled, with prejudice.

2.      Notwithstanding the terms of the Engagement Agreement attached to the Section 156(c) Application, the Section 156(c) Application is approved solely as set forth in this Order.

3.      Pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, Bankruptcy Rule 2002, and Local Rule 2002-1(f), the Debtors are authorized to retain KCC as Claims and Noticing Agent, effective as of the Petition Date, under the terms of the Engagement Agreement, and KCC is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in the Chapter 11 Cases, and perform all related tasks, all as described in the Section 156(c) Application.

4.      KCC shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in the Chapter 11 Cases, and is authorized and directed to maintain the official Claims Register for the Debtors, to provide public access to every proof of claim unless otherwise ordered by the Court, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

5.      KCC is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

6.    KCC is authorized to take such other action to comply with all duties set forth in the Section 156(c) Application and this Order.

7.    Without further order of this Court, the Debtors are authorized to compensate KCC in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by KCC and the rates charged for each, and to reimburse KCC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for KCC to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

8.    KCC shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors, and any party-in-interest who specifically requests service of the monthly invoices.

9.    The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices; *provided that* the parties may seek resolution of the matter from the Court if resolution is not achieved.

10.    Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of KCC under this Order shall be an administrative expense of the Debtors' estates.

11.    KCC may apply its advance to all prepetition invoices, which advance shall be replenished to the original advance amount, and thereafter, KCC may hold its advance under the Engagement Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

12.    The Debtors shall indemnify KCC under the terms of the Engagement Agreement, as modified pursuant to this Order.

13.     KCC shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

14.     Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify KCC, or provide contribution or reimbursement to KCC, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from KCC's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of KCC's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which KCC should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

15.     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing the Chapter 11 Cases, KCC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, KCC must file an application therefor in this Court, and the Debtors may not pay any such amounts to KCC before the entry of an order by this Court approving the payment.  This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by KCC for

5

indemnification, contribution, or reimbursement, and not a provision limiting the duration of the

Debtors' obligation to indemnify KCC.  All parties in interest shall retain the right to object to any

demand by KCC for indemnification, contribution, or reimbursement.

16.     The limitation of liability section in the Engagement Agreement is deemed to be of

no force or effect with respect to the services to be provided pursuant to this Order.

17.     In the event KCC is unable to provide the services set out in this order, KCC will

immediately notify the Clerk and Debtors' counsel and, upon approval of the Court, cause to have

all original proofs of claim and computer information turned over to another claims and noticing

agent with the advice and consent of the Clerk and the Debtors' counsel.

18.     The Debtors may submit a separate retention application, pursuant to section 327

of the Bankruptcy Code and/or any applicable law, for work that is to be performed by KCC but

is not specifically authorized by this Order.

19.     The Debtors and KCC are authorized to take all actions necessary to effectuate the

relief granted pursuant to this Order in accordance with the Section 156(c) Application.

20.     KCC shall not cease providing claims processing services during the Chapter 11

Cases for any reason, including nonpayment, without an order of the Court.

21.     In the event of any inconsistency between the Engagement Agreement, the Section

156(c) Application, and this Order, this Order shall govern.

22.     The Court finds and determines that the requirements of Bankruptcy Rule 6003(b)

are satisfied and that the relief is necessary to avoid immediate and irreparable harm.

23.     Notice of the Section 156(c) Application as provided therein shall be deemed good

and sufficient notice of such Section 156(c) Application and the requirements of the Bankruptcy

Rules, including Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

24.     Notwithstanding any Bankruptcy Rule to the contrary, including Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

25.     The Debtors are authorized and empowered, but not directed, to execute and deliver such documents and to take and perform all actions necessary to implement the relief granted in this Order.

26.     Notwithstanding any term in the Engagement Agreement to the contrary, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.