# EXHIBIT B

**Declaration of Evan Gershbein**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10584<br><br>(Jointly Administered) |

**DECLARATION OF EVAN GERSHBEIN IN SUPPORT OF DEBTORS' APPLICATION FOR ORDER APPOINTING KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS AND NOTICING AGENT, EFFECTIVE AS OF THE PETITION DATE**

I, Evan Gershbein, under penalty of perjury, hereby declare as follows:

1.  I am an Executive Vice President of Corporate Restructuring of Kurtzman Carson Consultants ("KCC"), a chapter 11 administrative services firm with offices located at 1290 Avenue of the Americas, 9th Floor, New York, New York 10104. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2.  This Declaration is made in support of the *Debtors' Application for Order Appointing Kurtzman Carson Consultants LLC as Claims and Noticing Agent, Effective as of the Petition Date* (the "Section 156(c) Application") filed contemporaneously herewith by the Debtors.[2]

3.  KCC is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. KCC's professionals

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The location of the corporate headquarters and the service address for First Guaranty Mortgage Corporation is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

[2] Capitalized terms not defined herein have the meaning given to them in the Section 156(c) Application.

have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. KCC's professionals have acted as official claims and noticing agent in many large bankruptcy cases in this District and in other districts nationwide.  KCC's active and former cases include: *In re TECT Aerospace Group Holdings, Inc, et al.*, Case No. 21-10670 (KBO) (Bankr. D. Del. Apr. 7, 2021); *In re Medley LLC*, Case No. 21-10526 (KBO) (Bankr. D. Del. Mar. 10, 2021); *In re Chaparral Energy, Inc., et. al.*, Case No. 20-11947 (MFW) (Bankr. D. Del. Aug. 18, 2020); *In re Skillsoft Corp., et. al.*, Case No. 20-11532 (MFW) (Bankr. D. Del. Jun. 16, 2020); *In re Templar Energy LLC, et. al.*, Case No. 20-11441 (BLS) (Bankr. D. Del. Jun. 2, 2020); *In re Art Van Furniture, LLC, et al.*, Case No. 20-10553 (CSS) (Bankr. D. Del. Mar. 8, 2020); *In re Valeritas Holdings, Inc., et al.*, Case No. 20-10290 (LSS) (Bankr. D. Del. Feb. 9, 2020); *In re Melinta Therapeutics, Inc., et al.*, Case No. 19-12748 (LSS) (Bankr. D. Del. Dec. 27, 2019); *In re Celadon Group, Inc.*, Case No. 19-12606 (KO) (Bankr. D. Del. Dec. 8, 2019); *In re HRI Holding Corp.*, Case No. 19-12415 (MW) (Bankr. D. Del. Nov. 14, 2019); *In re Highland Capital Management, L.P.*, Case No. 19-12239 (CSS) (Bankr. D. Del. Oct. 16, 2019); *In re Bayou Steel BD Holdings, L.L.C.*, Case No. 19-12153 (KBO) (Bankr. D. Del. Oct. 1, 2019); *In re Pancakes & Pikes, LLC, et al. (f/k/a Perkins & Marie Callender's, LLC), et al.*, Case No. 19-11743 (KG) (Bankr. D. Del. Aug. 5, 2019); *In re Emerge Energy Services LP, et al.*, Case No. 19-11563 (KBO) (Bankr. D. Del. Jul. 15, 2019); *In re Fuse, LLC, et al.*, Case No. 19-10872 (KG) (Bankr. D. Del. Apr. 22, 2019); *In re Achaogen, Inc.*, Case No. 19-10844 (BLS) (Bankr. D. Del. Apr. 15, 2019); *In re Southcross Energy Partners, L.P.*, Case No. 19-10702 (MW) (Bankr. D. Del. Apr. 1, 2019); *In re Novum Pharma, LLC*, Case No. 1910209 (KJC) (Bankr. D. Del. Feb. 3, 2019); *In re Egalet Corp.*, Case No. 18-12439 (BLS) (Bankr. D. Del. Nov. 1, 2018).

