**EXHIBIT B**

**PROPOSED FINAL ORDER**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10584<br><br>(Jointly Administered) |

**ORDER GRANTING, ON A FINAL BASIS, MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS: (I) AUTHORIZING USE OF CASH MANAGEMENT PROCEDURES, BANK ACCOUNTS, AND CERTAIN PAYMENT METHODS; (II) PROHIBITING SETOFFS AND FREEZING OF BANK ACCOUNTS; (III) MODIFYING REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY CODE; (IV) AND FOR RELATED RELIEF**

Upon consideration of the *Motion of the Debtors for Entry of Interim and Final Orders: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Certain Payment Methods; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying Requirements of Section 345(b) of the Bankruptcy Code; and (VI) Related Relief* [Docket No. ___] (the "Motion"), filed by the Debtors[2] and upon consideration of the Declaration, and the Court having jurisdiction over this matter pursuant to 28 U.S.C. 157 and § 1334(b) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), that the Debtors consent to entry of a final order under Article III of the United States Constitution, and venue of this case and the Motion in this district is proper pursuant to 28 U.S.C.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The location of the corporate headquarters and the service address for First Guaranty Mortgage Corporation is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

§§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The Motion is GRANTED on a final basis, as set forth herein.

2. The Debtors are authorized in the reasonable exercise of their business judgment, to: (i) utilize their existing Cash Management System and to designate, maintain, and continue to use, with the same account numbers, the Bank Accounts and Credit and Electronic Payment Methods, including Credit Cards on a post-petition basis; and (ii) treat such Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession and to maintain and continue using these accounts in the same manner and with the same account numbers, styles, and document forms as those employed prior to the Petition Date.

3. The Banks are hereby authorized to continue to service and administer all Bank Accounts as accounts of the Debtors as debtors-in-possession without interruption and in the ordinary course in a manner consistent with such practices prior to the Petition Date, and to receive, process, honor, and pay any and all checks, drafts, wires, or other electronic transfer requests issued, payable through, or drawn on such Bank Accounts after the Petition Date by the holders or makers thereof or other parties entitled to issue instructions with respect thereto, as the case may be; provided, however, that any such checks, drafts, wires, or other electronic transfer requests issued by the Debtors before the Petition Date may be honored only if specifically authorized by an order of this Court.

4. Further, the Banks may rely on the representations of the Debtors with respect to whether any check, item, or other payment order drawn or issued by the Debtors prior to the

Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtor pursuant to this Order.

5. The Debtors are authorized to make disbursements from the Bank Accounts other than by check, including, without limitation, via wire transfer, debit card, or other forms of electronic transfer, to the extent consistent with the Debtors' existing cash management practices.

6. The Debtors are authorized to open any new bank accounts or close any Bank Accounts as the Debtors may deem necessary and appropriate; provided, however, that prior to opening any new bank accounts or closing any Bank Accounts, the Debtors shall provide notice of the Debtors' intentions with respect thereto to the U.S. Trustee and any statutory committee of creditors appointed in these cases. Any new domestic bank account opened by the Debtors shall be established at an institution insured by the FDIC that is organized under the laws of the United States or any State therein, or in the case of accounts that may carry a balance exceeding the insurance limits set thereby, on the list of authorized bank depositories for the District of Delaware, except as may be ordered by the Court or consented-to by the UST.

7. The Banks are authorized to charge and the Debtors are authorized to pay and honor, or allow to be deducted from the applicable Bank Account, both pre-petition and post-petition service and other fees, costs, charges, and expenses to which the Banks may be entitled under the terms of and in accordance with their contractual arrangements with the Debtors (collectively, the "Bank Fees").

8. With regard to any Banks that are not authorized depositories pursuant to the Guidelines, within forty-five (45) days from the date of the entry of this Order, the Debtors shall use their good-faith efforts to cause the bank to execute a Uniform Depository Agreement in a

11

form prescribed by the U.S. Trustee.

9. The Debtors are authorized, but not directed, to continue the Cash Management System and related practices as used in the ordinary course prior to the Petition Date. This includes, without limitation, authorization for the Debtors to disburse through any means or for the applicable party as indicated on the Bank Account Chart to draft funds held in Bank Accounts for borrower-related disbursements (*e.g.*, property taxes, hazard insurance, or similar disbursements from borrower funds) and other disbursements for funds held as custodian of or for another party, including loan investors who may have contractual entitlements to receipts received by the Debtors.

10. The requirements of § 345(b) of the Bankruptcy Code and the U.S. Trustee Guidelines are suspended for a period of forty-five (45) days from the Petition Date such that the Debtors are hereby permitted to maintain their deposits in their Bank Accounts in accordance with their existing practices for such time period without prejudice to the U.S. Trustee's right to seek further relief from this Court with respect to Bank Accounts in excess of amounts insured by the FDIC or Bank Accounts with Banks not party to the Uniform Depository Agreement upon expiration of the 45 days. All rights are reserved to the Debtors to request that the forty-five (45) day period during which the requirements of § 354(b) of the Bankruptcy Code and the U.S. Trustee Guidelines are suspended be enlarged on an interim or final basis by filing a separate motion.

11. Subject to § 553 of the Bankruptcy Code, the Banks prohibited from offsetting, affecting, freezing, or otherwise impeding the Debtors' use of any funds deposited in the Bank Accounts on account of, or by reason of, any claim (as defined in § 101(5)) of any such Bank against the Debtors that arose before the Petition Date, absent further order of the Court.

12. Notwithstanding the relief granted herein and any actions taken hereunder, nothing

12

contained in this Order, not any payment made pursuant to this Order, shall constitute, or is intended to constitute, an admission as to the validity or priority of any claim against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim, or the assumption or adoption of any agreement, contract, or lease under § 365 of the Bankruptcy Code.

13. Despite the use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of who pays those disbursements.

14. To the extent applicable, the requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

15. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2020
      Wilmington, Delaware

                                                                                _____
                                                                                 United States Bankruptcy Judge