**EXHIBIT A**

(Proposed Form of Order)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10584<br><br>(Jointly Administered)<br><br>**Ref. Docket No. \_\_** |

**ORDER GRANTING MOTION OF DEBTORS FOR
ENTRY OF ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE
(A) INSURANCE PROGRAMS AND (B) PREPETITION SURETY BONDS,
AND PAY OBLIGATIONS ARISING THEREUNDER, AND (II) RELATED RELIEF**

Upon consideration of the *Motion of Debtors for Entry of Order (I) Authorizing the Debtors to Continue (A) Insurance Programs and (B) Prepetition Surety Bonds, and Pay Obligations Arising Thereunder, and (II) Related Relief* [Docket No. \_\_] (the "Motion")[2] which was filed by the above-referenced debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105(a), and 363(b) of the Bankruptcy Code and Bankruptcy Rule 6003; and upon consideration of the Declaration of Aaron Samples in Support of Chapter 11 Petitions and First Day Motions, and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

[2] All capitalized terms used but not otherwise defined in herein shall have the meanings ascribed to them in the Motion.

1

Debtors' notice of the Motion and opportunity for a hearing (the "Hearing") on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having held the Hearing; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein and that the relief granted herein being in the best interests of the Debtors, their estates, creditors and all parties in interest; and upon all of the proceedings before the Court and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED as set forth herein.

2.  The Debtors are hereby authorized, but not directed, to pay, in their sole discretion, all premiums, premium finance payments, claims, deductibles, retrospective adjustments, administrative and broker's fees and all other obligations arising under the Insurance Programs and Surety Bond Programs on account of such prepetition obligations without further order of this Court.

3.  The Debtors are hereby authorized, but not directed, to maintain their Insurance Programs and Surety Bond Programs without interruption, on the same basis and in accordance with the same practices and procedures that were in effect prior to the Petition Date, in their business judgment and at their sole discretion, without further application to this Court. For the avoidance of doubt, nothing in this Order shall limit the Debtors' ability to cancel any outstanding Surety Bonds.

4.  The Debtors are hereby authorized, but not directed, to renew, supplement, or modify their Insurance Programs and or obtain replacement or tail coverage, as needed, at their sole discretion, without further application to this Court.

5. Nothing in this Order or the Motion is intended or should be construed as (a) an admission as to the validity or priority of any claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any claim, including the validity or priority thereof, or (c) an approval, assumption, or reaffirmation of any agreement, contract, or lease whether under section 365(a) of the Bankruptcy Code or otherwise. Likewise, any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

6. The relief granted herein is without prejudice to the Debtors' ability to request further relief related to the Insurance Programs and the Surety Bond Programs.

7. Granting the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors' estates, and the requirements of Bankruptcy Rule 6003(b) have been satisfied.

8. Adequate notice of the Motion has been provided under the circumstances. Such notice satisfies the requirements of Bankruptcy Rule 6004(a). Notwithstanding Bankruptcy Rule 6004(h), 7062 and 9014, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. This Court will retain jurisdiction to address all disputes related to the interpretation, implementation, or enforcement of this Order.