## **EXHIBIT B**

(Proposed Final Order)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10584<br><br>(Jointly Administered)<br><br>**Ref Docket No.** \_\_\_\_ |

**FINAL ORDER (A) AUTHORIZING THE DEBTORS TO
PAY CERTAIN PREPETITION CLAIMS OF CRITICAL
VENDORS AND (B) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of a final order (the "Final Order"), (a) authorizing the Debtors to pay Critical Vendor Claims up to the Critical Vendor Cap, and (b) granting related relief; all as more fully set forth in the Motion [Docket No. \_\_\_ ]; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; the relief sought in the Motion having been approved on an Interim Basis (D.I. __); and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis as set forth herein.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservation of rights included therein, hereby are overruled on the merits.

3. The Vendor Agreement, substantially in the form attached hereto as **Exhibit 1**, is approved in its entirety. A Vendor Agreement, once agreed to and accepted by the Critical Vendor, shall be the legally binding contractual relationship between the parties governing the commercial trade relationship as provided therein.

4. The Debtors are authorized, but not directed, to pay the Critical Vendor Claims; *provided*, *that*, such payments shall not exceed $800,000 in the aggregate unless otherwise ordered by the Court after notice and a hearing; *provided*, *however*, that the Debtors shall provide five (5) business days written notice to the DIP Agent and its professionals before paying a Critical

Vendor Claim in excess of $10,000, which notice shall include (i) the name of the Critical Vendor, (ii) the amount of the proposed payment, (iii) the estimated total Critical Vendor Claim of such Critical Vendor and whether the Debtors are aware of a Critical Vendor Claim that could be asserted under section 503(b)(9) of the Bankruptcy Code, (iv) the Customary Trade Terms (as defined below), (v) a copy of the Vendor Agreement, and (vi) such other information the DIP Agent may reasonably request.

5. The Debtors are authorized, but not directed, to pay the Critical Vendor Claims, in whole or in part, upon such terms and in the manner provided in this Order regardless of whether a Critical Vendor has executed a Vendor Agreement; *provided that*, if any Critical Vendor accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as those practices and programs (including credit limits, pricing, cash discounts, timing of payments, allowances, availability, and other programs) in place 12 months prior to the Petition Date, or such other trade terms that are acceptable to the Debtors (collectively, the "Customary Trade Terms"), then: (a) the Debtors may then take any and all appropriate steps to cause such Critical Vendor to repay payments made to it on account of its prepetition claim to the extent that such payments exceed the postpetition amounts then owing to such Critical Vendor; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to re-characterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required

to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

6. All payments authorized by this Final Order may be made solely to the extent in compliance with the Approved Budget (as defined in the interim or final order authorizing the Debtors to obtain postpetition senior secured financing and related relief (the "<u>DIP Order</u>")) then in effect. To the extent there is any inconsistency between the terms of this Final Order and the DIP Order, the DIP Order shall control.

7. Nothing herein shall impair or prejudice the Debtors' ability to contest, in its discretion, or any other party's ability to contest, the extent, perfection, priority, validity, or amounts of any claims held by any Critical Vendor.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

9. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

10. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

11. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the Agreement, all amendments thereto, any waivers and consents

thereunder, and of each of the agreements executed in connection therewith in all respects, and retains jurisdiction over any disputes with respect thereto.

12. The Debtors are authorized to take any and all actions that are necessary to carry out the provisions of this Order and execute any and all documents necessary to implement this Order.

13. As provided by Bankruptcy Rules 6004(g) and 6006(d), this Order shall not be stayed for fourteen (14) days after the entry thereof and shall be effective and enforceable immediately upon its entry on this Court's docket.

5

US_ACTIVE\121751978\V-6

# EXHIBIT 1

**(Form of Critical Vendor Agreement)**

_____

_____, 2022

TO: [Critical Vendors]
[Name]
[Address]

Dear Valued Supplier:

      As you are aware, First Guaranty Mortgage Corporation and certain affiliates (the "Company") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Case" and the "Bankruptcy Court," respectively) on June \_\_, 2022 (the "Petition Date"). On the Petition Date, the Company requested the Bankruptcy Court's authority to pay the pre-bankruptcy claims of certain suppliers in recognition of the importance of the Company's relationship with such suppliers and its desire that the Bankruptcy Case has as little effect on the Company's ongoing business operations as possible. On [●], the Bankruptcy Court entered an order (the "Order") authorizing the Company, under certain conditions, to pay the prepetition claims of certain trade creditors that agree to the terms set forth below and to be bound by the terms of the Order. A copy of the Order is enclosed.

