# Exhibit A

# Interim Order

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10584<br><br>(Jointly Administered) |

**INTERIM ORDER GRANTING MOTION OF DEBTORS FOR ENTRY OF FINAL ORDERS (I) AUTHORIZING DEBTORS TO (A) PAY EMPLOYEE OBLIGATIONS AND (B) CONTINUE EMPLOYEE BENEFIT PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of First Guaranty Mortgage Corporation ("FGMC"), and the above-referenced affiliated debtors and debtors in possession (the "Debtors") under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code"),[3] in these chapter 11 cases (the "Chapter 11 Cases") for entry of an interim order (this "Interim Order"): (i) authorizing, but not directing, the Debtors to (a) pay prepetition wages, salaries, other compensation, and reimbursable expenses, and (b) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto; and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The location of the corporate headquarters and the service address for First Guaranty Mortgage Corporation is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion

[3] All references to "§" or "section" herein are to sections of the Bankruptcy Code. All references to "Bankruptcy Rules" are to provisions of the Federal Rules of Bankruptcy Procedure. All references to "Local Rules" are to provisions of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware (the "Court").

District of Delaware, dated February 29, 2012; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other or further notice need be provided; and this Court having reviewed the Motion and the First Day Declaration and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and this Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2022, at __:__ _.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2022, and shall be served on (i) the Debtors, 5800 Tennyson Parkway, Suite 450, Plano, TX 75024, Attn.: General Counsel's Office (darien.oien@fgmc.com and julie.john@fgmc.com); (ii) proposed counsel for the Debtors, Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017-5704 Attn: Samuel R. Maizel (samuel.maizel@dentons.com) and Tania M. Moyron (tania.moyron@dentons.com) and Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) Attn: Laura Davis Jones (ljones@pszjlaw.com); (iii) counsel to the Debtors' prepetition and postpetition secured lenders;

(iv) counsel to any statutory committee appointed in these cases; and (v) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 Attn: Benjamin Hackman (Benjamin.A.Hackman@usdoj.gov) (collectively, the "Notice Parties"). In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors are authorized, but not directed, to continue and/or modify, change, and discontinue the Employee Compensation & Benefits and to implement new programs, policies, and benefits in the ordinary course of business during these Chapter 11 Cases and without the need for further Court approval, subject to applicable law.

4. The Debtors are authorized, but not directed, to pay or honor prepetition and postpetition amounts related to the Employee Compensation & Benefits programs and related incidental costs, absent further order of this Court in the ordinary course of their business; *provided*, *however*, that no payment to any individual Employee of prepetition Employee Compensation & Benefits shall exceed, in the aggregate for that individual Employee, the US$15,150 statutory cap provided for under § 507(a)(4) unless otherwise required by applicable law or ordered by this Court, including in the Final Order, and *provided, further* that pending the entry of the Final Order, the Debtors shall not pay any of the applicable categories of *prepetition* Employee Compensation & Benefits in excess of the following amounts:

| Category | Amount |
|---|---|
| Outstanding Amounts to Employees and the Upcoming Payrolls | $ 1,601,055 |
| Payroll Costs | $ 85,000 |
| Contractors / Reimbursements / PTO | $ 213,100 |
| Health Plans | $ 6,600 |
| **Total** | **$ 1,905,755** |

4. Nothing herein shall be deemed to authorize the payment of any amounts which violate, implicate, or are otherwise subject to § 503(c). The Debtors will seek approval of any insider bonus or incentive programs, if any, under separate motion under § 503(c) and nothing herein shall prejudice the Debtors' ability to seek such relief pursuant to § 503(c) at a later time.

5. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order, or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to § 365; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of any or all such liens.

7. The Debtors' banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are

authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

8. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

9. Pursuant to § 362(d), Employees are authorized to proceed with their claims against the Workers' Compensation Insurance in the appropriate judicial or administrative forum and the Debtors are authorized, but not directed, to maintain their Workers' Compensation Insurance in the ordinary course. This modification of the automatic stay pertains solely to claims against the Workers' Compensation Insurance.

10. Nothing in this Interim Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to § 365, and all of the Debtors' rights with respect to such matters are expressly reserved.

10. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity, or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

11. The requirements of Bankruptcy Rule 6003(b) are satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.