**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE<br>CORPORATION, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10584 (CTG)<br><br>Re: Docket No. 117 |

**EMERGENCY MOTION OF CUSTOMERS BANK FOR ENTRY OF AN ORDER SHORTENING NOTICE PERIODS WITH RESPECT TO CUSTOMERS BANK'S EMERGENCY MOTION SEEKING INTERIM AND FINAL RELIEF REQUIRING DEBTORS TO SEGREGATE AND ACCOUNT FOR CASH COLLATERAL IN COMPLIANCE WITH 11 U.S.C. § 363(C)(4)**

Customers Bank, by and through its undersigned counsel, hereby moves (the "Motion to Shorten Time") pursuant to sections 102 and 105 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 9006(c) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an Order, substantially in the proposed form attached hereto as **Exhibit A**, (i) shortening the applicable notice period and scheduling an interim hearing on *Customers Bank's Emergency Motion Seeking Interim And Final Relief Requiring Debtors To Segregate And Account For Cash Collateral In Compliance With 11 U.S.C. § 363(c)(4)* (the "Motion")[2] filed contemporaneously herewith, for a date no later than July 15, 2022 at a time convenient for the Court (the "Interim Hearing") and (ii) retaining the applicable notice period and scheduling a final hearing on the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5400 Tennyson Parkway, Suite 450, Plano, TX 75024.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

Motion for July 28, 2022 at a time convenient for the Court (the "Final Hearing").  In support of hereof, the Debtor respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. § 1408.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Further, pursuant to Local Rule 9013-1(f), Customers Bank hereby consents to the entry of a final judgment or order in connection with this Motion if it is determined that this Court cannot—absent the consent of the parties—enter such final judgment or order consistent with Article III of the United States Constitution.

2. The bases for the relief sought herein are sections 102 and 105 of the Bankruptcy Code, Bankruptcy Rules 2002(a) and 9006(c) and Local Rule 9006-1(c) and (e).

## BASIS FOR RELIEF REQUESTED

3. By this Motion to Shorten Time, Customers Bank seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) shortening the notice period with respect to the Motion filed contemporaneously herewith so that such Motion may be heard on an interim basis on a date no later than July 15, 2022, at a time convenient for the Court (prevailing Eastern Time); and (ii) retaining the applicable notice period with respect to the Motion so that a final hearing on the Motion may be set for the previously scheduled second day hearing on July 28, 2022.

4. Local Rule 9006-1(c) requires at least 14 days' notice prior to a hearing date where time for notice and hearing is not otherwise specified in the Local Rules or the Bankruptcy Rules. *See* Del. Bankr. L.R. 9006-1(c).  Pursuant to Local Rule 9006-1(e), however, such period may be shortened by order of the Court upon written motion specifying the exigencies supporting

shortened notice. *See* Del. Bankr. L.R. 9006-1(e). For the reasons set forth herein and in the Motion, the Debtor submits that there exists sufficient cause to justify shortening the notice period for, and the Court's consideration of, the relief requested in the Motion.

5. Customers Bank and First Guaranty Mortgage Corporation ("FGMC") are party to two financing arrangements: a Loan Agreement and a Repurchase Agreement. Upon information and belief, the Subservicer intends to tender payment directly to FGMC on or about **Monday July 18, 2022** of principal and interest with respect to the Mortgage Loans, notwithstanding the 9-406 Notice issued to the Subservicer and Customers Bank's rights under the Repurchase Agreement, the Bankruptcy Code, and the Court's Interim Orders entered at the first day hearing.

6. Any payments that FGMC receives from the Subservicer on the Mortgage Loans and from the Agencies or otherwise on the Related Securities are Customers Bank's cash collateral under the Repurchase Agreement and pursuant to Bankruptcy Code § 363(a).

7. Customers Bank has not consented to FGMC's use, sale or lease of cash collateral, and this Court has not authorized the use, sale or lease of Customers Bank's cash collateral in accordance with the provisions of Bankruptcy Code § 363(c)(2).

8. Accordingly, FGMC is required under Bankruptcy Code § 363(c)(4) to segregate and account for any payments that FGMC receives from the Subservicer on the Mortgage Loans and from the Agencies or otherwise on the Related Securities.

9. In order to avoid substantial prejudice and risk to Customers Bank's cash collateral and rights under the Repurchase Agreement, FGMC must segregate and account for all of Customers Bank's cash collateral, from whatever source, including payments on the Mortgage Loans and payments on account of Related Securities, and such cash collateral must be deposited into a segregated account by FGMC in accordance with Bankruptcy Code § 363(c)(4).

10. Thus, Customers Bank requests entry of an interim order granting the Motion on prior to the July 18 payment date. Accordingly, Customers Bank requests entry of an Order substantially in the proposed form attached hereto as **Exhibit A**, (i) shortening the applicable notice period and scheduling the Interim Hearing, for a date no later than July 15, 2022 at a time convenient for the Court and (ii) retaining the applicable notice period and scheduling the Final Hearing for July 28, 2022. Expediting these matters will provide a significant measure of protection to Customers Bank and its cash collateral, and ensure Customers Bank is not prejudiced or deprived of its codified rights under the Bankruptcy Code to protect and liquidate its collateral.

11. As required by Local Rule 9006-1(e), counsel to Customers Bank has and continues to meet and confer with FGMC regarding the relief requested in this Motion to Shorten Time and the Motion itself. However, the Parties have not resolved the issues prior to filing of the instant motion. Customers Bank will continue to communicate with FGMC in order to resolve any questions or concerns regarding this Motion to Shorten Time and the Motion itself. Counsel to Customers Bank has also advised the United States Trustee of its desire to have the Motion heard on shortened notice, and is discussing the issues with the United States Trustee. A committee has not yet been appointed and thus cannot be advised of the request for shortened time. Customers Bank submits that it has complied with Local Rule 9006-1(e) and that good cause exists to shorten notice in connection with the Motion.

## NOTICE

12. Notice of this Motion shall be provided to: (i) counsel to the Debtors, (ii) the United States Trustee, and (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002. To maximize the notice of both the Motion and Motion to Shorten Time, Customers Bank will serve the Motion, the Order shortening time with respect to the Motion, and notice of the Motion by

electronic mail (where applicable) and overnight mail.  Customers Bank submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, Customers Bank respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A, and grant such other and further relief as the Court deems just and proper.

Dated:  July 13, 2022

/s/ Eric Lopez Schnabel
Eric Lopez Schnabel
Alessandra Glorioso
DORSEY & WHITNEY (DELAWARE) LLP
300 Delaware Avenue, Suite 1010
Wilmington, Delaware 19801
Telephone: (302) 425-7171
Facsimile: (302) 261-7419
E-mail:  schnabel.eric@dorsey.com
         glorioso.alessandra@dorsey.com

-and-

Thomas O. Kelly III
DORSEY & WHITNEY LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 492-6029
Facsimile: (612) 340-2868
E-mail: kelly.tom@dorsey.com

*Counsel to Customers Bank*