# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-10584 (CTG)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 117, 138 and 159 |

## ORDER PRESERVING STATUS QUO FOR FANNIE MAE REGARDING CUSTOMERS BANK MOTION

The Court having considered the *Certification of Counsel Regarding Order Preserving Status Quo for Fannie Mae Regarding Customers Bank Motion* [Docket No. __] filed by the above debtors and debtors in possession (the "Debtors"); and the Court having previously entered the *Order Approving Stipulation Pursuant to 11 U.S.C. § 363(c)(4) Preserving Status Quo Regarding Customers Bank Cash Collateral* [Docket No. 138] (the "Status Quo Order"); and the Court having determined that this Court has jurisdiction to enter this Order in accordance with 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having determined that entry of the Order is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and good and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

　　　　1.　　Pending a final disposition of the *Emergency Motion Seeking Interim And Final Relief Requiring Debtor First Guaranty Mortgage Corporation To Segregate And Account For*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

4868-6884-9193\1

DOCS_DE:239841.1 28311/001

4868-6884-9193\6

*Cash Collateral In Compliance With 11 U.S.C. § 363(c)(4)* [Docket No.117] (the "<u>Motion</u>") filed by Customers Bank, FGMC[2] shall segregate and account for any Segregated Payments that FGMC receives, by depositing such Segregated Payments into, and holding such Segregated Payments in, segregated accounts created by FGMC. Pending final disposition of the Motion, the Segregated Payments are proceeds of the Mortgage Loans and Related Securities, and shall be free and clear of all liens other than the liens on the property of which they are proceeds. FGMC shall have no right to use the Segregated Payments. For the avoidance of doubt, none of the Segregated Payments constitute payments on mortgage loans that have been purchased by Fannie Mae and nothing herein prejudices Fannie Mae's rights and interests, if any.

2. The Court shall retain jurisdiction to resolve any disputes arising from or related to this Order.

3. This Order shall become effective immediately upon entry of this Order notwithstanding anything in the Federal Rules of Bankruptcy Procedure or otherwise to the contrary.

**Dated: July 20th, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

4868-6884-9193\6