**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1] | Case No. 22-10584 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: July 28, 2022 @ 10:00 a.m. (ET)** |
| | **Re: Docket Nos. 5, 20, 22, & 117** |

**RESPONSE AND RESERVATION OF RIGHTS OF THE FEDERAL NATIONAL
MORTGAGE ASSOCIATION RELATED TO (I) THE DEBTORS' CASH
MANAGEMENT MOTION, (II) THE DEBTORS' CASH FLOW DIP MOTION,
(III) THE DEBTOR'S DIP REPO MOTION, AND (IV) CUSTOMERS BANK'S
CASH COLLATERAL MOTION**

The Federal National Mortgage Association ("Fannie Mae"), by its undersigned counsel, submits this response and reservation of rights related to (i) the *Motion of the Debtors for Entry of Interim and Final Orders: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Certain Payment Methods; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying Requirements of Section 345(b) of the Bankruptcy Code; and (IV) for Related Relief*, dated June 30, 2022 [ECF No. 5] (the "Cash Management Motion"); (ii) *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Authorizing the Debtors to Use Cash Collateral; (III) Granting Liens and Superpriority Administrative Expense Status; (IV) Granting Adequate Protection; (V) Modifying the Automatic Stay; (VI) Scheduling a Final Hearing; and (VII) Granting Related Relief*, dated June 30, 2022 [ECF No. 22] (the "Cash Flow DIP Motion"); (iii) *Debtor's Motion for Entry of*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621).  The Debtors' mailing address is 5400 Tennyson Parkway, Suite 450, Plano, TX 75024.

*Interim and Final Orders (I) Authorizing the Debtors to Enter into Repurchase Agreement Facilities; (II) Authorizing the Debtors to Sell and Repurchase Mortgage Loans in the Ordinary Course of Business; (III) Granting Liens and Providing Superpriority Administrative Expense Status; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing with Respect to the Relief Requested Herein*, dated June 30, 2022 [ECF No. 20] (the "DIP Repo Motion"); and (iv) *Customers Bank's Emergency Motion Seeking Interim and Final Relief Requiring Debtors to Segregate and Account for Cash Collateral in Compliance with 11 U.S.C. § 363(c)(4)*, dated July 13, 2022 [ECF No. 117] (the "Customers Bank Cash Collateral Motion," and collectively with the foregoing, the "Motions"); and respectfully states as follows:[2]

## RESPONSE AND RESERVATION OF RIGHTS

1.      As of the Petition Date, Debtor First Guaranty Mortgage Corporation ("FGMC") was an approved Fannie Mae seller and servicer and serviced certain loans sold to Fannie Mae (collectively, the "Fannie Mae Loans") pursuant to that certain Mortgage Selling and Servicing Contract, the Fannie Mae Selling Guide, the Fannie Mae Servicing Guide and all supplemental servicing instructions or directives provided by Fannie Mae, all applicable master agreements, recourse agreements, repurchase agreements, indemnification agreements, loss-sharing agreements, and any other agreements between Fannie Mae and FGMC, and all as amended, restated or supplemented from time to time (collectively, the "Fannie Mae Lender Contract"), which includes, among other rights, the right of Fannie Mae to terminate the Fannie Mae Lender Contract with or without cause thereby terminating the right to service the Fannie Mae Loans.

2.      FGMC's obligations under the Fannie Mae Lender Contract include the collection and remittance of amounts owed to Fannie Mae on mortgage loans owed by Fannie Mae.  As a

---

[2] Pursuant to agreement of the relevant parties, Fannie Mae's time to respond to the Motions was extended to Wednesday, July 26, 2022.

Fannie Mae servicer, FGMC collects, holds, and remits funds that are the property of Fannie Mae. As reflected in certain of the Interim Orders entered with respect to the Motions (including the Interim Order on the DIP Repo Motion and the Cash Flow DIP Motion), the Fannie Mae Lender Contract remains enforceable according to its terms.

3.      It is imperative that the Final Orders granting the relief requested in the Motions reflect and protect Fannie Mae's rights are not inconsistent with the Fannie Mae Lender Contract. Accordingly, Fannie Mae reserves all of its rights under the Fannie Mae Lender Contract, and objects to each of the Motions to the extent that any related Final Order is inconsistent with or fails to clearly preserve Fannie Mae's rights thereunder, including preserving all of Fannie Mae's rights related to the Fannie Mae Loans and proceeds thereof, none of which may be transferred or pledged to any other party.

4.      Over the last several weeks, the Debtors, Customers Bank, Fannie Mae, and each of the lenders/purchasers under the DIP Repo Motion and the Cash Flow DIP Motion have been working together in good faith to incorporate language into the final orders to protect Fannie Mae's rights.  The negotiations have been very constructive.  However, as of the objection deadline for the Motions, the language has not been finalized and remains subject to ongoing discussion and revisions.

5.      In light of the current uncertainty, Fannie Mae reserves all rights concerning the proposed Motions and their respective final orders pending final resolution of protective language for Fannie Mae to assure that all final orders are consistent with the Fannie Mae Lender Contract.[3] To the extent that appropriate protective language is not included in those orders, Fannie Mae

---

[3] Without limiting the generality of the foregoing, the current proposed draft of certain of the orders provided to Fannie Mae contain certain reservations that are not acceptable to Fannie Mae.  Additionally, certain provisions related to the different Government Sponsored Enterprises must be harmonized in the Final Orders.

objects to them.  That said, Fannie Mae has every expectation that reasonable and acceptable forms of the Final Orders will be negotiated prior to the hearing on the Motions.

6.    In addition, Fannie Mae joins in any further responses to the Motions filed by any other Government Sponsored Enterprise or Agency in these Chapter 11 cases.

<table>
<tr><td></td><td>**BIELLI & KLAUDER, LLC**</td></tr>
<tr><td>Dated: July 27, 2022<br>Wilmington, Delaware</td><td>*/s/ David M. Klauder*<br>David M. Klauder, Esquire (No. 5769)<br>1204 N. King Street<br>Wilmington, DE 19801<br>Phone: (302) 803-4600<br>Fax: (302) 397-2557<br>Email: dklauder@bk-legal.com</td></tr>
</table>

-and-

**O'MELVENY & MYERS LLP**

Stephen Warren (admitted *pro hac vice*)
Jacob Beiswenger (admitted *pro hac vice*)
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Phone: (213) 403-6000
Email: swarren@omm.com
Email: jbeiswenger@omm.com

-and-

Jennifer Taylor (admitted *pro hac vice*)
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Phone: (415) 984-8700
Email: jtaylor@omm.com

-and-

Daniel Shamah (admitted *pro hac vice*)
Times Square Tower
7 Times Square
New York, NY 10036
Phone: (212) 326-2000
Email: dshamah@omm.com

*Counsel for Federal National Mortgage Association*