# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-10584 (CTG)<br><br>(Jointly Administered)<br><br>Re: D.I. 5, 20, 22, 40, 117<br><br>Hearing Date:<br>July 28, 2022 at 10:00 a.m. (ET)<br><br>Objection Deadline (extended by consent):<br>July 27, 2022 at 10:00 a.m. (ET) |

### FLAGSTAR BANK, FSB'S LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING CERTAIN SECOND DAY MOTIONS AND JOINDER TO CUSTOMER BANK'S 363(C)(4) MOTION

Flagstar Bank, FSB ("Flagstar"), in its capacity as lender under that certain Mortgage Warehousing Loan and Security Agreement, dated as of June 30, 2017 (as amended, restated or otherwise modified, the "Flagstar Loan Agreement"), hereby submits this limited objection and reservation of rights (the "Limited Objection and Joinder") with respect to final approval of the following motions filed by the Debtors: (i) *Debtors' Motion for Entry of Final Order (I) Authorizing the Debtors to Obtain Postpetition Operational Cash Flow Financing; (II) Authorizing the Debtors to Use Cash Collateral; (III) Granting Liens and Providing Superpriority Administrative Expense Status; (IV) Granting Adequate Protection; (V) Modifying the Automatic Stay; (VI) Scheduling a Final Hearing; and (VII) Granting Related Relief* [D.I. 22] (the "Cash Flow DIP Motion") and (ii) *Motion of the Debtors for Entry of Final Order: (I) Authorizing Use of Cash Management Procedures, Bank Accounts, and Certain Payment Methods; (II) Prohibiting*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5400 Tennyson Parkway, Suite 450, Plano, TX 75024.

*Setoffs and Freezing of Bank Accounts; (III) Modifying Requirements of Section 345(b) of the Bankruptcy Code; and (IV) for Related Relief* [D.I. 5] (the "Cash Management Motion," and together with the Cash Flow DIP Motion, the "Second Day Motions"), and joins in *Customers Bank's Emergency Motion Seeking Interim and Final Relief Requiring Debtors to Segregate and Account for Cash Collateral in Compliance with 11 U.S.C. § 363(c)(4)* [D.I. 117] (the "363(c)(4) Motion").[2] In support of this Limited Objection and Joinder, Flagstar states as follows:

## LIMITED OBJECTION AND JOINDER

1. At the first day hearing, Flagstar, along with several other *non-insider* Warehouse Lenders, objected to the Debtors' two financing motions and the Cash Management Motion on the basis that the motions lacked clarity on whether the first priority liens of the Warehouse Lenders were being primed by either of the Debtors' DIP facilities, and if so, how their liens were being adequately protected. To resolve those objections, the Warehouse Lenders' accounts and collateral were expressly excluded from much of the relief sought by the Debtors in either of the financing motions or the Interim Cash Management Order on an interim basis.

2. Specifically, the Interim Cash Management Order provides that,

> 17. Notwithstanding anything in this order to the contrary, the relief sought by the Debtors in ¶¶ 5, 6, 9 and 11 [of] this order shall not apply (i) to any deposit accounts located at Customers Bank, Texas Capital Bank, or Flagstar Bank, (ii) to the accounts held by Deutsche Bank pursuant to the Amended and Restated Joint Securities Account Control Agreement dated as of August 11, 2017 (as amended, restated, supplemented or modified from time to time, the "JSACA") by and among Deutsche Bank National Trust Company ("Securities Intermediary"), Customers Bank, Flagstar Bank and Texas Capital Bank, or ***(iii) to any of the collateral for the Prepetition Loan Facilities or the Customers Repo Facility, including cash collateral and proceeds of collateral***. Notwithstanding anything in this order to the contrary, other than as set forth in paragraph 37 of the Interim Cash Flow DIP Order, no liens being granted in connection with this order or any other interim first day order shall attach to the collateral of Flagstar Bank or Customer Bank. Nothing

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Cash Flow DIP Motion, the Cash Management Motion or the 363(c)(4) Motion, as applicable.

> in this paragraph shall affect the right of the Debtors, Customers Bank or Flagstar Bank to seek additional relief, including, without limitation, in the final first day order.  For the avoidance of doubt, the Debtors shall be permitted to use the Bank Account at Texas Capital Bank ending in the last four digits of 7572 for the purpose of payroll-related disbursements solely from proceeds of the Cash Flow DIP Loan.

Interim Cash Management Order [D.I. 61] ¶ 17 (emphasis added).  Similarly, the Interim Cash Flow DIP Order provides that,

