# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10584 (CTG)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 184 |

## RESERVATION OF RIGHTS OF RUSHMORE LOAN MANAGEMENT SERVICES LLC WITH RESPECT TO CUSTOMERS BANK'S MOTION SEEKING APPLICABILITY OF 11 U.S.C. § 559 AND, IN THE ALTERNATIVE, GRANTING RELIEF FROM THE AUTOMATIC STAY AND RELATED RELIEF

Rushmore Loan Management Services LLC ("Rushmore"), by and through its undersigned counsel, hereby files this reservation of rights with respect to the *Motion Seeking Confirmation of Applicability of 11 U.S.C. § 559 or, in the Alternative, Granting Relief From the Automatic Stay and Related Relief* [D.I. 184] (the "Motion")[2] filed by Customers Bank. In support hereof, Rushmore respectfully states as follows:[3]

## BACKGROUND

1. Prior to the Petition Date, as of March 1, 2018, Rushmore entered into that certain Flow Agency Subservicing Agreement with Debtor FGMC (the "Subservicing Agreement"), pursuant to which Rushmore may elect to subservice and provide certain management and disposition services for residential mortgage loans owned or serviced by FGMC. Rushmore is

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax-identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

[3] Customers Bank extended Rushmore's deadline to respond to the Motion to August 1, 2022 at 5:00 p.m. (ET).

entitled under the Subservicing Agreement to reimburse itself, and in the ordinary course of business does reimburse itself, from payments Rushmore receives from mortgage loan borrowers on account of certain contractual fees and advances owed to Rushmore by FGMC.

2.  Following the Petition Date, on July 6, 2022, Customers Bank sent a demand letter to Rushmore notifying it that Debtor FGMC was in default under the Repurchase Agreement between Customers Bank and FGMC (the "Demand Letter").  The Demand Letter directed Rushmore to segregate all Income (as defined in the Repurchase Agreement) received or collected on account of the Mortgage Loans, to hold such Income for the sole and exclusive benefit of Customers Bank and to remit all such Income immediately and going forward to Customers Bank. Beginning on July 7, 2022 and continuing as of the date hereof, Rushmore engaged Customers Bank and FGMC in a constructive dialogue—both on a business level and through counsel—with respect to the reconciliation of mortgage loan records and the remittance of Income, net of fees and advances owed to Rushmore, to Customers Bank.

3.  On July 21, 2022, Customers Bank filed the Motion.  Pursuant to the Motion, Customers Bank requests entry of an order that, in pertinent part, (i) confirms the applicability of section 559 of the Bankruptcy Code to the Repurchase Agreement between Customers Bank and Debtor FGMC or, in the alternative, grants Customers Bank relief from the automatic stay to exercise rights with respect to the Purchased Assets, (ii) authorizes all third parties in possession of Purchased Assets to follow the directions of Customers Bank in accordance with applicable non-bankruptcy law and (iii) directs FGMC to deliver all Purchased Assets or related information, including payments received from Rushmore on account thereof, to Customers Bank.

4.  In the Motion, Customers Bank asserts, among other things, that Rushmore failed to cooperate with Customers Bank and promptly comply with the Demand Letter, while at the

same time noting the "extensive discussions" that had occurred among Rushmore, FGMC and Customers Bank.[4] Rushmore disputes Customers Bank's characterizations of Rushmore's conduct following its receipt of the Demand Letter. As it has done with other repo participants in these cases, Rushmore has worked cooperatively with Customers Bank and Debtor FGMC to reconcile mortgage loan information and ensure that any remittance of Income made by Rushmore is directed to the appropriate party, in the appropriate amount, net of all contractual fees and advances owed to Rushmore. Given the complexities associated with this process and the absence of clear direction from FGMC, compliance with Customers Bank's demands in the unreasonably short time period afforded by Customers Bank was not possible.

## RESERVATION OF RIGHTS

5.  Following the filing of the Motion, Rushmore provided comments to Customers Bank and Debtor FGMC on the terms of the proposed order granting the motion that would resolve Rushmore's limited objections to the Motion. Specifically, Rushmore's comments clarify that Income received by Rushmore on Purchased Assets will be remitted to Customers Bank net of all contractual fees and advances owed to Rushmore under the applicable subservicing agreements with respect to the Purchased Assets. As of the date hereof, Rushmore, Customers Bank and FGMC have agreed in principle on revisions to the proposed order; however, a revised proposed order has not yet been filed with the Court. Accordingly, Rushmore reserves all rights with respect to the Motion and to preserve its ability to raise any objections prior to or at the hearing on the Motion.

---

[4] *See* Motion ¶¶ 6, 18, 19, 30, 37.

13724379.v1

| | |
|---|---|
| Dated: August 1, 2022<br>Wilmington, Delaware | */s/ Eric J. Monzo*<br>MORRIS JAMES LLP<br>Jeffery R. Waxman (DE Bar No. 4159)<br>Eric J. Monzo (DE Bar No. 5214)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>Telephone: (302) 888-6800<br>Email: jwaxman@morrisjames.com<br>       emonzo@morrisjames.com<br><br>– and –<br><br>WHITE & CASE LLP<br>Matthew E. Linder (*pro hac vice* pending)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: mlinder@whitecase.com |