# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10584 (CTG)<br><br>(Jointly Administered) |

### SUPPLEMENTAL DECLARATION OF TANYA MEEROVICH IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF ORDER (I) APPROVING KEY EMPLOYEE INCENTIVE PROGRAM, (II) KEY RETENTION EMPLOYEE PROGRAM AND (III) GRANTING RELATED RELIEF

I, Tanya Meerovich, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

### BASIS FOR TESTIMONY AND QUALIFICATIONS

1. I am a Senior Managing Director of FTI Consulting ("FTI"). I was appointed chief restructuring officer ("CRO") of First Guaranty Mortgage Corporation ("FGMC") and its affiliated debtor Maverick Holdings, LLC ("Maverick", together with FGMC, the "Debtors") on June 30, 2022.

2. I am authorized to execute this declaration (the "Supplemental Declaration"). I am familiar with the Debtors' books and records, day-to-day operations, business, and financial condition. Except as otherwise indicated, the facts set forth herein are based upon (a) my personal knowledge of and familiarity with the Debtors' operations and finances, (b) information learned from my review of the relevant documents and information supplied to me by other members of the Debtors' management, the Debtors' professionals, employees of the Debtors working under my supervision, and FTI employees supporting me as CRO, and (c) my opinions based upon

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction in which it operates, are: First Guaranty Mortgage Corporation (9575) (Virginia); and Maverick II Holdings, LLC (5621) (Delaware). The location of the corporate headquarters and the service address for First Guaranty Mortgage Corporation is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

DOCS_DE:240081.1 28311/001

experience, knowledge, and information concerning the Debtors and the industry in which the Debtors operate.    I am over the age of 18 and am authorized to submit this Supplemental Declaration on behalf of the Debtors.

3. I make this Supplemental Declaration in support of the *Debtors' Motion for an Order (I) Approving Key Employee Incentive Plan (II) Approving Key Employee Retention Plan for Non-Insider Employees* (the "Motion") [Docket No. 163] and as a supplement to my declaration filed therewith [Docket No. 164].  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.  Except as may otherwise be noted, I could and would testify to the following.

4. The names of the KEIP Participants are: Aaron Samples (Chief Executive Officer), Suzy Lindblom (Chief Operations Officer), Vishnu Karra (Chief Information Officer), Darien Oien (Chief Legal Officer and General Counsel), Thomas Ramm (Executive Vice President – Capital Markets) and Laurie Sullivan (Executive Vice President – Chief Compliance Officer).

5. As of the date of the filing of the Motion, there are 6 Current Employees that are in KERP Tier 1; 36 Current Employees that are in KERP Tier 2; 23 Current Employees that are in KERP Tier 3; and 51 Current Employees that are in KERP Tier 4.  These numbers are subject to change based on attrition and changed circumstances in the Chapter 11 Cases.

6. None of the KERP Participants (a) have been appointed to officer positions by the Board of Directors, (b) report to the Board, or (c) although holding various positions and titles below the level of Executive Vice President,  (i) were appointed by the Board; (ii) manage the Debtors; or (iii) implement, oversee, or direct decisions of the Board.

7. The Debtors' director and officers insurance policy (the "D&O Policy") covers all employees who make any decision that could impact the Debtors, and, as such, it covers employees to the extent they provide day-to-day decisions as part of their job (potentially anyone), regardless of whether the employee had been elected as an officer by the Board of Directors.  In other words,

the D&O Policy provides broad coverage, and it is not predicated on nor does it otherwise connote insider status.

8. No KERP Participant is a party to an indemnification agreement with the Debtors. However, Article VI of the Debtors' amended and restated articles of incorporation (concerning indemnification) applies "to any person," and thus covers all employees.

9. Other than (i) ordinary course payments—which payments are an integral part of the qualifying employee's pay—made pursuant to the Bonus Plan (as defined and described in the Wage Motion) paid to certain KERP Participants, and (ii) two $7,500 bonuses for performance in 2021 and based on the Debtors' 2021 bonus program, paid in April and May 2022, to a KERP Participant in KERP Tier 3, the Debtors have not paid any performance or retention bonus(es) to any KERP Participant or KEIP Participant in the 90 day period preceding the Petition Date.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 1, 2022                                  */s/ Tanya Meerovich*
                                                      Tanya Meerovich
                                                      Senior Managing Director
                                                      FTI Consulting