# EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*[1]<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-10584 (CTG)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 184 |

**ORDER CONFIRMING APPLICABILITY OF 11 U.S.C. § 559 AND, IN THE ALTERNATIVE, GRANTING RELIEF FROM THE AUTOMATIC STAY AND RELATED RELIEF**

Upon the *Motion Seeking Confirmation Of Applicability Of 11 U.S.C. § 559 Or, In The Alternative, Granting Relief From The Automatic Stay And Related Relief* (the "Motion")[2] [Dkt. 184], of Customers Bank seeking entry of an order (i) confirming the applicability of section 559 of the Title 11 of the United States Code (the "Bankruptcy Code") to Customers Bank's Repurchase Agreement with Chapter 11 debtor First Guaranty Mortgage Corporation (together with its other debtor affiliates, collectively, "FGMC") or, in the alternative, granting relief from the automatic stay pursuant to Bankruptcy Code § 362(d) to permit Customers Bank to exercise its rights with respect to the Purchased Assets, (ii) authorizing all third parties in possession of any portion of the Purchased Assets to follow the directions of Customers Bank in accordance with applicable non-bankruptcy law, and (iii) directing FGMC to deliver all Purchased Assets or related information, including, without limitation, payments received from the Subservicer with respect

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax-identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

to the Mortgage Loans, to Customers Bank, and the declaration of Carol MacElree in support of the Motion [Dkt. 185]; and the Court having granted Customers Bank's request for an order shortening notice with respect to the Motion (the "Order Shortening Notice") [Dkt. 188]; and Customers Bank having provided notice in accordance with the Order Shortening Notice [Dkt. 189]; and the Court having held a hearing with respect to the Motion on August 2, 2022; and having determined that this Court has jurisdiction to enter this Order in accordance with 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having determined that the relief requested in the Motion is proper, and based upon the record before the court, and good and sufficient cause appearing therefor:

**THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**

A. The Repurchase Agreement is a "repurchase agreement" as that term is defined in Bankruptcy Code § 101(47).

B. Bankruptcy Code § 559 applies to the Repurchase Agreement and the exercise of Customer Bank's contractual rights to cause the liquidation, termination, or acceleration of the Repurchase Agreement because of FGMC's default under the Repurchase Agreement.

C. There is cause to grant Customers Bank relief from the automatic stay pursuant to Bankruptcy Code § 362(d)(1).

D. Customers Bank's interest in its collateral, particularly the Purchased Assets, is not being adequately protected by FGMC.

E. In light of the agreements set forth both by Customers Bank for the return of proceeds in excess of the Obligations, Customers Bank shall be entitled to (i) all of the rights and benefits of section 552(b) of the Bankruptcy Code and a waiver of any "equities of the case" claims

under section 552(b) of the Bankruptcy Code, and (ii) a waiver of section 506(c) of the Bankruptcy Code, so that no costs or expenses of administration of these Chapter 11 Cases or any future proceeding that may result therefrom shall be charged against or recovered from Customers Bank's collateral pursuant to section 506(c) of the Bankruptcy Code.

**NOW, WHEREFORE, IT IS HEREBY ORDERED THAT:**

1.     Customers Bank is authorized to exercise its rights and remedies under the Repurchase Agreement and applicable non-bankruptcy law pursuant to Bankruptcy Code § 559.

2.     To the extent section 559 is inapplicable, the automatic stay is hereby modified pursuant to Bankruptcy Code § 362(d)(1) to permit Customers Bank to exercise its rights and remedies under the Repurchase Agreement and applicable non-bankruptcy law.

