# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 )  ) Case No. 22-10584 (CTG) |
| FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1] | ) ) (Jointly Administered) ) |
| Debtors. | ) **Objection Deadline: TBD** ) **Hearing Date: TBD** |

## DEBTORS' MOTION FOR ENTRY OF ORDER APPROVING STIPULATION BETWEEN DEBTORS AND FREDDIE MAC FOR THE PROVISION OF ADEQUATE PROTECTION AND ADEQUATE ASSURANCES RELATING TO THE SERVICING OF FREDDIE MAC'S LOANS

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the *Stipulation Between Debtors and Freddie Mac for the Provision of Adequate Protection and Adequate Assurances Relating to the Servicing of Freddie Mac's Loans* (the "Stipulation"), a true and correct copy of which is attached as Exhibit 1 to the Proposed Order, by and between the Debtors, on the one hand, and the Federal Home Loan Mortgage Corporation ("Freddie Mac", and together with the Debtors, the "Parties"), on the other hand. In support thereof, the Debtors hereby state as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

2. Venue of the above-captioned case and this Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3. On June 30, 2022 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner, has been appointed in the Chapter 11 Cases.

4. Prior to the Petition Date, First Guaranty Mortgage Corporation ("FGMC") was a full service, non-bank mortgage lender and servicer of mortgage loans, offering a full suite of residential mortgage options tailored to borrowers' different financial situations, including origination, purchase, service, sale and/or securitization of residential real estate mortgage loans and was one of the leading independent mortgage companies in the United States that originated residential mortgages through a national platform.

5. Additional information regarding the Debtors' businesses and capital structure, as well as a description of the events precipitating the filing of these Chapter 11 Cases, is set forth in

the *Declaration of Aaron Samples In Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 19] (the "First Day Declaration"), which is fully incorporated herein by reference.

6.      Prior to the Petition Date, FGMC entered into, and has certain obligations under, various agreements with Freddie Mac with respect to mortgage loans FGMC sold to, or serviced on behalf of, Freddie Mac (collectively, the "Freddie Mac Loans").  FGMC agreed to be bound by the Freddie Mac Single-Family Seller/Servicer Guide (the "Freddie Mac Guide"), the Freddie Mac Single-Family/Servicer Guide Plus Additional Provisions, certain applicable Master Agreements (as defined in the Freddie Mac Guide), Purchase Contracts, as define in the Freddie Mac Guide), Pricing Identifier Terms (as defined in the Freddie Mac Guide), supplements, addendums, Bulletins (as defined in the Freddie Mac Guide), directives, terms of business and any other agreements between the Debtors and Freddie Mac, as amended, restated or supplemented from time to time (collectively, the "Freddie Mac Agreements").

7.      As of the Petition Date, FGMC through its sub-servicer Rushmore Loan Management Service, LLC ("Rushmore"), serviced approximately 899 Freddie Mac Loans.

8.      As of the date of the Stipulation, the Debtors have not assumed or rejected the Freddie Mac Agreements under section 365 of the Bankruptcy Code.  However, the Debtors have sought Court approval to sell and/or transfer certain mortgage servicing rights and/or servicing contract rights related to various loans, including the Freddie Mac Loans, to BSI Financial Services, subject to *inter alia*, the consent of Freddie Mac.  The Debtors filed on August 15, 2022, the *Debtors' Motion for Entry of an Order (I) Authorizing (A) Private Sale and (B) Transfer of Certain Servicing Rights and Obligations to BSI Financial Services Free and Clear of Liens, Claims, Encumbrances and Interests; (II) Approving the Terms of the Purchase and Sale*

*Agreement; (III) Approving the Assumption and Assignment of Certain Executory Contracts Related Thereto; and (IV) Granting Related Relief* [D.I. 328] (the "Sale Motion").

