**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10584 (CTG)<br><br>(Jointly Administered)<br><br>**Re. Dkt. No. 341**<br><br>**Objection Deadline: August 30, 2022**<br>**Hearing Date: August 31, 2022** |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
RESERVATION OF RIGHTS REGARDING DEBTORS' MOTION FOR AN ORDER (I)
APPROVING A SETTLEMENT AGREEMENT WITH FEDERAL HOME LOAN
MORTGAGE CORPORATION PURSUANT TO FED. R. BANKR. P. 9019,
(II) AUTHORIZING SALE OF MORTGAGE LOANS,
AND (III) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by its proposed co-counsel, Thompson Coburn Hahn & Hessen LLP and Blank Rome LLP, hereby files its reservation of rights (the "Reservation of Rights") with respect to the *Debtors' Motion for an Order (I) Approving a Settlement Agreement with Federal Home Loan Mortgage Corporation Pursuant to Fed. R. Bankr. P. 9019, (II) Authorizing the Sale of Certain Mortgage Loans, and (III) Granting Related Relief* [ECF 341] (the "Freddie Mac Settlement Motion").[2]

1. On August 17, 2022 the Debtors filed the Freddie Mac Settlement Motion seeking approval of (i) that certain *Settlement Term Sheet* (the "Settlement Agreement") between the Debtors and the Federal Home Loan Mortgage Corporation ("Freddie Mac"), and (ii) the sale

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

under the Settlement Agreement of the "Purchased Loans" to Freddie Mac pursuant to section 363 of the Bankruptcy Code. Contemporaneously, the Debtors sought to shorten notice with respect to the Freddie Mac Settlement Motion. *See* Motion to Shorten Notice [ECF 344]. The Debtors' motion to shorten notice was granted, setting August 31, 2022 as the hearing date for the Freddie Mac Settlement Motion and August 30, 2022 as the deadline to object to the relief sought by Freddie Mac Settlement Motion. *See* Order [ECF 345]. As a result, parties-in-interest were left with less than two weeks to both review and object to the relief sought by the Freddie Mac Settlement Motion.

2. The Settlement Agreement provides for, among other things, (i) the Debtors' acknowledgement of and stipulation to $3,194,000 in prepetition obligations and liabilities owed to Freddie Mac, (ii) the Debtors' agreement to pay $45,000 in connection with the settlement of representations and warranties relating to the Purchased Loans, (iii) Freddie Mac's contingent agreement to reduce certain repurchase obligations upon transfer of Servicing Contract Rights for all Freddie Mac Loans, (iv) the Debtors' agreement to provide certain forms of adequate protection and adequate assurance relating to the servicing of Freddie Mac Loans,[3] and (v) the Debtors' complete release of Freddie Mac from all claims that the Debtors may have against Freddie Mac, including avoidance actions. *See* Freddie Mac Settlement Motion § 15(a)-(i).

3. Since the filing of the Freddie Mac Settlement Motion, the Committee has been reviewing the business terms of the Settlement Agreement and analyzing potential claims that the Debtors may have against Freddie Mac, including avoidance actions. While the Debtors and the

---

[3] Contemporaneously with the Motion, the Debtors filed the *Debtors' Motion for Entry of an Order Approving Stipulation Between Debtors and Freddie Mac for the Provision of Adequate Protection and Adequate Assurances Relating to the Servicing of Freddie Mac's Loans* [ECF 343] (the "Freddie Mac Stipulation Motion"). To the extent that the Debtors seek approval of the Freddie Mac Stipulation Motion together with the Freddie Mac Settlement Motion, the Committee reserves its rights to further object to the Freddie Mac Stipulation Motion jointly with the Freddie Mac Settlement Motion.

Committee have worked cooperatively during this time, the Committee has yet to receive sufficient information concerning the Debtors' transactions with Freddie Mac prior to the Petition Date such that the Committee can complete its analysis of the Debtors' potential claims against Freddie Mac. The Committee and the Debtors are continuing to work to resolve the Committee's concerns, but have not yet fully resolved such issues while the Committee continues its review process.

4. The Settlement Agreement contains broad, all-encompassing releases in favor of Freddie Mac, which includes the release of all the Debtors' claims under Chapter 5 of the Bankruptcy Code as well as commercial tort claims. Given that the Debtors' estates have an interest in the net proceeds of recoveries from these actions,[4] it is essential that the Committee be afforded sufficient time and documents necessary to complete its review of such potential claims prior to approval of the Settlement Agreement.

5. Upon completion of its review process, the Committee will be far better equipped to assess both the propriety of the business terms contained in the Settlement Agreement, as well as the appropriateness of the broad releases in favor of Freddie Mac. Until such time, however, and until the Committee fully understands the consequences of the Settlement Agreement for the Debtors' estates, the Committee files this Reservation of Rights to object to the Freddie Mac Settlement Motion and the Settlement Agreement.

[ *Remainder of Page Intentionally Left Blank* ]

---

[4] Pursuant to the Final Order approving the Debtors' "Cash Flow" debtor-in-possession financing [ECF 292] (the "Final Cash Flow DIP Order"), the Debtors' estates were granted a 50% interest in net recoveries from (A) all Avoidance Actions (as defined in the Final Cash Flow DIP Order), and (B) the first $7.5 million of the Debtors' commercial tort claims. *See* Final Cash Flow DIP Order § 41(a).

Dated: August 30, 2022
       Wilmington, Delaware

**BLANK ROME LLP**

*/s/ Victoria A. Guilfoyle*
Regina Stango Kelbon, Esq. (DE No. 5444)
Victoria A. Guilfoyle, Esq. (DE No. 5183)
Lawrence R. Thomas III, Esq. (DE No. 6935)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Email: regina.kelbon@blankrome.com
       tori.guilfoyle@blankrome.com
       lorenzo.thomas@blankrome.com

*Proposed Delaware Counsel to the Official Committee of Unsecured Creditors*

**THOMPSON COBURN HAHN & HESSEN LLP**

Mark S. Indelicato (*pro hac vice*)
Mark T. Power (*pro hac vice*)
Joseph Orbach (*pro hac vice*)
488 Madison Avenue
NY, NY 10022
Telephone: (212) 478-7200
Email: mindelicato@thompsoncoburn.com
       mpower@thompsoncoburn.com
       jorbach@thompsoncoburn.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*