## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FIRST GUARANTY MORTGAGE | ) | Case No. 22-10584 (CTG) |
| CORPORATION, *et al.,*[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) GRANTING INTERIM APPROVAL OF THE ADEQUACY OF DISCLOSURES IN THE COMBINED DISCLOSURE STATEMENT AND PLAN; (II) SCHEDULING A COMBINED CONFIRMATION HEARING AND SETTING DEADLINES RELATED THERETO; (III) APPROVING SOLICITATION PACKAGES AND PROCEDURES; (IV) APPROVING THE FORMS OF BALLOTS; AND (V) GRANTING RELATED RELIEF**

The above captioned debtors and debtors in possession (the "Debtors"), hereby move (the "Motion") the Court for the entry of an order substantially in the form attached hereto as **Exhibit E** (the "Proposed Order") (a) granting interim approval of the adequacy of disclosures (the "Disclosures") contained in the *Combined Disclosure Statement and Plan of First Guaranty Mortgage Corporation and Debtor Affiliate* [D.I. 405] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Combined Disclosure Statement and Plan"), (b) scheduling a final hearing (the "Combined Hearing") on final approval of the adequacy of Disclosures, combined with a hearing on confirmation of the Combined Disclosure Statement and Plan, and related deadlines; (c) approving the solicitation procedures set forth herein; (d) approving the forms of ballots for the voting classes and the forms of notices to non-voting classes; and (e) granting related relief as set forth in the Proposed Order. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

## JURISDICTION AND VENUE

1.     The district court has jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     The Debtors confirm their consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The statutory predicates for the relief sought herein are sections 105, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-1, 3017-1, and 3017-2.

## BACKGROUND

### A.     Chapter 11 Cases

5.     On June 30, 2022 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued in the possession of their property and have continued to operate and manage their

business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

6.      On July 14, 2022, the Office of the United States Trustee appointed an official committee of unsecured creditors in these chapter 11 cases (the "Committee").

7.      The factual background regarding the Debtors, including their current and historical business operations and the events precipitating their chapter 11 filings, is set forth in detail in the *Declaration of Aaron Samples in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 19] (the "First Day Declaration") filed on the Petition Date and fully incorporated herein by reference.

8.      On August 31, 2022, the Court entered an order establishing bar dates in the chapter 11 cases [D.I. 382] (the "Bar Date Order").  The Bar Date Order sets a general claim bar date of October 14, 2022 at 5:00 p.m. (ET), an administrative claims bar date of October 14, 2022 at 5:00 p.m. (ET), and a governmental bar date of December 27, 2022 at 5:00 p.m. (ET).

**B.      The Combined Disclosure Statement and Plan**

9.      Concurrently herewith, the Debtors filed the Combined Disclosure Statement and Plan.  The Combined Disclosure Statement and Plan provides for the sale and/or liquidation of assets, winding down of remaining affairs, and dissolution through a Liquidating Trust.

10.      If confirmed and consummated, the Combined Disclosure Statement and Plan will facilitate the Wind-Down Transaction and provide for the distribution of proceeds to creditors in accordance with the priorities of the Bankruptcy Code.

11.      Claims and Equity Interests are classified as follows:

| Class | Status | Voting Rights |
|---|---|---|
| Class 1 – Priority Non-Tax Claims | Unimpaired | Deemed to Accept |
| Class 2 – Other Secured Claims | Unimpaired | Deemed to Accept |
| Class 3 – Secured Prepetition Facility Claims | Impaired | Entitled to Vote |
| Class 4 –Settlement Claims | Impaired | Entitled to Vote |
| Class 5 – Prepetition LVS II Offshore Guaranty Claim | Impaired | Entitled to Vote |
| Class 6 – General Unsecured Claims | Impaired | Entitled to Vote |
| Class 7 – Interests | Impaired | Deemed to Reject |

