## EXHIBIT C

**Form of Non-Voting Parties Notice (Presumed to Reject)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FIRST GUARANTY MORTGAGE | ) Case No. 22-10584 (CTG) |
| CORPORATION, *et al.*,[1] | ) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |
| | ) |

**NOTICE OF (I) NON-VOTING STATUS DUE TO NO RECOVERY, (II) (I) CONDITIONAL APPROVAL OF DISCLOSURES, (III) HEARING TO CONSIDER CONFIRMATION OF THE COMBINED PLAN, (III) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE COMBINED PLAN, AND (IV) BAR DATE FOR FILING ADMINISTRATIVE CLAIMS ESTABLISHED BY THE COMBINED PLAN**

To: Holders of Class 7 Interests (Non-Voting – Presumed to Reject)

**PLEASE TAKE NOTICE THAT:**

1.     On June 30, 2022 (the "Petition Date"), the above captioned debtors and debtors in possession (the "Debtors") commenced its case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Additional information regarding the Debtors and these cases including the Debtors' businesses, corporate structure, financial condition, and the reasons for and objectives of these cases, are set forth in the *Declaration of Aaron Samples in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 19].

### THE COMBINED PLAN

2.     On September [●], 2022, the Debtors filed the *Combined Disclosure Statement and Plan for First Guaranty Mortgage Corporation and Debtor Affiliate* [D.I. ●] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Combined Plan").

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

DOCS_DE:240030.7 28311/001

**INTERIM APPROVAL OF DISCLOSURES**

3. By an Order dated September [●], 2022 (the "Solicitation Procedures Order"), the Bankruptcy Court approved, on an interim basis, the disclosures (the "Disclosures") in the Combined Plan as containing adequate information within the meaning of section 1125 of Bankruptcy Code. The Solicitation Procedures Order expressly reserves all parties' rights to raise objections to the adequacy of information in the Disclosures and Combined Plan.

**THE COMBINED HEARING**

4. On **October 31, 2022 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Craig T. Goldblatt in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Courtroom 7, Wilmington, DE 19801 to consider final approval of the Disclosures and confirmation of the Combined Plan, as the same may be amended or modified (the "Combined Hearing").

5. The Combined Hearing may be adjourned from time to time. If the Combined Hearing is adjourned, the Debtors will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) and on any parties that have filed objections to approval of the Disclosures or confirmation of the Combined Plan. The Combined Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Combined Plan, and other applicable law, without further notice, prior to or as a result of the Combined Hearing.

**NON-VOTING STATUS**

6. You are receiving this Notice because under the terms of the Combined Plan you are not entitled to receive or retain property on account of your Claim(s) against, or Interest(s) in, the Debtors and, therefore, in accordance with section 1126(g) of the Bankruptcy Code, you are (a) deemed to have rejected the Combined Plan and (b) **not** entitled to vote on the Combined Plan.

7. If, notwithstanding this notice of your non-voting status, you believe that you may have a Claim against the Debtors that entitles you to vote on the Combined Plan, you should immediately request the appropriate Ballot by contacting the Voting Agent.

**COPIES OF THE COMBINED PLAN**

8. If you wish to receive copies of the Disclosures Combined Plan, they will be provided, as quickly as practicable, upon request to the Voting Agent, Kurtzman Carson Consultants LLC ("KCC" or the "Voting Agent") by writing to First Guaranty Mortgage Corporation Ballot Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245. Copies of the Combined Plan are also available for free on the Voting Agent's website at http://www.kccllc.net/FGMC and are on file with the Clerk of the Bankruptcy

Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

## ADMINISTRATIVE EXPENSE BAR DATE

9. Section 3.2 of the Combined Plan sets an Administrative Expense Bar Date for the filing of Administrative Claims (excluding Professional Fee Claims) arising on or after the Petition Date, as sixty (60) days after the Effective Date.

