**EXHIBIT D**

**Form of Ballots**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FIRST GUARANTY MORTGAGE | ) | Case No. 22-10584 (CTG) |
| CORPORATION, *et al.,*[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## BALLOT TO ACCEPT OR REJECT
## COMBINED DISCLOSURE STATEMENT AND PLAN
## OF FIRST GUARANTY MORTGAGE CORPORATION AND DEBTOR AFFILIATE

### CLASS 3 – Secured Prepetition Facility Claims

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF THE HOLDER OF THE CLASS 3 – SECURED PREPETITION FACILITY CLAIMS.  PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY.  COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE PROMPTLY.**

---

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY KURTZMAN CARSON CONSULTANTS BY OCTOBER 14, 2022 AT 4:00 P.M. (EASTERN TIME)**

---

### FACSIMILE AND EMAIL BALLOTS WILL NOT BE ACCEPTED

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Combined Disclosure Statement and Plan of First Guaranty Mortgage Corporation and Debtor Affiliate* [D.I. 405] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Combined Plan") proposed by the above captioned debtors (the "Debtors").  The disclosures (the "Disclosures") contained in the Combined Plan were approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware. The Disclosures provide information to assist you in deciding how to vote your Ballot.  You should review the Combined Plan before you vote. You may wish to seek legal advice concerning the Combined Plan and the classification and treatment of your claim(s) under the Combined Plan.  Capitalized terms not defined herein shall have the meaning ascribed to such term in the Combined Plan.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

The Combined Plan provides information to assist you in deciding how to vote your Ballot. A copy of the Combined Plan has been provided to you with this Ballot. You may also obtain additional copies free of charge on the dedicated webpage of Kurzman Carson Consultants LLC (the "Claims and Balloting Agent") at http://www.kccllc.net/fgmc or upon written request to the Claims and Balloting Agent at the First Guaranty Mortgage Corporation Balloting Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 or by calling the Claims and Balloting Agent at (888) 647-1742 (U.S./Canada) or (310) 751-2626 (International), or emailing the Claims and Balloting Agent at FGMCinfo@kccllc.com. Copies of the Combined Plan are also on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

The Combined Plan can be confirmed by the Bankruptcy Court, and therefore made binding on you, if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in each of the classes who vote on the Combined Plan and/or if the Combined Plan otherwise satisfies applicable legal requirements.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

**IMPORTANT**

**You should review the Combined Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 3 (Secured Prepetition Facility Claims) under the Plan.**

**If your Ballot is not <u>actually</u> <u>received</u> by the Claims and Balloting Agent on or before October 14, 2022 at 4:00 p.m. (Eastern Time) (the "<u>Voting Deadline</u>"), and such deadline is not extended by the Debtors, your vote will not count as either an acceptance or rejection of the Combined Plan. If the Combined Plan is confirmed by the Court it will be binding on you whether or not you vote.**

**To cast your vote, please do (i) or (ii) below:**

**(i) complete and execute this paper Ballot and return it using the first-class mail pre-addressed postage pre-paid return envelope provided with this Ballot or by submitting it by overnight courier or hand delivery to the following address:**

**First Guaranty Mortgage Corporation Balloting Center**
**c/o KCC**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

**(ii) submit your Ballot via the Claims and Balloting Agent's online portal at http://www.kccllc.net/fgmc. Click on the "submit e-ballot" section of the website and follow the instructions to submit your Ballot. You will need your unique E-Ballot ID# to retrieve and submit your customized electronic ballot. The Claims and Balloting Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

---

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1**.  **Vote Amount**.  For purposes of voting to accept or reject the Combined Plan, as of September 20, 2022 (the "Voting Record Date"), the undersigned (the "Claimant") was a holder of a Class 3 Secured Prepetition Facility Claim in the aggregate amount set forth below.

$_____

**Item 2**.  **Vote on Plan**.  **CHECK ONE BOX ONLY:**

☐    **ACCEPTS (votes FOR) the Combined Plan.**

☐    **REJECTS (votes AGAINST) the Combined Plan.**

**Item 3**.  **Release Opt-Out Election**

By checking the box below, the undersigned Claimant elects **NOT** to release the Released Parties as set forth in Section 16.2(b) of the Plan.  **HOWEVER, IF YOU VOTE TO ACCEPT THE PLAN YOU CANNOT OPT OUT OF THE RELEASE OF THE RELEASED PARTIES AS SET FORTH IN SECTION 16.2(b) OF THE PLAN.**

**IF YOU ABSTAIN FROM VOTING OR VOTE TO REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION TO THE EXTENT PROVIDED IN THE PLAN IF YOU DO NOT CHECK THE OPT-OUT BOX BELOW.**

☐    **The undersigned Claimant elects <u>not</u> to grant (i.e., OPTS OUT of) the releases set forth in Section 16.2(b) of the Plan**.

---

**Section 16.2(b) of the Plan provides as follows:**

**Third Party Release.  Notwithstanding anything in the Plan to the contrary, on and after and subject to the occurrence of the Effective Date, (i) each holder of a Claim or Interest that: (a) votes to accept the Plan; (b) is conclusively deemed to have accepted the Plan or is otherwise being paid in full under the Plan; (c) abstains from voting on the Plan and does not opt out of the Third Party Release; (d) votes to reject the Plan and does not opt out of the Third Party Release; or (e) is conclusively deemed to have rejected the Plan and does not opt out of the Third Party Release; (ii) the Committee and each of its members in such capacity; and (iii) with respect to each of the foregoing Entities in clauses (i) and (ii), such Entities' or Persons' successors, assigns, transferees, and such Entities' or Persons' officers and directors, agents, members, financial and other advisors, attorneys, employees, partners, affiliates, and representatives (in each case in their capacity as such), and any and all other entities who may purport to assert any cause of action, by, through, for, or because of such Entities or Persons (the "Releasing Parties") shall release (the "Third Party**

