## EXHIBIT E

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | )  | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FIRST GUARANTY MORTGAGE | ) | Case No. 22-10584 (CTG) |
| CORPORATION, *et al.*,[1] | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | **Docket Ref. No.** ___ |

### ORDER (I) GRANTING INTERIM APPROVAL OF THE DISCLOSURES; (II) SCHEDULING A COMBINED HEARING TO CONSIDER FINAL APPROVAL OF THE DISCLOSURES AND CONFIRMATION OF THE COMBINED PLAN, AND SETTING DEADLINES RELATED THERETO; (III) APPROVING SOLICITATION PACKAGES AND PROCEDURES; (IV) APPROVING THE FORMS OF BALLOT; AND <u>(V) GRANTING RELATED RELIEF</u>

Upon consideration of the *Debtors' Motion for Entry of an Order (I) Granting Interim Approval of the Adequacy of the Disclosures in the Combined Disclosure Statement and Joint Plan of Liquidation; (II) Scheduling a Combined Hearing to Consider Final Approval of the Disclosures and Confirmation of the Combined Plan and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballot; and (VI) Granting Related Relief* (the "<u>Motion</u>") filed by the above-captioned debtors and debtors in possession (the "<u>Debtors</u>");[2] and based on the record in these chapter 11 cases; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

[2] Capitalized terms not defined herein shall have the same meanings ascribed to them in the Motion or Combined Plan, as applicable.

proceeding pursuant to 28 U.S.C § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND THAT:

        **IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Disclosures are approved on an interim basis as containing adequate information within the meaning of section 1125 of the Bankruptcy Code. Any objections to the adequacy of the information contained in the Disclosures are expressly reserved for consideration at the Combined Hearing (as defined below).

3. The form of Combined Hearing Notice and the forms of Non-Voting Notices attached to the Motion are approved in all respects.

4. The forms of Ballots are approved in all respects.

5. **September 20, 2022** is established as the Voting Record Date for the purposes of determining the creditors and equity Interest Holders entitled to receive the Solicitation Package or the Non-Voting Notices and to vote on the Combined Plan.

6. The Solicitation Package and Non-Voting Notices shall be sent for distribution on or before **September 23, 2022**.

7. Any Plan Supplement must be filed with this Court not later than **October 7, 2022 at 4:00 p.m. (ET)**.

8. Ballots must be received on or before **October 14, 2022 at 4:00 p.m. (ET)** ("Voting Deadline") in accordance with the instructions on the Ballot, unless extended by the Debtors in writing.

9. If any claimant seeks to have a claim temporarily allowed for purposes of voting to accept or reject the Combined Plan pursuant to Bankruptcy Rule 3018(a), such claimant is required to file a motion (the "3018 Motion") for such relief no later than **September 30, 2022 at 4:00 p.m. (Eastern Time)**. The deadline for any party in interest to object to any 3018 Motion is **October 7, 2022 at 4:00 p.m. (Eastern Time)**. Any such 3018 Motion may be resolved by agreement between the Debtors and the movant without the requirement for further order or approval of the Court.

10. As to any creditor filing a 3018 Motion, such creditor's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes after notice and a hearing, either at or prior to the Combined Hearing.

11. Objections to the adequacy of the Disclosures or confirmation of the Combined Plan must be in writing, must conform to the Bankruptcy Rules, must set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors, the basis for the objection and the specific grounds of the objection, and must be filed with the Bankruptcy Court, together with proof of service thereof, and served upon: (i) counsel to

3

the Debtors, (a) Dentons US LLP, 601 S. Figuera Street, #2500, Los Angeles, CA 90017 (Attn: Samuel Maizel (samuel.maizel@dentons.com), Tania M. Moyron (tania.moyron@dentons.com), and David F. Cook (david.f.cook@dentons.com); and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Laura Davis Jones (ljones@pszjlaw.com), Timothy P. Cairns (tcairns@pszjlaw.com), and Mary F. Caloway (mcaloway@pszjlaw.com); (ii) proposed counsel to the Committee, Thompson Coburn Hahn & Jessen LLP, 488 Madison Avenue, New York, New York 10022, Attn: Mark S. Indelicato, Esq. (mindelicato@thompsoncoburn.com), and Mark T. Power, Esq. (mpower@thompsoncoburn.com); (iv) proposed co-counsel to the Official Committee of Unsecured Creditors, Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801, Attn: Regina Stango Kelbon, Esq. (regina.kelbon@blankrome.com), Victoria A. Guilfoyle, Esq. (tori.guilfoyle@blankrome.com), and Lawrence R. Thomas III, Esq. (Lorenzo.thomas@blankrome.com); and (v) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Benjamin Hackman, Esq. (benjamin.a.hackman@usdoj.gov) in a manner as will cause such objection to be received by all such parties on or before **October 21, 2022, at 4:00 p.m. (Eastern Time)**. Any objections not filed and served as set forth above will not be considered by the Court.

12. Any party supporting the Combined Plan may file a statement in support or a reply to any objection to confirmation of the Combined Plan by **October 25, 2022 at 4:00 p.m. (Eastern Time)**.

13. The Combined Plan voting certification shall be filed by **October 25, 2022 at 4:00 p.m. (Eastern Time)**.

14. A hearing shall be held before this Court on **October 31 2022, at 10:00 a.m. (Eastern Time)** or as soon thereafter as counsel can be heard, to consider confirmation of the Combined Plan (the "<u>Combined Hearing</u>") at the United States Bankruptcy Court for the District of Delaware, before the Honorable Judge Craig T. Goldblatt in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Courtroom No. 7, Wilmington, DE 19801.

15. The Combined Hearing may be adjourned from time to time. If the Combined Hearing is adjourned, the Debtors will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) and on any parties that have filed objections to approval of the Disclosures or confirmation of the Combined Plan.

16. The Debtors are authorized to take any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

17. This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.