**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> First Guaranty Mortgage Corporation, *et al.* <br><br><br> Debtors. | Chapter 11 <br> Case No. 22-10584 (CTG) <br> Jointly Administered <br><br> Hearing Date: September 28, 2022 at 10:00 a.m. <br><br> Re: D.I. 406 |

**OBJECTION OF CIGNA TO MOTION OF THE DEBTORS FOR ENTRY OF ORDERS: (I)(A) APPROVING BIDDING PROCEDURES FOR ONE OR MORE SALES OR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (B) AUTHORIZING THE DEBTORS TO ENTER INTO ONE OR MORE STALKING HORSE AGREEMENTS AND TO PROVIDE BID PROTECTIONS THEREUNDER, (C) SCHEDULING AN AUCTION AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (D) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES AND (E) SCHEDULING A SALE HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF; (II)(A) APPROVING THE SALE OR SALES OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF**

Cigna Health and Life Insurance Company ("Cigna") hereby objects to the Sale Procedures (defined below) proposed by the *Motion of the Debtors for Entry of Orders: (I)(A) Approving Bidding Procedures for One or More Sales or the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Enter into One or More Stalking Horse Agreements and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale or Sales of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [D.I. 406] ("Sale Motion"), and in support thereof, respectfully states as follows:

**BACKGROUND**

1. Cigna and Debtors are parties to the following insurance policies (collectively, "Employee Benefits Agreements") pursuant to which Cigna provides group medical, dental, vision, accident, critical illness, and hospital insurance benefits for Debtors' employee benefits plan:

- Group Medical, Dental, and Vision Policy, 3335575, as amended, between Cigna Health and Life Insurance Company and First Guaranty Mortgage Corporation, effective 8/1/2019;
- Group Accident Indemnity Policy, AI960946, as amended, between Life Insurance Company of North America[1] and First Guaranty Mortgage Corporation, effective 1/1/2019;
- Group Critical Illness Policy, CI960913, as amended, between Life Insurance Company of North America and First Guaranty Mortgage Corporation, effective 1/1/2019; and
- Group Hospital Indemnity Policy, HC960717, as amended, between Life Insurance Company of North America and First Guaranty Mortgage Corporation, effective 1/1/2020.

2. Pursuant to the Sale Motion, Debtors seek this Court's approval for the sale of substantially all of its assets ("Sale") to a to-be-determined buyer ("Purchaser") as of the effective date of the Sale. The Debtors initially seek approval of procedures governing the Sale process ("Sale Procedures").

3. The Sale Procedures include procedures for the assumption and assignment of certain of Debtors' executory contracts to the Purchaser as part of the Sale. No list of the executory contracts sought to be assumed and assigned as part of the Sale is included in the Motion. Instead, the Debtors propose to provide various notices to the non-Debtor parties to executory contracts ("Contract Counterparties").

---

[1] Accidental Injury, Critical Illness, and Hospital Care plans or insurance policies are distributed exclusively by or through operating subsidiaries of Cigna Corporation, are administered by Cigna Health and Life Insurance Company, and are insured by New York Life Group Insurance Company of NY (fka Life Insurance Company of North America ("LINA"), except in NY, where insured plans are offered by Cigna Life Insurance Company of New York ("CLICNY")). The Cigna name, logo, and other Cigna marks are owned by Cigna Intellectual Property, Inc. CLICNY and LINA are not affiliates of Cigna.

4.     The Sale Motion proposes that, within three (3) days after the entry of an order approving the Sale Procedures, the Debtors will file and serve an Assumption and Assignment Notice[2] listing some or all of the Debtors' executory contracts that "may" be assumed and assigned as part of the Sale, and proposed cure amounts for each. Sale Motion, ¶ 24. This Notice will <u>not</u> determine whether a contract will or will not be assumed and assigned as part of the Sale.

5.     The Sale Motion also proposes that the Debtors' file a Notice of Auction Results that will include "any proposed assumption and assignment of Contracts contemplated thereby." However, in their Reservation of Rights, the Debtors clarify that the inclusion or exclusion of any contract on any Notice is meaningless. Sale Motion, p. 24.

6.     The proposed Sale Procedures do not require the Debtors to provide notice of the Contracts actually proposed to be assumed and assigned to the Purchaser ("Assumed Contracts") prior to the hearing for approval of the Sale ("Sale Hearing"), or even prior to the closing of the Sale ("Closing"). The Notice of Assumed Contracts – presumably the "final" list of contracts to be assumed and assigned – need not be filed and served until "as soon as reasonably practicable" <u>after</u> the Closing. Sale Motion, ¶ 24. Thus, Contract Counterparties will receive no definitive notice of their inclusion in or exclusion from the list of Assumed Contracts prior to the Closing.

7.     Further, the Debtors propose to give the Purchaser "Designation Rights" through which it can designate additional contracts for assumption and assignment at any time after the Closing. While the proposed Sale Procedures require the Debtors to provide notice of any such designation, they provide no opportunity for Contract Counterparties to object or be heard thereon. Importantly, there is no time limit on the proposed Designation Rights.

---

[2] Capitalized terms not defined herein have the meaning ascribed to them in the Sale Motion.

8. At bottom, the Sale Motion seeks this Court's approval of a process that will give the Debtors *carte blanche* authority with which it can assume and assign any or all of its contracts without meaningful notice to Contract Counterparties prior to the hearing where approval of such assumption and assignment will be sought.

## OBJECTION

9. Cigna objects to the proposed Sale Procedures because, *inter alia*, they do not provide for adequate and definitive notice of the proposed disposition of the Employee Benefits Agreements in the context of the Sale.

10. The proposed Sale Procedures seek this Court's approval of the potential assumption and assignment of a subset of the Debtors' executory contracts that will be undefined as of the Sale Hearing. Further, the proposed Sale Procedures would permit the universe of Assumed Contracts to remain fluid until an undefined period after Closing, and would provide for no meaningful notice of disposition to Contract Counterparties. The process proposed by the Debtors will leave Cigna with no certainty as to the proposed disposition of the Employee Benefits Agreements in the context of the Sale, even after the entry of the Sale Order that will authorize such disposition. This is directly contrary to letter and spirit of Rule 6006(f)(2) of the Federal Rules of Bankruptcy Procedure.

11. Because the Employee Benefits Agreements provide employee benefits that should not be disrupted without substantial notice, definitive notice of Debtors' intention with regard to the Employee Benefits Agreements must be provided prior to the Sale Hearing, and far in advance of Closing. The proposed Sale Procedures should be altered to provide that written, unequivocal and irrevocable notice of proposed disposition of the Employee Benefits

Agreements must be provided to Cigna and its undersigned counsel at least five (5) business days prior to the Sale Hearing.[3]

WHEREFORE, Cigna respectfully requests that this Court enter an order that: (i) denies the approval of the proposed Sale Procedures except as consistent with the foregoing; and (ii) grants Cigna such additional relief as this Court deems just and equitable.

Dated:  September 21, 2022  CONNOLLY GALLAGHER LLP

/s/ Jeffrey C. Wisler
Jeffrey C. Wisler (#2795)
1201 North Market Street, 20th Floor
Wilmington, DE  19801
Telephone:    (302) 757-7300
Facsimile:    (302) 658-0380
jwisler@connollygallagher.com

#05694894   Counsel for Cigna Health and Life Insurance Company

---

[3] To be clear, Cigna does not seek to compel the assumption and assignment of the Employee Benefits Agreements as part of the Sale. Rather, it seeks adequate notice as to whether the Employee Benefits Agreements will or will not be assumed and assigned as part of the Sale.