# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10584 (CTG)<br><br>Re: D.I. 405, 407, 416<br><br>Objection deadline: 9/26/2022 at 4:00 p.m.<br>Hearing date: 9/28/2022 at 10:00 a.m. |

### OBJECTION OF SENECA MORTGAGE SERVICING LLC TO THE COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF FIRST GUARANTY MORTGAGE CORPORATION AND DEBTOR AFFILIATE

Seneca Mortgage Servicing LLC ("Seneca"), a creditor and party in interest, objects to the Combined Disclosure Statement and Chapter 11 Plan of First Guaranty Mortgage Corporation and Debtor Affiliate [D.I. 405] (the "Proposed Disclosure Statement and Plan") and respectfully states as follows:

## RELEVANT BACKGROUND

1. On June 30, 2022 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. Prior to the Petition Date, Seneca and Debtor First Guaranty Mortgage Corporation ("FGMC") were parties to certain agreements, including, among others, a Bulk Servicing Rights Purchase and Sale Agreement, dated as of September 15, 2021, by and between Seneca, as Purchaser, and FGMC, as Seller (the "PSA").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621).

3. Pursuant to the terms of the PSA, FGMC agreed to sell and Seneca agreed to purchase all of FGMC's right, title, and interest in and to certain servicing rights related to certain residential mortgage loans originated by FGMC, together with all related escrow funds, accounts, contract rights, servicing rights and insurance coverages, among other things.

4. Seneca purchased the master servicing rights with respect to approximately 950 residential real property mortgages that were originated by FGMC and that were securitized with Federal National Mortgage Association ("Fannie Mae").

5. Under the PSA, FGMC owes ongoing payment, refund, reimbursement, indemnification, and other obligations to Seneca. FGMC also made various representations, warranties, and covenants in the PSA that survive for the life of the underlying mortgage loans. In addition, Seneca has setoff, recoupment, and other contractual rights.

6. As of on our about the Petition Date, Fannie Mae had "put back" two of the mortgage loans, meaning FGMC was required to repurchase those loans or to reimburse Seneca for any amounts incurred in taking back and either re-selling or holding and servicing such loans. Fannie Mae has since "put back" a total of five mortgage loans. FGMC has breached is obligations under the PSA by, among other things, failing to repurchase these loans or paying Seneca for the costs associated with such loans. FGMC anticipates that Fannie Mae may "put back" additional loans in the future.

7. As of the filing of this objection, Seneca is owed not less than $76,231.59. In addition, Seneca is holding certain amounts that are subject to its recoupment, setoff, and other rights.

8.     On September 6, 2022, the Debtors filed, *inter alia*, the Proposed Disclosure Statement and Plan.² Among other things, the Proposed Disclosure Statement and Plan sets forth the proposed classification and treatment of claims and interests. *See* D.I. 405, §§ 2.1; 10.

9.     The Class 4 claims are the "Loan Settlement Claims." These are defined as "any and all **unsecured Claims** of any purchasers, subservicers and other third parties in the possession of certain cash, including 'holdback' or other amounts, owed to the Debtors with respect to purchase and sale agreements and loan subservicing agreements, respectively." *Id.*, § 3 p. 17 (emphasis added).³

10.    The Proposed Disclosure Statement and Plan states that:

> Each holder of a Loan Settlement Claim shall receive an Allowed Claim in amount of the cash in their possession and turnover to the Debtors any cash beyond such amount in accordance with any settlement agreement reached between such holder and the Debtors and approved by the entry of an Order pursuant to Rule 9019.

*Id.*, § 2.1, p.6.

11.    The Proposed Disclosure Statement and Plan further states that the estimated recovery for Class 4 is "TBD" and that Class 4 is "Impaired – entitled to vote." *Id.*; *see* § 10.4.

