# EXHIBIT 3

# LIQUIDATING TRUST AGREEMENT

## PREAMBLE

This Liquidating Trust Agreement, dated as of October [●], 2022 (the "Agreement"), which pertains to the administration of the FGMC Liquidating Trust (the "Liquidating Trust"), is made effective as of the Effective Date[1] of the Plan, by and among First Guaranty Mortgage Corporation and Maverick II Holdings, LLC (together, the "Debtors")[2] and FTI Consulting, Inc. (or an individual employed by FTI Consulting, not individually, but solely in his or her capacity as trustee) as trustee of the Liquidating Trust (the "Liquidating Trustee" and together with the Debtors, the "Parties") in accordance with the Amended Combined Disclosure Statement and Chapter 11 Plan of First Guaranty Mortgage Corporation and Debtor Affiliate, dated October 6, 2022 (as may be modified, supplemented and/or amended from time to time, the "Plan") filed by the Debtors, and such Plan having been confirmed pursuant to the entry of the Confirmation Order.

## RECITALS

A.      On June 30, 2022 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), thereby commencing their chapter 11 cases (together, the "Chapter 11 Cases").

B.      On October 6, 2022, the Debtors jointly filed the Plan.

C.      On October 7, 2022, the Bankruptcy Court entered an order [D.I. 542] (the "Interim Approval Order") (i) granting interim approval of the Disclosures in the Plan and (ii) approving procedures for the Debtors' solicitation of votes on the Plan.

D.      On October [●], 2022, the Bankruptcy Court entered an order [D.I. ●] (the "Confirmation Order") confirming the Plan.

E.      Among other things, the Plan provides for the creation of a post-confirmation Liquidating Trust on the Effective Date to, hold and administer the Liquidating Trust Assets and distribute the proceeds therefrom to the Liquidating Trust Beneficiaries, in accordance with the terms of this Agreement and the Plan. This Agreement is executed to establish the Liquidating Trust and to facilitate the implementation of the Plan and the Liquidating Trust.

F.      The Liquidating Trust is created on behalf of, and for the benefit of, the Liquidating Trust Beneficiaries and such Liquidating Trust Beneficiaries are entitled to the Liquidating Trust Interests pursuant to the terms of the Plan.

G.      The respective powers, authority, responsibilities, and duties of the Liquidating Trustee shall be governed by this Agreement, the Plan, the Confirmation Order, and, with respect

---

[1] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Plan (as defined herein).

[2] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

to the Liquidating Trustee only, any obligations under Delaware law.

H.      This Agreement is intended to supplement, complement, and implement the Plan. If any of the terms and/or provisions of this Agreement are inconsistent with the terms and/or provisions of the Plan or the Confirmation Order, then the Plan or the Confirmation Order shall govern except for inconsistencies or clarifications in furtherance of the Liquidating Trust as a liquidating trust for federal income tax purposes, in which case the terms and/or provisions of this Liquidating Trust shall govern.

I.      The Liquidating Trust is intended to qualify as a "liquidating trust" within the meaning of Treasury Regulation section 301.7701-4(d), and as such is intended to be treated as a "grantor trust" for all federal income tax purposes pursuant to Section 671 of the Internal Revenue Code of 1986, as amended, with the Liquidating Trust Beneficiaries treated as the grantors and owners of the Liquidating Trust.

NOW, THEREFORE, in consideration of the promises and the mutual covenants and agreements contained herein and in the Plan, the Parties agree as follows:

## DEFINITIONS

"Affiliates" means an "affiliate" as defined in Bankruptcy Code section 101(2).

"Agreement" has the meaning specified in the Preamble to this Agreement.

"Bankruptcy Court" has the meaning specified in the Preamble to this Agreement.

"Causes of Action" means all Causes of Action (as defined in the Plan) that are Liquidating Trust Assets.

"Confidential Party" has the meaning specified in Article 14.3.

"Debtors" has the meaning specified in the Preamble to this Agreement.

"IRS" means the Internal Revenue Service of the United States of America.

"Liquidating Trust" has the meaning specified in the Preamble to this Agreement.

"Liquidating Trustee" has the meaning specified in the Preamble to this Agreement and includes any successor Liquidating Trustee appointed pursuant to Article 9.1.

"Liquidating Trustee Non-Professionals" has the meaning specified in Article 11.1(b).

"Liquidating Trustee Professionals" has the meaning specified in Article 11.1(a).

"Parties" has the meaning specified in the Preamble to this Agreement.

"Permissible Investments" has the meaning specified in Article 2.8.

"Person" means any individual, corporation, partnership, joint venture, association, trust, unincorporated organization, or other legal entity, or any governmental authority, entity, or political subdivision thereof.

"Petition Date" has the meaning specified in the Preamble to this Agreement.

"Plan" has the meaning specified in the Preamble to this Agreement.

## ARTICLE 1
## ESTABLISHMENT, PURPOSE AND FUNDING OF TRUST

1.1    Creation and Name; Formation

Upon the Effective Date of the Plan, the Liquidating Trust as referred to in the Plan is hereby created. The Liquidating Trustee may conduct the affairs of the Liquidating Trust under the name of "FGMC Liquidating Trust," the Liquidating Trust, or such variation thereof as the Liquidating Trustee sees fit.

1.2    Appointment of Liquidating Trustee

FTI Consulting (or an individual employed by FTI Consulting) is hereby appointed to serve as the initial Liquidating Trustee under the Plan, and hereby accepts this appointment and agrees to serve in such capacity effective upon the Effective Date of the Plan and pursuant to the terms of the Plan and this Agreement, subject to an agreed upon Engagement Letter. To effectuate an orderly and efficient transition of the administration of the Liquidating Trust Assets from the Debtors to the Liquidating Trustee, the Liquidating Trustee may perform certain services in connection with its duties and obligations under this Agreement prior to the Effective Date, which are hereby ratified as of the Effective Date. A successor Liquidating Trustee shall be appointed as set forth in Article 9.1 in the event the Liquidating Trustee is removed or resigns pursuant to this Agreement, or if the Liquidating Trustee otherwise vacates the position.

1.3    Purpose of Trust

The Debtors and the Liquidating Trustee, pursuant to the Plan and the Confirmation Order and in accordance with the Bankruptcy Code, hereby establish the Liquidating Trust for the purpose of, inter alia, (i) administering the Liquidating Trust Assets, (ii) prosecuting and/or resolving all Disputed Claims, (iii) investigating and pursuing any Causes of Action (not released under the Plan) the Debtors hold or may hold against any Entity, and (iv) making all Distributions to the Beneficiaries provided for under the Plan.  The Liquidating Trust is intended to qualify as a liquidating trust pursuant to Treas. Reg. § 301.7701-4(d), with no objective to continue or engage in the conduct of the trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust.  Accordingly, the Liquidating Trustee shall,

in an orderly manner, liquidate and convert to Cash the Liquidating Trust Assets, and make timely Distributions to the Beneficiaries, and not unduly prolong the duration of the Liquidating Trust. Neither the Liquidating Trust nor the Liquidating Trustee shall be or shall be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth herein or in the Liquidating Trust Agreement.

