**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1] | Case No. 22-10584 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Related Docket Nos.: 512, 551** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE
FEDERAL HOME LOAN MORTGAGE CORPORATION TO DEBTORS' NOTICE OF
CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH
SALE OF SUBSTANTIALLY ALL ASSETS**

The Federal Home Loan Mortgage Corporation ("Freddie Mac")[2], by and through its undersigned counsel, hereby submits this limited objection and reservation of rights (the "Limited Objection") to the Notice of Cure Costs.[3]  In support of its Objection, Freddie Mac respectfully states as follows:

1.       Prior to the Debtors' bankruptcy filing, First Guaranty Mortgage Corporation ("FGMC") was an approved Freddie Mac Seller/Servicer (as defined in the Freddie Mac Guide). At the time of its bankruptcy filing, FGMC serviced approximately 899 mortgage loans that are presently owned by, were subsequently transferred to, or were otherwise acquired by Freddie Mac.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621).  The location of the corporate headquarters and the service address for First Guaranty Mortgage Corporation is 5800 Tennyson Parkway, Suite 450, Plano, TX  75024.

[2] Capitalized terms used, but not otherwise defined, in this Objection shall have the meanings attributed to them in the Freddie Mac Single-Family Seller/Servicer Guide (the "Freddie Mac Guide").  The Freddie Mac Guide is available at the following address:  https://guide.freddiemac.com/

[3] The "Notice of Cure Costs" is the *Debtors' Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale of Substantially All Assets* [Dkt. No. 512].

FGMC is subject to the Freddie Mac Guide and other Freddie Mac Agreements.[4]

2.      On June 30, 2022 (the "Petition Date"), the Debtors filed their voluntary petitions for relief pursuant to Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

3.      On August 31, 2022, this Court entered an Order [Dkt No. 386] (the "Freddie Mac Settlement Order") approving an annexed settlement agreement (the "Settlement Agreement"), which was the result of arms' length, good faith negotiations between the Debtors and Freddie Mac.  The Settlement Agreement provided for, among other things: (i) Freddie Mac's purchase of up to $25 million in FGMC-originated, Freddie Mac-eligible loans (the "Purchased Loans"); (ii)  the subjection of any transfer of Servicing Contract Rights to all requirements of the Freddie Mac Guide (including, without limitation, Freddie Mac's consent to any transfer of Servicing Contract Rights and the assignment of the Servicing Contract between Freddie Mac and FGMC); (iii) BSI's assumption all of the Debtors' origination and sale representation and warranty liability and servicing representation and warranty liability on FGMC's existing non-bifurcated servicing portfolio (or if BSI failed to assume such liabilities, requiring FGMC to satisfy such liability); and (iv) authorization for Freddie Mac to credit against the purchase price for the Purchased Loans various liabilities that have been acknowledged by the Debtors as owing to Freddie Mac pursuant to the terms of the Settlement Agreement.

4.      The Settlement Agreement also provided that, to the extent that the Debtors seek to transfer all, or any portion of their interest in the Servicing Contract Rights and/or to assign the Servicing Contract to an entity other than BSI, Freddie Mac reserved its rights to review the

---

[4] The "Freddie Mac Agreements" include: the Freddie Mac Guide, the Freddie Mac Single-Family/Servicer Guide, Plus Additional Provisions, certain applicable Master Agreements, Purchase Contracts, Pricing Identifier Terms, supplements, addendums, Bulletins, directives, terms of business and any other agreements between the Debtors and Freddie Mac, as amended, restated or supplemented from time to time.

transaction and determine whether Freddie Mac consents to the sale and/or transfer of the Debtors' interest in Servicing Contract Rights and/or the assignment of the Servicing Contract to any proposed transferee/assignee.  For the avoidance of any doubt, the Debtors also agreed that they shall not seek to transfer the Servicing Contract Rights to BSI or to any other party without Freddie Mac's consent.

5.      Pursuant to the Settlement Agreement, Freddie Mac further agreed to compromise and reduce the amount of pre-petition repurchase obligations owing by the Debtors to Freddie Mac from $2,500,000 to $75,000 if, among other things, the Debtors completed the transfer of Servicing Contract Rights related to the Purchased Loans, as well as all loans currently serviced by the Debtors for Freddie Mac, as contemplated by the Settlement Agreement and in compliance with the Freddie Mac Guide with Freddie Mac's consent, on or before November 1, 2022.

6.      If the Debtors' obligations were satisfied in compliance with all of the terms of the Settlement Agreement, then Freddie Mac acknowledged and accepted that any cure obligations owing to Freddie Mac under section 365 of the Bankruptcy Code under the Servicing Contract between FGMC and Freddie Mac would be compromised and satisfied in full.

7.      On September 1, 2022, this Court entered an *Order (I) Authorizing (A) Private Sale and (B) Transfer of Certain Servicing Rights and Obligations to BSI Financial Services Free and Clear of Liens, Claims, Encumbrances, and Interests; (II) Approving the Terms of the Purchase and Sale Agreement: (III) Approving the Assumption and Assignment of Certain Executory Contracts; and (IV) Granting Related Relief* [Dkt No. 386)] (the "BSI Sale Order").

