**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE<br>CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10584 (CTG)<br><br>(Jointly Administered)<br><br>**Related Docket Nos.:  406, 431, 499, 500, 534** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE FEDERAL HOME LOAN MORTGAGE CORPORATION TO DEBTORS' MOTION FOR ENTRY OF ORDERS: (I)(A) APPROVING BIDDING PROCEDURES FOR ONE OR MORE SALES OR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (B) AUTHORIZING THE DEBTORS TO ENTER INTO ONE OR MORE STALKING HORSE AGREEMENTS AND TO PROVIDE BID PROTECTIONS THEREUNDER, (C) SCHEDULING OF AN AUCTION AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (D) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES AND (E) SCHEDULING A SALE HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF; (II)(A) APPROVING THE SALE OR SALES OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES AND (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF**

The Federal Home Loan Mortgage Corporation ("Freddie Mac")[2], an entity in

conservatorship[3], by and through its undersigned counsel, hereby submits this limited objection

and reservation of rights (the "Objection")[4] to the Sale Motion.[4]  In support of its Objection, Freddie

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax ID are:  First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621).  The corporate headquarters and the service address for First Guaranty Mortgage Corporation is 5800 Tennyson Parkway, Suite 450, Plano, TX  75024.

[2] Capitalized terms used, but not otherwise defined, in this Objection shall have the meanings attributed to them in the Freddie Mac *Single-Family Seller/Servicer Guide* (the "Freddie Mac Guide").  The Freddie Mac Guide is available on the AllRegs® website of ICE Mortgage Technology, Inc., which operates the AllRegs brand ("AllRegs") and which posts the Guide under license from and with the express permission of Freddie Mac at the following address: https://www.allregs.com/tpl/public/fhlmc_freesite_tll.aspx

[3] On September 6, 2008, the Federal Housing Finance Agency ("FHFA" or "Conservator"), an independent agency of the United States government, was appointed as Freddie Mac's Conservator.  The goal of the conservatorship is to restore confidence in Freddie Mac, enhance its capacity to fulfill its mission and mitigate the systemic risk that has contributed to instability in the housing market.

[4] The "Sale Motion" is the *Motion for Entry of Orders: (I)(A) Approving Bidding Procedures for One or More Sales or the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Enter Into One or More Stalking*

Mac respectfully states as follows:

## FACTUAL BACKGROUND

1.      Prior to the Debtors' bankruptcy filing, First Guaranty Mortgage Corporation ("FGMC") was an approved Freddie Mac Seller/Servicer (as defined in the Freddie Mac Guide). At the time of its bankruptcy filing, FGMC serviced approximately 899 mortgage loans that are presently owned by, were subsequently transferred to, or were otherwise acquired by Freddie Mac. FGMC is subject to the Freddie Mac Guide and other Freddie Mac Agreements.[5]

2.      On June 30, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

3.      On August 31, 2022, this Court entered an Order [Dkt No. 386] (the "Freddie Mac Settlement Order") approving an annexed settlement agreement (the "Settlement Agreement"), which was the result of arms' length, good faith negotiations between the Debtors and Freddie Mac.  The Settlement Agreement provided for, acknowledged or was conditioned upon, as applicable, among other things: (i) Freddie Mac's purchase of up to $25 million in FGMC-originated, Freddie Mac-eligible loans (the "Purchased Loans"); (ii)  the subjection of any transfer of Servicing Contract Rights to all requirements of the Freddie Mac Guide (including, without limitation, Freddie Mac's right to consent to any transfer of Servicing Contract Rights and any assignment of the Servicing Contract between Freddie Mac and FGMC); (iii) BSI's assumption of

---

*Horse Agreements and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale or Sales of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Dkt. No. 406].

[5] The "Freddie Mac Agreements" include, among other agreements: the Freddie Mac Guide, the Freddie Mac *Single-Family Seller/Servicer Guide* Plus Additional Provisions, certain applicable Master Agreements, Purchase Contracts, Pricing Identifier Terms, supplements, addendums, Bulletins, directives, terms of business, Servicing Provisions, and any other agreements between the Debtors and Freddie Mac, as amended, restated or supplemented from time to time.

all of the Debtors' origination and sale representation and warranty liability and servicing representation and warranty liability on FGMC's existing non-bifurcated servicing portfolio (or if BSI failed to assume such liabilities, requiring FGMC to satisfy such liabilities); and (iv) Freddie Mac's rights to credit against the purchase price for the Purchased Loans various liabilities that have been acknowledged by the Debtors as owing to Freddie Mac as described in the Settlement Order and Settlement Agreement.  *See* Settlement Order and Settlement Agreement.[6]

4.      To the extent that the Debtors sought, or seek, to transfer all, or any portion of their interest in the Servicing Contract Rights and/or to assign the Servicing Contract to an entity other than BSI, the Settlement Agreement reserved Freddie Mac's rights to review the transaction and determine whether it consents to the sale and/or transfer of the Debtors' interest in Servicing Contract Rights and/or the assignment of the Servicing Contract to any proposed transferee/assignee.  For the avoidance of any doubt, the Debtors also agreed that they shall not seek to transfer the Servicing Contract Rights to BSI, or to any other party, without Freddie Mac's consent.  *See* Settlement Order and Settlement Agreement.

