# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10584(CTG)<br><br>(Jointly Administered) |

**DECLARATION OF TANYA MEEROVICH IN SUPPORT OF CONFIRMATION OF AMENDED COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF FIRST GUARANTY MORTGAGE CORPORATION AND DEBTOR AFFILIATE**

I, Tanya Meerovich, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Senior Managing Director of FTI Consulting ("FTI"). I was appointed chief restructuring officer ("CRO") of First Guaranty Mortgage Corporation ("FGMC") and its affiliated debtor Maverick Holdings, LLC ("Maverick", together with FGMC, the "Debtors") on the Petition Date (defined below).

2. I am authorized to execute this declaration (the "Declaration"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein, and if called upon to testify, I would testify competently to all of the facts set forth herein.

3. I am currently serving as the Debtors' CRO and had substantial involvement with the Debtors prior to my appointment as CRO due to the Debtors' pre-petition engagement of FTI.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The location of the corporate headquarters and the service address for First Guaranty Mortgage Corporation is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

On August 10, 2022, the Court entered an order authorizing the Debtors to (i) employ and retain FTI to provide a CRO and additional personnel and (ii) designate me as the CRO, *nunc pro tunc* to June 30, 2022. *See* Docket No. 311.

4. FTI is a publicly traded, global business advisory firm with more than 7,000 employees across 88 locations around the world. FTI is dedicated to helping organizations manage change, mitigate risk and resolve disputes: financial, legal, operational, political and regulatory, reputational and transactional.

5. With more than 1,700 professionals in 64 offices across 17 countries, FTI's Corporate Finance & Restructuring segment is one of the leading restructuring advisors in the world. FTI focuses on the strategic, operational, financial, transactional and capital needs of clients to deliver a wide range of services centered around three core offerings: Turnaround, Restructuring and Bankruptcy, Business Transformation and Transactions. FTI also couples industry experts with seasoned operators and restructuring professionals, to provide outside-the-box, yet practical solutions in complex situations. FTI's clients include corporations, boards of directors, investors, private equity sponsors, banks, lenders and other financing sources and creditor groups, as well as other parties-in-interest.

6. I have over fifteen years of experience leading complex transformations and advising on in- and out-of-court restructurings for companies across industries, with expertise in the financial services, real estate, non-for-profit, insurance, healthcare, education, energy, manufacturing, infrastructure, print, entertainment and retail industries. I graduated from Roosevelt University with a Bachelor's degree in business management and finance. I am a Chartered Financial Analyst, a Certified Insolvency and Restructuring Advisor and a Certified Turnaround Professional. My recent engagements in the financial services industry include, among others: AG Mortgage Investment Trust Inc, Impac Mortgage, MFA Financial, Ocwen Financial,

- 2 -
DOCS_DE:241162.1 28311/001

Residential Capital, Credit-Based Asset Servicing and Securitization, Progrexion, JH Capital, Litton Loan Servicing, Ditech Corporation, Walter Investments and Stearns Lending. Prior to joining FTI, I was in the Financial Services Advisory group of RSM Cayman Islands, where I was involved in a number of high-profile and complex cross-border insolvency engagements in the financial services sector.

7.      I submit this declaration (the "Declaration") in support of confirmation, pursuant to section 1129 of Title 11 of the United States Code (the "Bankruptcy Code"), of the *Amended Combined Disclosure Statement and Chapter 11 Plan of First Guaranty Mortgage Corporation and Debtor Affiliate*, dated October 7, 2022 [Docket No. 525] (collectively with all exhibits thereto and as may be amended, modified, or supplemented from time to time, the "Plan").[2]

8.      Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge, my review of the Debtors' books and records, relevant documents, and other information prepared or collected by the Debtors' representatives and advisors, my opinion based on my experience with the Debtors' operations and financial condition, or upon my review of the *Declaration of Andres A. Estrada on with Respect to the Tabulation of Votes on the Amended Combined Disclosure Statement and Chapter 11 Plan of First Guaranty Mortgage Corporation and Debtor Affiliate,* filed contemporaneously herewith (the "Voting Declaration").  I am authorized to submit this Declaration on behalf of the Debtors.

