## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FIRST GUARANTY MORTGAGE | ) | Case No. 22-10584 (CTG) |
| CORPORATION, *et al.*,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## NOTICE OF SETTLEMENT

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Carrington Mortgage Services, LLC ("Carrington") have entered into the *Term Sheet for Proposed Settlement with Carrington Mortgage Services, LLC* (the "Term Sheet") attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will seek approval of the Term Sheet at the hearing on October 31, 2022 in connection with confirmation of the *Amended Chapter 11 Combined Plan & Disclosure Statement of First Guaranty Mortgage Corporation and Debtor Affiliate* [Docket No. 518].

[*Remainder of Page Intentionally Blank*]

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

Dated: October 31, 2022        **PACHULSKI STANG ZIEHL & JONES LLP**

    /s/ *Mary F. Caloway*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Tel:   (302) 652-4100
Email: ljones@pszjlaw.com
 tcairns@pszjlaw.com
      mcaloway@pszjlaw.com

Samuel R. Maizel (*Pro Hac Vice*)
Tania M. Moyron (*Pro Hac Vice*)
**DENTONS US LLP**
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Email: samuel.maizel@dentons.com
     tania.moyron@dentons.com

Lynn P. Harrison III (*Pro Hac Vice* pending)
Lauren Macksoud (*Pro Hac Vice*)
Claude D. Montgomery (*Pro Hac Vice*)
**DENTONS US LLP**
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 632-8390
Email: lynn.harrison@dentons.com
     lauren.macksoud@dentons.com
     claude.montgomery@dentons.com

*Counsel to Debtors and Debtors in Possession*

# **Exhibit A**

**THIS TERM SHEET IS STRICTLY CONFIDENTIAL, AND IS ENTITLED TO PROTECTION FROM ANY USE OR DISCLOSURE TO ANY PARTY, PERSON OR COURT PURSUANT TO RULE 408 OF THE FEDERAL RULES OF EVIDENCE AND ANY OTHER RULE OF SIMILAR IMPORT.**

**TERM SHEET FOR PROPOSED SETTLEMENT**
**WITH CARRINGTON MORTGAGE SERVICES, LLC**

I. PARTIES

| | |
|---|---|
| Debtor(s) | First Guaranty Mortgage Corporation and its affiliated Chapter 11 debtors (collectively, "FGMC" or the "Debtors"). |
| Parties | The Debtors and Carrington Mortgage Services, LLC ("Carrington"). The Debtors and Carrington are collectively referred to herein as the "Parties". |

II. PREAMBLE

| | |
|---|---|
| Preamble | This Term Sheet serves as the basis for the settlement of a claim by the Debtors against Carrington relating to FGMC's sale of certain residential mortgage loan servicing rights to Carrington pursuant to the terms of the agreement described in Section III as well as any claims by Carrington against the Debtors. |

III. TREATMENT OF CLAIM

| | |
|---|---|
| FGMC's Claim against Carrington | FGMC asserts a claim for the unpaid portion of the purchase price for residential mortgage loan servicing rights FGMC sold to Carrington pursuant to the terms of that certain Servicing Rights Purchase and Sale Agreement dated as of December 2, 2021 by and between Carrington and FGMC (the "PSA"). FGMC claims that Carrington owes $1,501,719 to FGMC under the PSA (the "Claim"). |
| | Carrington disputes the amount of the Claim, asserting that amounts due from FGMC to Carrington under the PSA for refunds, loan repurchase demands and other adjustments are not reflected in the Claim. The Parties have agreed that Carrington will pay to |

**STRICTLY PRIVATE & CONFIDENTIAL**
**FOR SETTLEMENT PURPOSES ONLY**
**SUBJECT TO RULE 408 OF THE FEDERAL RULES OF EVIDENCE**

|  | FGMC $1,125,000 to satisfy the Claim (such payment, the "Settlement Payment;" and the final settlement agreement memorializing the terms hereof, the "Settlement Agreement"). |
|---|---|
| Approval of the Settlement Payment | At the hearing on confirmation of the Reorganization Plan (defined below), the Debtors will seek the approval of this Term Sheet from the Bankruptcy Court, and to have that approval noted in the Confirmation Order (defined below). |
| Mutual Releases of Claims Between the Parties | Except as to the agreements, promises, settlements, representations and warranties set forth in this Term Sheet, all claims, rights or causes of action, whether known or unknown, contingent, liquidated or unliquidated, in contract, tort, law, equity or otherwise, owned, asserted, capable of being asserted or held by the Debtors or Carrington against each other (other than the Settlement Payment amount due to FGMC from Carrington as referenced above) shall be fully, finally and unconditionally released, subject to the final settlement agreement. |

