# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| FIRST GUARANTY MORTGAGE ) | Case No. 22-10584 (CTG) |
| CORPORATION, *et al.*, ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |

### *QUI TAM* PLAINTIFF KARI CRUTCHER'S MOTION TO COMPEL THE PRODUCTION OF REQUESTED INSURANCE DOCUMENTS

Ms. Kari Crutcher, the relator in a *qui tam* action in the name of the United States pending in the United States District Court for the District of Georgia, moves the Court for an order to compel the Debtors to respond to discovery relating to any insurance agreements that may be in their possession that would guide Ms. Crutcher in an attempt to recover against those agreements if the documentation shows that to do so would be appropriate. In support of the Motion, Ms. Crutcher respectfully states as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

1. On October 7, 2022, Ms. Crutcher served formal discovery requests on the Debtors, seeking copies of insurance policies and related information from the Debtors that potentially cover the claims alleged by Ms. Crutcher against the Defendants.[1] [Ex. A] Therefore, the Debtors'

---

[1] This was not the first occasion upon which the Debtors had been presented with these requests. On multiple occasions dating back to August, opposing counsel had verbally requested that Ms. Crutcher's representatives send these requests informally to help expedite the production of the documents. On each occasion, opposing counsel professed not to have previously understood what Ms. Crutcher was requesting, and now that it was understood she was simply requesting copies of the insurance policies and related documents, that those seemed reasonable to provide if an informal request were made. Each time, Ms. Crutcher's representatives complied, expecting the issue would be resolved. Instead, each time, the Debtors failed to provide the documents.

1

responses to those requests were due on or before November 6, 2022. As of today, Debtors have not objected or otherwise responded to the request.

2. In addition, in her filing of October 4, 2022, Ms. Crutcher raised with the Court the need for the production of these insurance policies. At the hearing on final confirmation of Debtors' plan, this Court addressed Ms. Crutcher's filing. The Court observed that "it's very common" for creditors to pursue claims against the debtors' insurers for losses covered by the debtors' insurance policies, and that pursuing such claims against the insurer has no impact on the debtor's estate. (Hearing of October 31, 2022, Tr. 58) ("Tr.")

3. However, before a creditor like Ms. Crutcher can assess her chances to recoup some of her losses from the debtors' insurance, the first step is for her to have access to policies (and associated documents) that could potentially cover her claim which will help her to determine, among other things: whether her losses fall within coverage of any of the Debtors' policies; the amount and limitations of such coverage; the identity of the insurer against which to seek recovery; the method for obtaining such recovery; and the law controlling the interpretation and enforcement of the insurance policy, among other things. Therefore, it is essential that the creditor have access to these insurance policies and related documents in order to attempt to recover some of her losses from property which is not property of the estate of the Debtors.

4. However, the filings raised a number of issues in addition to the need for the insurance policies, including a limited lifting of the litigation stay to move to transfer the case to Delaware, as well as the ability to name the appropriate debtor as a nominal defendant in cases in which it was needed to proceed against the insurance policies. This Court noted that it would make sense to bring these issues back to the Court at later date when the Court could focus on those legal issues

outside the context of final confirmation of the plan, as well as evidentiary support for the relief requested. (Tr. 63:22-64:9) The Court stated:

> Post-confirmation, there isn't going to be any release that stops you from c[h]as[]ing third parties. To the extent a court somewhere else says, no, you can't cha[s]e this third-party because the debtor is an indispensable party, you can then come back and say I need to name them a nominal party. If you want to take discovery or the like -- if you run into an issue that's a concrete, ripened issue, it's entirely without prejudice to your rights to come in and ask for relief as you need it. But I don't see a ripe dispute today that requires stay relief, so that's -- so I'm going to deny it on that basis.

(Tr.; 76:6-14) (corrections added).

5. Now that the Debtors have failed to respond in any way, even to object, to the requested discovery as to the insurance policies, there is a "concrete, ripened issue" for this Court to resolve. Counsel for Ms. Crutcher has asked on multiple occasions for the production of these insurance policies, all to no effect.

**ARGUMENT**

6. The Debtors are required to turn over the requested insurance policies. First, the Debtors' have waived any objections to the discovery when they failed to assert any objection. Second, the discovery sought is crucial to the case, is the sort of information explicitly required to be produced by the Federal Rules of Bankruptcy Procedure and is routinely ordered produced by bankruptcy courts.

7. Courts are clear that if a party fails to interpose an objection to a discovery request within thirty (30) days after the request has been served, that party waives any objections it has to the discovery request. *See Tri-State Energy Solutions, LLP v. Kvar Energy Savings, Inc.*, No. 08-209, 2010 WL 11707410, at *2 (citing Fed. R. Civ. P. 33(b)(2), (4) and finding where discovery requests are made and the opposing party makes no objection within thirty (30) days after being

served, those objections are waived); *see also In re Smith*, No. 14–21261 (JJT), 2017 WL 1190590, *6 (Bankr. D. Conn. 2017); *In re Wiggins*, Nos. 99–40458 & 99–06212, 2000 WL 33712300, *1 (Bankr. D. Id.). The Debtors' failure to respond in any way to the discovery request waived any objection and they must produce the requested documents.

8. Even if one were to ignore the Debtors' waiver of objections, the Debtors are still required to turn over the requested documents. The requirement to turn over insurance policies is so fundamental that the Federal Rules of Bankruptcy Procedure require that a party produce them without a request to do so, through incorporation of the Federal Rules of Civil Procedure which require it as part of mandatory initial disclosures. Fed. R. Bankr. P. 7026; Fed. R. Civ. P. 26(a)(1)(iv). Bankruptcy courts uniformly find that insurance policies and related documents are discoverable given their importance in bankruptcy actions. *In re Waldrop*, 560 B.R. 806, 811 (Bankr. W.D. Okla. 2010) (citing insurance policies as "basic items" to be produced in discovery and that there is nothing vague, overly broad or irrelevant about a request for an insurance policy that may apply to a claim); *In re: Plascencia*, No. 08–56305–ASW, 2012 WL 2161412, *8 (Bankr. N.D. Cal. 2012) (requiring the production of insurance documents). Therefore, Debtors are obligated to produce the requested documents without any further delay.

## CONCLUSION

For the foregoing reasons, this Court should grant Ms. Crutcher's motion to compel the production of the insurance policies and related documents.

Dated: December 13, 2022  
Wilmington, Delaware

Respectfully submitted,

STEVENS & LEE, P.C.

*/s/ Joseph H. Huston, Jr.*  
Joseph H. Huston, Jr. (No. 4035)  
919 North Market Street, Suite 1300

Wilmington, Delaware 19801
Telephone: (302) 425-3310
Facsimile: (610) 371-7972
E-mail: joseph.huston@stevenslee.com

       -and-

**THOMAS & SOLOMON LLP**
J. Nelson Thomas, Esquire
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540
Email: nthomas@theemploymentattorneys.com

*Counsel for Kari Crutcher*