# EXHIBIT A – DISCOVERY REQUESTS

## Gambale, Alexis R.

| | |
|---|---|
| **From:** | Gambale, Alexis R. |
| **Sent:** | Friday, October 7, 2022 3:31 PM |
| **To:** | sam.alberts@dentons.com; andrew.helman@dentons.com; tcairns@pszjlaw.com; ljones@pszjlaw.com; mcaloway@pszjlaw.com; mlitvak@pszjlaw.com; lauren.macksoud@dentons.com; samuel.maizel@dentons.com; geoffrey.miller@dentons.com; claude.montgomery@dentons.com; tania.moyron@dentons.com; Lee.Smith@dentons.com |
| **Cc:** | Goldberger, Leonard P.; Huston,  Joseph H. , Jr.; Pourakis, Constantine |
| **Subject:** | In re First Guaranty Mortgage Corporation, et al., Case No. 22-10584 (CTG) - Kari Crutcher's First Set of Discovery Requests |
| **Attachments:** | FGMC - Discovery Requests.pdf |

Good afternoon,

Attached please find Kari Crutcher's First Set of Interrogatories and Requests for Production of Documents propounded to the Debtors. A hardcopy has been sent via FedEx, as well.

Thank you.

**Alexis R. Gambale**
**Stevens & Lee,** A Pennsylvania Professional Corporation
Princeton Pike Corporate Center
100 Lenox Drive, Suite 200
Lawrenceville, NJ 08648
T: 609-718-0919
F: 610-988-2319
alexis.gambale@stevenslee.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE<br>CORPORATION, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 22-10584 (CTG)<br>)<br>) Jointly Administered<br>)<br>)<br>) |

**NOTICE OF SERVICE OF KARI CRUTCHER'S FIRST SET**
**OF INTERROGATORIES AND REQUESTS FOR**
**PRODUCTION OF DOCUMENTS TO DEBTORS**

I, Leonard P. Goldberger, hereby certify that on October 7, 2022, I caused a copy of *Kari Crutcher's First Set of Interrogatories and Requests for Production of Documents to Debtors* to be served on the following parties via Federal Express and Email:

**Sam J. Alberts**
Dentons US LLP
1900 K Street, NW
Ste 600, East Tower
Washington, DC 20006
202-408-7004
Fax : 202-408-6399
Email: sam.alberts@dentons.com

**Andrew C. Helman**
Dentons Bingham Greenebaum,
LLC
One Beacon Street
Suite 25300
Boston, MA 02108
(207) 619-0919
Email:
andrew.helman@dentons.com

**Timothy P. Cairns**
Pachulski Stang Young &
Jones LLP
919 N. Market Street
17th Floor
Wilmington, DE 19801
302-652-4100
Fax : 302-652-4400
Email: tcairns@pszjlaw.com

**Laura Davis Jones**
Pachulski Stang Ziehl & Jones
LLP
919 N. Market Street, 17th
Floor
Wilmington, DE 19801
302 652-4100
Fax : 302-652-4400
Email: ljones@pszjlaw.com

**Mary F. Caloway**
**Pachulski Stang Ziehl & Jones**
**919 North Market Street, Suite**
**1700**
Wilmington, DE 19801
302-778-6464
Fax : 302-652-4400
Email: mcaloway@pszjlaw.com

**Maxim B. Litvak**
Pachulski Stang Ziehl & Jones
LLP
One Market Plaza
Spear Tower
40th Floor
San Francisco, CA 94105-1020
415-263-7000
Fax : 415-263-7010
Email: mlitvak@pszjlaw.com

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors 'mailing address is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

**Lauren Macksoud**
Dentons US LLP
1221 Avenue of the Americase
New York, NY 10020-1089
212-768-5347
Fax : 212-768-6800
Email:
lauren.macksoud@dentons.com

**Samuel R. Maizel**
Dentons US LLP
601 S. Figueroa Street
Suite 2500
Los Angeles, CA 90017
213-892-2910
Fax : 213-623-9924
Email:
samuel.maizel@dentons.com

**Geoffrey M. Miller**
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
Email:
geoffrey.miller@dentons.com

**Claude D. Montgomery**
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
212-632-8390
Fax : 212-768-6800
Email:
claude.montgomery@dentons.com

**Tania M. Moyron**
Dentons US LLP
601 South Figueroa Street,
Suite 2500
Los Angeles, CA 90017
213-243-6101
Email:
tania.moyron@dentons.com

**Lee Smith**
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
(212) 768-6700
Email: Lee.Smith@dentons.com

Dated: October 7, 2022

**STEVENS & LEE, P.C.**

/s/ *Leonard P. Goldberger*
Leonard P. Goldberger (*pro hac vice admission to be submitted*)
620 Freedom Business Center, Suite 200
King of Prussia, PA  19406
Telephone: 610-205-6046
Email: leonard.goldberger@stevenslee.com

-and-

**THOMAS & SOLOMON LLP**

J. Nelson Thomas, Esquire
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540
Email: nthomas@theemploymentattorneys.com

*Counsel for Kari Crutcher*

10/06/2022 SL1 1807557v1 117183.00001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FIRST GUARANTY MORTGAGE | ) Case No. 22-10584 (CTG) |
| CORPORATION, *et al.*,[1] | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |
| | ) |

**KARI CRUTCHER'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEBTORS**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable hereto pursuant to Rules 7026, 7033, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Local Rules of the United States District Court for the District of Delaware, made applicable hereto pursuant to the Local Rules for the United States Bankruptcy Court for the District of Delaware (collectively the "**Local Rules**"), Kari Crutcher ("**Ms. Crutcher**"), by and through her undersigned counsel, hereby requests that the above-captioned debtors (the "**Debtors**") respond to the interrogatories (the "**Interrogatories**") and document requests (the "**Document Requests**") listed below in full and in detail according to the following instructions.

Ms. Crutcher requests that Debtors' responses (and any associated documents) be served on Joseph H. Huston, Jr. of Stevens & Lee, P.C., 919 North Market Street, Suite 1300 Wilmington, DE 19801, on or before **November 6, 2022**.

The Interrogatories and Document Requests incorporate by reference all definitions and rules of construction set forth in the Federal Rules and any applicable Local Rules, which apply

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors 'mailing address is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

to each Interrogatory and Document Request set forth herein.  The Interrogatories are deemed to be continuing, so that any additional documents or information relating in any way to the Interrogatories, which the Debtors acquire will be furnished to Ms. Crutcher immediately.

## DEFINITIONS

For purposes of the Interrogatories and Document Requests, the following terms shall have the following meanings:

1.      The terms "you," "your," and "Debtors" shall mean the above-captioned jointly administered debtors and their respective parents, affiliates, or subsidiaries, along with their respective employees, partners, officers, directors, shareholders, members, advisors, consultants, accountants, financial advisors, agents, and attorneys.

2.      The term "Action" shall mean the case captioned *United States of America ex el. Kari Crutcher v. First Guaranty Mortgage Corporation, et al.*, Civil Action No. 16-CV-03812-SCJ.

3.      The term "First Amended Complaint" shall mean the first amended complaint filed on June 29, 2022 in the Action.

4.      The term "Insurance Motion" shall mean the *Motion of the Debtors for Entry of Order (I) Authorizing the Debtors to Continue (A) Insurance Programs and (B) Prepetition Surety Bonds, and Pay Obligations Arising Thereunder, and (II) Related Relief* [Dkt. No. 6] filed in the Debtors' bankruptcy case.

5.      The term "Claims Counsel" shall mean any attorneys or law firms retained by any of the Defendants to represent one or more of the Defendants, individually or as a group, in connection with the Action.

10/06/2022 SL1 1807557v1 117183.00001

6.      The term "Defendants" shall mean the defendants in the amended complaint filed in the Action.

7.      The term "PIMCO" shall mean "Pacific Investment Management Company, LLC," "PIMCO Investments, LLC."

8.      The terms "all" or "each" shall be construed as all and each.

9.      The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside their scope.

10.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

11.     The terms "relate," "relating," "concern," or "concerning," in addition to their natural meaning, shall also mean reflecting, constituting, containing, pertaining to, referring to, indicating, showing, evidencing, describing, discussing, mentioning, bearing upon, comprising, and relating to.

12.     The term "document" shall mean those things described in Rule 34(a) of the Federal Rules of Civil Procedure, made applicable in bankruptcy cases by Rules 7304 and 9014 of the Federal Rules of Bankruptcy Procedure.  The terms "document" and "documents" are used herein in the broadest possible sense, including, without limiting the generality of this definition, any written, printed, typed, recorded, taped, graphic, computerized printout, electronically stored information, electronic data, electronically or computerized compiled, or other matter or materials, from whatever source, including information stored on any electronic media, however produced or reproduced or capable of being produced, whether in draft form or otherwise, whether sent or received or neither—including the original, a copy (if the original is not

- 3 -

available), and non-identical copies (whether different from the original because of notes made on or attached to such copies or otherwise) and all drafts of all writings, confirmations, invoices, orders, studies, assays, audit reports, wire transfers, correspondence, letters, statements, telegrams, telexes, cables, contracts, proposals, agreements, minutes, notes, memoranda, analyses, projections, work papers, books, records, reports, diaries, questionnaires, books of account, checks, check stubs, lists, logs, calendars, graphs, charts, sketches, diagrams, drawings, photographs, motion picture films, summaries, digests, financial statements, and all other information or data records or compilations, including all underlying, supporting, or preparatory material.

13.     The term "Identify" shall have the following meaning when used in the following contexts:

a.      When used in connection with a corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, please state in the answer in each instance: (i) the full name and address; (ii) a brief description of the primary business in which such entity is engaged; and (iii) the identity of all persons who acted or were authorized to act on its behalf in connection with the matter referred to.

b.      When used in connection with a communication, please state in the answer in each instance: (i) the identity of each person communicating; (ii) the identity of the recipient(s) and intended recipient(s) of the communication; (iii) the identity of each person presently or otherwise aware of the substance of the communication; (iv) the date and the place where the communication was made; (v) the identity of any document that embodies, includes, reflects, concerns,

- 4 -

relates to, or is based upon the communication; and (vi) a detailed description of the substance of the communication.

      c.      When used in connection with a transaction, please state in the answer in each instance: (i) a description of the property or thing that is the subject of the transaction; (ii) the identity of the parties to the transaction; (iii) the date of the transaction; (iv) the place or site where the transaction took place; (v) the location of the property or thing that was the subject to the transaction at the time the transaction took place; (vi) the identity of all persons who have knowledge of the transaction; and (vii) identify all documents that refer or relate to the transaction.

14.      Documents that "refer or relate to" a given subject matter mean any document that constitutes, contains, embodies, compromises, reflects, identifies, states, deals with, comments on, responds to, describes, analyses, or is in any way pertinent to that subject.

15.      The term "including" shall mean "including without limitation."

## INSTRUCTIONS FOR INTERROGATORIES

A.      The Interrogatories are continuing in character, so as to require you to provide supplemental answers if you obtain further, contradictory, or different information. Such supplemental answers shall be provided from time to time promptly upon the discovery by you of such supplemental information. Each Interrogatory is to be answered separately and as completely as possible. The fact that an investigation is continuing and discovery is not complete shall not be used as a reason for failure to answer any Interrogatory as fully as possible.

B.      Answers to the Interrogatories shall be based upon information known to you. To the extent that the answer to any Interrogatory is not based upon information known to you, please specify that fact and identify the person possessing such information.

10/06/2022 SL1 1807557v1 117183.00001

- 6 -

C.      If the answer to all or any part of an Interrogatory is not presently known by or available to you, include a statement to that effect, specifying the portion of the Interrogatory which cannot be completely answered.

D.      If you refuse to answer any Interrogatory or any part thereof on the grounds of privilege, please identify the claimed privilege (i.e., attorney-client) and the nature of any information you refuse to disclose, referring specifically to the Interrogatory or any part thereof to which the claimed privilege applies, the form in which said information exists, and the grounds for the claimed privilege.

E.      Unless otherwise specified in any of the interrogatories below, these interrogatories cover the time period from January 1, 2006 through the present.

**INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify whether the Debtors or any of the other Defendants put any insurance carrier(s) on notice about a potential claim in the Action.  If the answer is yes, identify how notice was made.

**RESPONSE**:




**INTERROGATORY NO. 2:** If the answer to Interrogatory No. 2 is no, identify whether the Debtors or any of the other Defendants have investigated or taken any action as to that issue.

**RESPONSE**:




**INTERROGATORY NO. 3:** Identify all persons who provided the knowledge, documents, or information used, reviewed, or referenced in answering these interrogatories and document requests.

**RESPONSE**:




**INTERROGATORY NO. 4:** Identify all Claims Counsel, and identify all documents relating to the retention of Claims Counsel.

**RESPONSE**:

10/06/2022 SL1 1807557v1 117183.00001

- 8 -

**INTERROGATORY NO. 5:** Identify and describe any communication by Claims Counsel to put any insurance carrier(s) on notice about a potential claim in the Action, and identify all documents relating to such communication.

**RESPONSE**:

**INTERROGATORY NO. 6:** Identify and describe any investigation by the Debtors or any of the other Defendants as to a potential legal malpractice claim against Claims Counsel for not providing notice of a potential claim regarding the Action or other act or failure to act in connection with any insurance coverage relating to the Action, and identify all documents relating to such investigation.

**RESPONSE**:

10/06/2022 SL1 1807557v1 117183.00001

## INSTRUCTIONS FOR DOCUMENT REQUESTS

A.      If you claim any form of privilege, whether based upon statute or otherwise, as a ground for not producing any document or other tangible thing, set forth all facts upon which such claim of privilege is based.

B.      If you claim any form of privilege, whether based upon statute or otherwise, as a ground for not producing any document or other tangible thing, identify the subject document or tangible thing and set forth all facts upon which such claim of privilege is based, and for each document or tangible thing as to which you claim any form of privilege, identify (i) the date of the document, (ii) the date upon which the document or tangible thing was prepared, (iii) the title or caption of the document, (iv) the form of the document or tangible thing (*e.g.* letter, memorandum, chart, *etc.*), (v) the subject matter of the document or tangible thing, (vi) the author(s) and/or any and all other persons involved or participating in preparing or drafting the document or tangible thing, (vii) and the recipient(s) of the document and/or other tangible thing or any copy thereof, including all persons to whom the document or tangible thing has been provided or who have it within their possession, custody or control, and (viii) the privilege claimed.

C.      If any document or other tangible thing responsive to any request for documents has been destroyed, identify (i) any and all persons who participated in, or who were involved in, the decision to destroy such document or other tangible thing, (ii) any document retention or destruction policy under which such document or other tangible thing was destroyed and any and all persons who participated in, or who were involved in, the formulation of any such policy, (iii) the reason for the destruction of such document or other tangible thing, and (iv) the date (or approximate date if precise date is not known) of the destruction of such document or other tangible thing.

10/06/2022 SL1 1807557v1 117183.00001

D.      Except for reference to defined or designated terms, or unless otherwise expressly stated, each request for production of documents shall be construed independently and not by reference to any other request for production of documents or other tangible things herein for purposes of limitation.

E.      Electronically stored information shall be produced in its native format without cleansing, purging or deletion of any and all metadata.

F.      Unless specifically noted otherwise, the relevant time frame of the within request for production of documents and/or tangible things shall be from January 1, 2006 up until the date upon which responses thereto are due, and as may be later supplemented, in accordance with the Federal Rules of Civil Procedure, as made applicable hereto by the Federal Rules of Bankruptcy Procedure.

10/06/2022 SL1 1807557v1 117183.00001

## DOCUMENT REQUESTS

**REQUEST NO. 1:**    All documents (carrier, total and per-incident limits, deductibles, risk retentions, and any use/reduction of limits, deductibles, or risk retentions) relating to any insurance policies the Debtors possess covering themselves or any other Defendants for any costs or losses related to legal claims that could be brought against any of the Defendants relating to the Action. Without limiting the scope of this request, the request expressly includes among other things: general liability insurance policies; umbrella insurance policies; errors and omissions insurance policies; excess errors and omissions insurance policies; directors and officers insurance policies; insurance coverage that has ever been found to cover claims such as Ms. Crutcher's in the Actiony, inclusive of all prior policies similar to those set forth in the Insurance Motion.

**RESPONSE**:




**REQUEST NO. 2:**    All documents submitted to an insurance carrier(s) identified in the response to Request No. 1 relating to the Action.

**RESPONSE**:




**REQUEST NO. 3:**    All documents (carrier, total and per-incident limits, and any use/reduction of limits) for umbrella or higher-tier-in-tower insurance policies, including, but not limited to, insurance policies outlined in the Insurance Motion.

**RESPONSE**:

**REQUEST NO. 4:**    All documents submitted to an insurance carrier(s) identified in the response to Request No. 3 relating to the Action.

**RESPONSE**:




**REQUEST NO. 5:** All documents relating to any investigation by the Debtors or any of the other Defendants as to a potential legal malpractice claim against Claims Counsel for not providing notice of a potential claim regarding the Action or other act or failure to act in connection with any insurance coverage relating to the Action.

**RESPONSE**:




**REQUEST NO. 6:** All documents identified in response to the foregoing interrogatories.

**RESPONSE**:




Dated: October 7, 2022                    **STEVENS & LEE, P.C.**

                                          /s/ *Leonard P. Goldberger*
                                          Leonard P. Goldberger (*pro hac vice admission to be submitted*)
                                          620 Freedom Business Center, Suite 200
                                          King of Prussia, PA  19406
                                          Telephone: 610-205-6046
                                          Email: leonard.goldberger@stevenslee.com


- 12 -

– and –

**THOMAS & SOLOMON LLP**

J. Nelson Thomas, Esquire
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540
Email: nthomas@theemploymentattorneys.com

*Counsel for Kari Crutcher*

- 13 -