IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FIRST GUARANTY MORTGAGE CORPORATION, *et al.*, | ) ) ) ) | Case No. 22-10584 (CTG) |
| | ) ) | (Jointly Administered) |
| Debtors. | ) ) | **Relates to D.I. 524** |

### *QUI TAM* PLAINTIFF KARI CRUTCHER'S MOTION FOR LIMITED RELIEF FROM THE PERMANENT INJUNCTION OF THE DEBTORS' CONFIRMED CHAPTER 11 PLAN TO ALLOW HER TO FILE A MOTION TO TRANSFER HER *QUI TAM* ACTION TO THE DISTRICT OF DELAWARE AND TO PURSUE THE *QUI TAM* ACTION AGAINST THE DEBTOR AS NOMINAL DEFENDANT

Ms. Kari Crutcher, the relator in a *qui tam* action in the name of the United States pending in the United States District Court for the Northern District of Georgia (the "**Georgia District Court**"), moves this Court for limited relief from the permanent injunction of the Amended and Modified Chapter 11 Plan of First Guaranty Mortgage Corporation ("**FGMC**") and its debtor affiliate (collectively the "**Debtor**") that was entered in this case on November 1, 2022 (D.I. 524) in order to permit Ms. Crutcher to file a motion in the Georgia District Court to transfer venue of her *qui tam* action to the District Court for the District of Delaware and pursue the *qui tam* action against the Debtor as a nominal defendant.

### FACTUAL AND PROCEDURAL BACKGROUND

1.  On October 13, 2016, Ms. Crutcher, as relator, filed a *qui tam* complaint in the Georgia District Court against the Debtor. The *qui tam* complaint seeks to recover damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729–33 (the "**FCA**"), for damages sustained by the United States Department of Housing and Urban Development ("**HUD**") resulting from FGMC's flawed origination of residential mortgage loans underwritten and approved by

1

FGMC and endorsed for Federal Housing Administration ("**FHA**") insurance. On June 29, 2022, Ms. Crutcher filed an amended complaint (the "**Amended Complaint**"), naming as additional defendants Pacific Investment Management Company, LLC, PIMCO Investments, LLC, Aaron Samples, Andrew Peters, Jill Winters, and Suzy Lindblom (collectively, along with FGMC, the "**Defendants**"). Ms. Crutcher alleges that FGMC, a lender approved by HUD to originate and underwrite single-family residential mortgages insured by HUD, aided and abetted by the other Defendants, knowingly approved loans that violated FHA rules and falsely certifying compliance with those rules, resulting in losses of millions of dollars to HUD. Defendants' FCA liability is in excess of $80 million as calculated using FHA claims data.

2.  Ms. Crutcher intends to move to transfer the Georgia District Court action to the Delaware District Court for the convenience of the parties and to promote judicial economy. This motion should have no economic impact on the Debtor or the post-confirmation estate and thus arguably falls outside the restrictions of the permanent injunction entered in this case. Nonetheless, out of an abundance of caution, Ms. Crutcher seeks partial relief from this Court to move the Georgia District Court to transfer the *qui tam* action to the District of Delaware and pursue the *qui tam* action itself, naming the Debtor as a nominal defendant.

3.  In her earlier filings on this issue, Ms. Crutcher requested the right to name the Debtor as a purely nominal party if needed to allow for the recovery of insurance proceeds. This Court instead stated that it need not grant such relief in connection with confirmation because it would be willing to do so on the future as the need arose. (Hearing, October 31, 2022, Tr. 76).

**ARGUMENT**

I. **This Court Should Grant Ms. Crutcher Limited Relief From the Permanent Injunction to Allow Her to File a Transfer Motion to Transfer her Action from the Georgia District Court to the District of Delaware for the Convenience of the Parties and Judicial Economy.**

4. Ms. Crutcher seeks to move to the Georgia District Court for an order transferring her action to the Delaware District Court. To ensure that the transfer motion is not subject to attack on procedural grounds, Ms. Crutcher asks for an explicit order from this Court partially lifting the permanent injunction. The transfer would advance both judicial economy and serve the convenience of the witnesses and parties. Moreover, the permanent injunction does not pose an insurmountable obstacle to make the motion as "good cause" exists to allow for a partial lift of the permanent injunction to allow the motion to be made.

5. This Court has the authority to modify injunctions it has issued for "good cause" shown by motion of a person who is adversely affected by the injunction. *E.g., Pettibone Corporation v. Hawxhurst*, 163 B.R. 989, 996 (N.D. Ill. 1994) (*citing In re Hendrix*, 986 F.2d 195, 198 (7th Cir. 1993)); *see also In re Fucilo*, 2002 WL 1008935, at * 9 (Bankr. S.D.N.Y. Jan. 24, 2002) ("Determining whether relief from the permanent injunction is warranted under appropriate circumstances should be analyzed pursuant to a cause standard."). Whether "cause" exists must be determined case by case. *See In re Rexene Products Co.*, 141 B.R. 574, 576 (Bank. D. Del. 1992) (citing *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991)). In *Rexene*, this Court held that a single factor, such as a desire to permit an action to proceed in another tribunal or a lack of any connection or interference with the pending bankruptcy case, may establish sufficient cause. 141 B.R. at 576 (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-44 (1977)).

6. In deciding whether to allow litigation to proceed in another forum, this Court has applied a three-part "good cause" balancing test:

> (i) Whether allowing the litigation to continue in another forum will result in any great prejudice to the debtor;
>
> (j) Whether maintaining the stay will cause any hardship to the non-bankrupt party and whether this hardship is greater than the resulting prejudice to the debtor; and
>
> (k) Whether the non-bankrupt party has a probability of prevailing on the merits of the litigation.

141 B.R. at 576 (citing *Fernstrom*, 938 F.2d at 735).

7. Applying each of the *Rexene* factors here, "good cause" exists to partially lift the permanent injunction to allow the Georgia District Court to decide whether the case would be more properly heard in the District of Delaware.

8. As to the first *Rexene* factor, lifting the permanent injunction to allow transfer will not result in any prejudice to the Debtors. As discussed above, Ms. Crutcher is not pursuing any monetary claim against the Debtors; they are at best nominal parties. Because the Debtors are not being asked to defend against any claim, there is no prejudice in the proposed transfer. Moreover, there can hardly be any prejudice as the request does nothing more than ask to place the case in the same district in which the Trustee and the post-confirmation estate are located; it simply exchanges one federal court for another.

9. In fact, having the *qui tam* action transferred to the District of Delaware should be to the benefit of all the parties in the action. Since the Debtor's insolvency, the Debtor has no employees or facilities in Georgia. Ms. Crutcher has never lived or worked in Georgia. There are no known witnesses or documents of any relevance in Georgia. There is no longer any connection to the State of Georgia at all.

10. In contrast, the liquidating estate is based in Delaware, and the Trustee will have custody and control of all the Debtors' documents, making access to those documents in the *qui tam* action much easier in this District, whether by court process or otherwise. The Debtors themselves are Delaware corporations and chose to file for bankruptcy in this district. Moreover, having both this Court and the Delaware District Court adjudicating the issues arising from the Debtor's bankruptcy and applying Delaware law with far greater familiarity than the Georgia District Court should simplify the issues that will arise in the *qui tam* action and should assure a more predictable, uniform result.

11. As to the second *Rexene* factor, the prejudice to Ms. Crutcher by the maintenance of the permanent injunction considerably outweighs any hardship to the Debtors. Maintaining the injunction would preclude the pursuit of the *qui tam* action and thereby cause significant prejudice to both Ms. Crutcher and the United States if the Debtors' violations of HUD's underwriting rules go unremedied. Thus, this second factor clearly favors relief from the permanent injunction.

12. Finally, under the third *Rexene* factor, Ms. Crutcher has a high probability of prevailing on the merits of the litigation. It is well-established that "[e]ven a slight probability of success on the merits may be sufficient to warrant stay relief in the appropriate case." *See American Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.)*, 152 B.R. 420, 426 (D. Del. 1993). Indeed, "[t]he required showing is very slight." *Rexene*, 141 B.R. at 578.

13. Here, the relief that Ms. Crutcher is seeking with the filing of this Motion is to allow her to request the Georgia District Court to transfer venue to Delaware to pursue the *qui tam* action. Under 28 U.S.C. § 1412, a court "may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. §

12/13/2022 SL1 1819215v3 117183.00001

1412. In the Eleventh Circuit, where the Georgia District Court is located, the considerations for when transfer of venue is appropriate are:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances

*Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 n.1 (11 Cir. 2005).

14. As discussed above, these factors, including the location of non-party witnesses, documents, and the nexus of operative facts strongly favor transfer to this District. Nothing supports keeping the case in Georgia. As a result, Ms. Crutcher expects that the Georgia District Court will grant her motion to transfer venue to this District willingly. Certainly, the permanent injunction of this Court should not bar the Georgia District Court from at least considering whether the action should be transferred.

15. Accordingly, as all three *Rexene* factors demonstrate that there is good cause for allowing relief from the injunction to allow transfer of the Georgia District Court action to the District of Delaware, this Court should grant Ms. Crutcher the limited relief from the permanent injunction which she is requesting.

## **CONCLUSION**

16. For the foregoing reasons, this Court should grant Ms. Crutcher's motion for relief from the permanent injunction to permit her to file a motion to transfer her case from the Northern District of Georgia to the District of Delaware.

Dated: December 13, 2022
Wilmington, Delaware

Respectfully submitted,

STEVENS & LEE, P.C.

*/s/ Joseph H. Huston, Jr.*
Joseph H. Huston, Jr. (No. 4035)
919 North Market Street, Suite 1300
Wilmington, Delaware 19801
Telephone: (302) 425-3310
Facsimile: (610) 371-7972
E-mail: joseph.huston@stevenslee.com

-and-

**THOMAS & SOLOMON LLP**
J. Nelson Thomas, Esquire
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540
Email: nthomas@theemploymentattorneys.com

*Counsel for Kari Crutcher*

12/13/2022 SL1 1819215v3 117183.00001