**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FIRST GUARANTY MORTGAGE | ) | Case No. 22-10584 (CTG) |
| CORPORATION, *et al.,*[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: 1/26/23 @ 3:00 p.m. ET** |
| | ) | **Obj. Deadline: 1/11/23 @ 4:00 p.m. ET** |

**MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING**
**DEADLINE WITHIN WHICH DEBTORS MAY REMOVE ACTIONS**

The above-captioned debtors and debtors in possession (the "Debtors") and Tanya Meerovich, as the Liquidating Trustee for the FGMC Liquidating Trust (the "Trustee") file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) further enlarging the period (the "Removal Deadline") within which the Debtors or the Liquidating Trustee may remove claims or causes of action (collectively, the "Actions") pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") through and including March 28, 2023, without prejudice to the rights of the Debtors or the Liquidating Trustee to seek additional extensions, and (b) granting related relief.  In support of this Motion, the Debtors and the Liquidating Trustee respectfully state as follows:

**Jurisdiction and Venue**

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

February 29, 2012.  The Debtors and the Liquidating Trustee confirm their consent, pursuant to

Bankruptcy Rule 7008 and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"),

to the entry of a final order by the Court in connection with this motion to the extent that it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in

connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are 28 U.S.C. § 1452, Bankruptcy Rules

9006 and 9027, and Local Rule 9006-2.

### Background

4.      On June 30, 2022 (the "Petition Date"), the Debtors commenced these cases by

filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have

continued in the possession of their property and have continued to operate and manage their

business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

No trustee or examiner has been appointed in the Debtors' chapter 11 cases.  On July 14, 2022,

the Office of the United States Trustee appointed an official committee of unsecured creditors in

these chapter 11 cases (the "Committee").

5.      A more detailed description of the Debtors' businesses and operations, and the

events leading to the commencement of these chapter 11 cases, is set forth in detail in the

*Declaration of Aaron Samples in Support of Chapter 11 Petitions and First Day Pleadings* [Docket

No. 19].

6.      On November 2, 2022, the Court entered an order (the "Confirmation Order")

confirming the *Amended Combined Disclosure Statement and Chapter 11 Plan of First Guaranty

Mortgage Corporation and Debtor Affiliate* (the "Plan").  The Liquidating Trustee was appointed

pursuant to the Confirmation Order.  The Effective Date under the Plan occurred on November 6, 2022.

## The Actions

7.      The Debtors are currently involved in a number of Actions in various forums and the Actions involve a variety of types of cases.  The Debtors and the Liquidating Trustee are not yet prepared to decide which, if any, of these Actions they will seek to remove.

8.      The Debtors and the Liquidating Trustee recognize that they may become aware of additional Actions following their review of proofs of claim filed in these chapter 11 cases[2], at which point the Debtors and the Liquidating Trustee will need to analyze such potential Actions to determine whether to remove any such Actions.  Consequently, the Debtors and the Liquidating Trustee are seeking an extension of the Removal Deadline to provide them with time to decide whether to remove any such Actions.

## Relief Requested

9.      The Debtors and the Liquidating Trustee seek entry of an order: (a) further enlarging the Removal Deadline through and including March 28, 2023, without prejudice to the Debtors' and the Liquidating Trustee's right to seek further extensions, and (b) granting related relief.

## Basis for Relief

10.      Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases.  Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a

---

[2] The general bar date for filing proofs of claim was October 14, 2022.

> governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

11.     Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims

or causes of action.  Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).  With respect to postpetition actions, Bankruptcy Rule 9027(a)(3)

provides that a notice of removal may be filed:

> only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

12.     Bankruptcy Rule 9006 permits the Court to extend the period to remove actions

provided by Bankruptcy Rule 9027.   Specifically, Bankruptcy Rule 9006(b)(1) provides, in

pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . .with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

4

13.    It is well settled that the Court is authorized to enlarge the Removal Deadline. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) (finding that Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (stating that an expansion of time to file notices of removal is authorized under the Bankruptcy Rules); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (explaining that the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (arguing that the United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).  Indeed, the Court has already granted such an extension once in these chapter 11 cases.

14.    The Debtors and the Liquidating Trustee are seeking to further extend the Removal Deadline, which would otherwise expire on December 28, 2022,[3] to ensure the Debtors' and the Liquidating Trustee's right to remove is preserved and that creditors are on notice of such extended removal deadline.

15.    The Debtors' and the Liquidating Trustee's decision regarding whether to seek removal of any particular Action depends on a number of factors, including:  (a) the importance of the Action to the expeditious resolution of these chapter 11 cases; (b) the time required to

---

[3]    Pursuant to Local Rule 9006-2, the filing of this Motion prior to the current deadline shall serve to automatically extend the current deadline without the necessity for the entry of a bridge order, until the Court rules on this Motion.  *See* Del. Bankr. L.R. 9006-2.

complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and matters to be considered in connection with any plan of liquidation or reorganization, the claims allowance process, and the assumption or rejection of executory contracts and unexpired leases; and (e) the progress made to date in the Action.  To make the appropriate determination, the Debtors and the Liquidating Trustee must analyze each Action in light of such factors.

16.     Since commencing these chapter 11 cases, the Debtors had been focused on addressing time-critical matters including, among other things, obtaining debtor-in-possession financing, preparing their Schedules and Statement of Financial Affairs, addressing and responding to Committee issues and requests, negotiating settlements with Freddie Mac and Fannie Mae as well as other major creditor constituencies, obtaining approval for a private sale of certain of their servicing rights, preparing and obtaining confirmation of the Plan.  The Debtors and the Liquidating Trustee believe that the extension requested herein will provide the Debtors and the Liquidating Trustee with the ability to make fully-informed decisions concerning the removal of any Actions and will ensure that the Debtors' rights provided by 28 U.S.C. § 1452 can be exercised in an appropriate manner.

17.     Moreover, the rights of parties to the Actions will not be unduly prejudiced by the Debtors' and the Liquidating Trustee's requested extension of the Removal Deadline.  Inasmuch as section 362(a) of the Bankruptcy Code automatically stays actions against the Debtors, most of the Actions will not proceed in their respective courts during these chapter 11 cases, even absent the relief requested herein.  Further, if the Debtors and the Liquidating Trustee ultimately seek to remove Actions pursuant to Bankruptcy Rule 9027, parties will retain their rights to have such

Actions remanded pursuant to 28 U.S.C. § 1452(b).  Accordingly, the Debtors and the Liquidating Trustee submit that cause exists for the relief requested herein.

18.     Courts in this district have regularly granted the relief requested herein in this and other chapter 11 cases.  *See, e.g., In re JAB Energy Solutions, II, LLC*, No. 21-11226 (CTG) (Bankr. D. Del. Dec. 14, 2021) (granting 90-day extension); *In re Sequential Brands Group, Inc.*, (Bankr. D. Del. Nov. 30, 2021) (same); *In re Bluestem Brands, Inc.*, No. 20-10566 (Bankr. D. Del. June 23, 2020) (granting a 120-day extension).  The 90-day extension requested herein is consistent with the extensions granted by courts in this district under similar circumstances. Accordingly, the Debtors' requested extension is reasonable.

### Notice

19.     The Debtors and the Liquidating Trustee shall provide notice of this Motion to the following parties or, in lieu thereof, to their counsel, if known:  (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Debtors' prepetition and postpetition secured lenders; (iii) counsel to the Committee and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).  The Debtors and the Liquidating Trustee submit that no other or further notice is necessary.

### No Prior Request

20.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors and the Liquidating Trustee respectfully request that the Court enter the proposed order granting the relief requested herein, and grant such other relief as the Court deems appropriate under the circumstances.

Dated:  December 27, 2022

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Mary F. Caloway*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: ljones@pszjlaw.com
         tcairns@pszjlaw.com
         mcaloway@pszjlaw.com

and

DENTONS US LLP
Samuel R. Maizel
Tania M. Moyron
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Email:  Samuel.maizel@dentons.com
         Tania.Moyron@dentons.com

David F. Cook
1900 K. Street, NW
Washington, DC 20006
Telephone: (202) 496-7500
Email:   david.f.cook@dentons.com

Counsel for the Debtors and Debtors in Possession

8