**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE<br>CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10584 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date: January 26, 2023 at 3:00 p.m.**<br>**Objection Deadline: January 19, 2023 at 4:00 p.m.** |

**FIFTH MONTHLY AND FINAL FEE APPLICATION OF DENTONS US LLP, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE DEBTORS FOR THE PERIOD OF NOVEMBER 1, 2022 THROUGH NOVEMBER 6, 2022 AND THE FINAL PERIOD FROM JUNE 30, 2022 THROUGH NOVEMBER 6, 2022[2]**
<u>**SUMMARY COVER SHEET OF APPLICATION**</u>

| General Information | |
|---|---|
| Name of Applicant: | Dentons US LLP |
| Authorized to Provide Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective to June 30, 2022, by order signed on August 2, 2022 |
| Monthly Period for Which Compensation and Expense Reimbursement is Sought: | November 1, 2022 through November 6, 2022 |
| Final Period for Which Compensation and Expense Reimbursement is Sought: | June 30, 2022, through November 6, 2022 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Monthly Period: | $111,104.00 (80% of $138,880.00) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction are:  First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The location of the corporate headquarters and the service address for First Guaranty Mortgage Corporation is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

[2] The deadline for Dentons US LLP to file this Application was extended to January 4, 2023, by agreement of the Liquidating Trustee pursuant to paragraph 31 of the *Findings of Fact, Conclusions of Law, and Order (I) Approving Disclosures on a Final Basis and (II) Confirming the Amended Disclosure Statement and Chapter 11 Plan of First Guaranty Mortgage Corporation and Debtor Affiliate* [D.I. 671] ("All final applications for payment of Professional Fee Claims must be Filed . . . on or before 45 days after the Effective *or such later date as may be agreed to by the Liquidating Trustee.*") (emphasis added).

| | |
|---|---|
| Amount of Expense Reimbursement Sought As Actual, Reasonable, and Necessary for the Monthly Period: | $0.00 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Final Period: | $4,423,841.00 |
| Amount of Expense Reimbursement Sought As Actual, Reasonable, and Necessary for the Final Period: | $39,190.80 |
| Amount of payment sought for the Final Period: | $4,463,031.80 |

This is a ✓ monthly _____ interim ✓ final application.

This is Dentons's fifth monthly fee application and final fee application.

## PRIOR FEE APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 10/17/2022 | 06/30/2022 - 07/31/2022 | $1,581,348.00 | $3,915.98 | $1,265,078.40 | $3,915.98 |
| 11/23/2022 | 08/1/2022 - 08/31/2022 | $1,155,705.00 | $28,242.41 | $924,564.00 | $28,242.41 |
| 11/30/2022 | 09/1/2022 - 09/30/2022 | $609,294.00 | $2,567.83 | $487,435.20 | $2,567.83 |
| 12/02/2022 | 10/01/2022 – 10/31/2022 | $938,614.00 | $4,464.58 | $750,891.20 | $4,464.58 |

## DUS PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice, Year of Joining the Firm | Department | Hourly Billing Rate | Total Hours Billed | Total Fees Billed |
|---|---|---|---|---|---|
| Salvatore O. Franco | Partner - Admitted to the Bar in 1996; Joined the Firm in 1997 | Capital Markets | $1,340 | 5.5 | $7,370.00 |
| Claude D. Montgomery | Partner - Admitted to the Bar in 1984; Joined the Firm in 2002 | Restructuring Insolvency & Bankruptcy | $1,210 | 646 | $781,660.00 |
| John L. Harrington | Partner - Admitted to the Bar in 1987; Joined the Firm in 2010 | Tax | $1,175 | 4.40 | $5,170.00 |
| Lynn P. Harrison, III | Partner - Admitted to the Bar in 1984; Joined the Firm in 2020 | Restructuring Insolvency & Bankruptcy | $1,140 | 253.80 | $289,332.00 |
| Philip A. O'Connell, Jr. | Partner - Admitted to the Bar in 1983; Joined the Firm in 1983 | Commercial Litigation | $1,105 | 0.30 | $331.50 |
| Jeffrey J. Murphy | Partner - Admitted to the Bar in 1984; Joined the Firm in 1985 | Capital Markets | $1,045 | 50.2 | $52,459.00 |
| Richard C. Williams | Partner - Admitted to the Bar in 2007; Joined the Firm in 2010 | Tax | $1,040 | 8.9 | $9,256.00 |
| E. Lee Smith | Partner - Admitted to the Bar in 1986; Joined the Firm in 2003 | Capital Markets | $1,025 | 307.10 | $314,777.50 |
| Drew Marrocco | Partner - Admitted to the Bar in 1985; Joined the Firm in 1995 | Commercial Litigation | $1,020 | 3.80 | $3,876.00 |
| Sam J. Alberts | Partner - Admitted to the Bar in 1993; Joined the Firm in 2011 | Restructuring Insolvency & Bankruptcy | $990 | 208.40 | $206,316.00 |
| Sandra McCandless | Partner - Admitted to the Bar in 1973; Joined the Firm in 1994 | Employment & Labor | $985 | 192.90 | $190,006.50 |

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice, Year of Joining the Firm | Department | Hourly Billing Rate | Total Hours Billed | Total Fees Billed |
|---|---|---|---|---|---|
| Samuel R. Maizel | Partner - Admitted to the Bar in 1985; Joined the Firm in 2015 | Restructuring Insolvency & Bankruptcy | $970 | 430.40 | $417,488.00 |
| Lee P. Whidden | Partner - Admitted to the Bar in 1989; Joined the Firm in 2002 | Restructuring Insolvency & Bankruptcy | $970 | 18.60 | $18,042.00 |
| Robert E. Richards | Partner - Admitted to the Bar in 1989; Joined the Firm in 1988 | Restructuring Insolvency & Bankruptcy | $940 | 48.80 | $45,872.00 |
| Roger K. Heidenreich | Partner - Admitted to the Bar in 1983; Joined the Firm in 1983 | Commercial Litigation | $930 | 19.60 | $18,228.00 |
| Nicole Mersky | Partner - Admitted to the Bar in 2001; Joined the Firm in 2021 | Capital Markets | $895 | 1.30 | $1,163.50 |
| Christopher D. O'Leary | Partner - Admitted to the Bar in 2009; Joined the Firm in 2014 | Capital Markets | $850 | 285.60 | $242,760.00 |
| Tania M. Moyron | Partner - Admitted to the Bar in 2005; Joined the Firm in 2017 | Restructuring Insolvency & Bankruptcy | $790 | 914.30 | $722,297.00 |
| Sanpreet Dhaliwal | Senior Managing Associate - Admitted to the Bar in 2016; Joined the Firm in 2022 | Tax | $780 | 17.20 | $13,416.00 |
| Lauren M. Macksoud | Partner - Admitted to the Bar in 2003; Joined the Firm in 2017 | Restructuring Insolvency & Bankruptcy | $770 | 354.60 | $273,042.00 |
| Geoffrey M. Miller | Partner - Admitted to the Bar in 2012; Joined the Firm in 2014 | Restructuring Insolvency & Bankruptcy | $770 | 184.2 | $141,834.00 |
| John A. Moe, II | Partner - Admitted to the Bar in 1975; Joined the Firm in 2008 | Restructuring Insolvency & Bankruptcy | $760 | 27.50 | $20,900.00 |
| Hudson J. Overcash | Senior Managing Associate - Admitted to the Bar in 2014; Joined the Firm in 2021 | Capital Markets | $740 | 5.0 | $3,700.00 |
| Casey W. Doherty, Jr. | Senior Managing Associate - Admitted to the Bar in 2011; Joined the Firm in 2022 | Restructuring Insolvency & Bankruptcy | $695 | 151.10 | $105,014.50 |
| Malka S. Zeefe | Counsel - Admitted to the Bar in 2005; Joined the Firm in 2017 | Restructuring Insolvency & Bankruptcy Litigation | $690 | 7.10 | $4,899.00 |
| Andrew M. Pendexter | Senior Managing Associate - Admitted to the Bar in 2011; Joined the Firm in 2021 | Capital Markets | $680 | 1.0 | $680.00 |

US_ACTIVE\122897219\V-3

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice, Year of Joining the Firm | Department | Hourly Billing Rate | Total Hours Billed | Total Fees Billed |
|---|---|---|---|---|---|
| Jeffrey C. Nelson | Managing Associate - Admitted to the Bar in 2017; Joined the Firm in 2017 | Capital Markets | $680 | 7.10 | $4,828.00 |
| Eric Oliver | Managing Associate - Admitted to the Bar in 2015; Joined the Firm in 2021 | Capital Markets | $655 | 12.10 | $7,925.50 |
| Rebecca M. Wicks | Senior Managing Associate - Admitted to the Bar in 2016; Joined the Firm in 2021 | Restructuring Insolvency & Bankruptcy | $655 | 64.60 | $42,959.00 |
| Sarah M. Schrag | Managing Associate - Admitted to the Bar in 2016; Joined the Firm in 2016 | Restructuring Insolvency & Bankruptcy | $650 | 223.80 | $145,470.00 |
| David F. Cook | Managing Associate - Admitted to the Bar in 2017; Joined the Firm in 2019 | Restructuring Insolvency & Bankruptcy | $620 | 323.10 | $200,322.00 |
| Pooja L. Shah | Associate - Admitted to the Bar in 2015 Joined the Firm in 2022 | Commercial Litigation | $575 | 9.60 | $5,520.00 |
| Demadeep Kaur | Associate - Admitted to the Bar in 2020; Joined the Firm in 2019 | Capital Markets | $570 | 11.50 | $6,555.00 |
| Jessica Peterson | Associate - Admitted to the Bar in 2019; Joined the Firm in 2022 | Employment & Labor | $525 | 51.60 | $27,090.00 |
| Samantha Ruben | Associate - Admitted to the Bar in 2019; Joined the Firm in 2021 | Restructuring Insolvency & Bankruptcy | $525 | 54 | $28,350.00 |
| Nicole L. Hutson | Senior Managing Associate - Admitted to the Bar in 2011; Joined the Firm in 2019 | Employment & Labor | $495 | 5.5 | $2,722.50 |
| Michael E. Harriss | Senior Managing Associate - Admitted to the Bar in 2014; Joined the Firm in 2018 | Commercial Litigation | $455 | 54.50 | $24,797.50 |
| George L. Medina | Senior Paralegal | Restructuring Insolvency & Bankruptcy | $360 | 71.50 | $25,740.00 |
| Elizabeth S. Cobarrubias | Senior Research Specialist | Knowledge/Practice Innovation | $350 | 0.8 | $280.00 |
| Barbara J. Fullerton | Supervisor, Research Services | Knowledge/Practice Innovation | $350 | 0.30 | $105.00 |
| Mica L. Maddry | Research Specialist | Knowledge/Practice Innovation | $350 | 2.80 | $980.00 |

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice, Year of Joining the Firm | Department | Hourly Billing Rate | Total Hours Billed | Total Fees Billed |
|---|---|---|---|---|---|
| Kathryn Howard | Senior Paralegal | Restructuring Insolvency & Bankruptcy | $340 | 28.40 | $9,656.00 |
| Jack I. Milko | Paralegal | Capital Markets | $320 | 0.80 | $256.00 |
| Constantine Theodore | Paralegal | Capital Markets | $320 | 0.90 | $288.00 |
| Timothy M. Fowler | Supervisor, Senior Research Specialist | Knowledge/Practice Innovation | $265 | 0.40 | $106.00 |
|  |  |  |  | 5070.9 | $4,423,841.00 |

**Grand Total:**   **$4,423,841.00**
**Total Hours**   **5,070.90**
**Blended Rate:**   **$872.39**

US_ACTIVE\122897219\V-3

## COMPENSATION BY PROJECT CATEGORY

| Task Code | Matter Description | Total Hours Billed | Total Fees Requested |
|---|---|---|---|
| B110 | Administration | 6.30 | $4,496.00 |
| B110 | Case Administration | 601.70 | $475,738.50 |
| B120 | Asset Analysis and Recovery | 76.20 | $58,351.00 |
| B130 | Asset Disposition | 593.50 | $590,324.50 |
| B140 | Relief from Stay/Adequate Protection Proceedings | 85.30 | $61,259.50 |
| B150 | Meetings of/and Communications with Creditors | 61.0 | $61,925.50 |
| B160 | Fee/Employment Applications | 89.50 | $55,861.00 |
| B170 | Fee/Employment Objections | 4.40 | $3,058.00 |
| B180 | Avoidance Actions | 0.7 | $847.00 |
| B185 | Assumption/Rejection of Leases and Contracts | 200.30 | $182,807.50 |
| B190 | Other Contested Matters (excl. assumption/rejection motions) | 189.10 | $157,920.50 |
| B200 | Operations | 2.0 | $2,007.50 |
| B210 | Business Operations | 43.50 | $39,246.00 |
| B220 | Employee Benefits/Pension | 290.90 | $245,456.50 |
| B230 | Financing/Cash Collections | 1,287.10 | $1,201,248.50 |
| B240 | Tax Issue | 31 | $28,499.50 |
| B260 | Board of Directors Matters | 81.90 | $72,012.00 |
| B300 | Claims and Plan | 206.80 | $166,940.00 |
| B310 | Claims Administration and Objections | 112 | $93,618.00 |
| B320 | Plan and Disclosure Statement (incl. Business Plan) | 682.30 | $585,991.00 |
| B400 | Bankruptcy-Related Advice | 45.60 | $36,472.00 |
| B410 | General Bankruptcy Advice/Opinions | 6.40 | $4,312.00 |
| EMP | Employee matters | 320.10 | $254,382.50 |
| INS | Insurance | 2.50 | $1,975.00 |
| WARNACT | Warn Act Issues | 50.80 | $39,091.50 |

US_ACTIVE\122897219\V-3

| Task Code | Matter Description | Total Hours Billed | Total Fees Requested |
|---|---|---|---|
| **Total** | | **5,070.9** | **$4,423,841.00** |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Corporate Fees | Corporate Fees Certificates of Good Standing and Articles of Incorporation for J. Nelson. | $1,010.77 |
| Delivery & Postage | Federal Express<br><br>Ace Attorney 476322 Del Priority To Sam Maizel and Tania Moyron<br><br>Delivery of Hearing Binders to Sam Maizel | $279.86 |
| Filing Fees | Notice of Bankruptcy and Automatic Stay filed in *Nyankymah v. Latortue,* Case No. 22-cv-000575-P1 | $35.60 |
| Lexis | Claude D. Montgomery<br>Tania M. Moyron<br>Rebecca M. Wicks<br>Sarah Schrag<br>David F. Cook<br>Tim Fowler | $2,146.85 |
| Litigation Support | Pacer Service Center | $549.00 |
| Outside Professional Services | Dentons Bingham Greenebaum invoice 4527679 for professional services rendered through July 31, 2022<br><br>Dentons Bingham Greenebaum invoice 4529545 for professional services rendered through August 31, 2022. | $23,020.00 |
| Publication Fee | Case Trackers | $10.50 |
| Transcript | Transcript Services - Certified Transcript | $10.80 |

US_ACTIVE\122897219\V-3

| Westlaw | Rebecca M. Wicks | $12,127.42 |
| | Sarah Schrag | |
| | David F. Cook | |
| | Hudson Overcash | |
| | Demadeep Kaur | |
| | Mica Maddry | |
| | Jessica Peterson | |
| | George Medina | |
| **Total Disbursements Requested** | | **$39,190.80** |

US_ACTIVE\122897219\V-3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>FIRST GUARANTY MORTGAGE<br>CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10584 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date: January 26, 2023 at 3:00 p.m.**<br>**Objection Deadline: January 19, 2023 at 4:00 p.m.** |

**FIFTH MONTHLY AND FINAL FEE APPLICATION OF DENTONS US LLP, FOR**
**ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND**
**REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE DEBTORS**
**FOR THE PERIOD OF NOVEMBER 1, 2022 THROUGH NOVEMBER 6, 2022 AND**
**THE FINAL PERIOD FROM JUNE 30, 2022 THROUGH NOVEMBER 6, 2022**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the *Order (I) Approving Procedures for (A) Interim Compensation and Reimbursement of Expenses of Retained Professionals and (B) Expense Reimbursement for Official Committee Members and (II) Granting Related Relief* [D.I. 268] entered on August 2, 2022 (the "Administrative Order"), Dentons US LLP ("DUS"), counsel to the debtors and debtors in possession in the above-captioned cases (the "Debtors"), hereby submits this *Fifth Monthly and Final Fee Application of Dentons US LLP, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors for the Period of November*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction are:  First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The location of the corporate headquarters and the service address for First Guaranty Mortgage Corporation is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

*1, 2022 Through November 6, 2022 and the Final Period from June 30, 2022 Through November 6, 2022* (the "Application").

By this Application, DUS seeks entry of an order, in the form attached as **Exhibit A**, (i) allowing compensation in the amount of $111,104.00 (80% of $138,880.00) for the reasonable and necessary legal services DUS rendered to the Debtors during the period of November 1, 2022 through November 6, 2022 (the "November Monthly Period") and $0.00 (100%) for reimbursement of actual and necessary expenses incurred during the November Monthly Period for a total of $111,104.00 for the November Monthly Period, and (ii) allowing compensation on a final basis of $4,423,841.00 for the reasonable and necessary legal services DUS rendered to the Debtors during for the period of June 30, 2022 through November 6, 2022 (the "Final Fee Period") and $39,190.80 for reimbursement of actual and necessary expenses incurred during the Final Fee Period for a total of $4,463,031.80 for the Final Fee Period. DUS also requests, to the extent that DUS has incurred fees and expenses in addition to those provided herein, that this Court authorize DUS to file a supplemental fee application(s) by following the interim compensation procedures set forth in the Administrative Order and submitting a certificate of no objection and order to the Court for final approval of such fees and expenses as may be reflected in any supplemental fee application. In support of this Application, DUS respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and DUS confirms its consent pursuant to Bankruptcy Rule 7008 and Rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local

US_ACTIVE\122897219\V-3

Rules") to the entry of a final order by this Court in connection with the Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, and the Administrative Order.

**BACKGROUND**

4.      On June 30, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors operated and managed their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, and the Court confirmed the Amended Combined Disclosure Statement and Chapter 11 Plan by order entered on November 2, 2022 [D.I. 671].  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

5.      The Administrative Order authorized certain professionals (the "Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein.  The Administrative Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within twenty-one (21) days after service of the monthly fee application, the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the period ending September 30, 2022, and at three-month intervals thereafter, each of the Professionals shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

US_ACTIVE\122897219\V-3

6.      The Court approved the retention of DUS, effective as of June 30, 2022, by its *Order Authorizing and Approving the Retention of Dentons US LLP as Counsel to the Debtors and Debtors in Possession Effective as of June 30, 2022* [D.I. 277] (the "Retention Order").  The Retention Order authorized DUS to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

7.      Attorneys retained pursuant to sections 327 or 1103 of the Bankruptcy Code must comply with certain requirements of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "Revised UST Guidelines").  Charts and tables based on such forms are attached hereto as exhibits and filled out with data relevant to these Cases: **Exhibit B**, Customary and Comparable Compensation Disclosures with Fee Applications; **Exhibit C**, Summary of Timekeepers Included in this Fee Application, **Exhibit D-1**, Budget; **Exhibit D-2**, Staffing Plan; **Exhibit E-1**, Summary of Compensation Requested by Project Category; **Exhibit E-2**, Summary of Expense Reimbursement Requested by Category; and **Exhibit F**, Summary Cover Sheet of Fee Application.

## PREVIOUSLY FILED FEE APPLICATIONS

8.      The monthly fee applications (the "Monthly Fee Applications") for the periods June 30, 22 through October 30, 2022 of DUS have been filed and served pursuant to the Administrative Order.  Attached hereto as **Exhibit G** are copies of the Monthly Fee Applications.

9.      The Monthly Fee Applications contain detailed daily time logs describing the actual and necessary services provided by DUS during the periods covered by such applications as well as other detailed information required to be included in Monthly Fee Applications.  The time logs

US_ACTIVE\122897219\V-3

also include description of the actual and necessary expenses incurred by DUS on behalf of the Debtors.

10.     Although the Second Monthly Fee Application requested reimbursement for the services provided by Dentons Bingham Greenbaum LLP ("<u>DGB</u>") in the amount of $21,932.00, the invoice itself  was not attached to the Second Monthly Fee Application [Docket No. 593]. Thus, for the benefit of the Court and all interested parties, the DGB invoice is attached as **<u>Exhibit H</u>**.

## <u>FEE STATEMENT FOR NOVEMBER MONTHLY PERIOD</u>

11.     The fee statement for the November Monthly Period is attached hereto as **<u>Exhibit I</u>**.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional during the November Monthly Period.  To the best of DUS's knowledge, this Application complies with §§ 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules. DUS's time reports are initially handwritten by the attorney or paralegal performing the described services.  The time reports are organized daily.  DUS is particularly sensitive to issues of "lumping" and unless time was spent in a one-time frame on a variety of different matters for a particular client, separate time entries are outlined in the time reports.  DUS's charges for its professional services are based upon the time, nature, extent, and value of such services and the cost and of comparable services other than in a case under the Bankruptcy Code.\

## <u>ACTUAL AND NECESSARY EXPENSES</u>

12.     A summary of actual and necessary expenses incurred by DUS for the November Monthly Period is attached hereto as part of **<u>Exhibit I</u>**.  DUS represents that: (i) it does not charge for internal printing; (ii) it does not charge for outgoing or incoming facsimile transmissions in

bankruptcy matters; and (iii) with respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), there is no surcharge for computerized legal research.

13.     DUS believes the foregoing rates are consistent with the market rates that the majority of law firms charge clients for such services.  In addition, DUS believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**SUMMARY OF SERVICES RENDERED DURING NOVEMBER MONTHLY PERIOD**

14.     The services rendered by DUS during the November Monthly Period can be grouped into the categories set forth below.  DUS attempted to place the services provided in the category that best relates to such services.  However, because certain services may related to one or more categories, services, pertaining to one category may in fact be included in another category.  These services, performed by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit I**.  **Exhibit I** identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

15.     **Case Administration B110:**  This category includes, but is not limited to, DUS's attention to administrative matters regarding an array of topics, including (i) analysis of the service agreement with Debtor's agent, Kurtzman Carson Consultants, LLC ("KCC"), in connection with transition to liquidating trust; (ii) internal and external correspondence relating to pending priority issues; (iii) tracking of pending issues prior to effective date of the confirmed chapter 11 plan; and (iv) preparation of the notice of effective date.

**Fees: $13,608.00        Hours: 17.30**

16.    **Asset Disposition B130:** This category includes, but is not limited to, DUS's work related to asset sales and related issues with regard to both substance and process, such as the potential sale of the junior interest of Maverick (the "JV Interest"), including internal and external correspondence relating to the potential sale of the JV Interest and analysis of issues impacting any sale of the JV Interest.

**Fees: $1,080.00        Hours: 1.20**

17.    **Meetings of and Communications with Creditors B150:** This category includes but is not limited to, DUS's work relating to meetings and correspondence with the advisors to the Official Committee of Unsecured Creditors (the "UCC") concerning notice issues and responding to creditor inquiries.

**Fees: $291.00        Hours: 0.30**

18.    **Fee/Employment Applications B160:** This category includes, but is not limited to, DUS's work relating to employment related matters, including the preparation of DUS's third monthly fee application.

**Fees: $1,072.00        Hours: 1.30**

19.    **Assumption/Rejection of Leases and Contracts B185:** This category includes, but is not limited to, DUS's work relating to the (i) internal and external correspondence regarding outstanding issues and potential settlements with Rushmore and Mass Mutual Life Insurance Company ("Mass Mutual"); (ii) preparation of litigation hold notices; (iii) preparation of letter of direction; and (iv) preparation of settlement term sheet with Mass Mutual.

**Fees: $33,517.00        Hours: 27.70**

20.    **Other Contested Matters (excl. assumption/rejection motions) B190**:    This category includes, but is not limited to, DUS's work related to various contested issues, such as (i) preparation of and revisions to letter to Customers Bank; (ii) preparation of stipulation extending time to file reply in WARN Act litigation; and (iii) preparation of settlement term sheets.

**Fees: $4,270.00        Hours: 6.00**

21.    **Operations B200**: This category includes, but is not limited to, DUS's work relating to insurance renewal.

**Fees: $470.00        Hours: 0.50**

22.    **Financing/Cash Collections B230**: This category includes, but is not limited to, DUS's services relating to complex financing matters that were critical to the Debtors' success in these chapter 11 cases. Among other things, DUS focused its attention on (i) analysis of the Lynx claim; (ii) execution of credit documentation; (iii) negotiation of various settlements and paydowns; (iv) correspondence and analysis of the amount funding the Liquidating Trust; (v) correspondence with creditors and the cash flow DIP lender; (vi) analysis of closing statements; and (vi) preparation of settlements and term sheets.

**Fees: $16,732.50        Hours: 18.30**

23.    **Claims and Plan B300**: This category includes, but is not limited to DUS services related to implementation of the confirmed chapter 11 plan, such as (i) preparation of settlement agreements; (ii) preparation of and revisions to order confirming plan; and (iii) internal correspondence with DUS professionals regarding the plan the confirmation order.

**Fees: $9,063.00        Hours: 9.10**

24.    **Claims Administration and Objections B310**:  This category includes, but is not limited to, DUS work relating to analyzing and evaluating claims, such as (i) reviewing and

17

analyzing issues related to estimation for voting purposes; (ii) discussing and negotiating settlements of claims with various creditors; (iii) preparing and revising claim settlement agreements; and (iv) analyzing administrative claim issues related to landlord's claim.

**Fees: $13,983.00      Hours: 14.50**

25.    **Plan and Disclosure Statement (incl. Business Plan) B320:** This category includes, but is not limited to, DUS's work relating to implementation of Debtors' confirmed chapter 11 plan, such as (i) preparation and revisions of the confirmation order, including correspondence with counsel for the United States Trustee, lenders, and counsel for WARN plaintiffs to negotiate settlement language and revised provisions; (ii) analysis of servicing agreement and remittance issues; (iii) analysis of constructive trust issues; (iv) attendance on conference calls with Debtors and various Professionals related to plan confirmation; (v) preparation of liquidating trust agreement; (vi) review and analysis of conditions precedent to effective date; (vii) preparation of litigation hold notices; and (viii) review and analysis of issues related to plan funding.

**Fees: $41,650.00      Hours: 51.80**

26.    **Bankruptcy-Related Advice B400:**  This category includes, but is not limited to, DUS's work relating to general bankruptcy advice, including review of effective date notices, various stipulations, and drafting of litigation hold notices.

**Fees: $3,007.50      Hours: 3.10**

27.    **Employee Matters EMP:**  This category includes, but is not limited to, DUS's work relating to various employment matters, including preparation and revisions of the draft stipulation regarding the reply brief for the class-certification motion.

**Fees: $136.50      Hours: 0.3**

## **DISCUSSION**

28.     DUS has endeavored to represent the Debtors in the most efficient manner possible. Moreover, DUS has endeavored to coordinate with other professionals involved in these Chapter 11 Cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors.

29.     No agreement or understanding exists between DUS and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these Chapter 11 Cases.

30.     With respect to the level of compensation, section 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person, "reasonable compensation for actual, necessary services rendered." Section 330(a)(3) of the Bankruptcy Code, in turn, provides that:

> In determining the amount of reasonable compensation to be awarded . . . , the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)     the time spent on such services;
> (B)     the rates charged for such services;
> (C)     whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

31.     The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. *See In Re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.") (citation and internal quotation marks omitted); *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective on requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists.") (citations omitted).

32.     DUS asserts that in accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (a) the complexity of the Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. DUS respectfully submits that, had counsel with less experience in these types of matters been retained, the cost to the estate would have been much greater.

33.     The fees charged by DUS in these cases have been billed in accordance with the existing billing rates and procedures in effect during the November Monthly Fee Period and the Final Fee Period.  The services rendered by DUS were necessary and beneficial to the Debtors, consistently performed in a timely manner, and reasonable in light of the value of such services to the Debtors, DUS' demonstrated skill and expertise in the bankruptcy field, and the customary compensation charged by comparably skilled practitioners.  Accordingly, DUS respectfully submits that approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

34.     To the extent that DUS has incurred fees and expenses in addition to the foregoing, DUS reserves the right, and respectfully requests that this Court authorize DUS to file a supplemental fee application(s) by following the interim compensation procedures set forth in the Administrative Order and submitting a certificate of no objection and order to the Court for final approval of such fees and expenses as may be reflected in any supplemental fee application.

## STATEMENT FROM DUS

35.     The following is provided in response to the request for additional information set forth in Paragraph C.5 of the Revised UST Guidelines:

**Question:**     Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response:     Yes.  DUS waived fees for non-working travel and travel expenses.

**Question:**     If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:     N/A.

**Question:**     Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:     No.

**Question:**     Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?

Response:     No.

**Question:**     Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?

Response:    No.

**Question:**    If the fee application includes any rate increases since retention, did the client (i) review and approve those rate increases in advance, and (ii) agree when retaining the law firm to accept all future rate increases?

Response:    N/A.

WHEREFORE, for the reasons stated herein, and such other reasons as may be stated on the record, DUS respectfully requests entry of an order substantially in the form attached hereto as **Exhibit A**, (i) authorizing and directing payment to DUS in the amount of $111,104.00 (80% of $138,880.00) for the reasonable and necessary legal services DUS rendered to the Debtors during the November Monthly Period and $0.00 (100%) for reimbursement of actual and necessary expenses incurred during the November Monthly Period for a total of $111,104.00 for the November Monthly Period, and (ii) allowing compensation on a final basis in favor of DUS of $4,423,841.00 for the reasonable and necessary legal services DUS rendered to the Debtors during Final Fee Period and $39,190.80 for reimbursement of actual and necessary expenses incurred during the Final Fee Period for a total of  $4,463,031.80 for the Final Fee Period and (iii) authorizing DUS, to the extent that DUS has incurred fees and expenses in addition to those provided herein, to file a supplemental fee application(s) by following the interim compensation procedures set forth in the Administrative Order and submitting a certificate of no objection and order to the Court for final approval of such fees and expenses as may be reflected in any supplemental fee application.

Dated: January 4, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Tel:    (302) 652-4100
Fax:    (302) 652-4400
Email:  ljones@pszjlaw.com
         mcaloway@pszjlaw.com

-and-

Samuel R. Maizel (*Pro Hac Vice*)
Tania M. Moyron (*Pro Hac Vice*)
**DENTONS US LLP**
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Email: samuel.maizel@dentons.com
         tania.moyron@dentons.com

Claude D. Montgomery (*Pro Hac Vice*)
**DENTONS US LLP**
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 632-8390
Email: claude.montgomery@dentons.com

David F. Cook (DE Bar No. 6352)
**DENTONS US LLP**
1900 K Street, NW
Washington, DC 20006
Telephone:  (202) 496-7500
Email:  david.f.cook@dentons.com

*Counsel for Debtors and Debtors in Possession*

US_ACTIVE\122897219\V-3

## **DECLARATION**

STATE OF DELAWARE    :

COUNTY OF NEW CASTLE   :


   Samuel R. Maizel, after being duly sworn according to law, deposes and says:

   a)   I am a partner with the applicant law firm Dentons US LLP ("DUS"), and am admitted to appear before this Court *pro hac vice*.

   b)   I am familiar with the work performed on behalf of the debtors in these chapter 11 cases (the "Debtors") by the lawyers and paraprofessionals of DUS.

   c)   I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and the Administrative Order (as defined in the foregoing Application), and submit that the Application substantially complies with such Rule and Order.


              */s/ Samuel R. Maizel*
              Samuel R. Maizel