**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE<br>CORPORATION, *et al.*,[1]<br><br>Liquidating Debtors. | Chapter 11<br><br>Case No. 22-10584 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date: To Be Determined**<br><br>**Objection Deadline: To Be Determined** |

## FIRST OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

The liquidating trustee (the "Liquidating Trustee"), under the liquidating trust (the "Trust")

created pursuant to the *Amended, Modified And Restated Combined Disclosure Statement And*

*Chapter 11 Plan Of First Guaranty Mortgage Corporation And Debtor Affiliate* (the "Plan")

[Docket No. 671-1], and that certain trust agreement dated as of November 4, 2022 (the "Trust

Agreement"), and the post-effective date debtors (the "Debtors") in the above-captioned chapter

11 cases (the "Chapter 11 Cases"), hereby submit this objection (the "Objection"), by and through

undersigned counsel, pursuant to § 502 of title 11 of the United States Code (the "Bankruptcy

Code"), Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "Local Rules") to certain administrative

expense and priority claims, including (i) the duplicative claims identified on **Exhibit A** hereto

(the "Duplicative Claims"), and (ii) the unsupported claims identified on **Exhibit B** hereto (the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number
in the jurisdiction were:  First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621).
The location of the corporate headquarters and the service address for First Guaranty Mortgage Corporation is
5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

"Unsupported Claims," and collectively with the Duplicative Claims, the "Claims"), and seek entry of an order, substantially in the form attached hereto, disallowing or reducing the Claims, as applicable, as set forth herein and on **Exhibits A** and **B**.  In support of this Objection, the Liquidating Trustee and Debtors submit the *Declaration of Tanya Meerovich in Support of the First Omnibus Objection to Claims (Non-Substantive)* (the "Meerovich Declaration"), attached hereto as **Exhibit C**.  In support of the Objection, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Liquidating Trustee and Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The basis for the relief requested herein is section 502 of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, Local Rule 3007-1, and such additional authorities cited below.

### BACKGROUND

4.      On June 30, 2022 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code in this Court.

5.      On August 29, 2022, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and together with the Schedules, the "Schedules and Statements") [Docket Nos. 365-368].

6.      On August 31, 2022, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Setting Bar Date for the Filing of Proofs of Claim by Governmental Units, (III) Setting a Bar Date for the Filing of Requests for Allowance of Administrative Expense Claims, (IV) Establishing Amended Schedules Bar Date and Rejection Bar Date, (V) Approving the Form of and Manner for Filing Proofs of Claim, (VI) Approving Notice of Bar Dates, and (VII) Granting Related Relief* [Docket No. 382] (the "Bar Date Order").  The Bar Date Order set October 14, 2022 as the general claims bar date for the filing of proofs of claim; December 27, 2022 as the claims bar date for governmental units; and October 14, 2022 as the bar date for administrative claims arising on or prior to September 30, 2022. *Id.*

7.      On November 2, 2022, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving Disclosures on a Final Basis and (II) Confirming the Amended Combined Disclosure Statement and Chapter 11 Plan of First Guaranty Mortgage Corporation and Debtor Affiliate* [Docket No. 671], which among other things, confirmed the Plan.

8.      Pursuant to the Plan, the Liquidating Trustee was granted the authority to object to and settle disputes regarding claims not later than the Claims Objection Deadline.  *See* Plan at Section 12.2.  The Plan provides that "all objections to Claims shall be filed and served upon the Claimant not later than the Claims Objection Deadline, as such may be extended by order of the Bankruptcy Court." *Id.* at Section 12.3.  Under the Plan, the "'Claims Objection Deadline' means, with respect to all Claims other than Professional Fee Claims, (a) 180 days after the Effective Date,

or (b) such other period as may be fixed by an order of the Bankruptcy Court for objecting to Claims upon request of the Liquidating Trustee." *See* Plan at 14. The Effective Date of the Plan occurred on November 6, 2022. *See Notice of (I) Confirmation and Effective Date of the Amended Combined Disclosure Statement and Chapter 11 Plan of First Guaranty Mortgage Corporation and Debtor Affiliate and (II) Deadline Under the Plan and Confirmation Order to File Administrative Claims, Professional Fee Claims, and Rejection Claims* [Docket No. 678]. As such, the Claims Objection Deadline has not passed as of the date of the filing of this Objection.

9.      Since the Effective Date of the Plan, the Liquidating Trustee and the Debtors have undertaken a comprehensive review and reconciliation of the Claims, which are comprised of certain administrative expense and priority claims filed or otherwise asserted against the Debtors. In furtherance of the Liquidating Trustee's review and reconciliation of filed administrative expense and priority claims, the Liquidating Trustee has, among other things, undertaken a review and comparison of the scheduled and/or asserted administrative expense and priority claims, their supporting materials, and the books and records maintained by the Debtors in the ordinary course of business (as such Books and Records have been provided by the Debtors, the "Books and Records") to determine the validity of such scheduled and/or asserted claims.

10.     The Liquidating Trustee's claims reconciliation process has also included the identification of particular categories of claims that may be subject to, *inter alia*, disallowance, reduction, reassignment, and/or reclassification. To reduce the number of claims and avoid improper recoveries by parties asserted claims that should be disallowed, reduced, reassigned, and/or reclassified, the Liquidating Trustee anticipates filing multiple claim objections.

DOCS_DE:242438.1

## **RELIEF REQUESTED**

11.     By this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1, the Liquidating Trustee objects to (i) the Duplicative Claims identified on **Exhibit A** hereto, and (ii) the Unsupported Claims identified on **Exhibit B** hereto, and seeks entry of on order, substantially in the form of the Proposed Order attached hereto, disallowing or reducing such Claims, as applicable, as set forth herein and on **Exhibits A** and **B**.

12.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest […] objects." 11 U.S.C. § 502(a).  Although a properly filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim, once evidence to rebut a claim's *prima facie* validity has been presented, a creditor must then present evidence to prove the claim.  As explained by the Third Circuit:

> [t]he burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid.  In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward.  The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim.  It is often said that the objector must produce evidence equal in force to the *prima facie* case.  In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.  The burden of persuasion is always on the claimant.

*In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citations omitted); *see also In re F-Squared Inv. Mgmt., LLC*, 546 B.R. 538, 542–43 (Bankr. D. Del. 2016) (reciting *Allegheny* standards in reviewing a claim to which an objection was filed).

13.    For the reasons set forth below and on **Exhibits A** and **B**, any purported *prima facie* validity of the Claims is rebuttable, and the applicable claimants cannot meet their burdens of proof with respect to their respective Claims.  The Claims should therefore be disallowed or reduced, as applicable, as set forth herein and on **Exhibits A** and **B**.

## I.    The Duplicative Claims

14.    Based upon the review of the proofs of claim filed in these cases (including their supporting materials), the claims register, the docket, and the Books and Records (as provided by the Debtors) by the Liquidating Trustee, the Duplicative Claims identified on **Exhibit A** are duplicative in their entirety of other claims asserted by the same claimants with respect to the same alleged liabilities.  The Duplicative Claims should therefore be disallowed and expunged in their entirety.

## II.    The Unsupported Claims

15.    Based upon the review of the proofs of claim filed in these cases (including their supporting materials), the claims register, the docket, and the Books and Records (as provided by the Debtors), the Unsupported Claims identified on **Exhibit B** fail to allege facts sufficient to support the Unsupported Claims, due to a lack of supporting materials or otherwise.  As a result, they do not constitute *prima facie* evidence of their validity under Bankruptcy Rule 3001(f); and because they also are not supported by, and are inconsistent with, the Books and Records, the Unsupported Claims should be disallowed and expunged in their entirety.  *In re Allegheny*

DOCS_DE:242438.1

*International, Inc.*, 954 F.2d at 173-74 ("Initially, the claimant must allege facts sufficient to support the claim.").

16.     Pursuant to Local Rule 3007-1(d)(vi), the Liquidating Trustee submits the Meerovich Declaration, attesting that the Liquidating Trustee has reviewed the Claims and all relevant information and documentation, made reasonable efforts to search the Books and Records, and believes the documentation fails to provide *prima facie* evidence of the validity and amount of the Claims.

## RESPONSES TO THE OBJECTION

17.     Each claimant who has filed a Claim subject to this Objection is receiving a copy of the Objection.  Each claimant should read the Objection and reference the Exhibits attached hereto, which list the Claims subject to the Objection.

18.     To contest the Liquidating Trustee's Objection to any claim listed on **Exhibits A** or **B**, a claimant must file and serve a written response to this objection (a "Response") so that it is actually received by the date and time listed on the *Notice of First Omnibus Objection to Claims (Non-Substantive)* being filed with this Objection (the "Response Deadline").  Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk"), 824 North Market Street, Wilmington, Delaware 19801, and served upon the following entities, so that the Response is actually received no later than the Response Deadline, at the following addresses:

7

Dentons US LLP
601 S. Figueroa Street, #2500
Los Angeles, CA
90017 Telephone: (213) 623-9300
Attn:    Samuel R. Maizel, Esq.
         Tania M. Moyron, Esq.
         samuel.maizel@dentons.com
         tania.moyron@dentons.com

Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tel. 302-652-4100, Fax 302-652-4400
Attn:    Laura Davis Jones, Esq.
         ljones@pszjlaw.com

19.    Every Response to this Objection must contain at a minimum the following information: (a) a caption setting forth the name of this Court, the name of the Debtors, the case number, and the title of this Objection; (b) the claimant's name, the Claim number, and a description of the basis for the amount of the Claim; (c) the specific factual basis and supporting legal argument upon which the claimant will rely in opposing this Objection; (d) any supporting documentation, to the extent it was not included with the Claim previously filed with the Clerk or KCC, upon which the claimant will rely to support the basis for and amounts asserted in the Claim; and (e) the name, address, and telephone number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the Claim or the Response, possessing ultimate authority to reconcile, settle, or otherwise resolve the Objection to the disputed claim on behalf of the claimant.

20.    If a claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order granting the requested relief, without further notice to the claimant or a hearing.

## SEPARATE CONTESTED MATTERS

21.    To the extent that any Response is filed regarding any Claim that is the subject of this Objection and the Liquidating Trustee is unable to resolve that Response, each applicable Claim (together with the objection to such Claim set forth herein and the applicable Response thereto) shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding the Objection shall be deemed a separate order with respect to each applicable Claim (together with the objection to such Claim asserted herein and any applicable Response thereto).

## NOTICE

22.    The Liquidating Trustee and Debtors shall provide notice of this Objection on the date hereof via first class mail to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) those parties requesting notice pursuant to Bankruptcy Rule 2002; and (c) the claimants that filed the Claims.  The Liquidating Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

23.    The Liquidating Trustee and Debtors reserve the right to (i) amend, modify, and/or supplement this Objection and (ii) file additional objections to the Claims identified on **Exhibits A** and **B** hereto in the future on any grounds.

24.    Notwithstanding anything to the contrary contained in this Objection or the attached exhibits, nothing in this Objection or the attached exhibits is or shall be construed as a waiver of any rights that the Liquidating Trustee and Debtors may have to exercise setoffs or recoupments against the Holders of any Claims.

9

**STATEMENT OF COMPLIANCE WITH LOCAL RULE 3007-1(e)(i)(E)**

25.    The undersigned representatives of the Liquidating Trustee certify that they have reviewed the requirements of Local Rule 3007-1 and that the Objection substantially complies with that Local Rule.  To the extent that the objection does not comply in all respects with the requirements of Local Rule 3007-1, the Liquidation Trustee asserts that such deviations are not material and respectfully requests that any such requirement be waived.

**CONCLUSION**

**WHEREFORE**, the Liquidating Trustee and Debtors respectfully request that the Court (i) enter the Proposed Order disallowing or reducing the Claims, as applicable, as set forth herein and on **Exhibits A** and **B** and (ii) grant such other and further relief that the Court deems just and appropriate.

[Remainder of Page Intentionally Left Blank]

DOCS_DE:242438.1

Dated:  February 24, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Tel:    (302) 652-4100
Fax:    (302) 652-4400

Email:  ljones@pszjlaw.com
            mcaloway@pszjlaw.com

            -and-

Samuel R. Maizel (*Pro Hac Vice*)
Tania M. Moyron (*Pro Hac Vice*)
**DENTONS US LLP**
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Email: samuel.maizel@dentons.com
            tania.moyron@dentons.com

Claude D. Montgomery (*Pro Hac Vice*)
**DENTONS US LLP**
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 632-8390
Email: claude.montgomery@dentons.com

David F. Cook (DE Bar No. 6352)
**DENTONS US LLP**
1900 K Street, NW
Washington, DC 20006
Telephone:  (202) 496-7500
Email:  david.f.cook@dentons.com

*Counsel for the Liquidating Trustee*