# EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1]<br><br>Liquidating Debtors. | Chapter 11<br><br>Case No. 22-10584 (CTG)<br><br>(Jointly Administered) |

**DECLARATION OF TANYA MEEROVICH IN SUPPORT OF THE**
**FIRST OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)**

I, Tanya Meerovich, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I submit this declaration ("Declaration") in support of the *First Omnibus Objection to Claims (Non-Substantive)* (the "Objection") with respect to the disputed claims (the "Claims") identified in **Exhibits A** and **B** filed in connection with the Objection.[2]

2. I am a Senior Managing Director at FTI Consulting ("FTI"). I was appointed chief restructuring officer ("CRO") of the Debtors on the Petition Date. I now serve as the liquidating trustee (the "Liquidating Trustee"), under the liquidating trust (the "Trust") created pursuant to the *Amended, Modified And Restated Combined Disclosure Statement And Chapter 11 Plan Of First Guaranty Mortgage Corporation And Debtor Affiliate* (the "Plan") [Docket No. 671-1], and that certain trust agreement dated as of November 4, 2022 (the "Trust Agreement").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction were: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The location of the corporate headquarters and the service address for First Guaranty Mortgage Corporation is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Objection.

3. I am authorized to execute this Declaration. Unless otherwise stated herein, I have personal knowledge of the facts set forth herein, and if called upon to testify, I would testify competently to all of the facts set forth herein.

4. As part of my current position as Liquidation Trustee, I am responsible for certain claims management and reconciliation matters. I am generally familiar with the Debtors' day-to-day operations, cash resources, other assets, business affairs, and books and records that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors (the "Books and Records"). I make this Declaration on the basis of the review by myself and those under my direction, the post-effective date debtors' (the "Debtors") respective Books and Records, the register of claims (the "Claims Register") prepared and provided by the Debtors' notice and claims agent, Kurtzman Carson Consulting LLC ("KCC"), and the proofs of claim filed in these chapter 11 cases.

5. I have read the Objection and am directly, or by and through the Liquidation Trustee's advisors and the Debtors' former personnel who have been available to support the Liquidation Trustee and the Debtors (the "Transitioned Personnel"), familiar with the information contained therein and **Exhibits A** and **B** attached thereto. I believe that the information contained in the Exhibits attached to the Objection is true and correct to the best of my knowledge.

6. To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, considerable time and resources have been expended to ensure a high level of diligence in reviewing and reconciling the Claims filed against the Debtors. Based on this review, the Debtors and Liquidation Trustee have determined that the proofs of claim on **Exhibits A** and **B** to the Objection should be disallowed for the reasons stated in the Objection. I

believe that each of the Claims is appropriately the subject of a non-substantive objection under Local Rule 3007.

**A. Duplicative Claims**

7. Upon review of the proofs of claim filed in these chapter 11 cases, I have identified the Duplicate Claims listed on **Exhibit A** to the Objection. To the best of my knowledge and belief, and based on the information and Books and Records, proofs of claim, and documentation submitted with the proofs of claim, each of the Claims listed on **Exhibit A** represents a Claim for which the claimant has filed two proofs of claim alleging the same liability. Allowing the Duplicate Claims would result in multiple recoveries to the claimants based upon a single liability. Rather, disallowing the Claims would allow for the Claims Register to accurately reflect the liability asserted against the Debtors by such claimants. As such, I have determined that the Duplicate Claims should be disallowed, with the surviving claim numbers indicated on **Exhibit A** to remain on the claims register until withdrawn or disallowed by the Court.

**B. Unsupported Claims**

8. Upon review of the proofs of claim filed in this case, I have identified the Unsupported Claims listed on **Exhibit B** to the Objection. To the best of my knowledge and belief, and based on the information and Books and Records available to me, proofs of claim, and documentation submitted with the proofs of claim, the Unsupported Claims listed on **Exhibit B** to the Objection fail to include sufficient documentation to support the existence of a claim or a record of indebtedness, and the Debtors' Books and Records do not reflect the existence of the asserted Claim or of the claimant asserting such Claim. Accordingly, I believe each Unsupported Claim listed on **Exhibit B** should be disallowed in its entirety.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 24, 2023
New York, New York

*/s/ Tanya Meerovich*
Tanya Meerovich