**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1]<br><br>Liquidating Debtors. | Chapter 11<br><br>Case No. 22-10584 (CTG)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. ____** |

**ORDER GRANTING FIRST OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)**

Upon consideration of the Liquidating Trustee and Debtors' *First Omnibus Objection to Claims (Non-Substantive)* (the "Objection");[2] and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Objection was appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Objection and all documents filed in support of or opposition thereto; and the

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction were: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The location of the corporate headquarters and the service address for First Guaranty Mortgage Corporation is 5800 Tennyson Parkway, Suite 450, Plano, TX 75024.

[2] Capitalized terms not defined in this Order shall have their meanings as set forth in the Objection.

Court having heard the statements of counsel at any hearing before the Court; and upon the record in this matter; and after due deliberation thereon; and the Court having determined that just cause has been established for the relief granted herein, it is hereby ORDERED as follows:

1. The Objection is granted as set forth herein.

2. Any Response to the Objection that has not otherwise been withdrawn or resolved, or with respect to which the hearing on the Objection has not been adjourned, is hereby overruled.

3. The Duplicative Claims identified on Exhibit A attached to the Objection are hereby disallowed and expunged in their entirety.

4. The Unsupported Claims identified on Exhibit B attached to the Objection are hereby disallowed and expunged in their entirety.

5. The official claims register shall be modified in accordance with this Order.

6. Each Claim that is the subject of the Objection (together with the objection to such Claim set forth in the Objection and any applicable Response thereto) constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each such Claim. Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters addressed hereby.

7. All rights of the Liquidating Trustee and Debtors to object to any claim (including the Claims that are the subject of the Objection) at a later date on any basis are reserved and preserved.

8. All rights of the Liquidating Trustee and Debtors to use any available defenses, under § 502 of the Bankruptcy Code or otherwise, and to set off or recoup against, or otherwise

reduce all or any part of, any claim (including the Claims that are the subject of the Objection) are reserved and preserved.

9. The terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

10. The Liquidating Trustee, the Debtors, and all other parties are authorized to take all actions necessary to effectuate the relief granted in this Order.

11. This Court shall retain jurisdiction over all affected parties with respect any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.