**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1]<br><br>Liquidating Debtors. | Chapter 11<br>Case No. 22-10584 (CTG)<br>(Jointly Administered)<br><br>Hearing Date: May 31, 2023 at 10:00 a.m. (ET)<br>Response Deadline: May 24, 2023 at 4:00 p.m. (ET) |

**CREDITORS RECEIVING THIS OMNIBUS OBJECTION TO CLAIMS SHOULD LOCATE THEIR NAMES AND THEIR CLAIM(S) IN THE ATTACHED EXHIBIT.**

_____

**YOUR SUBSTANTIVE RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FURTHER OBJECTION THAT MAY BE FILED AGAINST YOUR CLAIM(S)**

**SECOND OMNIBUS OBJECTION TO MISCLASSIFIED CLAIMS (SUBSTANTIVE)**

Tanya Meerovich of FTI Consulting, as liquidating trustee (the "Liquidating Trustee"), under the liquidating trust (the "Trust") created pursuant to the *Amended, Modified And Restated Combined Disclosure Statement And Chapter 11 Plan Of First Guaranty Mortgage Corporation And Debtor Affiliate* (the "Plan") [Docket No. 671-1], and that certain trust agreement dated as of November 4, 2022 (the "Trust Agreement"), appointed in the chapter 11 cases (the "Chapter 11 Cases") of First Guaranty Mortgage Corporation (together with its affiliated debtors in possession, the "Debtors"), hereby objects (the "Objection"), by and through undersigned counsel, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction, were: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The location of the corporate headquarters and the service address for First Guaranty Mortgage Corporation is 13901 Midway Road, Suite 102-334, Dallas, TX 75244.

Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to each of the misclassified administrative expense and priority claims identified on **Exhibit A** hereto (the "Misclassified Claims"), and seeks entry of an order, substantially in the form attached hereto as **Exhibit B**, reclassifying each of the Misclassified Claims as general unsecured, non-priority claims, as applicable and as set forth herein on Exhibit A. In support of this Objection, the Liquidating Trustee submits the *Declaration of Tanya Meerovich in Support of the Second Omnibus Objection to Misclassified Claims (Substantive)* (the "Meerovich Declaration"), attached hereto as **Exhibit C**. In support of the Objection, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Liquidating Trustee confirms her consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 502 of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1.

**BACKGROUND**

4.  On June 30, 2022 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code in this Court.

5.  On August 29, 2022, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") [Docket Nos. 365–368].

6.  On August 31, 2022, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Setting Bar Date for the Filing of Proofs of Claim by Governmental Units, (III) Setting a Bar Date for the Filing of Requests for Allowance of Administrative Expense Claims, (IV) Establishing Amended Schedules Bar Date and Rejection Bar Date, (V) Approving the Form of and Manner for Filing Proofs of Claim, (VI) Approving Notice of Bar Dates, and (VII) Granting Related Relief* [Docket No. 382] (the "Bar Date Order").  The Bar Date Order set October 14, 2022 as the general claims bar date for the filing of proofs of claim, December 27, 2022 as the claims bar date for governmental units, and October 14, 2022 as the bar date for administrative claims arising on or prior to September 30, 2022.  *Id.*

7.  On November 2, 2022, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving Disclosures on a Final Basis and (II) Confirming the Amended Combined Disclosure Statement and Chapter 11 Plan of First Guaranty Mortgage Corporation and Debtor Affiliate* [Docket No. 671], which, among other things, confirmed the Plan.

8.  Pursuant to the Plan, the Liquidating Trustee was granted the authority to object to and settle disputes regarding claims not later than the Claims Objection Deadline.  *See* Plan § 12.2.  The Plan provides that "all objections to Claims shall be filed and served upon the

Claimant not later than the Claims Objection Deadline, as such may be extended by order of the Bankruptcy Court." *Id.* § 12.3.  Under the Plan, the "'Claims Objection Deadline' means, with respect to all Claims other than Professional Fee Claims, (a) 180 days after the Effective Date, or (b) such other period as may be fixed by an order of the Bankruptcy Court for objecting to Claims upon request of the Liquidating Trustee." *See id.* at 14.  The Effective Date of the Plan occurred on November 6, 2022.  *See Notice of (I) Confirmation and Effective Date of the Amended Combined Disclosure Statement and Chapter 11 Plan of First Guaranty Mortgage Corporation and Debtor Affiliate and (II) Deadline Under the Plan and Confirmation Order to File Administrative Claims, Professional Fee Claims, and Rejection Claims* [Docket No. 678].  As such, the Claims Objection Deadline has not passed as of the date of the filing of this Objection.

9. Since the Effective Date of the Plan, the Liquidating Trustee and the Debtors have undertaken a comprehensive review and reconciliation of the Misclassified Claims, which are comprised of certain claims filed or otherwise asserted against the Debtors that have been classified as administrative expense or priority claims.  In furtherance of the Liquidating Trustee's review and reconciliation of filed administrative expense and priority claims, the Liquidating Trustee has, among other things, undertaken a review and comparison of the scheduled and/or asserted administrative expense and priority claims, their supporting materials, and the books and records maintained by the Debtors in the ordinary course of business (as such Books and Records have been provided by the Debtors, the "Books and Records") to determine the validity of such scheduled and/or asserted claims.

10. The Liquidating Trustee's claims reconciliation process has also included the identification of particular categories of claims that may be subject to, *inter alia*, disallowance, reduction, reassignment, or reclassification.  To reduce the number of claims and avoid improper

recoveries by parties asserting claims that should be disallowed, reduced, reassigned, or reclassified, the Liquidating Trustee anticipates filing multiple claim objections.

11. On February 24, 2023, the Liquidating Trustee filed the *First Omnibus Objection to Claims (Non-Substantive)* ("First Non-Substantive Omnibus Objection") [Docket No. 780]. On March 29, 2023, the Court entered an order approving the First Non-Substantive Omnibus Objection [Docket No. 794].

## RELIEF REQUESTED

12. By this Objection, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1, the Liquidating Trustee objects to the Misclassified Claims identified on Exhibit A hereto and seeks entry of on order reclassifying each of the Misclassified Claims as general unsecured, non-priority claims or reducing and allowing the Misclassified Claims in the amount referenced, as set forth herein and on Exhibit A.

13. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Although a properly filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim, once evidence to rebut a claim's *prima facie* validity has been presented, a creditor must then present evidence to prove the claim. As explained by the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce

5

> evidence equal in force to the *prima facie* case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The burden of persuasion is always on the claimant.

*In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citations omitted); *see also In re F-Squared Inv. Mgmt., LLC*, 546 B.R. 538, 542–43 (Bankr. D. Del. 2016) (reciting the *Allegheny* standards in reviewing a claim to which an objection was filed).

14. Based upon the review of the proofs of claim filed in these cases (including their supporting materials), the claims register, the docket, and the Books and Records (as provided by the Debtors), the Liquidating Trustee objects on the grounds of incorrect classification to each of the Misclassified Claims identified on Exhibit A because such claims: (a) assert an unsupported priority classification not entitled to priority status in whole or in part under any subsection of section 507(a) of the Bankruptcy Code; or (b) assert an unsupported administrative expense claim pursuant to section 503(b) of the Bankruptcy Code. Accordingly, the Liquidating Trustee objects to the classification of the Misclassified Claims as priority and administrative expense claims, which should be reclassified as general unsecured, non-priority claims in the amounts set forth in Exhibit A.

15. Pursuant to Local Rule 3007-1(d)(vi), the Liquidating Trustee submits the Meerovich Declaration, attesting that the Liquidating Trustee has reviewed the Misclassified Claims and all relevant information and documentation, made reasonable efforts to search the Books and Records, and believes the documentation fails to provide *prima facie* evidence of the validity and amount of the Misclassified Claims.

**RESPONSES TO THE OBJECTION**

16. Each claimant who has filed a Misclassified Claim subject to this Objection is receiving a copy of the Objection. Each claimant should read the Objection and reference the exhibits attached hereto, which list the Misclassified Claims subject to the Objection.

17. To contest the Liquidating Trustee's Objection to any claim listed on Exhibit A, a claimant must file and serve a written response to this objection (a "Response") so that it is actually received by the date and time listed on the *Notice of Second Omnibus Objection to Misclassified Claims (Substantive)* being filed with this Objection (the "Response Deadline"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk"), 824 North Market Street, Wilmington, Delaware 19801, and served upon the following entities, so that the Response is actually received no later than the Response Deadline, at the following addresses:

Dentons US LLP
601 S. Figueroa Street, #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Attn:   Samuel R. Maizel, Esq.
        Tania M. Moyron, Esq.
        samuel.maizel@dentons.com
        tania.moyron@dentons.com

-and-

Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Attn:   Laura Davis Jones, Esq.
        Timothy P. Cairns, Esq.
        Mary F. Caloway, Esq.
        ljones@pszjlaw.com
        tcairns@pszjlaw.com
        mcaloway@pszjlaw.com

18. Every Response to this Objection must contain at a minimum the following information: (a) a caption setting forth the name of this Court, the name of the Debtors, the case number, and the title of this Objection; (b) the claimant's name, the Misclassified Claim number, and a description of the basis for the amount of the Misclassified Claim; (c) the specific factual basis and supporting legal argument upon which the claimant will rely in opposing this Objection; (d) any supporting documentation, to the extent it was not included with the Misclassified Claim previously filed with the Clerk or the Debtors' notice and claims agent, Kurtzman Carson Consulting LLC ("KCC"), upon which the claimant will rely to support the basis for and amounts asserted in the Misclassified Claim; and (e) the name, address, and telephone number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the Misclassified Claim or the Response, possessing ultimate authority to reconcile, settle, or otherwise resolve the Objection to the disputed claim on behalf of the claimant.

19. If a claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order granting the requested relief, without further notice to the claimant or a hearing.

## SEPARATE CONTESTED MATTERS

20. To the extent that any Response is filed regarding any Misclassified Claim that is the subject of this Objection and the Liquidating Trustee is unable to resolve that Response, each applicable Misclassified Claim (together with the objection to such Misclassified Claim set forth herein and the applicable Response thereto) shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding the Objection shall be deemed a separate order with respect to each applicable Misclassified Claim (together

8

with the objection to such Misclassified Claim asserted herein and any applicable Response thereto).

## NOTICE

21. The Liquidating Trustee shall provide notice of this Objection on the date hereof via first class mail to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) those parties requesting notice pursuant to Bankruptcy Rule 2002; and (c) the claimants who filed the Misclassified Claims. The Liquidating Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

22. The Liquidating Trustee reserves the right to: (i) amend, modify, or supplement this Objection; and (ii) file additional objections to the Misclassified Claims identified on Exhibit A hereto in the future on any grounds.

23. Notwithstanding anything to the contrary contained in this Objection or the attached exhibits, nothing in this Objection or the attached exhibits is or shall be construed as a waiver of any rights that the Liquidating Trustee may have to exercise setoffs or recoupments against the holders of any Misclassified Claims.

## STATEMENT OF COMPLIANCE WITH LOCAL RULE 3007-1(e)(i)(E)

24. The undersigned representatives of the Liquidating Trustee certify that they have reviewed the requirements of Local Rule 3007-1 and that the Objection substantially complies with that Local Rule. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Liquidating Trustee asserts that such deviations are not material and respectfully requests that any such requirement be waived.

**CONCLUSION**

**WHEREFORE**, the Liquidating Trustee respectfully requests that the Court: (i) enter the Proposed Order reclassifying or reducing and allowing the Misclassified Claims, as applicable, as set forth herein and on Exhibit A; and (ii) grant such other and further relief that the Court deems just and appropriate.

Dated:  April 21, 2023          **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Tel:      (302) 652-4100
Fax:     (302) 652-4400
Email: ljones@pszjlaw.com
           tcairns@pszjlaw.com
           mcaloway@pszjlaw.com

-and-

Samuel R. Maizel (*Pro Hac Vice*)
Tania M. Moyron (*Pro Hac Vice*)
**DENTONS US LLP**
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Email: samuel.maizel@dentons.com
           tania.moyron@dentons.com

Claude D. Montgomery (*Pro Hac Vice*)
**DENTONS US LLP**
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 632-8390
Email: claude.montgomery@dentons.com

10

        David F. Cook (DE Bar No.6352)
**DENTONS US LLP**
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 496-7500
Email: david.f.cook@dentons.com

*Counsel for the Liquidating Trustee*

11

DOCS_DE:242937.2 28311/001