# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1]<br><br>Liquidating Debtors. | Chapter 11<br><br>Case No. 22-10584 (CTG)<br><br>(Jointly Administered)<br><br>**Related Docket No. 900** |

## THE LIQUIDATING TRUSTEE'S AND POST-EFFECTIVE DATE DEBTORS' (I) JOINDER TO MOTION OF PACIFIC INVESTMENT MANAGEMENT COMPANY LLC AND PIMCO INVESTMENTS LLC TO ENFORCE THE CHAPTER 11 PLAN AND CONFIRMATION ORDER AND (II) RESERVATION OF RIGHTS

The liquidating trustee (the "Liquidating Trustee"), under the liquidating trust (the "Trust") created pursuant to the *Amended, Modified And Restated Combined Disclosure Statement And Chapter 11 Plan Of First Guaranty Mortgage Corporation And Debtor Affiliate* (the "Plan") [Docket No. 671-1], and that certain trust agreement dated as of November 4, 2022 (the "Trust Agreement"), and the post-effective date debtors (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby (i) join in the *Motion of Pacific Investment Management Company LLC and PIMCO Investments LLC to Enforce the Chapter 11 Plan and Confirmation Order* (the "Motion") [Docket No. 900] and (ii) reserve all of their rights to move by separate motion to enforce the Plan and Confirmation Order, and seek sanctions, including attorneys' fees, against Movant.[2]

## JOINDER TO THE MOTION AND RESERVATION OF RIGHTS

1. The Liquidating Trustee and the Debtors file this joinder to curtail the actions of one contingent, unsecured creditor, whose efforts continue to deplete the limited resources of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction were: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The service address for First Guaranty Mortgage Corporation is 13901 Midway Road, Ste. 102-334, Dallas, Texas 75244.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them as set forth in the Motion.

DOCS_DE:244300.2 28311/001

Trust, a creditor that elected to file a proof of claim in the Chapter 11 Cases [Claim No. 93] (the "Original Claim," subsequently amended, the "Amended Claim," and, collectively with the Original Claim, the "Proof of Claim") seeking recovery from the Debtors' estates for the same or similar claims against FGMC that she raises in the *Qui Tam* Litigation. As evidenced by prior pleadings and proceedings in this Court, the Trust has incurred significant fees defending against Relator's litigation tactics (and attempting to reach a resolution to avoid further litigation), which has resulted in a detriment to the Trust and impacted distributions to beneficial interest holders.

2. The Debtors ensured that the Plan and Confirmation Order included an injunction against post-confirmation efforts (the "Plan Injunction") by dissident creditors such as Relator, particularly creditors that have submitted themselves to the jurisdiction of this Court. Relator's attempts in the *Qui Tam* Litigation to seek authorization to file amended complaints that added allegations to bolster her claims against FGMC, as fully described in the Motion, violate the Plan and the Confirmation Order. *See* Plan, at Section 16.3; Confirmation Order, at ¶ 39. Relator also supplemented her amended complaint with theories sounding in alter ego and piercing FGMC's corporate veil, claims which belonged exclusively to the Debtors as of the commencement of the Chapter 11 Cases and were released under the Plan. *See* Plan, at Section 16.2(a).

3. The provisions addressing the Plan Injunction and releases, upon which the Liquidating Trustee, the Debtors' creditors, and other parties-in-interests have relied, were in place for months when the Relator decided to seek to amend her claims in the *Qui Tam* Litigation.

4. To wit, Section 16.3 of the Plan and § 39 of the Confirmation Order provide:

> In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtors, the Liquidating Trust, or the Estates that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets with respect

2

> to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtors, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtors, the Estates, the Liquidating Trust, or any of the Liquidating Trust Assets with respect to any such Claim or Interest; and (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest.

*See* Plan, at § 16.3; Confirmation Order, at ¶ 39.

5. The Plan Injunction provisions contained in the Plan (and repeated in the Confirmation Order) were "essential to the Plan and [were] necessary to implement the Plan [.]" *See* Confirmation Order, at ¶ U(e) (referencing § 16.3 of the Plan).

6. Additionally, § 16.2(a) of the Plan contains releases of all claims, including derivative claims by the Debtors against the Released Parties, stating:

> Notwithstanding anything in the Combined Plan and Disclosure Statement to the Contrary, . . . each Released Party is deemed released by the Debtor/Estate Releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, *remedies,* and liabilities whatsoever, including any *derivative claims*, asserted or assertable on behalf of Debtor/Estate Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter *arising, in law, equity, or otherwise*, that Debtor/Estate Releasors would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest, based on or relating to, or in any manner arising from, in whole or in part, Debtor/Estate Releasors (including the management, ownership, or operation thereof), . . . the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan . . . .

Plan, at § 16.2(a) (emphasis added).

7. In exchange for the approximately $50 million that the Prepetition Bridge Lender and Cash Flow DIP Lender funded to the Debtors and the Trust, the Prepetition Bridge Lender and Cash Flow DIP Lender and its "Related Parties" are Released Parties. And PIMCO Investments LLC and Pacific Investment Management Company LLC fall within the definition of "Related

3

Parties" of the Prepetition Bridge Lender and the Cash Flow DIP Lender. *See* Plan, at 25 (defining "Released Parties").

8. This Court retained jurisdiction "[t]o interpret and/or enforce the provisions of the Plan and the injunction provided for in the Plan" and "determine all disputes involving[] the injunction" under the Plan. *See* Plan, at §§ 18(h) and 18(n).

9. Moreover, the Confirmation Order states:

> Unless otherwise provided in the Plan or in this Confirmation Order, all injunctions or stays provided for in the chapter 11 cases under sections 105 or 362 of the Bankruptcy Code or otherwise, and extant on the Confirmation Date (including any injunctions or stays contained in or arising from the Plan or this Confirmation Order), shall remain in full force and effect.

*See* Confirmation Order, at ¶ 56.

10. On November 6, 2022 (the "Effective Date"), the Plan became effective. *See Notice of (I) Confirmation and Effective Date of the Amended Combined Disclosure Statement and Chapter 11 Plan of First Guaranty Mortgage Corporation and Debtor Affiliate and (II) Deadline Under the Plan and Confirmation Order to File Administrative Claims, Professional Fee Claims, and Rejection Claims*. [Docket No. 678].

11. Since the Effective Date, Relator has at least twice violated the Plan Injunction and Confirmation Order. On January 11, 2023, Movant filed *Cross-Motion for Leave to File a Second Amended Complaint* in the Georgia District Court. *See Qui Tam* Litigation at Docket No. 71-2. While purportedly designed to add necessary detail lacking in Relator's prior complaint, Relator added new allegations against FGMC and included alter ego and piercing the corporate veil claims that were released under the Plan (and which were not part of Relator's prior complaint). *See, Liquidating Trustee's Objection to Qui Tam Plaintiff Kari Crutcher's Motion for Limited Relief From the Permanent Injunction of the Debtors' Chapter 11 Plan to (1) Allow Her to File a Motion to Transfer Her Qi Tam Action to the District of Delaware and (2) to Pursue the Qui Tam Action*

4

*Solely to the Limits and Proceeds of Insurance.* [Docket No. 843] at ¶ 16. Thus, Relator's actions violated the injunction and release provisions contained in the Plan and the Confirmation Order.

12. On March 9, 2023, in further violation of the Plan and Confirmation Order, Relator filed the *Plaintiff's Motion for Leave to File a Supplemental Second Amended Complaint* [*Qui Tam* Litigation, Docket No. 81] in the Georgia District Court ostensibly only to insert additional information and add a defendant, FGMC's former CEO, who Relator had previously moved to dismiss without prejudice. *Qui Tam* Litigation, Docket No. 81, at 2. However, Relator once again proceeded to violate the Plan and Confirmation Order by repeating the additional allegations against FGMC and also including the new alter ego and veil piercing claims that were released under the Plan.

13. These requests to amend the complaint in the *Qui Tam* Litigation have violated the Plan and Confirmation Order because Relator has failed to obtain relief from the injunctions contained in the Plan and Confirmation Order from this Court before asserting (i) new allegations against FGMC, and (ii) alleged new alter ego and piercing the corporate veil claims that were released under the Plan.

14. Significantly, Relator had actual notice of the Plan and Confirmation Oder; indeed she was represented by counsel at the confirmation hearing. Nonetheless, as set forth above and in the Motion, Relator has repeatedly violated provisions of the Plan and Confirmation Order. These actions have caused the Trust to incur unnecessary fees and expenses, which it cannot afford, to the detriment of beneficial interest holders.

15. Accordingly, given the reasons set forth herein and in the Motion, the Liquidating Trustee and the Debtors request that the Court grant the Motion. In addition, the Liquidating Trustee and the Debtors reserves all of their rights to move by separate motion to seek sanctions, including attorneys' fees, against Relator for past, present and future violations of the Plan and Confirmation Order.

5

| Dated: August 17, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP** |
|---|---|

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Tel:  (302) 652-4100
Fax:  (302) 652-4400
Email: ljones@pszjlaw.com
  tcairns@pszjlaw.com
  mcaloway@pszjlaw.com

-and-

Samuel R. Maizel (Pro Hac Vice)
Tania M. Moyron (Pro Hac Vice)
DENTONS US LLP
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Email: samuel.maizel@dentons.com
  tania.moyron@dentons.com


Claude D. Montgomery (Pro Hac Vice)
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 632-8390
Email: claude.montgomery@dentons.com


David F. Cook (DE Bar No. 6352)
DENTONS US LLP
1900 K Street, NW
Washington, DC 20006
Telephone:  (202) 496-7500
Email:  david.f.cook@dentons.com

*Counsel for the Liquidating Trustee and Debtors*