# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1]<br><br>Liquidating Debtors. | Chapter 11<br><br>Case No. 22-10584 (CTG)<br><br>(Jointly Administered)<br><br>Hearing Date: September 5, 2023 at 10:00am (ET)<br>Related Documents: D. I. 900, 930. |

## REPLY OF THE PIMCO PARTIES IN FURTHER SUPPORT OF THEIR MOTION TO ENFORCE THE CHAPTER 11 PLAN AND CONFIRMATION ORDER

In further support of their Motion to Enforce the Chapter 11 Plan and Confirmation Order,[2] the PIMCO Parties represent as follows:

1. The Motion seeks narrow and straightforward relief: that this Court enforce its prior order and direct Relator to cease prosecuting claims that belong to FGMC's bankruptcy estate, which FGMC released in the Plan, and which this Court has already permanently enjoined. Specifically, Relator is pursuing alter ego, veil piercing, and other forms of vicarious liability against the PIMCO Parties even though controlling Third Circuit and state law precedent holds that such "general" claims belong to FGMC, which released them through the Debtor/Estate Release in the Plan. As such, Relator (and all other persons) are permanently enjoined from prosecuting such claims under the Confirmation Order.

2. The Released Claims at issue fall within the plain terms of the Debtor/Estate Release, as they are claims that Relator (or any other person) "may purport to assert . . . by,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction were: First Guaranty Mortgage Corporation ("FGMC") (9575); and Maverick II Holdings, LLC ("Maverick") (5621). The service address for FGMC is 13901 Midway Road, Ste. 102-334, Dallas, Texas 75244.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Motion of Pacific Investment Management Company LLC and PIMCO Investments LLC to Enforce the Chapter 11 Plan and Confirmation Order* (the "Motion"), D. I. 900.

through, or because of" FGMC, which FGMC "would have been legally entitled to assert in its own right, or on behalf of the holder of any Claim or Interest or other entity" and which are "based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), [. . . or] the business or contractual arrangements between the Debtors and any Released Party," and include "any derivative claims." D. I. 671-1 at 90-91.[3]

3. Under well-settled Third Circuit and applicable state law, Relator's alter ego and veil piercing claims belonged to the Debtors' Estates because they (a) are claims that existed at the time these chapter 11 cases were commenced, which the Debtors could have asserted on their own behalf under state law and (b) are general, not individualized, claims for which any recovery would inure to the benefit of all creditors. *In re Emoral, Inc.*, 740 F.3d 875, 879-80 (3d Cir. 2014); *see also In re TPC Grp. Inc.*, No. 22-10493 (CTG), 2023 WL 2168045, at *5 (Bankr. D. Del. Feb. 22, 2023), *appeal filed*, No. 23-cv-0255-RGA (D. Del. Mar. 8, 2023) ("TPC"); *In re Maxus Energy Corp.*, 571 B.R. 650, 658 (Bankr. D. Del. 2017); *accord Steyr-Daimler-Puch of Am. Corp. v. Pappas*, 852 F.2d 132, 135-36 (4th Cir. 1988) (holding that an alter ego claim belonged to the debtor since Virginia law grants a corporation an equitable interest in the assets of its alter ego).

4. Relator's objection fails to engage with this controlling law and does not dispute that the claims at issue satisfy these standards. In fact, at one point, Relator agreed to strike explicit references to such theories from her complaint if the Georgia District Court should allow the filing of yet another amended complaint. D. I. 930-8 at 3, 66-67.[4] The Court should overrule Relator's objection, grant the Motion, and enter the Proposed Order.

---

[3] Citations to court filings refer to their ECF-generated page numbers. "D. I." indicates docket entries in these chapter 11 cases, while "Qui Tam Dkt." indicates docket entries in the Qui Tam Litigation.
[4] Relator's indication that she intends to seek leave from the Georgia District Court to file an amended complaint naming new defendants, D. I. 930-8 at 2, 8, is irrelevant to the issue before this Court. The PIMCO Parties will oppose

2

5.  Unable to contest any of the relief the Motion is actually seeking, Relator raises several irrelevant objections. None of Relator's objections has merit.

6.  Relator's primary objection is that the PIMCO Parties somehow "waived" their right to have this Court interpret its own Order by filing a motion to dismiss in the Georgia District Court where the underlying litigation is pending. D. I. 930, ¶ 18. That objection turns the doctrine of waiver on its head. Waiver occurs when a party makes a strategic decision not to pursue an argument when it has the opportunity to do so, thereby intentionally relinquishing the argument. *See, e.g.*, *United States v. Dupree*, 617 F.3d 724, 727 & n.1 (3d Cir. 2010). The opposite occurred here—the PIMCO Parties have raised this issue in both courts. Not surprisingly, Relator cites no authority to support her *ipse dixit* waiver theory.

7.  Relator states that the PIMCO Parties filed their motion to dismiss and the Motion "without informing the courts of what they were doing." D. I. 930, ¶ 7. That statement is demonstrably untrue. Indeed, the PIMCO Parties have been transparent with this Court and the Georgia District Court. Each brief in support of the Motion to Dismiss cataloged the history and status of the Bankruptcy Case, *e.g.*, D. I. 930-2 at 9-12, 19-21; D. I. 930-4 at 8, 16-18; D. I. 930-7 at 30-33, and the Motion described the motion to dismiss in the Georgia District Court, *e.g.*, D. I. 900, ¶ 12. Asking this Court to interpret the permanent injunction imposed by, and the releases granted in, its own Order—which this Court has express jurisdiction to do—comes nowhere close to the sort of action covered by 28 U.S.C. § 1927. *Cf. Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104 (awarding limited attorney's fees capped at responding to specific, long-running, bad-faith behavior); *e.g.* D. I. 930-4 at 18 (collecting authority regarding the preclusive

---

such amendments as untimely and prejudicial. *Id.* at 2. In any event, any such amendment will require an order from the Georgia District Court. *See* Fed. R. Civ. P. 15(a).

effect of a prior final order); *see also* Plan § 18(h) (the Court retained jurisdiction to "interpret and/or enforce the provisions of the Plan and the injunction provided in the Plan").

8. Next, Relator mischaracterizes the Georgia District Court's ruling, inferring that it denied the PIMCO Parties' motion to dismiss on the merits. D. I. 930 at 1. The Georgia District Court did not address the merits of the motion to dismiss, denying it "as moot" upon granting Relator's cross-motion to amend. D. I. 930-6 at 1. In fact, the Georgia District Court expressly reserved decision on the grounds for dismissal raised in the motion to dismiss, including the arguments based on this Court's injunction, concluding that "[the PIMCO Parties'] bankruptcy-related arguments and untimeliness arguments are also more appropriate for resolution on a fully briefed motion to dismiss, and thus, ***the Court will defer and consider those arguments*** if they are raised in future briefings." *Id.* at 10 n.1 (emphasis added). The PIMCO Parties did so in their motion to dismiss the latest complaint, which remains pending. *See* D. I. 930-7.[5]

9. Contrary to Relator's assertions, the Motion does not seek "identical relief" as the motion to dismiss in the Georgia District Court. D. I. 930 at 2.[6] Rather, the Motion seeks a ruling from this Court interpreting and enforcing its Confirmation Order,[7] to remove any doubt that this Court has already permanently enjoined Relator from pursuing alter ego, veil piercing, and derivative claims against the PIMCO Parties because those claims belonged to FGMC and were

---

[5] As Relator knows, further briefing on the motion to dismiss is stayed in anticipation of Relator's forthcoming motion to transfer the Qui Tam Litigation to the United States District Court for the District of Delaware. Qui Tam Dkt. 103; *see also* D. I. 509.

[6] The motion to dismiss in the Georgia District Court presents several independent grounds for dismissal of the Qui Tam Litigation, including that the operative complaint fails to state a claim against the PIMCO Parties upon which relief can be granted, D. I. 930-7 at 9-16, that certain claims are barred by the statute of limitations, *id.* at 24-25, that the claims cannot proceed in the absence of an indispensable party, *id.* at 17-21, that Relator's claims cannot proceed to the extent they are inconsistent with the Plan and Confirmation Order, *id.* at 21-24, and that the pleadings in this Court (of which the Georgia District Court can take judicial notice) demonstrate that the allegations of the complaint fail, *id.* at 4-7.

[7] *See* Confirmation Order ¶ 53 (this Court retained "exclusive jurisdiction over all matters . . . related to the Plan"); Plan § 18 (this Court retained jurisdiction to "enter such orders . . . in furtherance of Confirmation," and "to enforce, and hear and determine all disputes involving, the injunction, release, and exculpation provisions provided in Section 16 [of the Plan]").

4

released as part of the Plan.  Pursuant to *Emoral*, such a ruling will identify the legal theories that Relator is barred from pursuing, regardless of the allegations in her pleadings and whether or not they satisfy the applicable pleading standards.  740 F.3d at 879; *Maxus*, 571 B.R. at 660.

10. Moreover, Relator's argument that she has also asserted a direct FCA claim against the PIMCO Parties is irrelevant to the Motion, which seeks to enjoin any alter ego, veil piercing and/or any form of vicarious liability, consistent with the releases and injunctions contained in the Plan and Confirmation Order.  *E.g.*, D. I. 900, ¶ 3.

11. Finally, Relator's citation to certain carve-outs contained in paragraph 45 of the Confirmation Order, which was included "[i]n resolution of an informal objection of the United States" to the Plan, D. I. 671 at 36, have no applicability here by their plain terms and have no bearing on the analysis *Emoral* and its progeny require.  That paragraph only carves out from the Plan releases and injunction certain rights, claims, and defenses of, and obligations owed to, the United States.  It does not affect the claims that ***belonged to and were released by the Debtors***, such as the alter ego and veil piercing claims at issue here.  For example, Confirmation Order ¶ 45(1) preserves the post-confirmation claims of, obligations of, and liabilities owed to, the United States.  *Id*. at 37.  Paragraphs 45(3)-(6) address "Federal Interests," defined to encompass federal grants, licenses, and loans that plainly do not relate to any FCA claim.  *Id.*  Paragraph 45(9) clarifies that the Plan and Confirmation Order shall not be "construed as a compromise or settlement of any claim . . . of the United States."  *Id.* at 38.  That provision does not apply to the Released Claims at issue in the Motion, and the United States has expressly disclaimed any interest in the FCA claim, stating that, based on the information it has, the Qui Tam Litigation "does not warrant the continued expenditure of government resources to pursue or monitor the action."  Qui Tam Dkt. 87 at 2.  The remainder of the provisions relating to the United States merely ensure that applicable

statutory and regulatory requirements under federal law continue to apply notwithstanding the compromises effected through the Plan. *See* D. I. 671 at 37-39. In these respects, Relator's objection confuses claims belonging to the United States with the claims belonging to the Debtors that were released in the Plan and Confirmation Order. The Motion seeks only to enjoin the claims FGMC could have asserted against Released Parties as of the commencement of these chapter 11 cases, including the alter ego, veil piercing, and vicarious liability claims asserted against the PIMCO Parties. Under binding Third Circuit precedent, such claims belonged to FGMC and have been released and enjoined. *Emoral*, 740 F.3d at 879-80. Relator provides no argument to the contrary.

## **RESERVATION OF RIGHTS**

12. This reply is submitted without prejudice to, and with a full reservation of, all of the PIMCO Parties' rights, claims, causes of action, defenses, and remedies, at law or in equity, under the Plan and the Confirmation Order and/or in connection with the Qui Tam Litigation. The PIMCO Parties further reserve the right to amend, modify, or supplement this reply in writing or orally at any hearing, to respond to any pleadings filed by any other party, and to introduce evidence at or prior to any hearing relating to the Motion, in each case, without limiting any other rights of the PIMCO Parties.

## **CONCLUSION**

For the reasons set forth above, the PIMCO Parties respectfully request that this Court (i) overrule Relator's objection to the Motion and (ii) enter the Proposed Order enforcing the Plan and Confirmation Order by finding that the Released Claims belonged to the Debtors' Estates and were released under the Plan and Conformation Order, and Relator, and all other persons, are enjoined from pursuing such claims.

| | |
|---|---|
| Dated: September 1, 2023 | */s/ Robert J. Stearn, Jr.* |
| | Robert J. Stearn, Jr. (No. 2915) |
| | Sarah E. Silveira (No. 6580) |
| | Zachary J. Javorsky (No. 7069) |
| | RICHARDS, LAYTON & FINGER P.A. |
| | One Rodney Square |
| | 920 N. King Street |
| | Wilmington, DE 19801 |
| | Telephone: 302-651-7700 |
| | Email: stearn@rlf.com |
| | silveira@rlf.com |
| | javorsky@rlf.com |

-and-

SCHULTE ROTH & ZABEL LLP
Peter H. White
Noah N. Gillespie
555 13th Street NW, Suite 6W
Washington, DC 20004
Telephone: 202.729.7476
Email: pete.white@srz.com
       noah.gillespie@srz.com

(Admitted *Pro Hac Vice*)

-and-

Kristine Manoukian (No. 5509)
Kelly V. Knight (Admitted *Pro Hac Vice*)
Paulina Piasecki (Admitted *Pro Hac Vice*)
919 Third Avenue
New York, NY 10022
Telephone: 212.756.2466
Email: kristine.manoukian@srz.com
       kelly.knight@srz.com
       paulina.piasecki@srz.com

*Counsel for Pacific Investment Management Company LLC and PIMCO Investments LLC*