# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> FIRST GUARANTY MORTGAGE CORPORATION, *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 22-10584 (CTG) <br><br> (Jointly Administered) <br><br> **Related Docket No. 897** |

## ORDER

Upon consideration of Kari Crutcher's Renewed Motion for Limited Relief From the Plan Injunction [D.I. 897] (the "Motion") and the objections thereto, the Court having considered the Motion, the evidence offered in support thereof, and the arguments of counsel at the September 5, 2023 hearing, and it appearing that (a) this Court has subject-matter jurisdiction over this proceeding under 28 U.S.C. § 1334; (b) this is a core proceeding such that this Court has statutory authority to hear, determine, and enter this order, or any other appropriate order or judgment, under 28 U.S.C. § 157; (c) the Court has constitutional authority to enter this order or any other final order or judgment in this proceeding; (d) venue of this proceeding in this Court is proper under 28 U.S.C. § 1409; (e) sufficient notice of, and opportunity for a hearing, on the Motion has been given; and (f) there is cause for modifying the Plan Injunction,

It is HEREBY ORDERED that:

1. The Plan Injunction is lifted to the extent set forth herein:

    a. Crutcher may proceed in the action captioned *United States ex rel. Kari Crutcher v. First Guaranty Mortgage Corporation*, No. 16-cv-3812-

TWT (N.D. Ga.) (the "FCA Lawsuit") against First Guaranty Mortgage Corporation ("FGMC"), which shall be, in such action, a defendant in name only, solely for the purpose of permitting Crutcher to seek to obtain either (a) a judgment (whether following a trial or by default) that might be enforced against proceeds of policies of insurance and/or reinsurance under which FGMC is a covered person, named insured, or additional insured ("Available Insurance Proceeds"), if any, or (b) a settlement that might be paid by any insurer(s) that agree(s) to provide a defense.

b. The Plan Injunction remains in full force and effect with respect to any effort to recover against any property of the bankruptcy estates of the Debtors other than Available Insurance Proceeds, or to impose any liability on or recover against the Liquidating Trust (as defined in the Confirmation Order [D.I. 671]) or any of its non-insurance assets.

2. Nothing in this Order is intended to affect, in any way, any potential motion to transfer the venue in which the FCA Lawsuit might proceed.

3. Nothing in this Order shall alter or affect the rights or obligations of any party to the FCA Lawsuit or any insurer or reinsurer with respect to policies under which FGMC is a covered person, named insured/assured, or additional insured regarding the terms and availability (or not) of insurance coverage.

4. Nothing in this Order shall affect any potential obligation of the Liquidating Trustee (as defined in the Confirmation Order) to expend resources or

assets related to the FCA Lawsuit or any related litigation, or otherwise limit or affect the rights or obligations of the Liquidating Trustee under the Confirmation Order and liquidating trust agreement in any way.

5. Nothing in this Order shall affect any potential obligation of the Liquidating Trust to incur costs associated with discovery or litigation related to the FCA Lawsuit, including any insurance coverage litigation.

6. Nothing in this Order shall modify or affect, in any way, the Court's *Order Granting Motion of the PIMCO Parties to Enforce the Chapter 11 Plan and Confirmation Order,* dated September 5, 2023, [D.I. 951].

7. Notwithstanding any procedural rule to the contrary, this Order shall become effective and enforceable immediately upon its entry.

8. This Court retains jurisdiction of any matter arising from or relating to this Order or its interpretation or implementation.

Dated: September 8, 2023

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE