**Exhibit A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1] <br><br> Liquidating Debtors. | Chapter 11 <br><br> Case No. 22-10584 (CTG) <br><br> (Jointly Administered) <br><br> **Re: D. I. \_\_\_** |

## ORDER HOLDING RELATOR IN CONTEMPT AND IMPOSING SANCTIONS

Upon the motion [D. I. \_\_ ] (the "Motion")[2] of the PIMCO Parties to hold Relator in contempt and impose sanctions; and this Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, Section 18 of the Plan, and Paragraph 53 of the Confirmation Order, Bankruptcy Code § 105(a) and the Court's inherent authority to enforce its own orders; and upon consideration of the Motion; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court finding that due and proper notice of the Motion having been given; and this Court having reviewed the Motion and any related pleadings; and upon all of the proceedings heard before this Court; and this Court having determined that the legal and factual bases set forth in the Motion, the related pleadings and proceedings before this Court establish just cause for the relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction were: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The service address for First Guaranty Mortgage Corporation is 13901 Midway Road, Ste. 102-334, Dallas, Texas 75244. All references herein to "Debtors" also include Liquidating Debtors, as applicable or as context may require.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

granted herein; and after due deliberation and sufficient cause appearing therefore, and for the reasons set forth on the record at the hearing on the Motion, it is hereby ORDERED THAT:

1. The Motion is granted.

2. Relator has violated and continues to violate the Confirmation Order and the Enforcement Order, which remain in full force and effect, and is held in contempt.

3. The Released Claims, which include all claims, allegations, and causes of action in the Qui Tam Litigation against or regarding the PIMCO Parties, were the property of, and belonged to, the Debtors' estates, and have been conclusively, absolutely, unconditionally, irrevocably, and forever released. Relator, and all other persons, are permanently enjoined, barred, and estopped from asserting, pursuing, or prosecuting all such claims, allegations, and causes of action in any forum, including in the Qui Tam Litigation, and Relator is directed to immediately cease and refrain from any acts to commence or continue, in any manner or in any place, any action or other proceedings, including the Qui Tam Litigation, to prosecute, assert, or enforce such claims.

4. Relator is directed to promptly take all actions necessary to dismiss the Released Claims, which include all claims, allegations, and causes of action in the Qui Tam Litigation against or regarding the PIMCO Parties, with prejudice.

5. Within five (5) days of the entry of this Order, Relator shall file with this Court a certification attesting, under penalty of perjury, her compliance with paragraphs 3 and 4 of this Order and paragraph 5 of the Enforcement Order.

6. From and after the date that is five (5) days from the date of the entry of this Order, Relator shall pay the sum of $1,000 per day to the Clerk of the U.S. Bankruptcy Court for the District of Delaware until the Enforcement Order and this Order are fully and finally complied with and satisfied.

3

7. The PIMCO Parties are awarded all reasonable attorney's fees and expenses to compensate them for the harm caused by Relator's contempt, as requested in the Motion, without prejudice to the PIMCO Parties' ability to request additional fees and expenses.

8. The PIMCO Parties are authorized to take all actions necessary or appropriate to implement the relief granted in this Order.

9. The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.