4.     As agent and custodian of Court records pursuant to 28 U.S.C. § 156(c), KCC will perform, at the request of the Office of the Clerk of the Bankruptcy Court (the "Clerk"), the services specified in the Section 156(c) Application and the Engagement Agreement, and, at the Debtors' request, any related administrative, technical and support services as specified in the Section 156(c) Application and the Engagement Agreement. In performing such services, KCC will charge the Debtors the rates set forth in the Engagement Agreement, which is attached as **Exhibit C** to the Section 156(c) Application.

5.     Prior to the Petition Date, the Debtors provided KCC an advance in the amount of $30,000.00, which was received by KCC on June 17, 2022, and $40,000.00, which was received by KCC on June 24, 2022. Except as stated in this paragraph, KCC has not received any payments from the Debtors in the 90 days prior to the Petition Date. KCC seeks to first apply the advance to all prepetition invoices, and thereafter, to have the advance replenished to the original advance amount, and thereafter, to hold the advance under the Engagement Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

6.     KCC represents, among other things, the following:

   a) KCC is not a creditor of the Debtors;

   b) KCC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in the Chapter 11 Cases;

   c) by accepting employment in the Chapter 11 Cases, KCC waives any rights to receive compensation from the United States government in connection with the Chapter 11 Cases

   d) in its capacity he Claims and Noticing Agent in the Chapter 11 Cases, KCC will not be an agent of the United States and will not act on behalf of the United States;

   e) KCC will not employ any past or present employees of the Debtors in connection

       with its work as the Claims and Noticing Agent in the Chapter 11 Cases;

f) KCC is "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

g) in its as Claims and Noticing Agent in the Chapter 11 Cases, KCC will not intentionally misrepresent any fact to any person;

h) KCC shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

i) KCC shall comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

j) None of the services provided by KCC as Claims and Noticing Agent in the Chapter 11 Cases shall be at the expense of the Clerk's office.

7. To the best of my knowledge, and based solely upon information to me by the Debtors, and except as provided herein, neither KCC, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors, or other relevant parties. KCC may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which KCC serves or has served in a neutral capacity as claims and noticing agent and/or administrative advisor for another chapter 11 debtor.

8. KCC has reviewed its electronic database to determine whether it has any relationships with any entity on the list of all known parties-in-interest in the Chapter 11 Cases, such list having been provided by the Debtors. Based on the results of such search, at this time, KCC is not aware of any relationship that would present a disqualifying conflict of interest. Should KCC discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, KCC will use reasonable efforts to promptly file a supplemental declaration.

9. KCC is an indirect subsidiary of Computershare Limited ("Computershare"). Computershare is a financial services and technologies provider for the global securities industry, including providing administrative transfer agent services such as maintaining records of shareholdings and share transfers. Within the Computershare corporate structure, KCC operates as a separate, segregated business unit. This separation extends to management, employees, access to information technology systems, and client information. As such, any relationships that Computershare and its affiliates maintain do not create an interest of KCC that would be materially adverse to the Debtors' estates or any class of creditors or equity security holders.

10. KCC, as well as its personnel, have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other parties in interest that may be involved in the Chapter 11 Cases. KCC may also provide professional services to entities or persons that may be creditors or parties in interest in the Chapter 11 Cases, which services do not directly relate to, or have any direct connection with, the Chapter 11 Cases or the Debtors.

11. KCC, and its personnel in their individual capacities, regularly utilize the services of law firms, investment banking and advisory firms, accounting firms, and financial advisors. Such firms engaged by KCC or its personnel may appear in the Chapter 11 Cases representing the Debtors or parties in interest. All engagements where such firms represent KCC or its personnel in their individual capacities are unrelated to the Chapter 11 Cases.

12. Based on the foregoing, I believe that KCC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged. Moreover, to the best of my knowledge and belief, neither KCC nor any of its

partners or employees hold or represent any interest materially adverse to the Debtors' estates with respect to any matter upon which KCC is to be engaged.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Dated: June 30, 2022

*/s/ Evan Gershbein*
Evan Gershbein
Executive Vice President
Kurtzman Carson Consultants LLC
1290 Avenue of the Americas, 9th Floor
New York, NY 10104