      In order to receive payment on account of prepetition claims, you must agree to continue to supply goods, or services, as applicable, to the Company based on Customary Trade Terms (as defined in the Order). In the Order, Customary Trade Terms are defined as the normal and customary trade terms, practices and programs (including credit limits, pricing, cash discounts, timing of payments, allowances, availability, and other programs), that were most favorable to the Company and in effect between you and the Company prior to the Petition Date, or such other trade terms as you and the Company agree.

      For purposes of administration of this trade program as authorized by the Bankruptcy Court, you and the Company both agree that:

1. The estimated balance of the prepetition claim (net of any setoffs, credits or discounts) (the "Vendor Claim") that you will receive from the Company is $_____.

2. You agree to waive [all/a portion] of any general unsecured claim against the Company in the amount of $_____ arising out of the following invoices: _____.

3. [You will provide an open trade balance or credit line to the Company for delivery of postpetition services, as applicable, in the amount of $_____ (which shall not be less than the greater of the open trade balance outstanding: (a) on _____, or (b) on normal and customary terms on a historical basis before and up to the Petition Date).]

4.       The terms of such open trade balance or credit line are as follows (if more space is required, attach continuation pages):

    _____
    _____
    _____
    _____

5.       During the pendency of the Bankruptcy Case you will continue to extend to the Company all Customary Trade Terms.

6.       You will not demand a lump sum payment upon consummation of a plan of reorganization in this chapter 11 case on account of any administrative expense priority claim that you assert, but instead agree that such claims will be paid in the ordinary course of business after consummation of a plan under applicable Customary Trade Terms, if the plan provides for the ongoing operations of the Company.

7.       The undersigned, a duly authorized representative of [Critical Vendor], has reviewed the terms and provisions of the Order and agrees that [Critical Vendor] is bound by such terms;

8.       You will not separately seek payment for reclamation and similar claims outside of the terms of the Order unless your participation in the Critical Vendor payment program authorized by the Order (the Critical Vendor Payment Program) is terminated;

9.       You agree not to file or otherwise assert against the Company, the estate or any other person or entity or any of their respective assets or property (real or personal) any lien (regardless of the statute or other legal authority upon which such lien is asserted) related in any way to any remaining prepetition amounts allegedly owed to you by the Company arising from agreements entered into prior to the Petition Date.  Further, you agree to take (at your own expense) all necessary steps to remove any such lien as soon as possible; and

10.     In addition to any other obligations of confidentiality between you and the Company, you agree to hold in confidence and not disclose to any party: (a) the existence of this Vendor Agreement; (b) the terms of this Vendor Agreement and (c) the Customary Trade Terms (together, the "Confidential Information"); *provided* that if any party seeks to compel your disclosure of any or all of the Confidential Information, through judicial action or otherwise, or you intend to disclose any or all of the Confidential Information, you shall immediately provide the Company with prompt written notice so that the Company may seek an injunction, protective order or any other available remedy to prevent such disclosure; provided, further, that, if such remedy is not obtained, you shall furnish only such information as you are legally required to provide.

11.     If either the Critical Vendor Payment Program or your participation therein terminates as provided in the Order, or you later refuse to continue to supply goods to the Company on Customary Trade Terms during the pendency of the Bankruptcy Case, any payments you

receive on account of your Vendor Claim will be deemed voidable postpetition transfers pursuant to section 549(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  You will immediately repay to the Company any payments made to you on account of your Vendor Claim to the extent that the aggregate amount of such payments exceeds the postpetition obligations then outstanding without giving effect to alleged setoff rights, recoupment rights, adjustments, or offsets of any type whatsoever.  Your Vendor Claim shall be reinstated in such an amount so as to restore the Company and you to the same positions as would have existed if payment of the Vendor Claim had not been made.

12. Any dispute with respect to this letter agreement, the Order and/or your participation in the Critical Vendor Payment Program shall be determined by the Bankruptcy Court.

If you have any questions about this Agreement or our financial restructuring, please do not hesitate to call.

Sincerely,


_____
By:
[Name] [Title]

Agreed and Accepted by: [Critical Vendor]

By: Its:

Dated: _____