> 37. <u>Flagstar/Customers</u>. Notwithstanding anything in this Cash Flow DIP Interim Order and the Cash Flow DIP Documents to the contrary, the relief sought by the Debtors in this order shall not apply (i) to any deposit accounts located at Customers Bank, Flagstar Bank, or Texas Capital Bank, National Association ("<u>TCB</u>"); (ii) to the accounts held by Deutsche Bank pursuant to the Amended and Restated Joint Securities Account Control Agreement dated as of August 11, 2017 (as amended, restated, supplemented or modified from time to time, the "<u>JSACA</u>") by and among Deutsche Bank National Trust Company ("<u>Securities Intermediary</u>"), Customers Bank, Flagstar Bank and Texas Capital Bank, or ***(iii) to any of the collateral for the Prepetition Loan Facilities, the Customers Repo Facility, or the Prepetition Repo Facility of J.V.B. Financial Group, LLC, as successor by merger to C&Co./PrinceRidge LLC ("<u>J.V.B</u>") including cash collateral and proceeds of collateral***; provided, however, that the Cash Flow DIP Liens (x) shall attach to such accounts and collateral on a junior basis to the extent of surplus proceeds from the disposition of the collateral, if any, (y) shall be and remain junior and subordinate in all respects to the security interests of Flagstar Bank, Customers Bank, or J.V.B. in the collateral of Flagstar Bank, Customers Bank, or J.V.B and (z) such Cash Flow DIP Liens (a) shall not in any respect limit the rights of Flagstar Bank, Customers Bank, J.V.B. to exercise their rights and remedies with respect to their respective collateral, (b) shall be automatically released (as to the collateral of Flagstar Bank, Customers Bank, or J.V.B. but not as to the surplus proceeds from the disposition of such collateral remaining after Flagstar Bank, Customers Bank, or J.V.B respectively, has been indefeasibly paid in full on all obligations of the Debtor) without further action upon any disposition of such collateral or application of such collateral to the obligations of the Debtor to Flagstar Bank, Customers Bank, or J.V.B, (c) shall not give rise to any notice or other rights, under the Uniform Commercial Code or otherwise, in connection with any disposition or application of such collateral, and (e) shall not grant the Cash Flow DIP Lender any rights of enforcement with respect to such collateral until Customers Bank, Flagstar Bank, or J.V.B, as applicable, has received irrevocable payment in full of all of the Debtor's outstanding obligations to it. Nothing in this paragraph shall affect the right of the Debtors, Customers Bank, Flagstar Bank, TCB, or the Cash Flow DIP Lender to seek additional relief, including, without limitation, in the final first day orders. For the avoidance of doubt, the Debtors shall be permitted to use the Bank Account at Texas Capital Bank ending in the last four digits of 7572 for the purpose of payroll-related disbursements solely from proceeds of the Cash Flow DIP Loan.

Interim Cash Flow DIP Order [D.I. 67] ¶ 37 (emphasis added).

3.  Since then, the Debtors and Flagstar have continued to confer regarding Flagstar's concerns with respect to final approval of the Second Day Motions. As a result of those discussions, Flagstar understands the following:

- the Debtors do not intend to use any of Flagstar's Prepetition Loan Collateral or to prime Flagstar's liens under either DIP financing facility;

- the Debtors are not seeking authority to use any amounts in any bank accounts that either (i) constitute collateral for the Prepetition Loan Facilities, including Cash Collateral or the proceeds of Prepetition Loan Collateral or (ii) may be subject to any rights of setoff held by Flagstar; and

- the Debtors have segregated and will continue to segregate any proceeds of Flagstar's Prepetition Loan Collateral into a newly opened bank account in favor of Flagstar which will be free and clear of all liens and account for any payments received from any subservicer with respect to Flagstar's loans and other collateral.

4.  While Flagstar has provided comments to drafts of the final orders with respect to the Second Day Motions, those orders have yet to be finalized. Flagstar files this Limited Objection and Joinder so that it can continue discussions with the Debtors in the hope of resolving these issues consensually and to reserve its right to object to the Second Day Motions on the bases set forth herein or in Flagstar's *Preliminary Objection to Debtors' Financing Motions and Cash Management Motion* [D.I. 40]. Flagstar has not and does not consent to the use of its collateral, including cash collateral, in these Chapter 11 Cases.

5.  In addition, Flagstar has had preliminary discussions with the Debtors regarding a consensual path for disposing of Flagstar's Pledged Mortgage Loans and remaining collateral in a manner that minimizes interest rate risk and extreme market volatilities to try to maximize their value. Pending a resolution, Flagstar joins in Customers Bank's 363(c)(4) Motion to the extent

necessary to ensure that the Debtors continue to segregate Flagstar's Cash Collateral and provide Flagstar with an accounting of all payments they receive in respect of Flagstar's Prepetition Loan Collateral.

| | |
|---|---|
| Dated: July 27, 2022<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Tori L. Remington*<br>Robert J. Dehney (No. 3578)<br>Matthew B. Harvey (No. 5186)<br>Tori L. Remington (No. 6901)<br>1201 North Market Street 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>Email: rdehney@morrisnichols.com<br>   mharvey@morrisnichols.com<br>   tremington@morrisnichols.com<br><br>-and-<br><br>**MORGAN, LEWIS & BOCKIUS LLP**<br>Jennifer Feldsher (admitted *pro hac vice*)<br>Kevin J. Biron (admitted *pro hac vice*)<br>T. Charlie Liu (admitted *pro hac vice*)<br>101 Park Avenue<br>New York, New York 10178-0060<br>Telephone: (212) 309-6000<br>Facsimile: (212) 309-6001<br>Email: jennifer.feldsher@morganlewis.com<br>   kevin.biron@morganlewis.com<br>   charlie.liu@morganlewis.com<br><br>*Counsel to Flagstar Bank, FSB* |