3.     In light of the relief granted in paragraphs (1) and (2) above, Customers Bank is hereby authorized to exercise its rights and remedies under the Repurchase Agreement, including, but not limited to, (i) obtaining from FGMC or otherwise all of the mortgage files and other information required to sell the Purchased Assets; (ii) directing the Subservicer (or any other subservicer in possession of Income on Customers Bank's collateral) to pay directly to Customers Bank all Income received on the Purchased Assets that such subservicer receives under the applicable subservicing agreements, net of all contractual fees and advances owed to such subservicer under the applicable subservicing agreements with respect to the Purchased Assets; (iii) in accordance with the terms of the Custodial Agreement, either taking possession of the collateral files in the possession of Deutsche Bank, in its capacity as custodian, or directing that they be shipped to purchasers of the Purchased Assets; (iv) selling the Purchased Assets; (v) directing the purchasers to make payment for the Purchased Assets directly to Customers Bank; (vi) transferring the servicing on the Mortgage Loans included in the Purchased Assets or having

the current subservicer(s) agree to service the loans for the purchasers on terms consistent with the applicable subservicing agreement or, in each case, otherwise agreed to by the applicable subservicer; (vii) registering the transfer of the related Mortgages on MERS; and (viii) taking such other action as may be appropriate under the Repurchase Agreement or applicable law to realize on the Purchased Assets.

4. Customers Bank shall remit to the Debtors any proceeds related to the Purchased Assets in excess of the outstanding Obligations (as such term is defined in the Customers Bank Repurchase Agreement) due to Customers Bank.

5. Customers Bank agrees that (a) it will not enter into a binding agreement to sell any of the Mortgage Loans before the close of business on Friday, August 5, 2022, and (b) if the Debtor is able to obtain reinstatement of its ability to sell Mortgage Loans to or securitize Mortgage Loans with Fannie Mae, Freddie Mac or GNMA (as defined below and each, an Agency) before the close of business on Friday, August 5, 2022, Customers Bank will not enter into a binding agreement to sell the Mortgage Loans eligible and identified for sale to that Agency without the consent of the Debtor unless Debtor has not sold or securitized such Mortgage Loans to or with such Agency before the close of business on Friday, August 19, 2022.

6. Customers Bank shall be entitled to all of the rights and benefits of section 552 of the Bankruptcy Code, and the "equities of the case" exception under section 552(b) of the Bankruptcy Code shall not apply to Customer's Bank with respect to the proceeds, products, offspring, profits or otherwise related thereto of Customers Bank's collateral.

7. No costs or expenses of administration which have been or may be incurred in this Chapter 11 action or any successor action at any time shall be charged against Customers Bank or its claims or collateral pursuant to sections 105 or 506(c) of the Bankruptcy Code, or otherwise,

without the prior written consent, as applicable, of Customers Bank, and no such consent shall be implied from any other action, inaction, or acquiescence by any such agents or lenders.

8. Notwithstanding anything in this Order to the contrary, none of the relief granted to Customers Bank in this order shall apply to (a) any mortgage loans presently owned by or, from and after the date acquired, hereafter acquired by the Federal National Mortgage Association ("Fannie Mae"), the Federal Home Loan Mortgage Corporation ("Freddie Mac") or the Government National Mortgage Association ("GNMA"), or (b) any funds received by the Debtor or any subservicer as a payment on such mortgage loans or held by the Debtor or any subservicer in any custodial account for the benefit of Fannie Mae, Freddie Mac, or GNMA. Nothing herein prejudices, and Fannie Mae, Freddie Mac and GNMA hereby expressly reserve, all of their respective rights and interests under the agreements between any of Fannie Mae, Freddie Mac and GNMA, on the one hand, and any of the Debtors, on the other hand.

9. Nothing herein shall affect the rights of Deutsche Bank under the Custodial Agreement.

10. The Court shall retain jurisdiction to resolve any disputes arising from or related to this Order.

11. This Order shall be effective immediately upon entry of this Order notwithstanding anything in the Federal Rules of Bankruptcy Procedure, including Federal Rule of Bankruptcy Procedure 4001(a)(3), or otherwise to the contrary.

Dated: August \_\_\_\_, 2022
Wilmington, Delaware

                                                            Craig T. Goldblatt
                                          United States Bankruptcy Judge