9. Pending the outcome of the Sale Motion, the Debtors desire to enter into the Stipulation in order to provide certain servicing assurances and protections to Freddie Mac, as well as to provide certainty in the Parties' post-petition transactions prior to any assumption or rejection of the Freddie Mac Agreements.

10. The Debtors have also reached a settlement and compromise with Freddie Mac with respect to all outstanding economic issues between the Parties. Concurrently with the filing of this Motion, the Debtors have filed a settlement approval motion. *See Debtors' Motion for an Order (I) Approving a Settlement Agreement with Federal Home Loan Mortgage Corporation Pursuant to Fed. Bankr. R. 9019, (II) Authorizing the Sale of Certain Mortgage Loans, and (III) Granting Related Relief* (the "Settlement Motion").

11. Freddie Mac and the Debtors have further agreed that to the extent the separate Settlement Motion is not approved by this Court, the Stipulation will not be deemed to create, and the Order approving the Stipulation does not impose upon the Debtors, any administrative expense repurchase obligations.

## RELIEF REQUESTED

12. By this Motion, the Debtors seek entry of an order approving the Stipulation, which provides the Debtors with certainty in their post-petition transaction activity with Freddie Mac prior to any assumption or rejection of the Freddie Mac Agreements.

## BASIS FOR RELIEF REQUESTED

13. The Stipulation represents a settlement which the Debtors submit should be approved. Settlements in bankruptcy are favored as a means of minimizing litigation, expediting

the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Bankruptcy Rule 9019 provides that on motion by the trustee (or debtor in possession) and after notice and a hearing, the Court may approve a compromise or settlement. In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, the Court should determine whether the compromise is fair, reasonable, and in the interests of the estates. *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998). The decision whether to accept or reject a compromise lies within the sound discretion of the Court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

14. The Debtors submit that the Stipulation is fair and reasonable and is in the best interest of the Debtors' estates and their creditors, and should be approved pursuant to Bankruptcy Rule 9019. The Stipulation is the product of good-faith discussions and arms' length bargaining among the Parties.

15. The Stipulation will provide the Debtors with much needed certainty during the course of the Parties' post-petition dealings prior to any assumption or rejection of the Freddie Mac Agreements by the Debtors. The Stipulation avoids delays in transaction activity among the Parties, and avoids potential litigation related thereto. Accordingly, the Debtors submit that in light of the reasonable terms of the Stipulation, the Stipulation is in the best interests of the Debtors, their estates, and all stakeholders.

16. For the reasons set forth above, the Debtors, in an exercise of their sound business judgment, submit that the Stipulation is fair, reasonable, and appropriate and should be approved by this Court.

## NOTICE

17. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Official Committee of Unsecured Creditors; (iii) the Debtors' secured lenders; (iv) Freddie Mac; and (v) parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice is necessary or required.

## CONCLUSION

WHEREFORE, the Debtors request that this Court enter an order, in substantially the same form as the Proposed Order, approving the Stipulation, and grant such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: August 17, 2022 | **PACHULSKI STANG ZIEHL & JONES LLP** |

*/s/ Mary F. Caloway*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Tel:   (302) 652-4100
Fax:   (302) 652-4400
Email:  ljones@pszjlaw.com
            tcairns@pszjlaw.com

-and-

Samuel R. Maizel (*Pro Hac Vice*)
Tania M. Moyron (*Pro Hac Vice*)
**DENTONS US LLP**
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Email:  samuel.maizel@dentons.com
            tania.moyron@dentons.com

Lauren Macksoud (*Pro Hac Vice*)
Claude D. Montgomery (*Pro Hac Vice*)
**DENTONS US LLP**
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 632-8390
Email:  lauren.macksoud@dentons.com
            claude.montgomery@dentons.com

David F. Cook (DE Bar No. 6352)
**DENTONS US LLP**
1900 K Street, NW
Washington, DC 20006
Telephone:  (202) 496-7500
Email:  david.f.cook@dentons.com

*Counsel for Debtors and Debtors in Possession*