12.     As shown above, the Combined Disclosure Statement and Plan presently provides for seven different Classes of Claims and Equity Interests.  Under the Combined Disclosure Statement and Plan, Claims in Class 3, Class 4, Class 5, and Class 6 (collectively, the "Voting Classes") are Impaired by the Combined Disclosure Statement and Plan, and such Holders are entitled to vote to reject or accept the Combined Disclosure Statement and Plan.  Claims in Class 1 and Class 2 (collectively, the "Unimpaired Classes") are Unimpaired by the Combined Disclosure Statement and Plan, and such holders are deemed to have accepted the Combined Disclosure Statement and Plan pursuant to § 1126(f) of the Bankruptcy Code and are therefore not entitled to vote on the Combined Disclosure Statement and Plan.  Holders of equity Interests in Class 7 (the "Deemed Rejecting Class") are Impaired, will not receive or retain any property under the Combined Disclosure Statement and Plan, are deemed to have rejected the Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code, and are not entitled to vote on the Combined Disclosure Statement and Plan.

13.     In addition, pursuant to section 1123(a)(1) of the Bankruptcy Code, the Combined Disclosure Statement and Plan designates four categories of Claims that are entitled to receive Distributions under the Combined Disclosure Statement and Plan, but are not classified for

4

purposes of voting to accept or reject the Combined Disclosure Statement and Plan. These categories of Claims are (1) Unclassified Administrative Claims, (2) Unclassified DIP Repo Loan Claims, (3) Unclassified Cash Flow DIP Claims, and (4) Unclassified Priority Tax Claims.

## **RELIEF REQUESTED**

14.     By this Motion, the Debtors request (i) interim approval of the adequacy of Disclosures solely to permit the Debtors to solicit the Combined Disclosure Statement and Plan, with final approval of the Disclosures combined with the hearing on confirmation of the Combined Disclosure Statement and Plan (the "Combined Hearing") as contemplated by Local Rule 3017-2; (ii) scheduling the Combined Hearing, and fixing other dates and deadlines related to solicitation and confirmation of the Combined Disclosure Statement and Plan, as set forth in the proposed confirmation schedule below; (iii) approving certain solicitation, notice, and tabulation procedures with respect to confirmation of the Combined Disclosure Statement and Plan; (iv) approving the form of the ballots and notices in connection therewith; and (v) granting other related relief.

15.     A summary of the key dates the Debtors seeks to establish, subject to the Court's availability, are as follows:

| PROPOSED TIMETABLE | |
|---|---|
| **Event** | **Date** |
| Hearing on this Motion | September 20, 2022 at 3:00 p.m. (ET) |
| Voting Record Date | September 20, 2022 |
| Deadline to Mail Solicitation Packages / Solicitation Commences | September 23, 2022 |
| Deadline for Creditors to File Rule 3018 Motions | September 30, 2022 at 4:00 p.m. (ET) |

| PROPOSED TIMETABLE | |
|---|---|
| **Event** | **Date** |
| Deadline for Debtors and Parties In Interest to Respond to Rule 3018 Motions | October 7, 2022 at 4:00 p.m. (ET) |
| Deadline to File Plan Supplement | October 7, 2022 at 4:00 p.m. (ET) |
| Voting Deadline | October 14, 2022 at 4:00 p.m. (ET) |
| Deadline to file and serve Objections to Combined Disclosure Statement and Plan Confirmation and/or final approval of the adequacy of the Disclosures | October 21, 2022 at 4:00 p.m. (ET) |
| Deadline to file (1) Voting Tabulation Affidavit and (2) Confirmation Brief | October 25, 2022 at 4:00 p.m. (ET) |
| Deadline to file a reply to any objection | October 25, 2022 at 4:00 p.m. (ET) |
| Combined Hearing on final approval of Disclosures and Confirmation of the Combined Disclosure Statement and Plan | October 31, 2022 at 10:00 a.m. (ET) |

## BASIS FOR RELIEF REQUESTED

### A.    Combined Hearing

16.    Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan."  11 U.S.C. § 1128; *see also* Fed. R. Bankr. P. 3017(c).[2]

17.    Local Rule 3017-2(a) applies "to all cases arising under chapter 11 of the Code where a plan proponent is seeking Court permission to have combined hearings on approval of a disclosure statement and confirmation of a plan . . . ."  Local Rule 3017-2(b) recognizes that a plan proponent may combine a disclosure statement with a plan and that a combined plan proponent

---

[2] Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation."  Fed. R. Bankr. P. 3017(c).

may file a motion seeking "interim approval of the disclosure statement," "approval of solicitation procedures," and "scheduling a joint hearing to consider final approval of the adequacy of the disclosure statement and confirmation of the proposed plan." The Debtors believe that the proposed Combined Disclosure Statement and Plan provides the most efficient means to wind down operations in an orderly manner, maximize the value of the Debtors' estates, and distribute recoveries to creditors.

18.    Local Rule 3017-2(a) includes a non-exhaustive example list of appropriate uses of the local rule, including,

(i)    The plan proposes to treat as unimpaired (x) all classes of unsecured claims, and (y) all classes of interests in any debtor that is a public company;

(ii)    The debtor(s), in the aggregate, have less than fifty general unsecured creditors; the proposed plan does not seek non-consensual releases/injunctions with respect to the claims creditors may hold against non-debtor parties; none of the debtor(s) are public companies, or the classes of interest in any debtor that is a public company public are unimpaired;

(iii)    The proposed plan is a liquidating plan; general unsecured creditors are not entitled to vote on the plan because they are deemed to reject it; the plan does not seek any form of release or injunction in favor of non-debtor parties from creditors or interest holders in classes that are deemed to reject the plan;

(iv)    The proposed plan is a liquidating plan in which all or substantially all of the assets of the debtor(s) were or will be liquidated pursuant to a sale under 11 U.S.C. § 363; the plan does not seek nonconsensual releases/injunctions with respect to claims creditors may hold against non-debtor parties; and the debtor(s)'s combined assets to be distributed pursuant to the proposed plan are estimated, in good faith, to be worth less than $25 million (excluding causes of action).

19.    Although the list of examples providing for a combined hearing under Local Rule 3017-2 is non-exhaustive, relief is appropriate here because:

(i)     Other than the Debtors former customers, who are unaffected by the Plan, the Debtors have a limited number of general unsecured creditors;

(ii)    The Combined Disclosure Statement and Plan does not seek non-consensual releases with respect to claims creditors may hold against non-debtor parties;

(iii)   The combined assets to be distributed under the Combined Disclosure Statement and Plan (excluding Repo DIP Claims and Cash Flow DIP Claims) will be less than $25 million;

(iv)    The Combined Disclosure Statement and Plan is a liquidating plan in which all or substantially all of the assets of the Debtors were or will be liquidated; and

(v)     The Debtors are not a public company.

20.     Additionally, section 105 of the Bankruptcy Code expressly authorizes the Court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the Court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically." *See* 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases."); *In re Luminent Mortgage Capital Inc.*, Case No. 08-21389 (Bankr. D. Md. May 15, 2009).

21.     Pursuant to this authority, courts in this District have combined hearings on approval of disclosure statements and confirmation of plans in chapter 11 cases. *See e.g.*, *In re Wardman Hotel Owner, L.L.C.*, Case No. 21-10023 (JTD) (Bankr. D. Del. Sept. 1, 2022); *In re Cedar Haven Acquisition, LLC*, Case No. 19-11736 (JKS) (Bankr. D. Del. Mar. 17, 2022); *In re MobiTV, Inc.*, Case No. 21-10457 (LSS) (Bankr. D. Del. Aug. 10, 2021); *In re Phoenix Brands, LLC*, Case No. 16-1124 (BLS) (Bankr. D. Del. Nov. 21, 2016); *In re JMO Wind Down, Inc.*, Case

8

No. 16-10682 (BLS) (Bankr. D. Del. Sept. 1, 2016); *In re SDI Solutions LLC*, Case No. 16-10627 (CSS) (Bankr. D. Del. May 24, 2016*); In re Nuo Therapeutics, Inc*., Case No. 16-10192 (MFW) (Bankr. D. Del. Mar 29, 2016); *In re Hipcricket, Inc.*, Case No. 15-10104 (LSS) (Bankr. D. Del. Mar. 3l, 2015).

22.    Consistent with the foregoing authority, the Debtors respectfully request that the Court consolidate its approval of the Disclosures and confirmation of the Combined Disclosure Statement and Plan at the single Combined Hearing and enter an order scheduling the Combined Hearing for **October 31, 2022 at 10:00 a.m. (Eastern Time)**.  A combined hearing will streamline and expedite the confirmation process, which will inure directly to the benefit of the Debtors' creditors by hastening the implementation of the Combined Disclosure Statement and Plan. Accordingly, the Combined Hearing will spare the Debtors the additional administrative expenses associated with a two-stage process and promote judicial efficiency and economy.

B.    **Request for Interim Approval of the Disclosures**

23.    As noted above, the Debtors intend to seek final approval of the Disclosures at the Combined Hearing.  By this Motion, the Debtors submit that the Disclosures contain adequate information.  Accordingly, the Debtors request that the Court (a) approve the adequacy of the Disclosures on an interim basis to permit the Debtors to use the Combined Disclosure Statement and Plan in the solicitation process as described herein and (b) approve the Disclosures on a final basis as part of the order confirming the Combined Disclosure Statement and Plan.

24.    Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired

claims and interests entitled to vote on the plan.  Specifically, section 1125(a)(1) of the Bankruptcy

Code states, in relevant part:

> "Adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the Debtors and the condition of the Debtors' books and records, including a discussion of the potential material Federal tax consequences of the plan to the Debtors, any successor to the Debtors, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan. . . . [I]n determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1).

25.    The primary purpose of a disclosure statement is to provide all material information

that creditors and interest holders affected by a proposed plan need to make an informed decision

regarding whether or not to vote for the plan.  *See, e.g., Century Glove, Inc. v. First Am. Bank of

N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of

information to the creditor asked for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th

Cir. 1985); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001); *In re Unichem

Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987). Congress intended that informed judgments would

be needed to both negotiate the terms of, and vote on, a plan of reorganization.  *Century Glove*,

860 F.2d at 100.

26.    "Adequate information" is a flexible standard, based on the facts and circumstances

of each case.  *See* 11 U.S.C. § 1125(a)(1); *see also Oneida Motor Freight, Inc. v. United Jersey

Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that

adequate information will be determined by the facts and circumstances of each case."); *In re Copy

Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (explaining that the adequacy

10

of a disclosure statement is to be "determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties").

27.    Courts within the Third Circuit and elsewhere acknowledge that determining what constitutes "adequate information" for the purpose of satisfying section 1125 of the Bankruptcy Code resides within the broad discretion of the court.  *See, e.g., Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court."); *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) ("The standard for disclosure is, thus, flexible and what constitutes 'adequate information' in any particular situation is determined on a case-by-case basis, with the determination being largely within the discretion of the bankruptcy court.") (internal citation omitted); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D.N.J. 2005); *In re Phoenix Petroleum Co.*, 278 B.R. at 393.

28.    Here, the Disclosures contain ample information to allow well-informed judgments on the Combined Disclosure Statement and Plan.  Specifically, the Disclosures contain detailed information with respect to, among other things: (a) the Debtors' business and prepetition capital structure; (b) the relevant events and circumstances preceding these chapter 11 cases; (c) the major events during the administration of these chapter 11 cases; (d) the key terms of the Combined Disclosure Statement and Plan; (e) estimates of the anticipated distributions to be received by holders of allowed claims; (f) the feasibility of the Combined Disclosure Statement and Plan; (g) a comparison to hypothetical liquidation under chapter 7 of the Bankruptcy Code; (h) risk factors

that may affect the Combined Plan; and (i) the existence of federal tax consequences of the Combined Disclosure Statement and Plan for which creditors should seek independent counsel. *See, In re U.S. Brass Corp.*, 194 B.R. 420, 424-25 (Bankr. E.D. Tex. 1996) (listing factors that courts may consider in determining the adequacy of information provided in a disclosure statement); *In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (same); *In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same).  Notably, disclosure regarding all conceivable topics is not necessary in every case.  *U.S. Brass*, 194 B.R. at 425; *In re Phoenix Petroleum Co.*, 278 B.R. at 393.

29.    Thus, the Debtors respectfully submit that the Disclosures contain "adequate information" within the meaning of section 1125 of the Bankruptcy Code.  Accordingly, the Court should authorize the Debtors to use the Combined Disclosure Statement and Plan during the solicitation period, subject to objections, and approve the Disclosures on a final basis at the Combined Hearing.

30.    The procedures described herein (the "Solicitation Procedures") provide for solicitation of the Combined Disclosure Statement and Plan in accordance with Local Rule 3017-2, and ensure that creditors and parties in interest will have sufficient time to review the Combined Disclosure Statement and Plan and file objections thereto in advance of the Combined Hearing. The Debtors will consider all requests to make reasonable changes to the Combined Disclosure Statement and Plan in advance of the hearing on this Motion.

## C.    Scheduling the Confirmation Hearing and Setting Objection Deadline

31.    Pursuant to sections 1128(a) and 105(d)(2)(B)(vi) of the Bankruptcy Code, the Debtors request that the Court set a hearing to consider confirmation of the Combined Disclosure

Statement and Plan.  Pursuant to Local Rule 3017-2, the Debtors request a single combined hearing (*i.e.*, the Combined Hearing), to seek the Court's final approval of the Disclosures and confirmation of the Combined Disclosure Statement and Plan.  *See* 11 U.S.C. § 1128(a) (providing that, after notice, the Court shall hold a hearing on confirmation); 11 U.S.C. § 105(d)(2)(B)(vi) (authorizing the Court to combine hearing on approval of a disclosure statement with the confirmation hearing).

32.    The Debtors respectfully request that the Court (a) set the Combined Hearing for **October 31, 2022, at 10:00 a.m. (Eastern Time)**; and (b) set **October 21, 2022 at 4:00 p.m. (Eastern Time)** as the time by which any objections to final approval of the Disclosures and confirmation of the Combined Disclosure Statement and Plan must be filed (the "Objection Deadline").

33.    The Debtors request that the Court require that any objection to confirmation of the Combined Disclosure Statement and Plan ("Plan Objections") must be in writing, must conform to the Bankruptcy Rules, must set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors, the basis for the objection, and the specific grounds of the objection.  Plan Objections must be filed with the Bankruptcy Court and served upon: (i) counsel to the Debtors, (a) Dentons US LLP, 601 S. Figuera Street, #2500, Los Angeles, CA  90017 (Attn: Samuel Maizel (samuel.maizel@dentons.com), Tania M. Moyron (tania.moyron@dentons.com), and David F. Cook (david.f.cook@dentons.com);  and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Laura Davis Jones (ljones@pszjlaw.com), Timothy P. Cairns (tcairns@pszjlaw.com), and Mary F. Caloway (mcaloway@pszjlaw.com); (ii) proposed counsel

13

to the Committee, Thompson Coburn Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022, Attn: Mark S. Indelicato, Esq. (mindelicato@thompsoncoburn.com), and Mark T. Power, Esq. (mpower@thompsoncoburn.com); (iv) proposed co-counsel to the Official Committee of Unsecured Creditors, Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801, Attn:  Regina Stango Kelbon, Esq. (regina.kelbon@blankrome.com), Victoria A. Guilfoyle, Esq. (tori.guilfoyle@blankrome.com),   and Lawrence R. Thomas III, Esq. (Lorenzo.thomas@blankrome.com); and (v) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov).

34.    The Debtors believe that the proposed timing for filing and service of Plan Objections and proposed modifications, if any, will afford the Court, the Debtors, and other parties in interest sufficient time to consider objections and proposed modifications, if any, prior to the Combined Hearing.

**D.    Approval of Form and Manner of Notice of Combined Hearing**

35.    The Debtors request approval of the notice of the Combined Hearing substantially in the form of **Exhibit A** annexed hereto (the "Combined Hearing Notice").

36.    The Debtors propose to set **September 20, 2022** as the record date for purposes of determining which Holders of Claims and Equity Interests are potentially entitled to vote to accept or reject the Combined Disclosure Statement and Plan for purposes of serving the Combined Hearing Notice.  Pursuant to Bankruptcy Rules 2002 and 3017(d), the Combined Hearing Notice contains: (i) the Court's interim approval of the adequacy of Disclosures; (ii) the deadline for voting on the Combined Disclosure Statement and Plan; (iii) the date of the Combined Hearing;

14

(iv) the deadline and procedures for filing Plan Objections; and (iv) directions on how to obtain copies of those documents upon request by any parties in interest.  As required by Local Rule 3017-2 (b)(iv), the Debtors certify that notice of the deadline to object to final approval of the Disclosures and confirmation of the Combined Disclosure Statement and Plan will comply with the Bankruptcy Rule 2002(b), and that the date of the Combined Hearing shall not be less than seven (7) days after such objection deadline (unless otherwise ordered by the Court.)

37.    The Combined Hearing Notice will be served upon: (a) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (b) the Debtors' known creditors on their creditor matrix, including, among others, all taxing authorities, banks, UCC-1 lien holders, other secured creditors, litigants, and counterparties to contracts; (c) the Internal Revenue Service; (d) the Holders of equity Interests; and (e) any party requesting special notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).

## SOLICITATION AND VOTING PROCEDURES

38.    As described above, the Debtors intend to distribute the Combined Disclosure Statement and Plan and solicit votes thereon prior to the Combined Hearing.  Bankruptcy Rule 3017(d) sets forth the materials that must be provided to Holders of Claims and equity Interests for the purpose of soliciting their votes to accept or reject a chapter 11 plan.  Bankruptcy Rule 3017(e) provides that "the court shall consider the procedures for transmitting the documents and information required by Bankruptcy Rule 3017(d) to beneficial holders of stock, bonds, debentures, notes, and other securities, determine the adequacy of such procedures and enter such orders as the court deems appropriate."  As set forth herein, the Solicitation Procedures are in compliance with the Bankruptcy Rules, the Local Rules and the Bankruptcy Code.

A.    **Solicitation Package**

39.     Bankruptcy Rule 3017(d) specifies the materials to be distributed to creditors and equity security holders upon approval of a disclosure statement.  In accordance therewith, the Debtors propose that the appointed claims and noticing agent, Kurtzman Carson Consultants LLC ("KCC" or the "Voting Agent") transmit or cause to be transmitted by first class mail to parties entitled to vote on the Combined Disclosure Statement and Plan (the "Voting Parties") a package containing: (a) the Combined Hearing Notice; (b) the Combined Disclosure Statement and Plan (either by paper copy or in "PDF" format on a CDROM or thumb drive, at the Debtors' and Voting Agent's discretion); (c) a ballot, substantially in one of the forms annexed hereto as **Exhibit D** (the "Ballots"), as applicable; (d) a pre-addressed, return envelope; and (e) such other information as the Court may direct or approve (collectively, the "Solicitation Package").  The Debtors submit that such materials and manner of service satisfy the requirements of Bankruptcy Rule 3017(d).

40.     Pursuant to section 1126(f) of the Bankruptcy Code, Unimpaired Creditors are "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class . . . is not required."  11 U.S.C. § 1126(f).  Accordingly, the Debtors submit that they need not transmit a Solicitation Package to Holders of Claims in the Unimpaired Classes who are Unimpaired and deemed to have accepted the Combined Disclosure Statement and Plan.

41.     Pursuant to section 1126(g) of the Bankruptcy Code, "a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the plan on account of such claims or interests."  11 U.S.C. § 1126(g).  Therefore, the Debtors submit that they need not transmit Solicitation Packages to Holders of Claims and Equity Interests in any Class that will not

16

receive any distribution or retain property under the Combined Disclosure Statement and Plan and are deemed to have rejected the Combined Disclosure Statement and Plan.

42.     The Debtors propose to mail or cause to be mailed to Holders of Claims in the Unimpaired Classes and the Deemed Rejecting Class (together, the "Non-Voting Classes"), at the address to which notices are required to be sent pursuant to Bankruptcy Rule 2002(g), a notice, substantially in the forms attached hereto as **Exhibits B and C** (together, the "Non-Voting Notices"), setting forth: (a) the non-voting classes; (b) summary of the treatment of Claims and Equity Interests under the Combined Disclosure Statement and Plan; (c) the date and time of the Combined Hearing; and (d) the deadline and procedures for filing Plan Objections. The Non-Voting Notices will indicate that Non-Voting Parties may obtain a copy of the Combined Disclosure Statement and Plan free of charge from the Voting Agent.  The Non-Voting Notices contain all of the required information with respect to the Combined Hearing, and, for the avoidance of doubt, the Debtors seek direction to send only the Non-Voting Notices to Holders of Claims in the Non-Voting Classes.

43.     As indicated above, upon conditional approval of the Disclosures, the Voting Agent will serve on the appropriate parties either (a) a Solicitation Package or (b) a Non-Voting Notice.

**B.      Ballots and Voting**

44.     The Debtors propose that the Court establish **September 20, 2022** as the record date (the "Voting Record Date") for the purposes of determining (a) which Creditors are entitled to receive a Solicitation Package and may be entitled to vote on the Combined Disclosure Statement and Plan, subject to the disallowance of such Creditors' Claims for voting purposes as

set forth herein, or (b) the Holders of Claims and equity Interests entitled to receive the Non-Voting Notice.[3]

45.    The Voting Agent shall be permitted to inspect, monitor, and supervise the solicitation process; inspect and tabulate the Ballots; and certify to the Court the results of the balloting.

46.    The Debtors additionally request that Creditors seeking to have a Claim temporarily allowed for purposes of voting to accept or reject the Combined Disclosure Statement and Plan pursuant to Bankruptcy Rule 3018(a) be required to file a motion (the "3018 Motion") for such relief no later than **September 30, 2022 at 4:00 p.m. (ET)**.  The deadline for any party in interest to object to a 3018 Motion shall be **October 7, 2022 at 4:00 p.m. (ET)**.  Any such 3018 Motion may also be resolved by agreement between the Debtors and the movant without the requirement for further order or approval of the Court.

C.    **Approval of Procedures for Vote Tabulation**

47.    The Debtors respectfully request that the Court approve the voting and tabulation procedures described herein in accordance with Bankruptcy Code § 1126(c) and Bankruptcy Rule 3018(a).

48.    Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two thirds in amount and more than one half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

---

[3] The Debtors request that the Court establish the Voting Record Date for voting purposes only and that the Voting Record Date shall not affect who is entitled to receive distributions under the Combined Disclosure Statement and Plan.

11 U.S.C. § 1126(c).  Further, Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow [a] claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."  Fed. R. Bankr. P. 3018(a).

49.   The Debtors request that the Court approve the vote tabulation methodology as more fully set forth in the voting instructions on the Ballots utilized by the Debtors.  The Debtors will not count or consider for any purpose in determining whether the Combined Disclosure Statement and Plan has been accepted or rejected the following Ballots: (a) any Ballot that is received after the Voting Deadline; (b) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (c) any Ballot cast by a Person or Entity that does not hold a Claim or equity Interest in a Class that is entitled to vote on the Combined Disclosure Statement and Plan; (d) any unsigned Ballot; (e) any Ballot not marked to accept or reject the Combined Disclosure Statement and Plan, or marked both to accept and reject the Combined Plan; (f) any Ballot that was not accompanied by an original signature; and (g) any Ballot submitted by a party not entitled to cast a vote with respect to the Combined Disclosure Statement and Plan.

## WAIVER OF BANKRUPTCY RULE 6004(a)

50.   To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a).

## NOTICE

51.   Notice of this Motion will be given to the following parties, or their counsel, if known: (a) the U.S. Trustee; (b) counsel to the Debtors' prepetition and postpetition lenders; (c) the Committee; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002 and

Local Rule 2002-1(b).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit E**, and grant such other and further relief as this Court deems just and proper.

Dated: September 7, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Timothy P. Cairns*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
       tcairns@pszjlaw.com
       mcaloway@pszjlaw.com

-and -

**DENTONS US LLP**

Samuel R. Maizel
Tania M. Moyron
601 S. Figueroa Street, #2500
Los Angeles, CA  90017
Telephone:  (213) 623-9300
Email:   samuel.maizel@dentons.com
         tania.moyron@dentons.com

-and-

DOCS_DE:240030.7 28311/001

**DENTONS US LLP**

David F. Cook
1900 K Street, NW
Washington, DC  20006
Telephone:  (202) 496-7500
Email:   david.f.cook@dentons.com

*Counsel for Debtors and Debtors in Possession*