## INJUNCTIONS, RELEASES, AND DISCHARGE

10. Section 16 of the Combined Plan contains the exculpation, release, and injunction provisions set forth below:

**Exculpation: The Debtors, the Debtors' respective officers, managers, and employees, members of the Committee (solely in their capacities as Committee members), and Bankruptcy Court-approved Estate professionals, provided, however that none of the parties shall be entitled to exculpation unless and solely to the extent they are found by a court of competent jurisdiction to have acted in their capacities as fiduciaries of the Estates. (collectively, the "Exculpated Parties"), will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Cases, the sale or other disposition of the Debtors' assets or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan; *provided, however*, that this limitation will not affect or modify the obligations created under the Plan, or the rights of any holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, bad faith, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction); *provided that* any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and such reasonable reliance shall form a defense to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of section 1125(e) of the Bankruptcy Code.**

**Releases:**

**(a)    Debtor Releases.**

**Notwithstanding anything in the Combined Plan and Disclosure Statement to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtors and the Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other entities who may purport to assert any cause of action, by, through, for, or because of the foregoing entities (collectively, the "Debtor/Estate**

3

**Releasors**"), shall release (the "**Debtor/Estate Release**") (a) the Debtors, (b) the DIP Lenders, (c) the Committee, (d) the Prepetition Bridge Lenders, and (e) each of such Entities' Related Persons[2] (each, a "**Released Party**"), and each Released Party is deemed released by the Debtor/Estate Releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor/Estate Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor/Estate Releasors would have been legally entitled to assert in its own right, or on behalf of the holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Debtors' liquidation, the Chapter 11 Cases, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors and the ownership thereof, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party (including pursuant to the Prepetition Bridge Loan Agreement or the Cash Flow DIP Documents), the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of, or solicitation of votes on, the Combined Plan and Disclosure Statement or related agreements, instruments, or other documents, or any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct, actual fraud, bad faith, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction) but in all respects such Released Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan; provided, that the foregoing Debtor/Estate Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan; and further provided that nothing herein shall act as a discharge of the Debtor.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, of the Debtor/Estate Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor/Estate Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtors and all holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice**

---

[2] "Related Persons" means, subject to any exclusions expressly set forth in the Plan, with respect to a specific Person, said Person's successors and assigns, and as applicable, its current and former shareholders, affiliates, subsidiaries, employees, agents, investment managers, subagents, officers, directors, managers, trustees, partners, members, professionals, representatives, advisors, attorneys, financial advisors, accountants, and consultants. For the avoidance of doubt, the affiliates of the Prepetition Bridge Lender and Cash Flow DIP Lender include Pacific Investment Management Company LLC, B2 FIE IV LLC, LVS II Offshore, L.P., LVS II Holdings, LP, Bravo II Guarantor I LLC, and Bravo Fund II, L.P.

**and opportunity for hearing; and (e) a bar to any of the Debtor/Estate Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Estate Release.**

**(b)    Third Party Release.**

**Notwithstanding anything in the Plan to the contrary, on and after and subject to the occurrence of the Effective Date, (i) each holder of a Claim or Interest that: (a) votes to accept the Plan; (b) is conclusively deemed to have accepted the Plan or is otherwise being paid in full under the Plan; (c) abstains from voting on the Plan and does not opt out of the Third Party Release; (d) votes to reject the Plan and does not opt out of the Third Party Release; or (e) is conclusively deemed to have rejected the Plan and does not opt out of the Third Party Release; (ii) the Committee and each of its members in such capacity; and (iii) with respect to each of the foregoing Entities in clauses (i) and (ii), such Entities' or Persons' successors, assigns, transferees, and such Entities' or Persons' officers and directors, agents, members, financial and other advisors, attorneys, employees, partners, affiliates, and representatives (in each case in their capacity as such), and any and all other entities who may purport to assert any cause of action, by, through, for, or because of such Entities or Persons (the "<u>Releasing Parties</u>") shall release (the "<u>Third Party Release</u>") each Released Party, and each of the Debtors, the Estates, and the Released Parties shall be deemed released from, any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of any of the Debtors or the Estates, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Debtors' liquidation, the Chapter 11 Cases, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors and the ownership thereof, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Plan and Disclosure Statement, the business or contractual arrangements between the Debtor and any Released Party (including pursuant to the Prepetition Bridge Loan Agreement or the Cash Flow DIP Documents), the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of, or solicitation of votes on, the Combined Plan and Disclosure Statement or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct, actual fraud, bad faith, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction) but in all respects such Released Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Combined Plan and Disclosure Statement. Notwithstanding anything to the contrary in the foregoing, the Third Party Release shall not release any**

5

**obligations of any party under the Combined Plan and Disclosure Statement or any other document, instrument, or agreement executed to implement the Combined Plan and Disclosure Statement.**

**Injunction:  In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtors, the Liquidating Trust, or the Estates that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtors, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtors, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; and (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest.  Nothing contained in this Section shall prohibit the holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtors or the Liquidating Trust under the Plan.**

11. You are receiving this Notice because under the terms of the Combined Plan you are entitled to opt out of the Third Party Releases provided by Section 16.2(b) of the Combined Plan.  A form providing you an opportunity to opt-out of the Third Party Releases (the "Opt Out Election Form") is attached hereto as **Exhibit 1**.  By the Solicitation Procedures Order, the Court established **October 14, 2022 at 4:00 p.m. (Eastern Time)** (the "Voting Deadline") as the deadline by which ballots accepting or rejecting the Combined Plan must be received. To be effective, your Opt Out Election Form must actually be **received** on or before the Voting Deadline by the Voting Agent at the following address:

> **First Guaranty Mortgage Corporation Balloting Center**
> **c/o KCC**
> **222 N. Pacific Coast Highway, Suite 300**
> **El Segundo, CA 90245**

**IF YOU DO NOT RETURN THE OPT OUT ELECTION FORM, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION TO THE EXTENT PROVIDED IN THE PLAN IF YOU DO NOT CHECK THE OPT-OUT BOX BELOW.**

### DEADLINE FOR OBJECTIONS TO APPROVAL OF THE DISCLOSURES OR CONFIRMATION OF THE COMBINED PLAN

12. Objections, if any, to final approval of the Disclosures or confirmation of the Combined Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the Court, United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801 together with proof of service **on or before October 21, 2022 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtors' chapter 11 cases; (b) state with particularity the provision or provisions of the Plan objected to and for any objection asserted, the legal and factual basis for such objections; and (c) be served on the following parties: (i) counsel to the Debtors, (a) Dentons US LLP, 601 S. Figuera Street, #2500, Los Angeles, CA 90017 (Attn: Samuel Maizel (samuel.maizel@dentons.com), Tania M. Moyron (tania.moyron@dentons.com), and David F. Cook (david.f.cook@dentons.com); and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Laura Davis Jones (ljones@pszjlaw.com), Timothy P. Cairns (tcairns@pszjlaw.com), and Mary F. Caloway (mcaloway@pszjlaw.com); (ii) proposed counsel to the Committee, Thompson Coburn Hahn & Jessen LLP, 488 Madison Avenue, New York, New York 10022, Attn: Mark S. Indelicato, Esq. (mindelicato@thompsoncoburn.com), and Mark T. Power, Esq. (mpower@thompsoncoburn.com); (iv) proposed co-counsel to the Official Committee of Unsecured Creditors, Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801, Attn: Regina Stango Kelbon, Esq. (regina.kelbon@blankrome.com), Victoria A. Guilfoyle, Esq. (tori.guilfoyle@blankrome.com), and Lawrence R. Thomas III, Esq. (Lorenzo.thomas@blankrome.com); and (v) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov).

| | |
|---|---|
| Dated: September __, 2022 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | |
| | _/s/_____ |
| | Laura Davis Jones (DE Bar No. 2436) |
| | Timothy P. Cairns (DE Bar No. 4228) |
| | Mary F. Caloway (DE Bar No. 3059) |
| | 919 North Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, Delaware 19899 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | Email: ljones@pszjlaw.com |
| |        tcairns@pszjlaw.com |
| |        mcaloway@pszjlaw.com |
| | |
| | -and - |

**DENTONS US LLP**

Samuel R. Maizel
Tania M. Moyron
601 S. Figueroa Street, #2500
Los Angeles, CA  90017
Telephone:  (213) 623-9300
Email:   samuel.maizel@dentons.com
            tania.moyron@dentons.com

-and-

**DENTONS US LLP**

David F. Cook
1900 K Street, NW
Washington, DC  20006
Telephone:  (202) 496-7500
Email:   david.f.cook@dentons.com

*Counsel for Debtors and Debtors in Possession*

# **EXHIBIT 1**

Opt-Out Election Form for Class 7 Interests

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FIRST GUARANTY MORTGAGE | ) | Case No. 22-10584 (CTG) |
| CORPORATION, *et al.*,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**ELECTION TO OPT OUT OF THIRD PARTY RELEASES INCLUDED IN THE COMBINED DISCLOSURE STATEMENT AND PLAN OF FIRST GUARANTY MORTGAGE CORPORATION AND DEBTOR AFFILIATE**

**TO BE EFFECTIVE, THIS COMPLETED FORM MUST BE ACTUALLY RECEIVED BY KURTZMAN CARSON CONSULTANTS ON OR BEFORE OCTOBER 14, 2022 AT 4:00 P.M. (EASTERN TIME)**

**Item 1. Release Opt-Out Election**

By checking the box below, the undersigned Claimant elects **NOT** to release the Released Parties as set forth in Section 16.2(b) of the Plan.

**IF YOU DO NOT RETURN THIS FORM, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION TO THE EXTENT PROVIDED IN THE PLAN IF YOU DO NOT CHECK THE OPT-OUT BOX BELOW.**

☐ **The undersigned Claimant elects <u>not</u> to grant (i.e., OPTS OUT of) the releases set forth in Section 16.2(b) of the Plan**.

> **Section 16.2(b) of the Plan provides as follows:**
>
> **<u>Third Party Release</u>. Notwithstanding anything in the Plan to the contrary, on and after and subject to the occurrence of the Effective Date, (i) each holder of a Claim or Interest that: (a) votes to accept the Plan; (b) is conclusively deemed to have accepted the Plan or is otherwise being paid in full under the Plan; (c) abstains from voting on the Plan and does not opt out of the Third Party Release; (d) votes to reject the Plan and does not opt out of the Third Party Release; or (e) is conclusively deemed to have rejected the Plan and does not opt out of the Third Party Release; (ii) the Committee and each of its members in such capacity; and (iii) with respect**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

DOCS_DE:240030.7 28311/001

> to each of the foregoing Entities in clauses (i) and (ii), such Entities' or Persons' successors, assigns, transferees, and such Entities' or Persons' officers and directors, agents, members, financial and other advisors, attorneys, employees, partners, affiliates, and representatives (in each case in their capacity as such), and any and all other entities who may purport to assert any cause of action, by, through, for, or because of such Entities or Persons (the "**Releasing Parties**") shall release (the "**Third Party Release**") each each of (a) the Debtors, (b) the DIP Lenders, (c) the Committee, (d) the Prepetition Bridge Lender, and (e) each of such Entities' Related Persons[2] (each, a "**Released Party**"), and each of the Debtors, the Estates, and the Released Parties shall be deemed released from, any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of any of the Debtors or the Estates, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Debtors' liquidation, the Chapter 11 Cases, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors and the ownership thereof, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Plan and Disclosure Statement, the business or contractual arrangements between the Debtor and any Released Party (including pursuant to the Prepetition Bridge Loan Agreement or the Cash Flow DIP Documents), the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of, or solicitation of votes on, the Combined Plan and Disclosure Statement or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct, actual fraud, bad faith, or gross negligence (in each case subject to determination of such by

---

[2]     "Related Persons" means, subject to any exclusions expressly set forth in the Plan, with respect to a specific Person, said Person's successors and assigns, and as applicable, its current and former shareholders, affiliates, subsidiaries, employees, agents, investment managers, subagents, officers, directors, managers, trustees, partners, members, professionals, representatives, advisors, attorneys, financial advisors, accountants, and consultants. For the avoidance of doubt, the affiliates of the Prepetition Bridge Lender and Cash Flow DIP Lender include Pacific Investment Management Company LLC, B2 FIE IV LLC, LVS II Offshore, L.P., LVS II Holdings, LP, Bravo II Guarantor I LLC, and Bravo Fund II, L.P.

2

> **final order of a court of competent jurisdiction) but in all respects such Released Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Combined Plan and Disclosure Statement. Notwithstanding anything to the contrary in the foregoing, the Third Party Release shall not release any obligations of any party under the Combined Plan and Disclosure Statement or any other document, instrument, or agreement executed to implement the Combined Plan and Disclosure Statement.**

**Item 4. Certification**. By signing this Form, the Claimant certifies that: (i) on the Voting Record Date, it was the Holder of the Class 7 Interest to which this Form pertains or an authorized signatory for such Holder, (ii) it has full power and authority to execute the Form, and (iii) it has received a copy of the Combined Plan and other solicitation materials.

Name of Claimant: _____

Signature: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

E-Mail Address: _____

Telephone Number: _____

Dated: _____

**Please make sure you have provided all information requested.  Please complete, sign and date this Form and return so that it is <u>actually</u> <u>received</u> by the Voting Agent by October 14, 2022 at 4:00 p.m. (Eastern Time).**

3