---

**Release**") each each of (a) the Debtors, (b) the DIP Lenders, (c) the Committee, (d) the Prepetition Bridge Lender, and (e) each of such Entities' Related Persons[2] (each, a "**Released Party**"), and each of the Debtors, the Estates, and the Released Parties shall be deemed released from, any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of any of the Debtors or the Estates, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Debtors' liquidation, the Chapter 11 Cases, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors and the ownership thereof, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Plan and Disclosure Statement, the business or contractual arrangements between the Debtor and any Released Party (including pursuant to the Prepetition Bridge Loan Agreement or the Cash Flow DIP Documents), the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of, or solicitation of votes on, the Combined Plan and Disclosure Statement or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct, actual fraud, bad faith, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction) but in all respects such Released Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Combined Plan and Disclosure Statement. Notwithstanding anything to the contrary in the foregoing, the Third Party Release shall not release any obligations of any party under the Combined Plan and Disclosure Statement or any other document, instrument, or agreement executed to implement the Combined Plan and Disclosure Statement.

---

[2]  "Related Persons" means, subject to any exclusions expressly set forth in the Plan, with respect to a specific Person, said Person's successors and assigns, and as applicable, its current and former shareholders, affiliates, subsidiaries, employees, agents, investment managers, subagents, officers, directors, managers, trustees, partners, members, professionals, representatives, advisors, attorneys, financial advisors, accountants, and consultants. For the avoidance of doubt, the affiliates of the Prepetition Bridge Lender and Cash Flow DIP Lender include Pacific Investment Management Company LLC, B2 FIE IV LLC, LVS II Offshore, L.P., LVS II Holdings, LP, Bravo II Guarantor I LLC, and Bravo Fund II, L.P.

**Item 4.  Certification**.  By signing this Ballot, the Claimant certifies that: (i) on the Voting Record Date, it was the Holder of the Class 3 Secured Prepetition Facility Claim to which this Ballot pertains or an authorized signatory for such Holder, (ii) it has full power and authority to vote to accept or reject the Combined Plan, execute, and cast the Ballot, and (iii) it has received a copy of the Combined Plan and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed and timely-casted Ballot that does not indicate either acceptance or rejection of the Combined Plan or indicates both acceptance and rejection of the Combined Plan will not be counted.  The undersigned also certifies that its vote on the Combined Plan is subject to all the terms and conditions set forth in the Combined Plan.

Name of Claimant: _____

Signature: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

E-Mail Address: _____

Telephone Number: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  Please complete, sign and date this Ballot and cast it in the manner set forth herein so that it is <u>actually</u> <u>received</u> by the Claims and Balloting Agent by October 14, 2022 at 4:00 p.m. (Eastern Time).**

## <u>VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT</u>

1.      In order for your vote to count, you must:

        (i)      In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

        (ii)     Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Secured Prepetition Facility Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.      **To have your vote counted and for any elections made in this Ballot to be effective, you must complete, sign and cast this Ballot so that it is <u>actually</u> received by the Claims and Balloting Agent not later than 4:00 p.m. (Eastern Time) on October 14, 2022.**

3.      DO NOT SUBMIT YOUR BALLOT BY FAX OR EMAIL TRANSMISSION.  A Ballot submitted by fax or email transmission will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

4.      The following voting procedures apply to your Ballot:

        (i)      Except to the extent the Debtors otherwise determines, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Voting Agent in connection with the confirmation of the Combined Plan;

        (ii)     Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Combined Plan.  If a creditor attempts to split such vote on its Ballot, such Ballot will not be counted for voting purposes;

        (iii)    Any executed Ballot that does not indicate an acceptance or rejection shall not be counted;

        (iv)    Any executed Ballot that indicates both an acceptance and rejection of the Combined Plan shall not be counted;

        (v)     Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

        (vi)    The method of delivery of Ballots to be sent to the Voting Agent is at the election and risk of each Holder of a Claim, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Voting Agent;

(vii)   Delivery of the original executed Ballot to the Voting Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile or email will not be accepted unless otherwise ordered by the Court;

(viii)  No Ballot sent to the Debtors, or the Debtors' financial or legal advisors, shall be accepted or counted;

(ix)    The Debtors expressly reserve the right, subject to the approval of the Court, to amend at any time and from time to time the terms of the Combined Plan (subject to compliance with Section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification). If the Debtors make material changes in the terms of the Combined Plan, the Debtors will disseminate additional solicitation materials and will extend the solicitation deadline, in each case to the extent directed by the Court;

(x)     If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

(xi)    If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

(xii)   The Debtors, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may, in their discretion, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Combined Plan;

(xiii)  Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, which determination shall be final and binding;

(xiv)   If designation of a Claim is requested under § 1126(e), any vote to accept or reject the Combined Plan cast with respect to such Claim will not be counted for purposes of determining whether the Combined Plan has been accepted or rejected, unless the Court orders otherwise;

(xv)    Any Holder of a Claim that has delivered a valid Ballot voting on the Combined Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

(xvi)   Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

(xvii)   Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

(xviii)  No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Combined Plan;

(xix)    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Combined Plan and/or to opt out of the release; and

(xx)     The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Equity Interest.

5.      It is important that you vote.  The Combined Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Combined Plan and if the Combined Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan: (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Combined Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the Combined Plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

6.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

7.      PLEASE CAST YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS AND BALLOTING AGENT AT (888) 647-1742 (U.S./CANADA) OR (310) 751-2626 (INTERNATIONAL).

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FIRST GUARANTY MORTGAGE | ) | Case No. 22-10584 (CTG) |
| CORPORATION, *et al.,*[1] | ) |  |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) |  |

**BALLOT TO ACCEPT OR REJECT**
**COMBINED DISCLOSURE STATEMENT AND PLAN**
**OF FIRST GUARANTY MORTGAGE CORPORATION AND DEBTOR AFFILIATE**

**CLASS 4 – Settlement Claims**

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF THE HOLDER OF THE
CLASS 4 – SETTLEMENT CLAIMS.  PLEASE READ AND FOLLOW THE
ATTACHED INSTRUCTIONS CAREFULLY.  COMPLETE, SIGN AND DATE THIS
BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE PROMPTLY.**

---

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY
KURTZMAN CARSON CONSULTANTS BY
OCTOBER 14, 2022 AT 4:00 P.M. (EASTERN TIME)**

---

**FACSIMILE AND EMAIL BALLOTS WILL NOT BE ACCEPTED**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Combined Disclosure Statement and Plan of First Guaranty Mortgage Corporation and Debtor Affiliate* [D.I. 405] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Combined Plan") proposed by the above captioned debtors (the "Debtors").  The disclosures (the "Disclosures") contained in the Combined Plan were approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware. The Disclosures provide information to assist you in deciding how to vote your Ballot.  You should review the Combined Plan before you vote. You may wish to seek legal advice concerning the Combined Plan and the classification and treatment of your claim(s) under the Combined Plan.  Capitalized terms not defined herein shall have the meaning ascribed to such term in the Combined Plan.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

The Combined Plan provides information to assist you in deciding how to vote your Ballot. A copy of the Combined Plan has been provided to you with this Ballot. You may also obtain additional copies free of charge on the dedicated webpage of Kurzman Carson Consultants LLC (the "Claims and Balloting Agent") at http://www.kccllc.net/fgmc or upon written request to the Claims and Balloting Agent at the First Guaranty Mortgage Corporation Balloting Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 or by calling the Claims and Balloting Agent at (888) 647-1742 (U.S./Canada) or (310) 751-2626 (International), or emailing the Claims and Balloting Agent at FGMCinfo@kccllc.com. Copies of the Combined Plan are also on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

The Combined Plan can be confirmed by the Bankruptcy Court, and therefore made binding on you, if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in each of the classes who vote on the Combined Plan and/or if the Combined Plan otherwise satisfies applicable legal requirements.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

**IMPORTANT**

**You should review the Combined Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 4 (Settlement Claims) under the Plan.**

**If your Ballot is not actually received by the Claims and Balloting Agent on or before October 14, 2022 at 4:00 p.m. (Eastern Time) (the "Voting Deadline"), and such deadline is not extended by the Debtors, your vote will not count as either an acceptance or rejection of the Combined Plan. If the Combined Plan is confirmed by the Court it will be binding on you whether or not you vote.**

**To cast your vote, please do (i) or (ii) below:**

**(i) complete and execute this paper Ballot and return it using the first-class mail pre-addressed postage pre-paid return envelope provided with this Ballot or by submitting it by overnight courier or hand delivery to the following address:**

**First Guaranty Mortgage Corporation Balloting Center
c/o KCC
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245**

**(ii) submit your Ballot via the Claims and Balloting Agent's online portal at http://www.kccllc.net/fgmc. Click on the "submit e-ballot" section of the website and follow the instructions to submit your Ballot. You will need your unique E-Ballot ID# to retrieve and submit your customized electronic ballot. The Claims and Balloting Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

---

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1**.  **Vote Amount**.  For purposes of voting to accept or reject the Combined Plan, as of September 20, 2022 (the "<u>Voting Record Date</u>"), the undersigned (the "<u>Claimant</u>") was a holder of a Class 4 Settlement Claim in the aggregate amount set forth below.

$ _____

**Item 2**.  **Vote on Plan**.  **CHECK ONE BOX ONLY:**

☐    **ACCEPTS (votes FOR) the Combined Plan.**

☐    **REJECTS (votes AGAINST) the Combined Plan.**

**Item 3**.  **Release Opt-Out Election**

By checking the box below, the undersigned Claimant elects **NOT** to release the Released Parties as set forth in Section 16.2(b) of the Plan.  **HOWEVER, IF YOU VOTE TO ACCEPT THE PLAN YOU CANNOT OPT OUT OF THE RELEASE OF THE RELEASED PARTIES AS SET FORTH IN SECTION 16.2(b) OF THE PLAN.**

**IF YOU ABSTAIN FROM VOTING OR VOTE TO REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION TO THE EXTENT PROVIDED IN THE PLAN IF YOU DO NOT CHECK THE OPT-OUT BOX BELOW.**

☐    **The undersigned Claimant elects <u>not</u> to grant (i.e., OPTS OUT of) the releases set forth in Section 16.2(b) of the Plan.**

---

**Section 16.2(b) of the Plan provides as follows:**

    **<u>Third Party Release</u>.  Notwithstanding anything in the Plan to the contrary, on and after and subject to the occurrence of the Effective Date, (i) each holder of a Claim or Interest that: (a) votes to accept the Plan; (b) is conclusively deemed to have accepted the Plan or is otherwise being paid in full under the Plan; (c) abstains from voting on the Plan and does not opt out of the Third Party Release; (d) votes to reject the Plan and does not opt out of the Third Party Release; or (e) is conclusively deemed to have rejected the Plan and does not opt out of the Third Party Release; (ii) the Committee and each of its members in such capacity; and (iii) with respect to each of the foregoing Entities in clauses (i) and (ii), such Entities' or Persons' successors, assigns, transferees, and such Entities' or Persons' officers and directors, agents, members, financial and other advisors, attorneys, employees, partners, affiliates, and representatives (in each case in their capacity as such), and any and all other entities who may purport to assert any cause of action, by, through, for, or because of such Entities or Persons (the "<u>Releasing Parties</u>") shall release (the "<u>Third Party Release</u>") each each of (a) the Debtors, (b) the DIP Lenders, (c) the Committee, (d) the Prepetition Bridge Lender, and (e) each of such**

---

**Entities' Related Persons[2] (each, a "<u>Released Party</u>"), and each of the Debtors, the Estates, and the Released Parties shall be deemed released from, any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of any of the Debtors or the Estates, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Debtors' liquidation, the Chapter 11 Cases, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors and the ownership thereof, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Plan and Disclosure Statement, the business or contractual arrangements between the Debtor and any Released Party (including pursuant to the Prepetition Bridge Loan Agreement or the Cash Flow DIP Documents), the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of, or solicitation of votes on, the Combined Plan and Disclosure Statement or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct, actual fraud, bad faith, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction) but in all respects such Released Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Combined Plan and Disclosure Statement. Notwithstanding anything to the contrary in the foregoing, the Third Party Release shall not release any obligations of any party under the Combined Plan and Disclosure Statement or any other document, instrument, or agreement executed to implement the Combined Plan and Disclosure Statement.**

---

[2]   "Related Persons" means, subject to any exclusions expressly set forth in the Plan, with respect to a specific Person, said Person's successors and assigns, and as applicable, its current and former shareholders, affiliates, subsidiaries, employees, agents, investment managers, subagents, officers, directors, managers, trustees, partners, members, professionals, representatives, advisors, attorneys, financial advisors, accountants, and consultants. For the avoidance of doubt, the affiliates of the Prepetition Bridge Lender and Cash Flow DIP Lender include Pacific Investment Management Company LLC, B2 FIE IV LLC, LVS II Offshore, L.P., LVS II Holdings, LP, Bravo II Guarantor I LLC, and Bravo Fund II, L.P.

**Item 4.  Certification**.  By signing this Ballot, the Claimant certifies that: (i) on the Voting Record Date, it was the Holder of the Class 4 Settlement Claim to which this Ballot pertains or an authorized signatory for such Holder, (ii) it has full power and authority to vote to accept or reject the Combined Plan, execute, and cast the Ballot, and (iii) it has received a copy of the Combined Plan and other solicitation materials. The undersigned understands that an otherwise properly completed, executed and timely-casted Ballot that does not indicate either acceptance or rejection of the Combined Plan or indicates both acceptance and rejection of the Combined Plan will not be counted.  The undersigned also certifies that its vote on the Combined Plan is subject to all the terms and conditions set forth in the Combined Plan.

Name of Claimant: _____

Signature: _____

Name (if different from Claimant): _____

Title: _____ _____

Address: _____

_____

_____

E-Mail Address: _____ _____

Telephone Number: _____ _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  Please complete, sign and date this Ballot and cast it in the manner set forth herein so that it is <u>actually</u> <u>received</u> by the Claims and Balloting Agent by October 14, 2022 at 4:00 p.m. (Eastern Time).**

## <u>VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT</u>

1. In order for your vote to count, you must:

  (i) In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

  (ii) Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Settlement Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2. **To have your vote counted and for any elections made in this Ballot to be effective, you must complete, sign and cast this Ballot so that it is <u>actually</u> <u>received</u> by the Claims and Balloting Agent not later than 4:00 p.m. (Eastern Time) on October 14, 2022.**

3. DO NOT SUBMIT YOUR BALLOT BY FAX OR EMAIL TRANSMISSION.  A Ballot submitted by fax or email transmission will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

4. The following voting procedures apply to your Ballot:

  (i) Except to the extent the Debtors otherwise determines, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Voting Agent in connection with the confirmation of the Combined Plan;

  (ii) Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Combined Plan.  If a creditor attempts to split such vote on its Ballot, such Ballot will not be counted for voting purposes;

  (iii) Any executed Ballot that does not indicate an acceptance or rejection shall not be counted;

  (iv) Any executed Ballot that indicates both an acceptance and rejection of the Combined Plan shall not be counted;

  (v) Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

  (vi) The method of delivery of Ballots to be sent to the Voting Agent is at the election and risk of each Holder of a Claim, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Voting Agent;

(vii) Delivery of the original executed Ballot to the Voting Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile or email will not be accepted unless otherwise ordered by the Court;

(viii) No Ballot sent to the Debtors, or the Debtors' financial or legal advisors, shall be accepted or counted;

(ix) The Debtors expressly reserve the right, subject to the approval of the Court, to amend at any time and from time to time the terms of the Combined Plan (subject to compliance with Section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification). If the Debtors make material changes in the terms of the Combined Plan, the Debtors will disseminate additional solicitation materials and will extend the solicitation deadline, in each case to the extent directed by the Court;

(x) If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

(xi) If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

(xii) The Debtors, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may, in their discretion, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Combined Plan;

(xiii) Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, which determination shall be final and binding;

(xiv) If designation of a Claim is requested under § 1126(e), any vote to accept or reject the Combined Plan cast with respect to such Claim will not be counted for purposes of determining whether the Combined Plan has been accepted or rejected, unless the Court orders otherwise;

(xv) Any Holder of a Claim that has delivered a valid Ballot voting on the Combined Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

(xvi) Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

(xvii)   Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

(xviii)  No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Combined Plan;

(xix)    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Combined Plan and/or to opt out of the release; and

(xx)     The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Equity Interest.

5.    It is important that you vote.  The Combined Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Combined Plan and if the Combined Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan: (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Combined Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the Combined Plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

6.    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

7.    PLEASE CAST YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS AND BALLOTING AGENT AT (888) 647-1742 (U.S./CANADA) OR (310) 751-2626 (INTERNATIONAL).

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FIRST GUARANTY MORTGAGE | ) | Case No. 22-10584 (CTG) |
| CORPORATION, *et al.*,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**BALLOT TO ACCEPT OR REJECT
COMBINED DISCLOSURE STATEMENT AND PLAN
OF FIRST GUARANTY MORTGAGE CORPORATION AND DEBTOR AFFILIATE**

**CLASS 5 – Prepetition LVS II Offshore Guaranty Claim**

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF THE HOLDER OF THE
CLASS 5 – PREPETITION LVS II OFFSHORE GUARANTY CLAIM.  PLEASE READ
AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY.  COMPLETE, SIGN
AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE
PROMPTLY.**

| |
|---|
| **TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY
KURTZMAN CARSON CONSULTANTS BY
OCTOBER 14, 2022 AT 4:00 P.M. (EASTERN TIME)** |

**FACSIMILE AND EMAIL BALLOTS WILL NOT BE ACCEPTED**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Combined Disclosure Statement and Plan of First Guaranty Mortgage Corporation and Debtor Affiliate* [D.I. 405] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Combined Plan") proposed by the above captioned debtors (the "Debtors").  The disclosures (the "Disclosures") contained in the Combined Plan were approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware. The Disclosures provide information to assist you in deciding how to vote your Ballot.  You should review the Combined Plan before you vote. You may wish to seek legal advice concerning the Combined Plan and the classification and treatment of your claim(s) under the Combined Plan.  Capitalized terms not defined herein shall have the meaning ascribed to such term in the Combined Plan.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

The Combined Plan provides information to assist you in deciding how to vote your Ballot. A copy of the Combined Plan has been provided to you with this Ballot. You may also obtain additional copies free of charge on the dedicated webpage of Kurzman Carson Consultants LLC (the "Claims and Balloting Agent") at http://www.kccllc.net/fgmc or upon written request to the Claims and Balloting Agent at the First Guaranty Mortgage Corporation Balloting Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 or by calling the Claims and Balloting Agent at (888) 647-1742 (U.S./Canada) or (310) 751-2626 (International), or emailing the Claims and Balloting Agent at FGMCinfo@kccllc.com. Copies of the Combined Plan are also on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

The Combined Plan can be confirmed by the Bankruptcy Court, and therefore made binding on you, if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in each of the classes who vote on the Combined Plan and/or if the Combined Plan otherwise satisfies applicable legal requirements.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

**IMPORTANT**

**You should review the Combined Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 5 (Prepetition LVS II Offshore Guaranty Claim) under the Plan.**

**If your Ballot is not _actually_ _received_ by the Claims and Balloting Agent on or before October 14, 2022 at 4:00 p.m. (Eastern Time) (the "Voting Deadline"), and such deadline is not extended by the Debtors, your vote will not count as either an acceptance or rejection of the Combined Plan. If the Combined Plan is confirmed by the Court it will be binding on you whether or not you vote.**

**To cast your vote, please do (i) or (ii) below:**

**(i) complete and execute this paper Ballot and return it using the first-class mail pre-addressed postage pre-paid return envelope provided with this Ballot or by submitting it by overnight courier or hand delivery to the following address:**

**First Guaranty Mortgage Corporation Balloting Center**
**c/o KCC**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

**(ii) submit your Ballot via the Claims and Balloting Agent's online portal at http://www.kccllc.net/fgmc. Click on the "submit e-ballot" section of the website and follow the instructions to submit your Ballot. You will need your unique E-Ballot ID# to retrieve and submit your customized electronic ballot. The Claims and Balloting Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

---

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1.** **Vote Amount**.  For purposes of voting to accept or reject the Combined Plan, as of September 20, 2022 (the "Voting Record Date"), the undersigned (the "Claimant") was a holder of a Class 5 Prepetition LVS II Offshore Guaranty Claim in the aggregate amount set forth below.

$_____

**Item 2.** **Vote on Plan.  CHECK ONE BOX ONLY:**

☐        **ACCEPTS (votes FOR) the Combined Plan.**

☐        **REJECTS (votes AGAINST) the Combined Plan**.

**Item 3.** **Release Opt-Out Election**

By checking the box below, the undersigned Claimant elects **NOT** to release the Released Parties as set forth in Section 16.2(b) of the Plan.  **HOWEVER, IF YOU VOTE TO ACCEPT THE PLAN YOU CANNOT OPT OUT OF THE RELEASE OF THE RELEASED PARTIES AS SET FORTH IN SECTION 16.2(b) OF THE PLAN.**

**IF YOU ABSTAIN FROM VOTING OR VOTE TO REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION TO THE EXTENT PROVIDED IN THE PLAN IF YOU DO NOT CHECK THE OPT-OUT BOX BELOW.**

☐        **The undersigned Claimant elects <u>not</u> to grant (i.e., OPTS OUT of) the releases set forth in Section 16.2(b) of the Plan**.

> **Section 16.2(b) of the Plan provides as follows:**
>
> **Third Party Release.  Notwithstanding anything in the Plan to the contrary, on and after and subject to the occurrence of the Effective Date, (i) each holder of a Claim or Interest that: (a) votes to accept the Plan; (b) is conclusively deemed to have accepted the Plan or is otherwise being paid in full under the Plan; (c) abstains from voting on the Plan and does not opt out of the Third Party Release; (d) votes to reject the Plan and does not opt out of the Third Party Release; or (e) is conclusively deemed to have rejected the Plan and does not opt out of the Third Party Release; (ii) the Committee and each of its members in such capacity; and (iii) with respect to each of the foregoing Entities in clauses (i) and (ii), such Entities' or Persons' successors, assigns, transferees, and such Entities' or Persons' officers and directors, agents, members, financial and other advisors, attorneys, employees, partners, affiliates, and representatives (in each case in their capacity as such), and any and all other entities who may purport to assert any cause of action, by, through, for, or because of such Entities or Persons (the "Releasing Parties") shall release (the "Third Party Release") each each of (a) the Debtors, (b) the DIP Lenders, (c) the**

**Committee, (d) the Prepetition Bridge Lender, and (e) each of such Entities' Related Persons[2] (each, a "Released Party"), and each of the Debtors, the Estates, and the Released Parties shall be deemed released from, any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of any of the Debtors or the Estates, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Debtors' liquidation, the Chapter 11 Cases, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors and the ownership thereof, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Plan and Disclosure Statement, the business or contractual arrangements between the Debtor and any Released Party (including pursuant to the Prepetition Bridge Loan Agreement or the Cash Flow DIP Documents), the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of, or solicitation of votes on, the Combined Plan and Disclosure Statement or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct, actual fraud, bad faith, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction) but in all respects such Released Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Combined Plan and Disclosure Statement. Notwithstanding anything to the contrary in the foregoing, the Third Party Release shall not release any obligations of any party under the Combined Plan and Disclosure Statement or any other document, instrument, or agreement executed to implement the Combined Plan and Disclosure Statement.**

---

2    "Related Persons" means, subject to any exclusions expressly set forth in the Plan, with respect to a specific Person, said Person's successors and assigns, and as applicable, its current and former shareholders, affiliates, subsidiaries, employees, agents, investment managers, subagents, officers, directors, managers, trustees, partners, members, professionals, representatives, advisors, attorneys, financial advisors, accountants, and consultants. For the avoidance of doubt, the affiliates of the Prepetition Bridge Lender and Cash Flow DIP Lender include Pacific Investment Management Company LLC, B2 FIE IV LLC, LVS II Offshore, L.P., LVS II Holdings, LP, Bravo II Guarantor I LLC, and Bravo Fund II, L.P.

**Item 4.  Certification**.  By signing this Ballot, the Claimant certifies that: (i) on the Voting Record Date, it was the Holder of the Class 5 Prepetition LVS II Offshore Guaranty Claim to which this Ballot pertains or an authorized signatory for such Holder, (ii) it has full power and authority to vote to accept or reject the Combined Plan, execute, and cast the Ballot, and (iii) it has received a copy of the Combined Plan and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed and timely-casted Ballot that does not indicate either acceptance or rejection of the Combined Plan or indicates both acceptance and rejection of the Combined Plan will not be counted.  The undersigned also certifies that its vote on the Combined Plan is subject to all the terms and conditions set forth in the Combined Plan.

Name of Claimant: _____

Signature: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

E-Mail Address: _____

Telephone Number: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  Please complete, sign and date this Ballot and cast it in the manner set forth herein so that it is <u>actually</u> <u>received</u> by the Claims and Balloting Agent by October 14, 2022 at 4:00 p.m. (Eastern Time).**

## <u>VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT</u>

1.      In order for your vote to count, you must:

> (i)      In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

> (ii)     Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Prepetition LVS II Offshore Guaranty Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.      **To have your vote counted and for any elections made in this Ballot to be effective, you must complete, sign and cast this Ballot so that it is <u>actually</u> received by the Claims and Balloting Agent not later than 4:00 p.m. (Eastern Time) on October 14, 2022.**

3.      DO NOT SUBMIT YOUR BALLOT BY FAX OR EMAIL TRANSMISSION.  A Ballot submitted by fax or email transmission will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

4.      The following voting procedures apply to your Ballot:

> (i)      Except to the extent the Debtors otherwise determines, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Voting Agent in connection with the confirmation of the Combined Plan;

> (ii)     Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Combined Plan.  If a creditor attempts to split such vote on its Ballot, such Ballot will not be counted for voting purposes;

> (iii)    Any executed Ballot that does not indicate an acceptance or rejection shall not be counted;

> (iv)     Any executed Ballot that indicates both an acceptance and rejection of the Combined Plan shall not be counted;

> (v)      Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

> (vi)     The method of delivery of Ballots to be sent to the Voting Agent is at the election and risk of each Holder of a Claim, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Voting Agent;

(vii)    Delivery of the original executed Ballot to the Voting Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile or email will not be accepted unless otherwise ordered by the Court;

(viii)    No Ballot sent to the Debtors, or the Debtors' financial or legal advisors, shall be accepted or counted;

(ix)    The Debtors expressly reserve the right, subject to the approval of the Court, to amend at any time and from time to time the terms of the Combined Plan (subject to compliance with Section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification). If the Debtors make material changes in the terms of the Combined Plan, the Debtors will disseminate additional solicitation materials and will extend the solicitation deadline, in each case to the extent directed by the Court;

(x)    If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

(xi)    If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

(xii)    The Debtors, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may, in their discretion, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Combined Plan;

(xiii)    Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, which determination shall be final and binding;

(xiv)    If designation of a Claim is requested under § 1126(e), any vote to accept or reject the Combined Plan cast with respect to such Claim will not be counted for purposes of determining whether the Combined Plan has been accepted or rejected, unless the Court orders otherwise;

(xv)    Any Holder of a Claim that has delivered a valid Ballot voting on the Combined Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

(xvi)    Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

(xvii) Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

(xviii) No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Combined Plan;

(xix) The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Combined Plan and/or to opt out of the release; and

(xx) The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Equity Interest.

5.    It is important that you vote. The Combined Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Combined Plan and if the Combined Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan: (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Combined Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the Combined Plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

6.    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

7.    PLEASE CAST YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS AND BALLOTING AGENT AT (888) 647-1742 (U.S./CANADA) OR (310) 751-2626 (INTERNATIONAL).

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FIRST GUARANTY MORTGAGE | ) | Case No. 22-10584 (CTG) |
| CORPORATION, *et al.,*[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**BALLOT TO ACCEPT OR REJECT
COMBINED DISCLOSURE STATEMENT AND PLAN
OF FIRST GUARANTY MORTGAGE CORPORATION AND DEBTOR AFFILIATE**

**CLASS 6 – General Unsecured Claims**

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF THE HOLDER OF THE
CLASS 6 – GENERAL UNSECURED CLAIMS.  PLEASE READ AND FOLLOW THE
ATTACHED INSTRUCTIONS CAREFULLY.  COMPLETE, SIGN AND DATE THIS
BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE PROMPTLY.**

| |
|---|
| **TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY<br>KURTZMAN CARSON CONSULTANTS BY<br>OCTOBER 14, 2022 AT 4:00 P.M. (EASTERN TIME)** |

**FACSIMILE AND EMAIL BALLOTS WILL NOT BE ACCEPTED**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Combined Disclosure Statement and Plan of First Guaranty Mortgage Corporation and Debtor Affiliate* [D.I. 405] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Combined Plan") proposed by the above captioned debtors (the "Debtors").  The disclosures (the "Disclosures") contained in the Combined Plan were approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware. The Disclosures provide information to assist you in deciding how to vote your Ballot.  You should review the Combined Plan before you vote. You may wish to seek legal advice concerning the Combined Plan and the classification and treatment of your claim(s) under the Combined Plan.  Capitalized terms not defined herein shall have the meaning ascribed to such term in the Combined Plan.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

The Combined Plan provides information to assist you in deciding how to vote your Ballot. A copy of the Combined Plan has been provided to you with this Ballot. You may also obtain additional copies free of charge on the dedicated webpage of Kurzman Carson Consultants LLC (the "Claims and Balloting Agent") at http://www.kccllc.net/fgmc or upon written request to the Claims and Balloting Agent at the First Guaranty Mortgage Corporation Balloting Center c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 or by calling the Claims and Balloting Agent at (888) 647-1742 (U.S./Canada) or (310) 751-2626 (International), or emailing the Claims and Balloting Agent at FGMCinfo@kccllc.com. Copies of the Combined Plan are also on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

The Combined Plan can be confirmed by the Bankruptcy Court, and therefore made binding on you, if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in each of the classes who vote on the Combined Plan and/or if the Combined Plan otherwise satisfies applicable legal requirements.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

**IMPORTANT**

**You should review the Combined Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 6 (General Unsecured Claims) under the Plan.**

**If your Ballot is not actually received by the Claims and Balloting Agent on or before October 14, 2022 at 4:00 p.m. (Eastern Time) (the "Voting Deadline"), and such deadline is not extended by the Debtors, your vote will not count as either an acceptance or rejection of the Combined Plan. If the Combined Plan is confirmed by the Court it will be binding on you whether or not you vote.**

**To cast your vote, please do (i) or (ii) below:**

**(i) complete and execute this paper Ballot and return it using the first-class mail pre-addressed postage pre-paid return envelope provided with this Ballot or by submitting it by overnight courier or hand delivery to the following address:**

**First Guaranty Mortgage Corporation Balloting Center**
**c/o KCC**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

**(ii) submit your Ballot via the Claims and Balloting Agent's online portal at http://www.kccllc.net/fgmc. Click on the "submit e-ballot" section of the website and follow the instructions to submit your Ballot. You will need your unique E-Ballot ID# to retrieve and submit your customized electronic ballot. The Claims and Balloting Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

---

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1**.  **Vote Amount**.  For purposes of voting to accept or reject the Combined Plan, as of September 20, 2022 (the "Voting Record Date"), the undersigned (the "Claimant") was a holder of a Class 6 General Unsecured Claim in the aggregate amount set forth below.

$ _____

**Item 2**.  **Vote on Plan.  CHECK ONE BOX ONLY:**

         ☐      **ACCEPTS (votes FOR) the Combined Plan.**

         ☐      **REJECTS (votes AGAINST) the Combined Plan.**

**Item 3**.  **Release Opt-Out Election**

By checking the box below, the undersigned Claimant elects **NOT** to release the Released Parties as set forth in Section 16.2(b) of the Plan.  **HOWEVER, IF YOU VOTE TO ACCEPT THE PLAN YOU CANNOT OPT OUT OF THE RELEASE OF THE RELEASED PARTIES AS SET FORTH IN SECTION 16.2(b) OF THE PLAN.**

**IF YOU ABSTAIN FROM VOTING OR VOTE TO REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION TO THE EXTENT PROVIDED IN THE PLAN IF YOU DO NOT CHECK THE OPT-OUT BOX BELOW.**

         ☐      **The undersigned Claimant elects <u>not</u> to grant (i.e., OPTS OUT of) the releases set forth in Section 16.2(b) of the Plan.**

> **Section 16.2(b) of the Plan provides as follows:**
>
>     **<u>Third Party Release</u>.  Notwithstanding anything in the Plan to the contrary, on and after and subject to the occurrence of the Effective Date, (i) each holder of a Claim or Interest that: (a) votes to accept the Plan; (b) is conclusively deemed to have accepted the Plan or is otherwise being paid in full under the Plan; (c) abstains from voting on the Plan and does not opt out of the Third Party Release; (d) votes to reject the Plan and does not opt out of the Third Party Release; or (e) is conclusively deemed to have rejected the Plan and does not opt out of the Third Party Release; (ii) the Committee and each of its members in such capacity; and (iii) with respect to each of the foregoing Entities in clauses (i) and (ii), such Entities' or Persons' successors, assigns, transferees, and such Entities' or Persons' officers and directors, agents, members, financial and other advisors, attorneys, employees, partners, affiliates, and representatives (in each case in their capacity as such), and any and all other entities who may purport to assert any cause of action, by, through, for, or because of such Entities or Persons (the "<u>Releasing Parties</u>") shall release (the "<u>Third Party Release</u>") each each of (a) the Debtors, (b) the DIP Lenders, (c) the Committee, (d) the Prepetition Bridge Lender, and (e) each of such**

**Entities' Related Persons[2] (each, a "<u>Released Party</u>"), and each of the Debtors, the Estates, and the Released Parties shall be deemed released from, any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of any of the Debtors or the Estates, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Debtors' liquidation, the Chapter 11 Cases, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors and the ownership thereof, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Combined Plan and Disclosure Statement, the business or contractual arrangements between the Debtor and any Released Party (including pursuant to the Prepetition Bridge Loan Agreement or the Cash Flow DIP Documents), the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of, or solicitation of votes on, the Combined Plan and Disclosure Statement or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct, actual fraud, bad faith, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction) but in all respects such Released Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Combined Plan and Disclosure Statement. Notwithstanding anything to the contrary in the foregoing, the Third Party Release shall not release any obligations of any party under the Combined Plan and Disclosure Statement or any other document, instrument, or agreement executed to implement the Combined Plan and Disclosure Statement.**

---

[2] "Related Persons" means, subject to any exclusions expressly set forth in the Plan, with respect to a specific Person, said Person's successors and assigns, and as applicable, its current and former shareholders, affiliates, subsidiaries, employees, agents, investment managers, subagents, officers, directors, managers, trustees, partners, members, professionals, representatives, advisors, attorneys, financial advisors, accountants, and consultants. For the avoidance of doubt, the affiliates of the Prepetition Bridge Lender and Cash Flow DIP Lender include Pacific Investment Management Company LLC, B2 FIE IV LLC, LVS II Offshore, L.P., LVS II Holdings, LP, Bravo II Guarantor I LLC, and Bravo Fund II, L.P.

**Item 4.  Certification**.  By signing this Ballot, the Claimant certifies that: (i) on the Voting Record Date, it was the Holder of the Class 6 General Unsecured Claim to which this Ballot pertains or an authorized signatory for such Holder, (ii) it has full power and authority to vote to accept or reject the Combined Plan, execute, and cast the Ballot, and (iii) it has received a copy of the Combined Plan and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed and timely-casted Ballot that does not indicate either acceptance or rejection of the Combined Plan or indicates both acceptance and rejection of the Combined Plan will not be counted.  The undersigned also certifies that its vote on the Combined Plan is subject to all the terms and conditions set forth in the Combined Plan.

Name of Claimant: _____

Signature: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

E-Mail Address: _____

Telephone Number: _____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  Please complete, sign and date this Ballot and cast it in the manner set forth herein so that it is <u>actually</u> <u>received</u> by the Claims and Balloting Agent by October 14, 2022 at 4:00 p.m. (Eastern Time).**

## <u>VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT</u>

1.      In order for your vote to count, you must:

> (i)      In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

> (ii)     Review and sign the certifications in Item 4 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the General Unsecured Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.      **To have your vote counted and for any elections made in this Ballot to be effective, you must complete, sign and cast this Ballot so that it is <u>actually</u> received by the Claims and Balloting Agent not later than 4:00 p.m. (Eastern Time) on October 14, 2022.**

3.      DO NOT SUBMIT YOUR BALLOT BY FAX OR EMAIL TRANSMISSION.  A Ballot submitted by fax or email transmission will not be counted, unless approved by the Debtors in writing or otherwise ordered by the Court.

4.      The following voting procedures apply to your Ballot:

> (i)      Except to the extent the Debtors otherwise determines, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Voting Agent in connection with the confirmation of the Combined Plan;

> (ii)     Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Combined Plan.  If a creditor attempts to split such vote on its Ballot, such Ballot will not be counted for voting purposes;

> (iii)    Any executed Ballot that does not indicate an acceptance or rejection shall not be counted;

> (iv)     Any executed Ballot that indicates both an acceptance and rejection of the Combined Plan shall not be counted;

> (v)      Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

> (vi)     The method of delivery of Ballots to be sent to the Voting Agent is at the election and risk of each Holder of a Claim, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Voting Agent;

(vii)    Delivery of the original executed Ballot to the Voting Agent on or before the Voting Deadline is required.  Delivery of a Ballot by facsimile or email will not be accepted unless otherwise ordered by the Court;

(viii)   No Ballot sent to the Debtors, or the Debtors' financial or legal advisors, shall be accepted or counted;

(ix)     The Debtors expressly reserve the right, subject to the approval of the Court, to amend at any time and from time to time the terms of the Combined Plan (subject to compliance with Section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification).  If the Debtors make material changes in the terms of the Combined Plan, the Debtors will disseminate additional solicitation materials and will extend the solicitation deadline, in each case to the extent directed by the Court;

(x)      If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

(xi)     If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

(xii)    The Debtors, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may, in their discretion, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Combined Plan;

(xiii)   Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, which determination shall be final and binding;

(xiv)    If designation of a Claim is requested under § 1126(e), any vote to accept or reject the Combined Plan cast with respect to such Claim will not be counted for purposes of determining whether the Combined Plan has been accepted or rejected, unless the Court orders otherwise;

(xv)     Any Holder of a Claim that has delivered a valid Ballot voting on the Combined Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

(xvi)    Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

(xvii)    Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

(xviii)   No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Combined Plan;

(xix)     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Combined Plan and/or to opt out of the release; and

(xx)      The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Equity Interest.

5.    It is important that you vote. The Combined Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Combined Plan and if the Combined Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Court nonetheless may confirm the Plan if it finds that the Plan: (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Combined Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the Combined Plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

6.    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

7.    PLEASE CAST YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS AND BALLOTING AGENT AT (888) 647-1742 (U.S./CANADA) OR (310) 751-2626 (INTERNATIONAL).