12.    The Proposed Disclosure Statement and Plan describes the Class 4 claims as "unsecured," despite the fact that the Debtors acknowledge these creditors are in possession of certain cash. The Proposed Disclosure Statement and Plan states that an "Allowed" Class 4 claim will be limited to "amount of the cash in [the] possession" of the creditor, but does not say as of what date the amount of cash would be determined and the claim would be value. And the Proposed Disclosure Statement and Plan makes no provision for any deficiency claim of any Class

---

² The Debtors also filed a motion to sell substantially all their assets [D.I. 406]. Seneca reserves the right to object to the sale motion prior to the final sale hearing.

³ The Loan Settlement Claims are specifically excluded from the definition of "General Unsecured Claims." *See id.*, § 3, p. 15. General Unsecured Creditors are not being asked to compromise the amounts of their claims.

4 creditor, i.e., any amount a Class 4 creditor might be owed in excess of the "amount of the cash in their possession."

13. Unlike creditors in Class 4, creditors in Class 3—the Secured Prepetition Facility Claims—are specifically entitled to keep their collateral <u>and</u> any unsecured deficiency claim they might have. The Proposed Plan and Disclosure Statement provides, in relevant part, "[f]or the avoidance of doubt, any unsecured deficiency Claims of holders of Secured Prepetition Facility Claims shall be treated as General Unsecured Claims." *Id.*, § 2.1, p.6.

14. The Proposed Disclosure Statement and Plan provides no explanation for the disparate treatment of claims in Class 3 and Class 4.[4]

15. Despite the clearly disparate treatment of Class 4 (no deficiency claims) as compared to Class 3 (keeps their deficiency claims), the Proposed Disclosure Statement and Plan states, "[t]he Debtors do not believe that the Plan unfairly discriminates against any Class of Claims." *Id.*, § 6.6.

16. While not explicit in the Proposed Disclosure Statement and Plan, it appears that Seneca's claims against FGMC may be classified as Class 4 claims. Accordingly, Seneca objects.

## **OBJECTION**

17. The Court should not approve a disclosure statement unless it contains "adequate information." 11 U.S.C. § 1125(b). Adequate information is:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to . . . a hypothetical investor typical of the holders of claims or interests in the case, that would enable

---

[4] The only difference appears to be that Class 3 is limited to certain identified warehouse facility lenders and repo facility lenders, whereas Class 4 broadly includes any "any purchasers, subservicers and other third parties in the possession of certain cash" that the Debtors claim is owed to them. *Id.*, § 3 p. 17.

>such a hypothetical investor of the relevant class to make an informed judgment about the plan[.]

11 U.S.C. § 1125(a)(1). This is a high standard. As the Third Circuit has stated, "the importance of full disclosure is underlaid by the reliance placed upon the disclosure statement by the creditors and the court. Given this reliance, we cannot overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of 'adequate information.'" *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988); see *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996) ("[T]he importance of full and honest disclosure cannot be overstated.").

18.     As discussed above, the Proposed Disclosure Statement and Plan lacks adequate information and disclosure, in particular, regarding (i) the manner and timing of valuing the Class 4 claims; (ii) the status of Class 4 claims such as Seneca's as having both a secured claim (up to the value of the cash or other assets held by such creditor) and potentially an unsecured claim (to the extent of any deficiency); and (iii) the disparate treatment of Class 4 relative to other similarly situated classes of claims and the basis for such disparate treatment.

19.     The Debtors should be required to clearly and adequately disclose the disparate treatment of Class 4 claims and the basis for the Debtors' assertion that the proposed treatment of Class 4 comports with the Bankruptcy Code's requirement that the Proposed Disclosure Statement and Plan "not discriminate unfairly" against Class 4 claims.[5]  11 U.S.C. § 1129(b)(1).

20.     The Bankruptcy Code does not prohibit all forms of discrimination as between classes of similarly situated claims.[6]  It does, however, prohibit treatment that results in "a

---

[5] The Debtors are seeking confirmation of the Proposed Disclosure Statement and Plan as a "cramdown" plan. *See* D.I. 405, § 6.6. Accordingly, the Debtors must comply with the requirements of section 1129(b).

[6] *Compare In re Greate Bay Hotel & Casino, Inc.*, 251 B.R. 213, 231-32 (Bankr. D.N.J. 2000) (plan that proposed to pay 76% recoveries to deficiency claims of certain noteholders and 80% to general unsecured creditors did not unfairly discriminate), *with In re Barney & Carey Co.*, 170 B.R. 17, 25-26 (Bankr. D. Mass. 1994) (plan that proposed to pay deficiency claims 100% over nine years and to pay general unsecured creditors 15% within 90 days of the effective

materially lower percentage recovery" or a "materially greater risk" to the discriminated class. *In re Tribune Company*, 972 F.3d 228, 243-44 (3rd Cir. 2020). In addition, the Debtors bear the burden of proving that "(1) a reasonable basis for discrimination exists; (2) the debtor cannot consummate its plan without discrimination; (3) the discrimination is imposed in good faith; and (4) the degree of discrimination is directly proportional to its rationale." *Id.* 240-41 (internal citation and quotations omitted).

21. Here, the Debtors are proposing—without adequate disclosure—to strip the Class 4 creditors of their rights under section 506 of the Bankruptcy Code. *See*, *e.g.*, 11 U.S.C. § 506(a)(1) (stating that a claim "is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.").

22. In so doing, the Debtors have both materially lowered the potential recoveries and materially increased the risks to Class 4 creditors.

23. The Proposed Disclosure Statement and Plan lacks any information to show that a reasonable basis exists for the proposed discrimination against Class 4 or that the Debtors could not confirm a plan without such discrimination. This is a liquidating chapter 11 case, where the Debtors are proposing to sell substantially all their assets and to pay unsecured creditors from a "pot plan." There is no ongoing business, no ongoing relationship between the Debtors and certain creditors (e.g., trade creditors) and, therefore, no reasonable basis or need to compel Class 4 creditors to waive their contractual and/or legal rights. The Proposed Disclosure Statement and

---

date unfairly discriminated), and *In re Creekside Landing, Ltd.*, 140 B.R. 713, 716 (Bankr. M.D. Tenn. 1992) (plan that proposed to pay 75% to trade creditors, 40% to the bank, and 20% to the RTC unfairly discriminated). Here, the facts are even more stark, as the Debtors are proposing to pay Class 4 creditors **nothing** on account of their unsecured deficiency claims.

Plan lacks any rationale, let along adequate information, for the proposed discrimination against Class 4, which is neither proportional nor necessary.

24. Prior to authorizing the Debtors to solicit votes to accept or reject the Proposed Disclosure Statement and Plan, the Court should require the Debtors to provide adequate information regarding the proposed discrimination against Class 4 claims, the basis for that discrimination and how it complies with the requirements of the Bankruptcy Code, the procedures for valuing Class 4 claims, and the procedures for seeking turnover of any cash in the possession of Class 4 creditors.

25. In addition, the Debtors should be required to modify the Proposed Disclosure Statement and Plan to allow Class 4 creditors to retain their contractual and legal rights and claims, similar to the treatment the Debtors have already proposed with respect to Class 3 creditors.

## **RESERVATION OF RIGHTS**

26. To the extent that any of the matters raised in this objection are deemed to be confirmation objections, rather than disclosure statement objections, Seneca reserves the right to raise such objections prior to or at the confirmation hearing and respectfully requests that the Court carry any such confirmation objections to the confirmation hearing.

27. Seneca reserves the right to modify or supplement this objection prior to or at any hearing on the Proposed Disclosure Statement and Plan.

WHEREFORE, for the foregoing reasons, Seneca respectfully requests that the Court require the Debtors to make the changes set forth above prior to authorizing the solicitation of votes to accept or reject the Proposed Disclosure Statement and Plan, and grant Seneca such other and further relief as the Court deems good and proper.

Dated: September 26, 2022          ARCHER & GREINER, P.C.

*/s/ Bryan J. Hall*
Bryan J. Hall (No. 6285)
300 Delaware Avenue, Suite 1100
Wilmington, Delaware 19801
(302) 356-6625 (tel)
(302) 777-4352 (fax)
bjhall@archerlaw.com

*Attorneys for Seneca Mortgage Servicing LLC*