1.4    Liquidating Trust Assets

1.4.1    Transfer of Liquidating Trust Assets; Assumption of Liabilities

Pursuant to the Plan, the Parties hereby establish the Liquidating Trust on behalf of the Liquidating Trust Beneficiaries, to be treated as the grantors and deemed owners of the Liquidating Trust Assets and the Debtors hereby transfer, assign, and deliver to the Liquidating Trust, on behalf of the Liquidating Trust Beneficiaries, all of their right, title, and interest in the Liquidating Trust Assets, including the related claims and Causes of Action in accordance with the provisions of the Plan, notwithstanding any prohibition of assignability under applicable non-bankruptcy law. Such transfer includes, but is not limited to, all rights to assert, waive or otherwise exercise any attorney-client privilege, work product protection or other privilege, immunity, or confidentiality provision vested in, or controlled by, the Debtors. The Liquidating Trustee agrees to accept and hold the Liquidating Trust Assets in the Liquidating Trust for the benefit of the Liquidating Trust Beneficiaries, subject to the terms of the Plan and this Agreement.

1.4.2    Title to Assets

(a)    On the Effective Date, the Debtors shall transfer the Liquidating Trust Assets to the Liquidating Trust for the benefit of the Liquidating Trust Beneficiaries. Notwithstanding any prohibition of assignability under applicable non-bankruptcy law, all assets and properties encompassed by the Plan shall vest in the Liquidating Trust in accordance with section 1141 of the Bankruptcy Code. Upon the transfer of the Liquidating Trust Assets to the Liquidating Trust, the Debtors shall have no interest in or with respect to such Liquidating Trust Assets or the Liquidating Trust.

(b)    For all federal income tax purposes, all Parties and Liquidating Trust Beneficiaries shall treat the transfer of the Liquidating Trust Assets by the Debtors to the Liquidating Trust, as set forth in this Article 1 and in the Plan, as a transfer of such assets by the Debtors to the Liquidating Trust Beneficiaries entitled to distributions under this Agreement followed by a transfer by such Liquidating Trust Beneficiaries to the Liquidating Trust. Thus, the Liquidating Trust Beneficiaries shall be treated as the grantors and owners of a grantor trust for federal income tax purposes.

1.4.3    Valuation of Assets

As soon as practicable after the Effective Date, the Liquidating Trustee (to the extent that the Liquidating Trustee deems it necessary or appropriate in its discretion), shall value the Liquidating Trust Assets based on the good faith determination of the Liquidating Trustee. To the extent a valuation is completed, the Liquidating Trustee shall apprise the Liquidating Trust Beneficiaries of the value of the Liquidating Trust Assets. The valuation shall be used consistently by all Parties and the Liquidating Trust Beneficiaries for all federal income tax purposes. The

Bankruptcy Court shall resolve any dispute regarding the valuation of the Liquidating Trust Assets.

1.5    Nature of Trust

The Liquidating Trust is irrevocable, but this Agreement is subject to amendment and waiver as provided in the Agreement and the Plan. The Liquidating Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, limited liability partnership, joint venture, corporation, limited liability company, joint stock company or association, nor shall the Liquidating Trustee or the Liquidating Trust Beneficiaries for any purpose be, or be deemed to be, liable or responsible hereunder as partners or joint venturers. The relationship of the Liquidating Trust Beneficiaries, on the one hand, to the Liquidating Trust and the Liquidating Trustee, on the other hand, shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Agreement, the Plan, and the Confirmation Order.

1.6    Effectiveness

The effectiveness of this Agreement shall occur upon the Effective Date of the Plan.

**ARTICLE 2**
**DUTIES AND POWERS OF THE LIQUIDATING TRUSTEE**
**AND OVERSIGHT COMMITTEE**

2.1    Generally

The Liquidating Trustee shall be responsible for liquidating and administering (or abandoning, as the case may be) the Liquidating Trust Assets, including the Causes of Action (subject to the provisions of this Agreement), and taking actions on behalf of, and representing, the Liquidating Trust, including to administer certain post-Effective Date responsibilities and wind-down the Debtors under the Plan.  The Liquidating Trustee shall have the authority to bind the Liquidating Trust within the limitations set forth herein but shall for all purposes hereunder be acting in the capacity of Liquidating Trustee and not individually.

2.2    Scope of Authority of Liquidating Trustee

The Liquidating Trustee shall be deemed the Estates' representative in accordance with section 1123 of the Bankruptcy Code and shall have all the rights and powers set forth in the Liquidating Trust Agreement, including, without limitation, the powers of a trustee under sections 704 and 1106 of the Bankruptcy Code and Rule 2004 of the Bankruptcy Rules to act on behalf of the Liquidating Trust.  Without limiting the foregoing, the Liquidating Trustee will have the right, subject to any limitations set forth in this Agreement, to, among other things, (1) effect all actions and execute all agreements, instruments and other documents necessary to implement the provisions of the Plan and the Liquidating Trust Agreement, including establishing the Liquidating Trust Assets Account as soon as practicable after the Effective Date; (2) liquidate the Liquidating Trust Assets; (3) investigate, prosecute, settle, abandon or compromise any Causes of Action the Debtors hold or may hold against any Entity that are Liquidating Trust Assets; (4) make all Distributions in accordance with the Plan and the Liquidating Trust Agreement; (5) administer the

Liquidating Trust and pursue viable Causes of Action that are Liquidating Trust Assets in accordance with the Plan and the Liquidating Trust Agreement; (6) establish and administer any necessary reserves for Disputed Claims that may be required; (7) object to the Disputed Claims and prosecute, settle, compromise, withdraw or resolve in any manner approved by the Bankruptcy Court such objections; (8) assert or waive any attorney-client privilege on behalf of the Debtors and Estates with regard to acts or events during time periods prior to the Petition Date; and (9) employ and compensate professionals and other agents, including, without limitation, existing Professionals employed by the Debtors or the Committee in accordance with the Liquidating Trust Agreement or the Plan, *provided, however*, that any such compensation shall be made only out of the Liquidating Trust Assets, to the extent not inconsistent with the status of the Liquidating Trust as a liquidating trust within the meaning of Treas. Reg. § 301.7701-4(d) for federal income tax purposes.

2.3    <u>Additional Powers of Liquidating Trustee</u>

In connection with the administration of the Liquidating Trust, subject to and except as otherwise set forth in this Agreement or the Plan, the Liquidating Trustee is hereby authorized to perform those acts necessary to accomplish the purposes of the Liquidating Trust. Without limiting, but subject to, the foregoing, the Liquidating Trustee shall, unless otherwise provided in this Agreement and subject to the limitations contained herein and in the Plan:

(a)    be expressly authorized and required to hold legal title (on behalf of the Liquidating Trust as Liquidating Trustee, but not individually) to the Liquidating Trust Assets, including, but not limited to, the Causes of Action that are Liquidating Trust Assets, and be expressly authorized to vote any Claim held by the Liquidating Trust in any case or proceeding under the Bankruptcy Code or otherwise and to receive any distribution therein;

(b)    be expressly authorized and required to protect and enforce the rights to the Liquidating Trust Assets vested in the Liquidating Trust by the Plan by any method deemed appropriate in its discretion, including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

(c)    be expressly authorized to invest funds (in the manner set forth in Article 2.8), make distributions, and pay any other obligations owed by the Liquidating Trust from the Liquidating Trust Assets as provided herein and in the Plan;

(d)    be expressly authorized and required to prosecute, defend, compromise, adjust, analyze, arbitrate, abandon, estimate, or otherwise deal with and settle, in accordance with the terms set forth in Article 5 hereof, Claims against the Liquidating Trust or the Liquidating Trust Assets;

(e)    be expressly authorized and required to pay expenses and make disbursements necessary to preserve and liquidate the Liquidating Trust Assets;

(f)    be expressly authorized and required to make the Distributions as contemplated in the Plan and this Agreement;

(g)     be expressly authorized and required to file appropriate tax returns with respect to the Liquidating Trust and the Debtors, and pay taxes properly payable by the Liquidating Trust, if any, in the exercise of its fiduciary obligations;

(h)     be expressly authorized and required to take such actions as are necessary and reasonable to carryout the purposes of the Liquidating Trust;

(i)     be expressly authorized to purchase insurance coverage as the Liquidating Trustee, in its sole discretion, deems necessary and appropriate with respect to the assets, liabilities, and obligations of the Liquidating Trust;

(j)     be expressly authorized to retain and pay, as applicable, the Liquidating Trustee Professionals and Liquidating Trustee Non-Professionals as provided in, and subject to the terms of, this Agreement;

(k)     be expressly authorized to incur any reasonable and necessary expenses in liquidating and converting the Liquidating Trust Assets to Cash, or otherwise administering the Liquidating Trust, as set forth in the Plan or this Agreement;

(l)     be expressly authorized to terminate the Liquidating Trust and seek to close the Chapter 11 Cases pursuant to section 350(a) of the Bankruptcy Code;

(m)     be expressly authorized to open and maintain bank accounts, including the Liquidating Trust Assets Account; and

(n)     be expressly authorized and required to assume such other powers as may be vested in or assumed by the Liquidating Trust pursuant to the Plan or Bankruptcy Court order, or as may be necessary and proper to carry out the provisions of the Plan or this Agreement.

2.4     General Authority of the Liquidating Trustee

Unless specifically stated otherwise herein, the Liquidating Trustee shall not be required to obtain Bankruptcy Court approval with respect to any proposed action or inaction: (a) authorized in this Agreement; or (b) contemplated in the Plan.

2.5     Limitation of Liquidating Trustee's Authority; No On-Going Business

(a)     The Liquidating Trustee shall not be authorized to engage in any trade or business with respect to the Liquidating Trust Assets or any proceeds therefrom except to the extent reasonably necessary to, and consistent with, the liquidation purpose of the Liquidating Trust as set forth in the Plan. The Liquidating Trustee shall take such actions consistent with the prompt orderly liquidation of the Liquidating Trust Assets as required by applicable law and consistent with the treatment of the Liquidating Trust as a liquidating trust under Treasury Regulation section 301.7701-4(d), to the extent such actions are permitted by this Agreement.

(b)     Certain acts by the Liquidating Trustee shall require approval of the Oversight Committee, as further set forth in Article 2.10 of this Agreement.

2.6     Other Activities

The Liquidating Trustee shall be entitled to retain Liquidating Trustee Professionals and Liquidating Trustee Non-Professionals in accordance with the terms of this Agreement, and to assist with the administration of the Liquidating Trust including, but not limited to, former employees and Professionals retained by the Debtors, without the need for an order of the Bankruptcy Court. The provision of services by any Professional retained in the Chapter 11 Cases shall not disqualify such Professional from employment by the Liquidating Trustee and any conflict of interest with respect to such firm's prior representations in the Chapter 11 Cases shall be deemed waived upon entry of the Confirmation Order.  The Liquidating Trustee, the Liquidating Trustee Professionals, and the Liquidating Trustee Non-Professionals may be retained in matters that are unrelated to the Liquidating Trust by banks, bank groups or other institutional lenders or debt holders who are, or whose Affiliates are, Liquidating Trust Beneficiaries or its Affiliates, so long as such other retention does not involve holding or representing any interest adverse to the interests of the Liquidating Trust, or otherwise preclude or impair the Liquidating Trustee from performing its duties under this Agreement.

2.7     Investment and Safekeeping of Liquidating Trust Assets

All monies and other assets received by the Liquidating Trustee shall, until distributed or paid over as provided in the Plan and this Agreement, be segregated from all other monies and assets of the Liquidating Trustee, and further, shall be held in trust for the benefit of the Liquidating Trust Beneficiaries, but need not be segregated from other Liquidating Trust Assets, unless and to the extent required by the Plan and this Agreement. The Liquidating Trustee shall promptly invest any such monies in the manner set forth in this Article 2.8 but shall otherwise be under no liability for interest or income on any monies received by the Liquidating Trust hereunder and held for distribution or payment to the Liquidating Trust Beneficiaries, except as such interest shall actually be received. Investment of any monies held by the Liquidating Trust shall be administered in accordance with the general duties and obligations hereunder. Notwithstanding anything to the contrary in this Agreement, the right and power of the Liquidating Trustee to invest the Liquidating Trust Assets, the proceeds thereof, or any income earned by the Liquidating Trust, shall be limited to the right and power to: (i) invest such Liquidating Trust Assets (pending distributions in accordance with the Plan or this Agreement) in (a) short-term direct obligations of, or obligations guaranteed by, the United States of America or (b) short-term obligations of any agency or corporation which is or may hereafter be created by or pursuant to an act of the Congress of the United States as an agency or instrumentality thereof; or (ii) deposit such assets in demand deposits at any bank or trust company, which has, at the time of the deposit, a capital stock and surplus aggregating at least $1,000,000,000 (collectively, the "Permissible Investments") provided, however, that the scope of any such Permissible Investments shall be limited to include only those investments that a liquidating trust, within the meaning of Treasury Regulation section 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements or otherwise.

2.8     Establishment of Reserves; Effective Date Cash Transfers

(a)     On or as soon after the Effective Date as is reasonably practical, the Debtors shall

use any available Cash to (i) fund payments to be made pursuant to or otherwise consistent with the Plan, and (ii) transfer to the Liquidating Trust the (A) Trust Funding Amount and (B) an amount necessary to establish appropriate reserves (including the Professional Fee Reserve) to pay Administrative Claims, Priority Tax Claim, and Priority Non-Tax Claims that become Allowed after the Effective Date (collectively, the "Effective Date Cash Transfers").

(b)     Notwithstanding any other provision of the Plan or the Liquidating Trust Agreement, Liquidating Trust Assets will be used in the first instance by the Liquidating Trustee to pay or reserve for all unpaid Administrative Claims, Priority Tax Claims, and Priority Non-Tax Claims (including any Disputed Claims until such Claims are resolved), prior to use of the available Cash for purposes of the Liquidating Trust.  Subject to the restrictions set forth herein, the Liquidating Trust Assets (to the extent remaining after payment of or reserve for all Allowed Administrative Claims, Priority Tax Claims, and Priority Non-Tax Claims) will be used by the Liquidating Trustee to pay for the expenses of the Liquidating Trust in accordance with the Liquidating Trust Agreement.

(c)     On or as soon as practicable following the Effective Date, the Liquidating Trust Assets Account shall be opened by the Liquidating Trustee and funded with the amount set forth in Article 2.9(a) of this Agreement (the "Initial Trust Cash"), which shall constitute Liquidating Trust Assets.  Thereafter, from time to time, upon receipt of any Liquidation Proceeds or any Litigation Recovery, the Liquidating Trustee shall deposit such funds into the Liquidating Trust Assets Account, and such funds shall become part of the Liquidating Trust Assets.

(d)     Subject to approval of the Oversight Committee, the Liquidating Trustee may: (i) establish and maintain additional reserves to satisfy current and projected expenses of the Liquidating Trust, and to satisfy Claims and contingent liabilities (including Disputed Claims); (ii) establish a separate Disputed Claims Reserve on account of Distributions of Cash or other property as necessary under the Plan; and (iii) establish a separate Disputed Tax Claims Reserve and may elect to treat any of the Liquidating Trust Assets allocable to, or on account of, Disputed Claims as a "disputed ownership fund" governed by Treasury Regulations section 1.468B-9, if applicable, pursuant to the Plan. If a "disputed ownership fund" election is made, all parties (including the Debtors, holders of Claims, and the Liquidating Trustee) shall report for United States federal, state, and local income tax purposes consistently with the foregoing.

2.9     Oversight Committee

(a)     Membership.

(i)     The Oversight Committee and is hereby established as of the Effective Date pursuant to this Agreement.  The Oversight Committee shall have three (3) members consisting of: (i) two (2) members selected by the Cash Flow DIP Lender; and (ii) one (1) member selected by the Committee.

(ii)     The initial members of the Oversight Committee shall be the Persons set forth on Exhibit [__] attached hereto. No Liquidating Trust Beneficiary shall have any approval rights whatsoever in respect of management and operation of the Liquidating Trust.

(iii)    The Oversight Committee shall have the rights and obligations set forth in this Agreement and the Plan.

(b)    Tenure, Removal, and Replacement of the Members of the Oversight Committee

(i)    The authority of the members of the Oversight Committee will be effective as of the Effective Date and will remain and continue in full force and effect until the Liquidating Trust is terminated in accordance with Article 12.1 herein. The service of the members of the Oversight Committee will be subject to the following:

(A)    The members of the Oversight Committee will serve until disability, death, resignation pursuant to subsection (B) below, or removal pursuant to subsection (C) below.

(B)    A member of the Oversight Committee may resign at any time by providing a written notice of resignation to the Trustee and the remaining members of the Oversight Committee.  Such resignation will be effective upon the date delivered to the Liquidating Trustee and the Oversight Committee, in accordance with Article 14.6, or such later date specified in the written notice.

(C)    A member of the Oversight Committee may be removed by the majority vote of the other members of the Oversight Committee, a written resolution of which shall be delivered to the removed Oversight Committee member; *provided*, *however*, that such removal may only be made for cause;

(D)    In the event of a vacancy on the Oversight Committee (whether by removal, disability, death or resignation), a new member shall be appointed to fill such position by the Person(s) who initially designated the member whose seat has become vacant or by the designee of such Person(s).

(E)    Immediately upon the appointment of any successor member of the Oversight Committee, all rights, powers, duties, authority, and privileges of the predecessor member of the Oversight Committee hereunder will be vested in and undertaken by the successor member of the Oversight Committee without any further act; and the successor member of the Oversight Committee will not be liable personally for any act or omission of the predecessor member of the Oversight Committee and the predecessor member of the Oversight Committee will not be liable personally for any act or omission of the successor member of the Oversight Committee; and

(F)    Every successor member of the Oversight Committee appointed hereunder shall execute, acknowledge and deliver to the Liquidating Trustee and other members an instrument accepting the appointment under this Agreement and agreeing to be bound thereto, and thereupon the successor member of the Oversight Committee without any further act, deed, or conveyance, shall become vested with all rights, powers, trusts, and duties of the retiring member.

(c)    Compensation and Reimbursement of Expenses of the Oversight Committee

(i)      Members of the Oversight Committee shall each receive compensation in an amount equal to [$_____], which shall be paid in [____] installments on [____], for the services provided by the members of the Oversight Committee (the "Oversight Compensation Fees"); provided that if the Liquidating Trust is dissolved, wound-up or terminate pursuant to this Agreement the members of the Oversight Committee shall be entitled to their prorated portion of the next quarterly installment of the Oversight Compensation Fees due following such dissolution, wind-up or termination, payable on or immediately prior to the dissolution, wind-up or termination of the Trust. The Oversight Compensation Fees shall be paid to the members of the Oversight Committee from the reserves of the Liquidating Trust without necessity for review or approval by the Bankruptcy Court or any other Person except for the Liquidating Trustee.  For the avoidance of doubt, compensation in an amount equal to [$_____] shall be the only compensation each member of the Oversight Committee is entitled to under this Trust Agreement and the Plan and members shall not be entitled to any reimbursement for out-of-pocket expenses, except in accordance with Article 6.3.

(ii)      The acceptance or receipt of compensation authorized by this Article 2.10(c) shall not be a disqualifying conflict for any member of the Oversight Committee.

(d)      Special Provisions Regarding Oversight Committee Approval

(i)      The Oversight Committee shall have approval rights over the following key decisions by the Liquidating Trustee: (a) the Liquidating Trustee's retention of any Liquidating Trustee Professionals and Liquidating Trustee Non-Professionals; (b) the proposed reserves and budgets for the Liquidating Trust; (c) any proposed Distributions by the Liquidating Trust; and (d) settling, compromising, or allowing any Claim in a liquidated amount in excess of [$_____] (including any such Claim originally scheduled or filed in an unliquidated amount).

(ii)      The Liquidating Trustee shall notify the Oversight Committee for any matters over which the Oversight Committee has approval rights.  The Liquidating Trustee may obtain the Oversight Committee's advice for any action by email, without a meeting, and advice shall be deemed to have been provided pursuant to majority vote of the Oversight Committee upon the Liquidation Trustee's receipt of return emails from at least a majority of the Oversight Committee after a period of time reasonable under the circumstances.  Unless the Liquidating Trustee request an earlier response based on the circumstances, the members of the Oversight Committee shall have a period of three (3) Business Days after receipt of such notice to review the proposed action or settlement and to notify the Liquidating Trustee of objections, if any, to the proposed action or settlement.  If such objection is made, the Liquidating Trustee shall not move forward with the matter absent Bankruptcy Court approval after at least ten (10) Business Days' notice to the Oversight Committee.

(e)      Privileged Communications with Oversight Committee

Privileged communications may be shared among the Liquidating Trustee, the Liquidating Trustee Professionals, the Liquidating Trustee Non-Professionals, and the Oversight Committee without compromising the privileged nature of such communications in accordance with the "joint interest" doctrine.

## ARTICLE 3
## TERM AND COMPENSATION FOR LIQUIDATING TRUSTEE

    3.1    <u>Compensation</u>

    (a)    The Liquidating Trustee shall be entitled to receive compensation for services rendered on behalf of the Liquidating Trust and reimbursement of expenses as outlined in <u>Exhibit A</u> to this Agreement.

    (b)    All compensation and other amounts payable to the Liquidating Trustee shall be paid out of the Liquidating Trust Expense Reserve.

    3.2    <u>Termination</u>

    The duties, responsibilities, and powers of the Liquidating Trustee will terminate on the date the Liquidating Trust is dissolved and terminated pursuant to Article 12.1, or by an order of the Bankruptcy Court.

    3.3    <u>Bond</u>

    The Liquidating Trustee shall not be required to give any bond or surety or other security for the performance of its duties unless otherwise ordered by the Bankruptcy Court. The cost of any bond shall be an expense of the Liquidating Trust and paid from the Liquidating Trust Assets.

    3.4    <u>Removal</u>

    The Liquidating Trustee may be removed (x) upon thirty (30) days' written notice from the Oversight Committee and (y) for cause by a Final Order of the Bankruptcy Court, after notice and a hearing; provided, however, that the Liquidating Trustee may not be removed until a successor Liquidating Trustee has been named or is capable of being named immediately upon such removal. For purposes of removing the Liquidating Trustee, "cause" shall mean gross negligence, breach of fiduciary duty, breach of trust, and reckless or willful mishandling of the Liquidating Trust Assets. Any fees and unreimbursed expenses that have been properly incurred by the Liquidating Trustee in accordance with the terms of this Agreement that are owing to the Liquidating Trustee as of the date of the Liquidating Trustee's removal shall be paid to the Liquidating Trustee within seven (7) calendar days of the removal date.

    3.5    <u>Resignation</u>

    The Liquidating Trustee may resign by giving not less than thirty (30) calendar days' prior written notice thereof to the Bankruptcy Court and the Liquidating Trust Beneficiaries.

**ARTICLE 4**

**PROVISIONS REGARDING DISTRIBUTIONS**

4.1     Priority and Method of Distributions

(a)     Generally. The Liquidating Trustee, on behalf of the Liquidating Trust, or such other Person as may be designated in accordance with this Agreement, will make distributions to the Liquidating Trust Beneficiaries in accordance with this Agreement and in accordance with the priorities set forth in, and the other provisions of, the Plan. Whenever any distribution to be made under the Plan or this Agreement is due on a day other than a Business Day, such distribution shall be made, without interest, on the immediately succeeding Business Day, but any such distribution will have been deemed to have been made on the date due.

(b)     Distribution of Liquidating Trust Assets and Proceeds Thereof.  Notwithstanding anything to the contrary in this Agreement, all Liquidating Trust Assets and all Liquidating Trust Asset Proceeds shall be distributed in accordance with the terms of this Agreement, the Plan, and the Confirmation Order and from the Liquidating Trust Assets net of all other reserves established by the Liquidating Trustee, if any, and only to the extent that the Liquidating Trust has sufficient Liquidating Trust Assets to make such payments in accordance with and to the extent provided for in the Plan, the Confirmation Order and this Liquidating Trust Agreement, and the relevant provisions of the Plan are incorporated herein by reference.

(c)     Timing of Distributions.  Except as specifically set forth in the Plan and Article 4.1(d) of this Agreement, the Liquidating Trustee may determine, in its discretion, the appropriate timing, amount, and cadence for distributions; provided, that the Liquidating Trustee shall make continuing efforts to make timely distributions and not unduly prolong the duration of the Liquidating Trust.

(d)     Periodic Distribution Requirement.  Subject to the provisions of this Article 4 and to the extent required to maintain grantor trust tax status, the Liquidating Trustee may distribute within thirty (30) days after the end of each calendar quarter following the Effective Date, or upon such other interval as the Bankruptcy Court may order, but in no event less frequently than annually, to the Liquidating Trust Beneficiaries the Liquidating Trust's net income plus all net proceeds from the sale, realization, settlement, or liquidation of the Liquidating Trust Assets, except that the Liquidating Trustee may retain an amount of net proceeds or net income reasonably necessary to maintain the value of the Liquidating Trust Assets, to satisfy current and projected expenses of the Liquidating Trust, and to satisfy Claims and contingent liabilities (including Disputed Claims).

(e)     Withholding.  The Liquidating Trustee may withhold from amounts distributable to any Person any and all amounts, to be determined in the Liquidating Trustee's reasonable sole discretion, required by any law, regulation, rule, ruling, directive or other government equivalent of the United States or of any political subdivision thereof. To the extent that amounts are so withheld and paid over to the appropriate governmental entity, such amounts shall be treated for all purposes of this Agreement as having been paid to the Person in respect of whom such deduction and withholding was made.

(f)    <u>Tax Identification Numbers</u>. The Liquidating Trustee is authorized to request and obtain from the Liquidating Trust Beneficiaries or any other Person Forms W-8 and/or W-9 or such other forms or information relating to the Liquidating Trustee's obligations to withhold as the Liquidating Trustee may reasonably request, and the Liquidating Trustee may condition any distribution to any Liquidating Trust Beneficiary or other distributee upon receipt of such forms or information.

4.2    <u>Delivery of Distributions</u>

Subject to applicable Bankruptcy Rules, all Distributions to Holders shall be made by the Liquidating Trustee to the applicable Holders of Allowed Claims or their designees. Except as otherwise provided herein, Distributions to the Holders shall be made: (i) at the addresses set forth on the respective Proofs of Claim Filed by such Holders; (ii) at the addresses set forth in any written notices of address changes delivered to the Liquidating Trustee after the date of any related Proof of Claim; or (iii) at the address reflected in the Schedules or the Debtors' books and records if no Proof of Claim is Filed and the Liquidating Trustee has not received a written notice of a change of address.

4.3    <u>Undeliverable Distributions</u>

In the event that any distribution to any Holder is returned as undeliverable, no distribution to such Holder shall be made unless and until the Debtors or the Liquidating Trustee, as applicable, have determined the then-current address of such Holder, at which time such distribution shall be made to such Holder without interest; provided, however, that 90 days after the date such undeliverable distribution was initially made, all such unclaimed property or interests in property shall irrevocably revert to the Liquidating Trust automatically and without need for a further order by the Bankruptcy Court (notwithstanding any applicable federal, provincial or state escheat, abandoned, or unclaimed property laws to the contrary), and the Claim of any Holder to such property or interest in property shall be discharged and forever barred.

4.4    <u>Final Distribution and Closure of the Chapter 11 Cases</u>

If at any time the Liquidating Trustee determines that the expense of administering the Liquidating Trust so as to make a final distribution to the Liquidating Trust Beneficiaries is likely to exceed the value of the Liquidating Trust Assets remaining in the Liquidating Trust, the Liquidating Trustee shall apply to the Bankruptcy Court for authority to (i) distribute to each Liquidating Trust Beneficiary its Pro Rata share of Cash remaining in the Liquidating Trust Reserve Account (after reserving for administrative cost associated therewith) and (ii) close the Chapter 11 Cases in accordance with the Bankruptcy Code and Bankruptcy Rules. Notice of such application shall be given electronically, to the extent practicable, to those parties who have filed requests for notices and whose electronic addresses remain current and operating.

4.5    <u>De Minimis Distributions</u>

If any interim distribution under the Plan to the Holder of an Allowed Claim would be less than $100.00, the Liquidating Trustee may withhold such distribution until a final distribution is made to such Holder. If any final distribution under the Plan to the Holder of an Allowed Claim

would be less than $50.00, the Liquidating Trustee may cancel such distribution which shall irrevocably revert to the Liquidating Trust automatically and without need for a further order by the Bankruptcy Court (notwithstanding any applicable federal, provincial or state escheat, abandoned, or unclaimed property laws to the contrary), and the Claim of any Holder to such property or interest in property shall be discharged and forever barred.

## ARTICLE 5
## PROCEDURES FOR RESOLUTION OF DISPUTED, CONTINGENT, AND UNLIQUIDATED CLAIMS OR EQUITY INTERESTS

5.1     Objections to Claims; Prosecution of Disputed Claims

Except insofar as a Claim is Allowed under the Plan on and after the Effective Date, and subject to Section 2.10 of this Agreement, the Liquidating Trustee will have the authority, but not the obligation, to do any of the following with respect to any Claims or Interests: (1) file, withdraw, or litigate to judgment objections to and requests for estimation of Claims; (2) settle or compromise any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3) administer and adjust the Claims register to reflect any such settlements or compromises without any further notice to or action, order, or approval by, the Bankruptcy Court. The Liquidating Trustee shall succeed to any pending objections to Claims filed by the Debtors prior to the Effective Date and shall have and retain any and all rights and defenses the Debtors had immediately prior to the Effective Date with respect to any Disputed Claim. The Liquidating Trustee may, but shall not be obligated to, object to any Claim.

5.2     Estimation of Claims

The Liquidating Trustee may at any time request that the Bankruptcy Court estimate any contingent or unliquidated Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether the Debtors or the Liquidating Trustee previously have objected to such Claim or whether the Bankruptcy Court has ruled on any such objection. The Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including, without limitation, during the pendency of any appeal relating to any such objection. Subject to the provisions of section 502(j) of the Bankruptcy Code, in the event that the Bankruptcy Court estimates any contingent or unliquidated Claim, the amount so estimated shall constitute the maximum allowed amount of such Claim. If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Liquidating Trustee may pursue supplementary proceedings to object to the allowance of such Claim. All of the aforementioned objection, estimation and resolution procedures are intended to be cumulative and not necessarily exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.

5.3     Payments and Distributions on Disputed Claims

(a)     Notwithstanding anything herein to the contrary: (a) no distribution shall be made with respect to any Disputed Claim until such Claim becomes an Allowed Claim (as applicable), and (b) unless agreed otherwise by the Liquidating Trustee no distribution shall be made to any Person that holds both an Allowed Claim and a Disputed Claim until such Person's Disputed

Claims have been resolved by settlement or Final Order.

(b)     Except as otherwise provided in a Final Order or as agreed by the relevant parties, distributions on account of Disputed Claims, if any, that become Allowed, shall be made by the Liquidating Trustee at such periodic intervals as the Liquidating Trustee determines to be reasonably prudent. No interest will be paid on Disputed Claims that later become Allowed or with respect to any distribution in satisfaction thereof to a Holder.

## ARTICLE 6
## LIABILITY PROVISIONS

6.1     <u>Standard of Liability</u>

In no event shall the Liquidating Trustee or the Liquidating Trustee Professionals, the Oversight Committee, the Liquidating Trustee Non-Professionals, Affiliates, representatives, employees, directors, officers or principals be held personally liable for any claim, expense, liability or other obligation asserted against the Liquidating Trust. The Liquidating Trustee and all of its Liquidating Trustee Professionals, Liquidating Trustee Non-Professionals, the Oversight Committee, Affiliates, representatives, employees, directors, officers or principals shall not be liable for any negligence or any error of judgment made in good faith with respect to any action taken or omitted to be taken in good faith, except to the extent that the action taken or omitted to be taken by each of the same or their respective Liquidating Trustee Professionals, Liquidating Trustee Non-Professionals, the Oversight Committee, Affiliates, representatives, employees, directors, officers or principals is determined by a Final Order to be solely due to their own respective actual fraud or willful misconduct or, solely in the case of the Liquidating Trustee, breach of fiduciary duty. Any act or omission taken with the approval of the Bankruptcy Court will be conclusively deemed not to constitute gross negligence or willful misconduct.

6.2     <u>Reliance by Liquidating Trustee</u>

Except as otherwise provided herein:

(a)     the Liquidating Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, installment, opinion, report, notice, request, consent, order, or other paper or document reasonably believed to be genuine and to have been signed or presented by the proper party or parties;

(b)     the Liquidating Trustee shall not be liable for any action reasonably taken or not taken in accordance with the advice of a Liquidating Trustee Professional; and

(c)     persons dealing with the Liquidating Trustee shall look only to the Liquidating Trust Assets to satisfy any liability incurred by the Liquidating Trustee to such person in carrying out the terms of this Agreement, and the Liquidating Trustee shall not have any personal obligation to satisfy any such liability, except to the extent that actions taken or not taken after the Effective Date by the Liquidating Trustee are determined by a Final Order to be solely due to the Liquidating Trustee's own gross negligence, willful misconduct, fraud or breach of fiduciary duty.

6.3     Limitations of Liabilities; Indemnification

(a)     Limitation of Liabilities. The Liquidating Trustee, the Liquidating Trustee Professionals, the Oversight Committee, the Liquidating Trustee Non-Professionals, and each of their Affiliates, representatives, employees, directors, officers or principals, shall not be responsible and shall not have any liability whatsoever to any person for any loss or liability the Debtors, the Estates, or the Liquidating Trust may sustain or incur, except as otherwise provided in Article 6.3(c) of this Agreement.

(b)     No Holder of a Claim or other party-in-interest will have or be permitted to pursue any claim or cause of action against the Liquidating Trustee, the Liquidating Trustee Professionals, the Oversight Committee, the Liquidating Trustee Non-Professionals, and each of their Affiliates, representatives, employees, directors, officers or principals for making payments in accordance with the Plan or this Agreement or for implementing the provisions of the Plan or this Agreement. Any act taken or not taken, in the case of the Liquidation Trustee with the approval of the Bankruptcy Court, will be conclusively deemed not to constitute fraud, gross negligence, willful misconduct, or a breach of fiduciary duty.

(c)     Indemnification. The Liquidating Trust shall indemnify, defend and hold harmless the Liquidating Trustee, the Liquidating Trustee Professionals, the Oversight Committee, and Liquidating Trustee Non-Professionals, solely from Liquidating Trust Assets, from and against any and all claims, causes of action, liabilities, obligations, losses, damages or expenses (including attorneys' fees and expenses) occurring after the Effective Date, other than to the extent determined by a Final Order to be solely due to their own respective actual fraud or willful misconduct or, solely in the case of the Liquidating Trustee, breach of fiduciary duty, to the fullest extent permitted by applicable law. Satisfaction of any obligation of the Liquidating Trust arising pursuant to the terms of this Article 6 shall be payable first, from any applicable insurance or similar policy, and only after the exhaustion of such insurance, second, from the Liquidating Trust Assets, and may be advanced from insurance prior to the conclusion of such matter, and such right to payment shall be prior and superior to any other rights to receive a distribution of the Liquidating Trust Assets, including, without limitation, the Liquidating Trust Beneficiaries.

(d)     In connection with the Liquidating Trust's request for closure of the Chapter 11 Cases pursuant to section 350(a) of the Bankruptcy Code, the Liquidating Trustee shall be authorized to seek exculpation from and after the Effective Date for the Liquidating Trustee Professionals, the Oversight Committee, the Liquidating Trustee Non-Professionals, and each of their Affiliates, representatives, employees, directors, officers or principals, by all Persons and Entities, including, without limitation, Holders of Claims and other parties in interest, from any and all claims, causes of action and other assertions of liability arising out of the discharge of the powers and duties conferred upon said parties pursuant to or in furtherance of this Agreement, the Plan, or any order of the Bankruptcy Court or applicable law or otherwise, except only for actions taken or not taken, from and after the Effective Date only to the extent determined by a Final Order to be solely due to their own respective actual fraud or willful misconduct or, solely in the case of the Liquidating Trustee, breach of fiduciary duty.

**ARTICLE 7**
**LIQUIDATING TRUST BENEFICIARIES**

7.1     Identification of Liquidating Trust Beneficiaries

In order to determine the actual names and addresses of the Liquidating Trust Beneficiaries, the Liquidating Trustee shall be entitled to conclusively rely on the names and addresses set forth in the Debtors' Schedules or filed proofs of claim, unless the Liquidating Trustee receives timely notice of a Liquidating Trust Beneficiary's change of address. Each Liquidating Trust Beneficiary's right to distribution from the Liquidating Trust, which is dependent upon such Liquidating Trust Beneficiary's classification under the Plan, shall be that accorded to such Liquidating Trust Beneficiary under the Plan.

7.2     Beneficial Interest Only

The ownership of a Liquidating Trust Interest shall not entitle any Liquidating Trust Beneficiary to any title in or to, possession of, management of or control of any of the Liquidating Trust Assets, or to require an accounting, except as specifically provided herein.

7.3     Transferability of Liquidating Trust Beneficiaries' Interests

The beneficial interests that are owned by the Liquidating Trust Beneficiaries, which shall be reflected only on the records of the Liquidating Trust maintained by the Liquidating Trustee, shall be uncertificated but shall be voluntarily assignable or transferable upon written notice from such Liquidating Trust Beneficiary to the Liquidating Trustee. In the case of a deceased individual Liquidating Trust Beneficiary, its executor or administrator shall succeed to such decedent's beneficial interest upon notice to the Liquidating Trustee.

## ARTICLE 8
## ADMINISTRATION

8.1     Purpose of the Liquidating Trust

The Liquidating Trust shall be established for the primary purpose of liquidating its assets, in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidation purpose of the Liquidating Trust as set forth in the Plan. Accordingly, the Liquidating Trustee shall, in an expeditious but orderly manner, liquidate and convert to Cash the Liquidating Trust Assets, make timely distributions to the Liquidating Trust Beneficiaries and not unduly prolong its duration, and shall take or refrain from taking such other actions as may be necessary, in the Liquidating Trustee's reasonable judgment, to preserve and maintain the status of the Liquidating Trust as a "liquidating trust" and as a "grantor trust" within the meaning of Treasury Regulation sections 301.7701-4(d) and 1.671-4(a). The Liquidating Trust shall not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth in the Plan or this Agreement.

8.2     Books and Records

The Liquidating Trustee shall maintain books and records relating to the administration of

the Liquidating Trust Assets and the distribution by the Liquidating Trustee of the proceeds therefrom in such detail and for such period of time as may be necessary to make full and proper accounting in respect thereof and to comply with applicable provisions of law. The Liquidating Trustee shall also maintain books and records relating to the administration of the Liquidating Trust Assets (including the Causes of Action), the income and expenses of the Liquidating Trust, and the payment of expenses of and liabilities of, claims against or assumed by, the Liquidating Trust in such detail and for such period of time as may be necessary to make full and proper accounting in respect thereof and to comply with applicable provisions of law. Except as otherwise provided herein or in the Plan, nothing in this Agreement requires the Liquidating Trustee to file any accounting or seek approval of any court with respect to the administration of the Liquidating Trust, or as a condition for making any payment or distribution out of the Liquidating Trust Assets.

8.3    Compliance with Laws

Any and all distributions of Liquidating Trust Assets shall comply with all applicable laws and regulations, including, but not limited to, applicable federal and state tax and securities laws.

## ARTICLE 9
## SUCCESSOR LIQUIDATING TRUSTEE

9.1    Successor Liquidating Trustee

In the event the Liquidating Trustee is removed by the Bankruptcy Court, resigns pursuant to this Agreement, or otherwise vacates its position, a successor Liquidating Trustee shall be appointed that is acceptable to the Oversight Committee. Any successor Liquidating Trustee appointed hereunder shall execute an instrument accepting such appointment. Thereupon, such successor Liquidating Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts and duties of its predecessor in the Liquidating Trust with like effect as if originally named herein; provided, however, that a removed or resigning Liquidating Trustee shall, nevertheless, when requested in writing by the successor Liquidating Trustee, execute and deliver any reasonable instrument or instruments conveying and transferring to such successor Liquidating Trustee all the estates, properties, rights, powers, and trusts of such removed or resigning Liquidating Trustee.

## ARTICLE 10
## REPORTING

10.1    Quarterly and Final Reports

As soon as practicable but in no event later than sixty (60) calendar days after the end of the first full quarter following the Effective Date and on a quarterly basis thereafter until all Cash in the Liquidating Trust has been distributed or otherwise paid out in accordance with the Plan and this Agreement, the Liquidating Trustee shall File a report with the Bankruptcy Court setting forth the amounts, recipients, and dates of all Distributions made by the Liquidating Trustee through each applicable reporting period.

10.2    Federal Income Tax

(a)      Grantor Trust Status. Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Liquidating Trustee), the Liquidating Trustee shall file tax returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a).

(b)      Allocations of Liquidating Trust Taxable Income. Subject to the provisions of Article 10.2(a) hereof, allocations of Liquidating Trust taxable income shall be determined by reference to the manner in which an amount of cash equal to such taxable income would be distributed (without regard to any restriction on distributions described herein) if, immediately prior to such deemed distribution, the Liquidating Trust had distributed all of its assets (valued for this purpose at their tax book value) to the Liquidating Trust Beneficiaries (treating any Holder of a Disputed Claim, for this purpose, as a current Liquidating Trust Beneficiary entitled to distributions), taking into account all prior and concurrent distributions from the Liquidating Trust (including any distributions held in reserve pending the resolution of Disputed Claims). Similarly, taxable losses of the Liquidating Trust will be allocated by reference to the manner in which an economic loss would be borne immediately after a liquidating distribution of the Liquidating Trust Assets. The tax book value of the Liquidating Trust Assets for this purpose shall equal their fair market value on the Effective Date or, if later, the date such assets were acquired by the Liquidating Trust, adjusted in either case in accordance with tax accounting principles prescribed by the United States Internal Revenue Code, the Treasury Regulations and any other applicable administrative and judicial authorities and pronouncements.

(c)      Tax Reporting Duties of Liquidating Trustee. Within ninety (90) calendar days following the end of each taxable year, the Liquidating Trustee shall prepare and distribute a statement setting forth the information necessary for each Liquidating Trust Beneficiary to determine its share of items of income, gain, loss, deduction or credit for United States federal income tax purposes.

10.3    Other

The Liquidating Trustee shall file (or cause to be filed) any other statement, returns or disclosures relating to the Liquidating Trust or the Liquidating Trust Assets, that are required by the IRS or any other Governmental Unit.

## ARTICLE 11
## LIQUIDATING TRUSTEE PROFESSIONALS AND NON-PROFESSIONALS

11.1    Retention of Liquidating Trustee Professionals and Non-Professionals

(a)      Subject to approval of the Oversight Committee, the Liquidating Trustee may right to retain its own professionals, including, without limitation, claims, disbursing and transfer agents, legal counsel, accountants, experts and other agents or advisors, as the Liquidating Trustee deems appropriate (the "Liquidating Trustee Professionals") and on such terms as the Liquidating Trustee deems appropriate. The Liquidating Trustee Professionals shall be compensated in accordance with

Article 11.2 hereof. The Liquidating Trustee Professionals so retained need not be "disinterested" as that term is defined in the Bankruptcy Code and may include, without limitation, counsel and financial advisors of the Debtors.

(b)    Subject to approval of the Oversight Committee, the Liquidating Trustee shall have the right to retain non-professionals including, without limitation, employees, independent contractors or other agents as the Liquidating Trustee deems appropriate (the "Liquidating Trustee Non-Professionals") and on such terms as the Liquidating Trustee deems appropriate. Such Liquidating Trustee Non-Professionals shall be compensated in accordance with Article 11.2 hereof. The Liquidating Trustee Non-Professionals so retained need not be "disinterested" as that term is defined in the Bankruptcy Code.

11.2    Payment to Liquidating Trustee Professionals and Liquidating Trustee Non-Professionals

(a)    After the Effective Date, Liquidating Trustee Professionals shall be required to submit reasonably detailed invoices on a monthly basis to the Liquidating Trustee, including in such invoices a description of the work performed, who performed such work, and if billing on an hourly basis, the hourly rate of each such person, plus an itemized statement of expenses. The Liquidating Trustee shall pay those invoices fourteen (14) calendar days after a copy of such invoices is provided to the Liquidating Trustee, without Bankruptcy Court approval, unless the Liquidating Trustee objects. If there is a dispute as to a part of an invoice, the Liquidating Trustee shall pay the undisputed portion and the Bankruptcy Court shall resolve any disputed amount.

(b)    After the Effective Date, Liquidating Trustee Non-Professionals shall be required to submit to the Liquidating Trustee periodic invoices containing information with sufficient detail to assess the reasonableness of the fees and charges. The Liquidating Trustee shall pay those invoices fourteen (14) calendar days after a copy of such invoices is provided to the Liquidating Trustee, without Bankruptcy Court approval, unless the Liquidating Trustee objects. If there is a dispute as to a part of an invoice, the Liquidating Trustee shall pay the undisputed portion and the Bankruptcy Court shall resolve any disputed amount.

(c)    All payments to Liquidating Trustee Professionals and Liquidating Trustee Non-Professionals shall be paid out of the Liquidating Trust reserve accounts.

## ARTICLE 12
## TERMINATION OF LIQUIDATING TRUST

12.1    Duration and Extension

Notwithstanding any provision of the Plan to the contrary, the Liquidating Trust shall dissolve upon the earlier of the distribution of all Liquidating Trust Assets to Liquidating Trust Beneficiaries required to be made by the Liquidating Trust under the Plan or the fifth anniversary of the creation of the Liquidating Trust, provided, however, that, notwithstanding the foregoing, the Liquidating Trust shall be dissolved no later than five (5) years from the Effective Date unless the Bankruptcy Court, upon a motion made at least 6 months prior to the fifth anniversary of the Effective Date or the end of any extension period approved by the Bankruptcy Court, determines

that a fixed period extension (not to exceed three (3) years, together with any prior extensions, without a favorable letter ruling from the IRS that any further extension would not adversely affect the status of the Liquidating Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery and liquidation of the Liquidating Trust Assets; provided, however, that adequate funding exists for such extension period as determined by the Bankruptcy Court; provided, further, that each request for an extension shall be approved by the Bankruptcy Court within six months prior to the conclusion of the extended term. After (a) the final Distribution of the balance of the assets or proceeds of the Liquidating Trust pursuant to the Plan, (b) the filing by or on behalf of the Liquidating Trust of a certification of dissolution with the Bankruptcy Court in accordance with the Plan, and (c) any other action deemed appropriate by the Liquidating Trustee, the Liquidating Trust shall be deemed dissolved for all purposes without the necessity for any other or further actions.

12.2   Diligent Administration

The Liquidating Trustee shall, as applicable, (i) not unduly prolong the duration of the Liquidating Trust; (ii) at all times endeavor to resolve, settle or otherwise dispose of all claims that constitute Liquidating Trust Assets; (iii) effect the liquidation and distribution of the Liquidating Trust Assets to the Liquidating Trust Beneficiaries in accordance with the terms hereof; and endeavor to terminate the Liquidating Trust as soon as reasonably practicable.

## ARTICLE 13
## AMENDMENT AND WAIVER

13.1   Amendment and Waiver

Any substantive provision of this Agreement may be materially amended or waived only with the written consent of the Liquidating Trustee or, in the absence of such consent, by order of the Bankruptcy Court; provided, however, that no change may be made to this Agreement that would adversely affect the federal income tax status of the Liquidating Trust as a "grantor trust." Subject to the foregoing proviso, technical or non-material amendments to or waivers of portions of this Agreement may be made as necessary, to clarify this Agreement or to enable the Liquidating Trust to effectuate the terms of this Agreement, with the consent of the Liquidating Trustee. Any amendments to this Agreement shall be provided to the Oversight Committee.

## ARTICLE 14
## MISCELLANEOUS PROVISIONS

14.1   Intention of Parties to Establish Grantor Trust

This Agreement is intended to create a grantor trust for United States federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as a grantor trust.

14.2   Preservation of Privilege

In connection with the vesting and transfer of the Liquidating Trust Assets pursuant to the

Plan, including rights and Estate Causes of Action, any attorney-client privilege, work-product protection, or other privilege or immunity attaching or relating to any documents or communications (of any kind, whether written or oral, electronic or otherwise) held by the Debtors shall be transferred to the Liquidating Trust and shall vest in the Liquidating Trust. Accordingly, in connection with the prosecution and/or investigation of the Estate Causes of Action by the Liquidating Trustee, any and all directors, officers, employees, counsel, agents, or attorneys-in-fact, of the Debtors, cannot assert any attorney-client privilege, work product protection, or other privilege or immunity attaching or relating to any documents or communications (of any kind, whether written or oral, electronic or otherwise) held by the Debtors or otherwise prevent, hinder, delay, or impede production or discussion of documents or communications requested by the Liquidating Trustee in discovery (whether formal or informal, and including without limitation, depositions, written discovery, and interviews). The Debtors and the Liquidating Trustee shall take all necessary actions to protect the transfer of such privileges, protections and immunities.

14.3    Confidentiality

The Liquidating Trustee, and each of its employees, members, agents, professionals and advisors, including the Liquidating Trustee Professionals, and Liquidating Trustee Non-Professionals, (each a "Confidential Party" and collectively the "Confidential Parties") shall hold strictly confidential and not use for personal gain any material, non-public information of which they have become aware in their capacity as a Confidential Party, of or pertaining to any Entity to which any of the Liquidating Trust Assets relates; provided, however, that such information may be disclosed if (a) it is now or in the future becomes generally available to the public other than as a result of a disclosure by the Confidential Parties, or (b) such disclosure is required of the Confidential Parties pursuant to legal process including but not limited to subpoena or other court order or other applicable laws or regulations. In the event that any Confidential Party is requested to divulge confidential information pursuant to this subparagraph (b), such Confidential Party shall promptly, in advance of making such disclosure, provide reasonable notice of such required disclosure to the Liquidating Trustee to allow it sufficient time to object to or prevent such disclosure through judicial or other means and shall cooperate reasonably with the Liquidating Trustee in making any such objection, including but not limited to appearing in any judicial or administrative proceeding in support of any objection to such disclosure.

14.4    Laws as to Construction; Retention of Jurisdiction

This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without giving effect to rules governing the conflict of law. Notwithstanding anything else to the contrary herein, the Bankruptcy Court shall retain jurisdiction with respect to any conflict or issue arising out of the Liquidating Trust, the Liquidating Trust Assets, and this Agreement.

14.5    Severability

Except with respect to provisions herein that are contained in the Plan, if any provision of this Agreement or the application thereof to any Person, Entity or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Agreement, or the application of such provision to Persons, Entities or

circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and shall be valid and enforceable to the fullest extent permitted by law.

14.6    Notices

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered by email or facsimile (at the email addresses or numbers set forth below) and deposited, postage prepaid, in a post office or letter box addressed to the person (or their successors or replacements) for whom such notice is intended at such address as set forth below, or such other addresses as may be filed with the Bankruptcy Court:

Liquidating Trustee:

Tanya Meerovich
FTI Consulting
1166 Avenue of the Americas
15th Floor
New York, NY 10036
Tanya.meerovich@fticonsulting.com

With a copy to: [_]

14.7    Notices if to a Liquidating Trust Beneficiary

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if deposited, postage prepaid, in a post office or letter box addressed to the person for whom such notice is intended to the name and address set forth on such Liquidating Trust Beneficiary's proof of claim or such other notice filed with the Bankruptcy Court, or if none of the above has been filed, to the address set forth in the Debtors' Schedules or provided to the Liquidating Trustee pursuant to Article 7.1.

14.8    Survivability

Notwithstanding any provision of the Plan to the contrary, the terms and provisions of this Agreement shall remain fully binding and enforceable notwithstanding any vacancy in the position of the Liquidating Trustee.

14.5    Headings

The section headings contained in this Agreement are solely for the convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

14.6    Conflicts with Plan Provisions

Except as otherwise expressly stated herein, if any of the terms and/or provisions of this Agreement conflict with the terms and/or provisions of the Plan or the Confirmation Order, then

the Plan or the Confirmation Order, as applicable, shall govern.

IN WITNESS WHEREOF, the Parties hereto have either executed and acknowledged this Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

FTI Consulting, Inc., as Liquidating Trustee

By: _____
Name:  Tanya Meerovich_____

First Guaranty Mortgage Corporation

By: _____
Name: _____
Title: _____

Maverick II Holdings, LLC

By: _____
Name: _____
Title: _____