8.      The BSI Sale Order granted certain protections to Freddie Mac including, among others: (i) deeming the Servicing Contract between FGMC and Freddie as an executory contract assumed by FGMC as of September 15, 2022 and assigned to BSI as of November 1, 2022, subject to all existing requirements of the Freddie Mac Guide and other applicable Freddie Mac

3

Agreements including, *without limitation*, Freddie Mac's rights to consent to any such assignment; (ii) providing that the transfer of Servicing Contract Rights to BSI or any other transferee Servicer, as applicable, would not be free and clear of the liens, claims encumbrances, obligations or interests currently imposed by, or which may in the future be imposed by, Freddie Mac under the Freddie Mac Guide or under any other Freddie Mac Agreements; (iii) providing for BSI's assumption of the obligation to satisfy all of the Debtors' origination and sale representation and warranty liability and servicing representation and warranty liability on FGMC's existing non-bifurcated servicing portfolio; and (iv) providing that, if any of the Debtors' obligations to Freddie Mac were not resolved through the credits set forth in the Settlement Agreement against the Purchase Price for the Purchased Loans, then the Debtors were obligated to satisfy such obligations through a full cash payment to Freddie Mac to be made no later than April 30, 2023.

9.      On September 7, 2022, the Debtors filed their *Motion for Entry of Orders: (I)(A) Approving Bidding Procedures for One or More Sales or the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Enter Into One or More Stalking Horse Agreements and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale or Sales of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* (the "Sale Motion") [Dkt. No. 406] seeking, among other things, permission to sell their "Assets." The Debtors do not define the term "Assets" in the Sale Motion.

10.     The Debtors filed their Notice of Cure Costs on October 4, 2022. The Debtors included a purported "Investor Agreement" between the Debtors and Freddie Mac in the list of

agreements that the Debtors may purportedly assume and assign to the purchaser of its "Assets" and the Notice of Cure Costs sets forth a cure amount for such purported Investor Agreement in the amount of $0.00.

11.     On October 14, 2022, the Debtors filed the Plan Supplement (ECF No. 551), which included an Assumed Executory Contract and Unexpired Lease List (the "Assumption List") as Exhibit 1.  The Assumption List removed any reference to an "Investor Agreement" with Freddie Mac as being subject to assumption and assignment.  Accordingly, it appears that the Debtors no longer seek to assume and/or assign any purported "Investor Agreement" with Freddie.  Although Freddie Mac assumes that the Debtors no longer seek to assume and assign any undefined "Investor Agreement" given its removal from the Assumption List, Freddie Mac files this Limited Objection and Reservation of Rights out of an abundance of caution in case the Debtors do, in fact, seek to assume and assign, or transfer, any such unknown and undefined "Investor Agreement."

12.     Freddie Mac is unaware of any such Investor Agreement.  Counsel for Freddie Mac reached out to Debtors' counsel to inquire about the "Investment Agreement."  To date, the Debtors have not responded to Freddie Mac.

## LIMITED OBJECTION

13.     The Debtors have failed to provide Freddie Mac with adequate notice of the agreement with Freddie Mac that the Debtors seek to assume and assign, nor have they confirmed that they do not intend to assume and assign any such purported Investor Agreement.

14.     FGMC's Servicing Contract with Freddie Mac has already been assumed by Debtors as of September 15, 2022 and will be assigned to BSI (subject to Freddie Mac's consent) on November 1, 2022.  Likewise, any associated Servicing Contract Rights have already been approved by this Court for transfer to BSI on November 1, 2022 (subject to Freddie Mac's consent).  It is unclear to Freddie Mac what, if anything an "Investor Agreement" can be referring

to that hasn't already been approved by this Court for assignment and/or transfer to BSI subject to Freddie Mac's consent (and the Debtors have failed to provide any clarity).  The cure requirements under the Settlement Order, Settlement Agreement and BSI Sale Order are set forth therein.

15.     To the extent that the Debtors seek to assume and assign any purported "Investor Agreement" that is not the Servicing Contract between FGMC and Freddie Mac, the Debtors should be required to identify with sufficient specificity the agreement that they seek to assume and assign, and to whom, so that Freddie Mac may determine if there is any cure owing and determine whether any assignee can adequately perform under any such purported agreement.

## RESERVATION OF RIGHTS

16.     Freddie Mac reserves all of its rights with respect to, among other things, the Settlement Order, the Settlement Agreement, the BSI Sale Order, the Freddie Mac Loans and the Freddie Mac Agreements.  Freddie Mac further reserves the right to supplement and amend this Limited Objection, including to allege any cure amounts or additional defaults under the purported agreement sought to be assumed and assigned or to raise additional objections to the assumption and assignment of any contract to which Freddie Mac is a counterparty or beneficiary.  Freddie Mac also reserves all objections and rights related to the Sale Motion and expressly reserves its rights to file a separate objection to the Sale Motion.

Dated: October 18, 2022           **REED SMITH LLP**
Wilmington, Delaware


By: */s/ Mark W. Eckard*
    Mark W. Eckard (Bar No. 4542)
    1201 Market Street, Suite 1500
    Wilmington, DE 19801
    Telephone: (302) 778-7500
    Facsimile:  (302) 788-7575
    Email: MEckard@reedsmith.com

    -and-

    Paul D. Moak (*admitted pro hac vice*)
    Omar J. Alaniz (*admitted pro hac vice*)
    Reed Smith LLP
    811 Main Street, Suite 1700
    Houston, TX 77002-6110
    Telephone: (713) 469-3800
    Facsimile: (713) 469-3899
    Email: PMoak@reedsmith.com
    Email: OAlaniz@reedsmith.com

    -and-

    Eunice R. Hudson
    Federal Home Loan Mortgage Corporation
    8200 Jones Branch Drive
    Legal Division - 4th Floor (HQ 1)
    McLean, VA 22102
    Telephone: (703) 918-8105
    Email: Eunice_Hudson@freddiemac.com


    *Counsel for Federal Home Loan Mortgage Corp.*