5.      If the Debtors effectuate the transfer of Servicing Contract Rights and assignment of the Servicing Contract related to the Purchased Loans, as well as all loans currently serviced by the Debtors for Freddie Mac, by November 1, 2022 in accordance with the terms of the Settlement Order and Settlement Agreement, and in compliance with the Freddie Mac Guide with Freddie Mac's consent, then Freddie Mac further agreed to compromise and reduce the amount of pre-petition repurchase obligations owing by the Debtors to Freddie Mac from $2,500,000 to $75,000. *See* Settlement Order ¶ 6 *and* Settlement Agreement, p.4 (Servicing Assurances) *and* p.7 (Prepetition Repurchase Obligations).

---

[6] The full extent of the protections and rights afforded to Freddie Mac under the Settlement Order and Settlement Agreement are set forth therein.  A copy of the Settlement Order and Settlement Agreement are annexed hereto as **Exhibit A**.

6.      On September 1, 2022, this Court approved an *Order (I) Authorizing (A) Private Sale and (B) Transfer of Certain Servicing Rights and Obligations to BSI Financial Services Free and Clear of Liens, Claims, Encumbrances, and Interests; (II) Approving the Terms of the Purchase and Sale Agreement: (III) Approving the Assumption and Assignment of Certain Executory Contracts; and (IV) Granting Related Relief* [Dkt No. 386)] (the "BSI Sale Order").[7]

7.      The BSI Sale Order granted certain protections to Freddie Mac including, among others, deeming the Servicing Contract between FGMC and Freddie as an executory contract assumed by FGMC as of September 15, 2022 and assigned to BSI as of November 1, 2022, subject to Freddie Mac's full satisfaction that all of FGMC's obligations under the Settlement Agreement have been fulfilled and subject to all existing requirements of the Freddie Mac Guide and other applicable Freddie Mac Agreements (including, *without limitation*, Freddie Mac's rights to consent to any such assignment).  *See* BSI Sale Order ¶ 9.  The BSI Sale Order also provided that the transfer of Servicing Contract Rights to BSI or any other transferee Servicer, as applicable, would not be free and clear of the liens, claims encumbrances, obligations or interests currently imposed by, or which may in the future be imposed by, Freddie Mac under the Freddie Mac Guide or under any other Freddie Mac Agreements.  *Id.*  BSI also assumed the obligation to satisfy all of the Debtors' origination and sale representation and warranty liability and servicing representation and warranty liability on FGMC's existing non-bifurcated servicing portfolio.  *Id.*  Finally, the BSI Sale Order also provided that, if any of the Debtors' obligations to Freddie Mac were not resolved through the credits set forth in the Settlement Agreement against the Purchase Price for the Purchased Loans, then the Debtors were obligated to satisfy such obligations through a full cash payment to Freddie Mac to be made no later than April 30, 2023.  *Id.*

---

[7] The full extent of protections provided to Freddie Mac pursuant to the BSI Sale Order are set forth in the BSI Sale Order.  A copy of the BSI Sale Order is annexed hereto as **Exhibit B.**

8.      The Debtors filed their Sale Motion on September 7, 2022.  The Sale Motion seeks to sell the Debtors' remaining assets pursuant to sections 105, 363, and 365 of the Bankruptcy Code.  The Court approved the bidding procedures included in the Sale Motion on September 29, 2022.  The Sale Motion objection deadline is October 20, 2022.  The Debtors have not yet selected a stalking horse bidder for the Debtors' remaining assets.

9.      On September 12, 2022, the Debtors filed an application to retain an investment banker (the "STRATMOR Application").[8]  The STRATMOR Application states that the Debtors and STRATMOR entered into an engagement letter, under which STRATMOR "has provided and has agreed to provide" services including "commenc[ing] marketing for sale certain remaining assets of the Debtors, including, but limited to: the 'shell' entity containing … Freddie Mac Seller/Servicer licenses. . . ."  *See* STRATMOR Application ¶13(a).

10.     On October 4, 2022, the Debtors filed a Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Sale of Substantially All Assets (Dkt. No. 512) ("Cure Notice"), which listed an ambiguous "Investor Agreement" purportedly subject to assumption and assignment in connection with the sale of one or more groups of the Debtors' assets or substantially all of the Debtors' assets.  The Cure Notice listed $0.00 as being owed to Freddie Mac in connection with the proposed assumption and assignment of this purported and undefined "Investor Agreement."

11.     On October 14, 2022, the Debtors filed the Plan Supplement (Dkt. No. 551), which included an Assumed Executory Contract and Unexpired Lease List (the "Assumption List") as Exhibit 1.  This list removed any reference to an "Investor Agreement" with Freddie Mac as being subject to assumption and assignment.  Accordingly, it does not appear that the Debtors seek to

---

[8] The STRATMOR Application is the *Application for Entry of an Order Authorizing the Retention and Employment of Strategic Mortgage Finance Group, LLC as Investment Banker to the Debtors*, Dkt. No. 431.

assume and/or assign any Investor Agreement with Freddie Mac pursuant to any Sale Transaction, the plan or otherwise. Out of an abundance of caution, however, Freddie Mac filed a limited objection and reservation of rights to the Cure Notice (Dkt No. 568) on October 18, 2022 and submits this Objection.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

12.     It is unclear which assets the Debtors will seek approval to sell under the Sale Motion at the October 31, 2022 sale hearing. The Debtors' Sale Motion requests approval of the "sale of all or substantially all of their assets or a sub-set thereof" pursuant to the Debtors' proposed chapter 11 plan. *See* Sale Motion at 3. The bid procedures require that the qualified bid identify the "Assets or group of Assets" that the proposed purchaser intends to bid on. *See id*. at 11.

13.     The Debtors did not seek approval of a form purchase agreement. Accordingly, parties in interest must await disclosure of the winning bid to determine which assets will purportedly be sold to the purchaser. Yet, sale objections are due October 20, 2022, 5 days *before* the auction. Parties in interest are permitted to file supplemental objections on October 26, 2022— the *same* day that the Debtors are required to file the successful bid/purchase agreement *or* a summary of the material sale terms of the successful bid following the auction's conclusion. *See* Docket No. 500 at 3 – 4.

14.     To the extent that the Debtors seek to transfer any purported "Seller/Servicer licenses" as previously alluded to in the STRATMOR Application, Freddie Mac objects to any such transfer because a Seller/Servicer's eligibility to sell Mortgages to, and/or Service Mortgages for, Freddie Mac is subject to all of the requirements of the Freddie Mac Guide. *See* Freddie Mac Guide § 2101.1. The Freddie Mac Guide provides, among other things, that an institution "must be approved by Freddie Mac as a Seller/Servicer before it can sell Mortgages to and/or service Mortgages for Freddie Mac." *See* Freddie Mac Guide § 2101.1(a).

6

15.     Section 2101.1 of the Freddie Mac Guide contains numerous specific eligibility requirements including, among other others, those relating to a Seller/Servicer's: organizational status, viability to originate or otherwise acquire Mortgages acceptable for sale to Freddie Mac, viability to service Mortgages in a manner acceptable to Freddie Mac, financial wherewithal, insurance coverage, the maintenance of a quality control program that is acceptable to Freddie Mac and compliance with information security requirements. *See* Freddie Mac Guide Chapter 2101. Each Seller/Servicer must provide an annual certification that it continues to meet Freddie Mac's eligibility requirements. *See* Freddie Mac Guide § 2101.10.

16.     For example, if there is a major change in a Seller/Servicer's ownership or organization, including, but not limited to a: (i) Merger, (ii) Consolidation, (iii) Change of Control, (iv) Charter change, (v) Conversion; or (vi) Transfer of all of the Seller/Servicer's assets or assets of a mortgage-related function, without the transfer of accompanying liabilities to a *Freddie Mac-approved* Seller/Servicer, the Seller/Servicer must report such change to Freddie Mac at least 60 calendar days in advance in accordance with the requirements of the Freddie Mac Guide. *See* Freddie Mac Guide § 2101.12. Certain other events specified in the Freddie Mac Guide require submitting such notifications within a shorter or longer specified time period. *Id.*

17.     If a Seller/Servicer seeks to transfer either: (i) all of the Seller/Servicer's assets without the transfer of accompanying liabilities; or (ii) the assets of a Mortgage-related function (for example, originations or servicing), without the transfer of accompanying liabilities, to an entity that is *not* a Freddie Mac-approved Seller/Servicer, the Seller/Servicer must submit the required notification and any additional relevant information to Freddie Mac pursuant to the terms of the Freddie Mac Guide at *least* 75 Business Days prior to the proposed transfer. *See* Freddie Mac Guide § 2101.13. In such situations, the Freddie Mac Guide provides that *Freddie Mac does not consider that the Seller/Servicer has transferred its Freddie Mac approval and Seller/Servicer*

*number to the transferee.*" *Id.* (emphasis added).

18.     Moreover, the *proposed transferee must itself apply to become an approved Seller/Servicer* concurrently with the Seller/Servicer's submission of the required notification to Freddie Mac in accordance with the terms of the Freddie Mac *Guide. Id.* If approved, the proposed transferee receives its own unique Seller/Servicer Number. If the proposed transferee fails to obtain such approval, such transferee will be precluded from selling Mortgages to, or servicing Mortgages for, Freddie Mac.  *Id.* at § 2101.13.   Failure to comply with these requirements within the prescribed timeframe may result in a disqualification or suspension of the Seller/Servicer.  *Id.*

19.     Moreover, if a change in a Seller/Servicer's organization will result in a Transfer of Servicing (as defined in the Freddie Mac Guide Glossary), the Seller/Servicer must comply with all the aforementioned notification requirements *and* all requirements under Chapter 7101 of the Freddie Mac Guide for Subsequent Transfers of Servicing.  *See* Freddie Mac Guide § 2101.14.  If a Transfer of Servicing will result from an organizational or status change, the request for approval of Transfer of Servicing must be submitted 45 Business Days prior to the requested Effective Date. *See* Freddie Mac Guide § 2101.14.

20.     These and other requirements set forth in the Freddie Mac Guide, taken together, evidence that the Debtors may not simply transfer or sell its eligibility status, nor its Seller/Servicer number, to any transferee without compliance with all of the various requirements set forth in the Freddie Mac Guide.  Thus, Freddie Mac files this Objection to make clear that a Seller/Servicer cannot simply transfer its eligibility status to sell Mortgages to, or service Mortgages for, Freddie Mac to a proposed transferee, nor can a Seller/Servicer simply transfer its Seller/Servicer number(s), to a proposed transferee.  Each and every entity seeking to sell Mortgages to, and/or service Mortgages for, Freddie Mac, must itself meet the eligibility and other requirements set

forth in the Freddie Mac Guide. *See, e.g.*, Freddie Mac Guide Chapter 2101.[9]

21.     Moreover, subject to the terms of the Settlement Agreement, this Court previously approved the assumption of FGMC's Servicing Contract with Freddie Mac by the Debtors as of September 15, 2022, as well as the assignment of such Servicing Contract to BSI as of November 1, 2022, subject to Freddie Mac's consent, as well as the transfer of all Servicing Contract Rights relating to the Servicing Contract and all Freddie Mac Loans (including all Purchased Loans) to BSI as of November 1, 2022, also subject to Freddie Mac's consent. *See* BSI Sale Order ¶ 9. Thus, it is unclear what if any purported "license" the Debtors may potentially seek to transfer to some other unspecified transferee and how any such proposed transfer would not violate the terms of the BSI Sale Order, the Settlement Order, the Settlement Agreement and the Freddie Mac Agreements (including the Freddie Mac Guide).

## <u>RESERVATION OF RIGHTS</u>

Freddie Mac reserves all of its rights with respect to the Sale Motion, the BSI Sale Order, the Settlement Order, the Settlement Agreement, the Freddie Mac Loans and the Freddie Mac Agreements.  Freddie Mac further reserves the right to supplement and amend this Objection, as well as the rights of its Conservator to object, as needed, to the Sale Motion once Freddie Mac is able to determine the Debtors' intentions with respect to its sale.

Dated: October 20, 2022　　　　　　**REED SMITH LLP**
Wilmington, Delaware

　　　　　　　　　　　　　　　By: */s/ Mark W. Eckard*
　　　　　　　　　　　　　　　　　Mark W. Eckard (Bar No. 4542)
　　　　　　　　　　　　　　　　　1201 Market Street, Suite 1500
　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　Telephone: (302) 778-7500
　　　　　　　　　　　　　　　　　Facsimile:  (302) 788-7575
　　　　　　　　　　　　　　　　　Email: MEckard@reedsmith.com

　　　　　　　　　　　　　　　　　-and-

---

[9] BSI was already an approved Freddie Mac Seller/Servicer prior to the Debtors' filing of the sale motion that culminated in the entry of the BSI Sale Order.

Paul D. Moak (*admitted pro hac vice*)
Omar J. Alaniz (*admitted pro hac vice*)
Reed Smith LLP
811 Main Street, Suite 1700
Houston, TX 77002-6110
Telephone: (713) 469-3800
Facsimile: (713) 469-3899
Email: PMoak@reedsmith.com
Email: OAlaniz@reedsmith.com

-and-

Eunice R. Hudson (*admitted pro hac vice*)
Federal Home Loan Mortgage Corporation
8200 Jones Branch Drive
McLean, VA 22102
Telephone: (703) 918-8105
Email: Eunice_Hudson@freddiemac.com

*Counsel for Federal Home Loan Mortgage
Corporation*