---

[2]    A capitalized term used but not defined herein shall have the meaning ascribed to it in the Plan.

A.  **The Plan Complies with the Requirements of Section 1122 of the Bankruptcy Code**

9. Article IV of the Plan provides for the separate classification of Claims and Interests into five distinct Classes based upon (a) their secured status, if applicable, (b) their legal priority against the Debtors' assets, and (c) other relevant factors:[3]

| CLASS | CLAIM/ EQUITY INTEREST |
|---|---|
| 1 | Priority Non-Tax Claims |
| 2 | Other Secured Claims |
| 3 | Secured Prepetition Facility Claims |
| 4 | Loan Settlement Claims |
| 5 | Prepetition LVS II Offshore Guaranty Claim |
| 6 | General Unsecured Claims |
| 7 | Interests |

10. The classification scheme was not proposed principally (or otherwise) to create a consenting impaired Class and thereby manipulate voting.

11. I understand that the legal rights of each of the Holders of Claims or Interest within a particular Class are substantially similar to other Holders of Claims or Interest within the same Class. Thus, I believe the Plan satisfies the requirements of section 1122 of the Bankruptcy Code.

B.  **The Plan Satisfies Section 1129 of the Bankruptcy Code**

12. I am informed and believe that the Plan complies with section 1129(a)(1) of the Bankruptcy Code. In that regard, I believe the Plan satisfies each requirement set forth in section 1123(a) regarding the required contents of a chapter 11 plan. Article 9 of the Plan designates six Classes of Claims and one Class of Interests, not including the Claims of the kinds specified in sections 507(a)(2), (3), and (8) of the Bankruptcy Code. It is my understanding that the Claims and Interests in each Class are substantially similar to the other Claims and Interests, as the case

---

[3] In accordance with 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims have not been classified. *See* Plan at § 4.04.

may be, in each such Class.  Moreover, it is my opinion that valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between Holders of Claims and Interests.

13. For example, I am informed and believe the Claims and Interests in Classes 4, 5, and 6 are legally and factually distinct from other Claims and Interests in other Classes.  Class 7 (Interests) is the only Class that contains Interests; all others contain Claims.

14. Sections 10.1 and 10.2 of the Plan specify the Classes of Claims and Interests that are unimpaired under the Plan, as required under section 1123(a)(2), and the treatment of Classes of Claims and Interests under the Plan, as required by section 1123(a)(3).  The Plan also provides the same treatment for each Claim or Interest in each respective Class unless the Holder of a Claim or Interest has agreed to less favorable treatment of such Claim or Interest.  Accordingly, I believe the Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

15. I further am informed and believe that the Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code by setting forth the means for implementing the Plan in Section 14 and 19 of the Plan, as well as the Liquidating Trust Agreement attached to the Plan Supplement [Docket No. 551] as Exhibit 3.  Because the Plan does not provide for the issuance of non-voting securities, I do not believe that section 1123(a)(6) of the Bankruptcy Code applies.

16. Upon the Effective Date, the Liquidating Trustee will be the representative of the Debtors' estates, subject to the oversight of the Oversight Committee, as set forth in the Plan and Liquidating Trust Agreement.  I was selected as the Liquidating Trustee by the Cash Flow DIP Lender, which is supported by the Debtors. The Oversight Committee will be comprised of two members appointed by the Cash Flow DIP Lender and one member appointed by the Committee. The affiliations and compensation of the Liquidating Trustee and the Oversight Committee are

described in the Plan and Liquidating Trust Agreement. Accordingly, I believe that section 1123(a)(7) of the Bankruptcy Code has been satisfied.

17. Finally, I am informed and believe that the Plan complies with section 1123(d) of the Bankruptcy Code, which I understand provides that if a plan proposes to cure a default, the default shall be determined in accordance with the underlying agreement and applicable non-bankruptcy law. I do not believe that the Plan provides otherwise.

18. Accordingly, I am informed and believe that the Plan complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code (as well as other applicable provisions of the Bankruptcy Code and the Bankruptcy Rules) and, thus, satisfies the requirements of section 1129(a)(1).

19. <u>Section 1129(a)(2)</u>. I am informed and believe that the Debtors have complied with the applicable provisions of the Bankruptcy Code, including the provisions of sections 1125 and 1126 of the Bankruptcy Code, regarding disclosure and plan solicitation. In this regard, on October 7, 2022, the Court entered an order granting interim approving the adequacy of the disclosures in the Plan and approving the procedures for the transmittal of the Plan and other solicitation materials [Docket No. 524] (the "<u>Interim Disclosure Statement Order</u>").

20. As more fully described in the Voting Declaration, commencing on October 11, 2022, the Debtors, through the Claims Agent, caused solicitation materials to be transmitted in accordance with the Interim Disclosure Statement Order. To the best of my knowledge and belief, and as evidenced by the Interim Disclosure Statement Order, prior orders of the Bankruptcy Code, and the filings submitted by the Debtors, the Debtors have complied with all of the provisions of the Bankruptcy Code and the Bankruptcy Rules governing notice, disclosure, and solicitation in connection with the Plan, the disclosures therein, and all other matters considered by the Bankruptcy Court in connection with these Chapter 11 Cases. To the best of my knowledge and

belief, the Debtors timely filed their Schedules. Finally, I believe that good, sufficient, and timely notice of the confirmation hearing and all other hearings in these Chapter 11 Cases have been provided to all Holders of Claims and Interests and all other parties in interest to whom notice was required to have been provided.

21. I am informed and believe that the Debtors have also complied with the requirements of section 1126 of the Bankruptcy Code. Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims) are unimpaired under the Plan and, because I understand that these Classes are conclusively deemed to accept the Plan, Holders of such Claims have not been solicited to vote on the Plan. Holders of Interests in Class 7 (Interests) are not entitled to receive or retain any property under the Plan, and, because I understand that such Class is deemed to reject the Plan, Holders of such Interests have not been solicited to vote on the Plan. Class 3 (Secured Prepetition Facility Claims), Class 4 (Loan Settlement Claims), Class 5 (Prepetition LVS II Offshore Guaranty Claims) and Class 6 (General Unsecured Claims) are impaired under the Plan, and Holders of Class 3, Class 4, Class 5 and Class 6 Claims are entitled to receive property under the Plan. Accordingly, Holders of Class 3, Class 4, Class 5 and Class 6 Claims have been solicited to accept or reject the Plan.

22. Section 1129(a)(3). I believe that the Debtors have proposed the Plan in good faith. Throughout these Chapter 11 Cases, the Debtors have worked to build consensus among the various creditor constituencies. The Plan and the process leading up to its formulation are the result of extensive arm's length negotiations among the Debtors, the Committee, the Cash Flow DIP Lender, and other parties in interest. Accordingly, I believe that the Plan has been proposed by the Debtors for legitimate and honest purposes and is in the best interests of the Debtors' stakeholders.

23. <u>Section 1129(a)(4)</u>. It is my understanding that all payments made or to be made by the Debtors for services or for costs or expenses in connection with these Chapter 11 Cases incurred prior to the Effective Date have already been approved by, or are subject to approval of the Bankruptcy Court. More specifically, I understand that the Plan provides for the payment of only Allowed Professional Fee Clams and all applications for payment of Professional Fee Claims must be filed with the Bankruptcy Court within forty five (45) days after the Effective Date. Accordingly, I believe that the requirements of section 1129(a)(4) of the Bankruptcy Code have been satisfied.

24. <u>Section 1125(a)(5)</u>. It is my understanding that the requirement of section 1129(a)(5) of the Bankruptcy Code, providing that the Debtors disclose all necessary information regarding directors, officers, and insiders is satisfied. The Plan provides for the liquidation and distribution of the Debtors' remaining assets by a Liquidating Trust. As set forth in the Plan, following the Effective Date, I will be the Liquidating Trustee, subject to the oversight of the Oversight Committee, on the terms set forth in the Liquidating Trust Agreement. I am aware of no holder of a Claim or Interest, or other party in interest, that has objected to such selection, and believe that such selection is not contrary to public policy.

25. <u>Section 1129(a)(6)</u>. Because I am unaware of any government regulatory commission with jurisdiction over any rate charged by the post-confirmation Debtors, and because the Plan does not provide for any relevant pricing or rate change, or the continued operation of the Debtors' business by the Debtors (which are not currently operating), I believe section 1129(a)(6) of the Bankruptcy Code does not apply to the Plan.

26. <u>Section 1129(a)(7)</u>. I am informed and believe that the Plan complies with the "best interest of the creditors test" in section 1129(a)(7) of the Bankruptcy Code. I believe that the best interest test is satisfied as to each Holder of an Impaired Claim or Interest, and I am unaware of

any party in interest that has argued otherwise or provided any evidence to the contrary. With respect to each impaired Class of Claims of the Debtor, I am informed and believe that each holder of a Claim or Interest in such Class has accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount such holder would receive or retain if the Debtor were liquidated on the Effective Date under Chapter 7 of the Bankruptcy Code. For the reasons discussed in Section 6.8 of the Plan and in the Liquidation Analysis (attached thereto as Exhibit A), the best interests of creditors test is satisfied in this case.

27.  As a result of the Committee Settlement which serves as the underpinning of the Plan, the Plan is expected to provide a greater recovery for Allowed Claims than would a chapter 7 liquidation. The Committee Settlement incorporated into the Plan materially increases recoveries for Holders of Allowed Class 6 Claims. Further, in a chapter 7 case, the value available for satisfaction of Claims would be reduced by the costs, fees and expenses of the liquidation under chapter 7, which would include disposition expenses, the sliding scale fees and compensation of a chapter 7 trustee, the fees of his or her counsel and other professionals, and certain other costs arising from conversion of the chapter 11 case to a case under chapter 7. The addition of a chapter 7 trustee at this late stage in the Chapter 11 Cases would likely provide no substantial benefit, as the majority of the Debtors' assets were liquidated during these Chapter 11 Cases and the Plan provides for the vesting of all of the assets of the Debtors in the Liquidating Trust to liquidate all remaining unliquidated assets and distribute the proceeds in accordance with the Plan in a cost efficient manner.

28.  <u>Section 1129(a)(8)</u>. I am informed and believe that, pursuant to section 1129(a)(8) of the Bankruptcy Code, that each class of claims and interests under a plan must either (a) accept the plan or (b) be rendered unimpaired under the plan. I have been informed that Holders of Claims

in Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims) are unimpaired under the Plan and are deemed to accept the Plan. I further understand that Class 6 (General Unsecured Claims) is impaired under the Plan and, as set forth in the Voting Declaration, has voted to accept the Plan. Moreover, I understand that Holders of impaired Interests in Class 7 will not receive or retain any property under the Plan and, as such, such Holders are deemed to reject the Plan. Accordingly, I believe that the Plan does not satisfy the requirements of section 1129(a)(8) of the Bankruptcy Code, but, alternatively, satisfies section 1129(b) of the Bankruptcy Code with respect to Class 3, as addressed below.

29. <u>Section 1129(a)(9)</u>. I understand that section 1129(a)(9) of the Bankruptcy Code requires that entities holding allowed claims entitled to priority under section 507(a)(1)-(8) of the Bankruptcy Code receive specified cash payments under a plan. I am informed and believe that the Plan complies with such requirements.

30. <u>Section 1129(a)(10)</u>. As set forth in the Voting Declaration, I understand that the Holders of Claims in Class 6, such class being an impaired class, as determined without including any acceptance by an insider in such Class, have voted to accept the Plan. Accordingly, I believe that the Plan has met the requirements of section 1129(a)(10) of the Bankruptcy Code.

31. <u>Section 1129(a)(11)</u>. I believe that the Plan is feasible and comports with section 1129(a)(11) of the Bankruptcy Code. The Plan provides for the vesting of all of the Debtors' remaining assets into the Liquidating Trust, which will be established immediately upon the Effective Date of the Plan, for the purpose of, among other things (i) administering the Liquidating Trust Assets, (ii) prosecuting and/or resolving certain Disputed Claims, (iii) investigating and pursuing certain Causes of Action (not released under the Plan) the Debtors hold or may hold against any Entity, and (iv) making all Distributions to the Beneficiaries provided for under the Plan. The Plan further provides that the Debtors will fund the Liquidating Trust all amounts

necessary to establish the necessary reserves to pay Administrative Claims, Priority Tax Claims, and Priority Non-Tax Claims that become allowed after the Effective Date. The Liquidating Trust will have an initial duration of up to five (5) years (subject to possible extension).

32. The Debtors and FTI have analyzed the proposed funding for the wind-down budget, the proposed funding for other Effective Date related considerations, and the ability for the Liquidating Trustee to meet its obligations under the Plan. Based upon the Debtors' analysis, I believe the Liquidating Trust will have sufficient assets, including with respect to the Trust Funding Amount, to accomplish its tasks under the Plan. It is my understanding that the Committee has agreed to the Trust Funding Amount, as required by the Plan. The Debtors expect to file a motion on shortened notice to approve an amended Cash Flow DIP Credit Agreement to provide the additional funding to satisfy the DIP Budget Amount and the Additional Administrative Claims Amount under the Plan.

33. <u>Section 1129(a)(12)</u>. It is my understanding that the Debtors have paid all chapter 11 statutory and operating fees or will pay such fees on the Effective Date under the Plan, to the extent such fees are currently unpaid. Accordingly, I believe the Plan has met the requirement of section 1129(a)(12).

34. <u>Sections 1129(a)(13)–(16)</u>. I am informed and believe that sections 1129(a)(13) through (16) are inapplicable to the Debtors or the Plan because (i) the Debtors do not provide any retiree benefits, (ii) have no domestic support obligations, (iii) are not individuals, and (iv) are not non-profit corporations.

C.  **Section 1129(b) of the Bankruptcy Code**

35. I am informed and believe that the Plan does not discriminate unfairly with respect to Class 3 (Secured Prepetition Facility Claims) or Class 7 (Interests). Furthermore, with respect

to Class 7 (Interests), there is only one Class of Interests, and there is no unfair discrimination because there are no other, similarly-situated Interests receiving different treatment under the Plan.

36.  I further believe the Plan is fair and equitable because (a) there are no Claims or Interests junior to the Claims and Interests in Classes 3 and 7, and, accordingly, no such junior Claims or Interests will receive or retain any property under the Plan; and (b) based on the Liquidation Analysis attached as <u>Exhibit A</u> to the Plan, no Classes will receive more than full payment on account of their Claims.  Accordingly, I believe that the requirements of section 1129(b) of the Bankruptcy Code are satisfied with respect to Class 3 (Secured Prepetition Facility Claims) and Class 7 (Interests), and such Classes may be "crammed down."

**D.    Section 1129(c) of the Bankruptcy Code**

37.  I understand that the Plan is the only plan that has been filed in the Chapter 11 Cases, and I believe the Plan is the only plan that satisfies the requirements of section 1129(a)-(b) of the Bankruptcy Code.  Accordingly, I believe that the requirements of section 1129(c) of the Bankruptcy Code are satisfied.

**E.    Section 1129(d) of the Bankruptcy Code**

38.  I believe that the Plan was not proposed to avoid taxes or section 5 of the Securities Act and am aware of no governmental unit that has argued otherwise.

**F.    Section 1129(e) of the Bankruptcy Code**

39.  I believe that section 1129(e) of the Bankruptcy Code is inapplicable to the Plan because the Chapter 11 Cases are not small business chapter 11 cases.

**G.    Administrative and Priority Claims**

40.   The Debtors have reviewed the filed Administrative Claims and Priority Claims and have estimated the reserves necessary to satisfy such claims. Administrative Claims have been asserted against the Debtors in the amount of approximately $3.4 million and the Debtors have a

reserve commensurate with the amounts requested. Consequently, I believe that the Administrative Claims reserve proposed is appropriate.

41. In terms of Priority Claims, approximately $1.4 million in Priority Claims have been filed by former employees of the Debtors. These former employees have been paid post-petition and consequently, there are no remaining priority amounts owed to the former employees. One former employee has filed a Priority Claim against the Debtors that is based on his employment agreement with the Debtors. The amount of that claim exceeds the Priority Claim amount threshold set forth in Section 507(a) of the Bankruptcy Code and therefore, the Debtors do not need to reserve the full amount for such claim. Nonetheless, the Debtors will set aside a small reserve to account for any remaining unpaid Allowed Priority Non-Tax Claims and Allowed Priority Tax Claims.

42. Further, the Debtors are engaged in settlement discussions with the Buckley Action plaintiffs and are attempting to reach an accord that will resolve WARN Act Claim issues at or prior to Confirmation. I have assumed that the Debtors objections set forth in the confirmation brief are reasonable and accurate. Consequently, I believe that the reserve proposed is appropriate.

## H. Executory Contracts

43. The Debtors have reviewed and analyzed their portfolio of executory contracts and unexpired leases. Given that the Debtors have ceased all business operations and all of their remaining assets will be vested in the Liquidating Trust under the Plan for liquidation, I believe that all the Debtors' executory contracts and unexpired leases, to the extent not already rejected or assumed and assigned, should be rejected.

## I. Releases, Exculpations, and Injunctions

44. The Plan includes certain customary release, exculpation, and injunction provisions. I believe these provisions are proper because, among other things, they are the product

of arm's length negotiations, have been important to obtaining the support of various constituencies and parties in interest, are supported by both the Debtors and the Committee, and, to my knowledge, are not subject to any unresolved or otherwise outstanding objections. I believe such release, exculpation, and injunction provisions are fair and equitable, given for valuable consideration, and in the best interests of the Estates.

45. Indeed, I believe that pursuing claims against a Released Party would not be in the best interest of the Debtors' various stakeholders because the costs involved would likely outweigh any potential benefit derived from pursuing such claims. Moreover, these releases and the efforts of the Released Parties were important to the development of the Plan. I believe that the Estates' release of claims in the Plan is a key component of the consensual Plan process.

46. I further believe interested parties received sufficient, clear, and conspicuous notice of the consensual third-party releases provided for in the Plan and the process for opting out of or objecting to such releases—including, for Class 6 (General Unsecured Claims) a large box on each Class 6 Ballot and other emphasized disclosures highlighting the release and the opt-out provisions. Interested parties had ample time to raise any objections to these third-party releases and am aware of no such objections.

47. The Plan also provides for the exculpation of, and limitation of liability for, the Exculpated Parties. The exculpation and limitation of liability are subject to a standard carve-out for gross negligence, actual fraud, or willful misconduct. I believe the Exculpated Parties have participated in good faith in formulating and negotiating the Plan, and they are entitled to protection from exposure to claims against them relating to their participation in these Chapter 11 Cases. Furthermore, I believe interested parties received sufficient notice of the exculpation provision and had ample time to raise any objections thereto, and am aware of no objections that were filed or that otherwise remain unresolved.

48. Finally, the Plan contains an injunction provision that I believe is necessary to enforce and preserve the release and exculpation provisions provided for in the Plan and should, therefore, be approved.

\* \* \* \* \*

49. Accordingly, and for the reasons set forth herein, in the Voting Declaration, and in the Plan, I believe that confirmation of the Plan is appropriate, in the best interest of all parties in interest, and should, therefore, be granted.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 28, 2022
       New York, New York.

*/s/ Tanya Meerovich*
Tanya Meerovich