IV.   STRUCTURE / IMPLEMENTATION

| 1. Reorganization Plan Prosecution / Plan Support | The Debtors will present the terms of this Term Sheet as part of their presentation for (a) approval by the Bankruptcy Court of the terms and conditions of the Debtors' entire plan of reorganization (the "Reorganization Plan") at the hearing on confirmation of the Reorganization Plan (the "Confirmation Hearing") currently scheduled for October 31, 2022, and (b) entry of an order (the "Confirmation Order") at the Confirmation Hearing (i) confirming the Reorganization Plan and (ii) approving the terms of this Term Sheet. |
|---|---|
|  | For so long as the Reorganization Plan reflects the terms and conditions of this Term Sheet and is not amended or modified in a manner materially adverse to Carrington, Carrington agrees to (i) support the confirmation and consummation of the Reorganization Plan; and (ii) not to commence any proceeding or otherwise prosecute, join in, or support any objection to, or oppose or object to, the Reorganization Plan. |

**STRICTLY PRIVATE & CONFIDENTIAL**
**FOR SETTLEMENT PURPOSES ONLY**
**SUBJECT TO RULE 408 OF THE FEDERAL RULES OF EVIDENCE**

| 2. Conditions to Effectiveness | With the exception of the Reorganization Plan Prosecution/Plan Support" terms above, effectiveness of the Settlement Agreement shall be subject to (i) the Bankruptcy Court's entry of the Confirmation Order, and the Reorganization Plan having gone effective. |
| --- | --- |
| | For the avoidance of doubt, any obligation that Carrington has to move forward with this settlement remains subject to the granting of specific authority for the Debtors to enter into this settlement with Carrington provided as a line item in the Confirmation Order. |
| 3. Representation | Carrington has not transferred or assigned to any other person any of the claims that are the subject of this term sheet. |
| | The Debtors have not transferred or assigned to any other person any of the claims that are the subject of this term sheet. |

### V.     MISCELLANEOUS PROVISIONS

| 1. Stay of Discovery | Carrington and the Debtors agree to stay any and all discovery related to the Claim. |
| --- | --- |
| 2. Cooperation | It is the understanding of the Parties that they will continue to exchange information in order to assist one another to satisfy the terms of the Settlement Agreement. |
| 3. No personal liability | The Parties accept and agree that this Term Sheet and all actions and measures contained herein do not give raise to any personal liability for any members of either Party, and to the extent any such personal liability existed or is asserted to have existed, the Parties explicitly waive any and all such potential rights and claims against one another. |
| 4. Termination | This Term Sheet shall automatically terminate and the Parties' respective interests, rights, remedies and defenses shall be restored without prejudice as if the claim settlement had never been agreed to if (i) the Bankruptcy Court denies the Debtors' request for confirmation of the Reorganization Plan, or (ii) Carrington or the Debtors are unable, after good faith efforts, to obtain the authority necessary to perform its obligations hereunder. |
| 5. Choice of Law / Venue | The Parties' settlement agreement shall be governed by the laws of the State of New York. All disputes relating to the terms of this settlement shall be heard exclusively in the United States Bankruptcy Court for the District of Delaware. |

**STRICTLY PRIVATE & CONFIDENTIAL**
**FOR SETTLEMENT PURPOSES ONLY**
**SUBJECT TO RULE 408 OF THE FEDERAL RULES OF EVIDENCE**

| | |
|---|---|
| 6. Confidentiality | This Term Sheet is strictly confidential and binding on the Parties upon execution by FGMC and Carrington.  FGMC may inform its unsecured creditors committee and the United States Bankruptcy Court of this settlement agreement. However, the Parties agree that their negotiations leading to their settlement summarized in this Term Sheet, and the content of the Term Sheet, shall remain confidential. |

**STRICTLY PRIVATE & CONFIDENTIAL**
**FOR SETTLEMENT PURPOSES ONLY**
**SUBJECT TO RULE 408 OF THE FEDERAL RULES OF EVIDENCE**

If the foregoing correctly sets forth the Parties' agreement, please indicate your acceptance of the terms hereof by returning to the Debtors an executed counterpart hereof.

**AGREED AND ACCEPTED**:

**CARRINGTON MORTGAGE SERVICES, LLC**

By:_____

Name:
Title:

**FIRST GUARANTY MORTGAGE CORPORATION**

By:_____

Name:
Title: