**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1] | Case No. 22-10584 (CTG) |
| Liquidating Debtors. | (Jointly Administered) |
| | Re: Docket No. 988 |

**OBJECTION TO THE MOTION OF THE PIMCO PARTIES FOR CONTEMPT FOR VIOLATIONS OF THE COURT'S ENFORCEMENT ORDER AND CONFIRMATION ORDER**

Ms. Kari Crutcher, by and through undersigned counsel, hereby respectfully submits this objection to the *Motion of the PIMCO Parties for Contempt for Violations of the Court's Enforcement Order and Confirmation Order* [D.I. 988] (the "Contempt Motion"), and states as follows:

**PRELIMINARY STATEMENT[2]**

1.  Ms. Crutcher takes the orders of this Court seriously and categorically rejects any claim that she disregarded directives from this Court. Instead, having succeeded in obtaining the Enforcement Order (herein defined), the PIMCO Parties seek to unreasonably extend that success into a contempt proceeding.[3] But the PIMCO Parties' grievances are unsupported by the Enforcement Order and amount to distress about timing of implementation. These grievances are

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number in the jurisdiction were: First Guaranty Mortgage Corporation ("FGMC") (9575); and Maverick II Holdings, LLC ("Maverick") (5621). The service address for FGMC is 13901 Midway Road, Ste. 102-334, Dallas, Texas 75244.

[2] Capitalized terms used but not otherwise defined in this section are defined below.

[3] This is emblematic of the saying, "give it a furlong, and it will take a mile." John Bowring, *The Works of Jeremy Bentham* 279 (Edinburgh: William Tait, Volume X. 1843).

now mooted by Ms. Crutcher's *Motion for Leave to File a Motion to Dismiss Claims Pursuant to Rule 41(a)(2) and to File a Third Amended Complaint* (the "Motion for Leave") filed in the Qui Tam Action and attached hereto as **Exhibit A**. Counsel for Ms. Crutcher informed the PIMCO Parties' that the Motion for Leave would be filed to address their concerns about implementation of the Enforcement Order. Rather than responding to that representation or seeking to confer on the issue, the PIMCO Parties initiated this proceeding to obtain relief it is not entitled to and does not need. The Contempt Motion has no basis, is moot, and the PIMCO Parties have not been harmed by any alleged delay in implementing the Enforcement Order.

2. First, Ms. Crutcher is not in contempt of the Court's September 5, 2023 order [D.I. 951] (the "Enforcement Order"). The Court directed Ms. Crutcher to "immediately cease and refrain" from continuing to pursue the Released Claims in the Qui Tam Action. In the Qui Tam Action, she has moved for leave to dismiss and amend the Complaint to remove the Released Claims as required by the Enforcement Order. In the Eleventh Circuit, a party cannot use Federal Rule of Civil Procedure 41 to effectuate a partial dismissal of only some claims, so an entire revised complaint is necessary. Moreover, under Rule 41, Ms. Cructher could not unilaterally notice a dismissal of the Released Claims on an immediate basis. Rather, the Released Claims in the Complaint could only be dismissed by motion or stipulation with the PIMCO Parties. Ms. Crutcher decided to file a motion, as she understood the PIMCO Parties wanted the Released Claims dismissed with prejudice. *See* Ex. A at 7. That is not what the Enforcement Order requires. As such, Ms. Crutcher's only real option was to seek leave to dismiss the Released Claims and seek leave to amend the Complaint. This was pursued with diligence in order to preserve Ms. Crutcher's live claims while complying with the Enforcement Order. That the PIMCO Parties apparently wanted *instantaneous* relief does not amount to contempt.

3. Second, the Motion was not filed after a meaningful meet and confer. On October 4, 2023, counsel for the PIMCO Parties sent a letter about alleged violations of the Enforcement Order to Ms. Crutcher's counsel in the Qui Tam Action, but did not include Delaware counsel that only recently entered their appearance. That letter was provided to Delaware counsel on October 5, 2023. Delaware counsel informed counsel for the PIMCO Parties that day that Ms. Crutcher would be filing a motion in the Qui Tam Action to address the concerns raised in their letter. ***Less than two hours later***, without responding to Delaware counsel's statement, and notably without any reference to that representation, the PIMCO Parties filed the Contempt Motion. Filing the Contempt Motion after Ms. Crutcher indicated her cooperation evidences a lack of a good faith attempt to resolve the issue without need for involvement from the Court.

4. Finally, even if the PIMCO Parties could establish contempt—and the record is clear they cannot—the PIMCO Parties are not able show any harm or prejudice resulting from any alleged non-compliance with the Enforcement Order. The essence of the Contempt Motion is the PIMCO Parties' distress about timing. Any delay has not caused any harm or prejudice warranting a finding of contempt. Any costs the PIMCO Parties have incurred are a result of their own attempt to stretch the Enforcement Order beyond its bounds and its filing of a moot and unnecessary contempt motion. There is no merit to the Contempt Motion and it should be denied.

## RELEVANT BACKGROUND

**Qui Tam Action (N.D. Ga.)**

5. On June 15, 2023, Appellant, as relator, filed her *Supplemental Second Amended Complaint and Demand for a Jury Trial* (the "Complaint") in a qui tam action in the Northern District of Georgia, *United States ex rel. Kari Crutcher v. First Guaranty Mortgage Corporation*, No. 16-cv-3812-TWT (N.D. Ga.) (the "Qui Tam Action"). The Complaint is a qui tam action

under the False Claims Act to recover damages caused by First Guaranty Mortgage Corporation and the Pacific Investment Management Company LLC and PIMCO Investments LLC's (collectively, the "PIMCO Parties") and sustained by the United States Department of Housing and Urban Development.

6. On June 21, 2023, defendant Andrew Peters filed an Answer to the Complaint (No. 16-cv-3812-TWT (N.D. Ga.), D.I. 96).

7. On June 29, 2023, the PIMCO Parties filed a motion to dismiss the Complaint (No. 16-cv-3812-TWT (N.D. Ga.), D.I. 99) (the "<u>Motion to Dismiss</u>").

8. Ms. Crutcher informed defendants of an anticipated motion to transfer the Qui Tam Action to the District of Delaware, which defendants indicated they did not oppose. The parties agreed to stay the briefing on the Motion to Dismiss pending a decision on the transfer motion. *See* No. 16-cv-3812-TWT, D.I. 102.

9. On August 28, 2023, the court in the Qui Tam Action stayed all briefing on the Motion to Dismiss pending a decision on the anticipated motion to transfer. *See* No. 16-cv-3812-TWT, D. I. 103.

10. On September 8, 2023, the PIMCO Parties moved to lift the stay on the Motion to Dismiss and asked the Georgia District Court to dismiss the Released Claims with prejudice as a result of the Enforcement Order. *See* No. 16-cv-3812-TWT, D.I. 104-1, at 7, attached hereto as **Exhibit B**. Ms. Crutcher had no choice but to respond to this mischaracterization of the Enforcement Order, and thus filed a response in opposition on September 22, 2023 (No. 16-cv-3812-TWT, D.I. 106). On October 6, 2023, the PIMCO Parties filed their reply (No. 16-cv-3812-TWT, D.I. 107).

11. On September 22, 2023, Ms. Crutcher filed a motion seeking to enforce the parties' agreement to transfer the Qui Tam Action to Delaware, and to enforce the PIMCO Parties' discovery obligations. *See* No. 16-cv-3812-TWT, D.I. 105 (the "Motion to Compel").

12. On October 13, 2023, Ms. Crutcher filed her Motion for Leave. *See* No. 16-cv-3812-TWT, D.I. 108.

**Bankruptcy Proceedings**

13. On August 3, 2023, Appellees filed their *Motion of Pacific Investment Management Company LLC and PIMCO Investments LLC to Enforce the Chapter 11 Plan and Confirmation Order* [D.I. 900] (the "Motion to Enforce").

14. On August 28, 2023, Appellant filed her objection to the Motion to Enforce [D.I. 930], and on September 1, 2023 Appellants filed their reply [D.I. 941].

15. On September 5, 2023, the Court held a hearing on the Motion to Enforce. At the hearing, the Court stated "[t]he one thing that I'm going to change in PIMCO's form of order is that that order provides … that the claims need to be dismissed with prejudice, and ***I don't think that's appropriate***…. [T]he determination that the complaint asserts claims that are barred by the plan injunction is not an adjudication of those claims on the merits such that prejudice would attach…." *See* D.I. 104-2, 67:20-68:4 (emphasis added).

16. On September 5, 2023, the Court entered the Enforcement Order. The Enforcement Order only bars claims in the Qui Tam Action based on "theories relating to alter ego, veil piercing, and/or any form of vicarious liability … against any of the PIMCO Parties (collectively, the "Released Claims")." Enforcement Order, at 2. The Enforcement Order incorporates "the reasons set forth on the record during the September 5, 2023 hearing." Enforcement Order, at 2. While the Enforcement Order states that "[r]elator is directed to take all actions necessary to dismiss the

Released Claims from the Qui Tam Litigation *without prejudice* to the rights of Relator with respect to any claim that may be asserted consistent with the terms of the Plan, Confirmation Order and this Order," it did not set a date certain to implement those actions. *See* Enforcement Order, at 5 (emphasis added).

17. On September 19, 2023, Appellant appealed the Enforcement Order [D.I. 966].

18. On October 4, 2023, counsel for the PIMCO Parties emailed a letter to counsel for Ms. Crutcher in the Qui Tam Action alleging that Ms. Crutcher was in violation of the Enforcement Order and that they would be filing a motion for contempt in the bankruptcy proceeding if Ms. Crutcher did not immediately comply. *See* Letter from Peter H. White to Sam Buffone dated October 4, 2023, attached hereto as **Exhibit C**.

19. Delaware counsel for Ms. Crutcher received a copy of the letter from Qui Tam Action counsel on October 5, 2023. At 5:14 p.m. on that same day Ms. Crutcher's Delaware counsel, who entered their appearance only two weeks prior, responded to counsel for the PIMCO Parties, denying that Ms. Crutcher was in violation of the Enforcement Order, but that in any case, Georgia counsel would be filing a motion in the Qui Tam Action to address their concerns. *See* Email from J. Noa to P. White dated October 5, 2023, attached hereto as **Exhibit D**. No response was received, no request to confer was made and Delaware counsel for the parties did not discuss the letter or the response.

20. Less than two hours later, the PIMCO Parties filed and served the Contempt Motion. *See* Service Email for D.I. 988, attached hereto as **Exhibit E**.

21. As promised, on October 13, 2023, Qui Tam Action counsel for Ms. Crutcher filed the Motion for Leave in the Northern District of Georgia to implement the dismissal of the Released Claims.

6

# ARGUMENT

22. The Court may impose civil contempt sanctions where: (1) there is a valid order of the court; (2) the person charged with contempt had actual knowledge of the order; and (3) the person disobeyed the order. *See, e.g., In re AGR Premier Consulting, Inc.*, 550 Fed.Appx. 115, 122 (3d Cir. 2014). "The plaintiff has a heavy burden to show a defendant guilty of civil contempt. It must be done by clear and convincing evidence, and where there is ground to doubt the wrongfulness of the conduct of the defendant, he should not be adjudged in contempt." *Fox v. Cap. Co.*, 96 F.2d 684, 686 (3d Cir. 1938). "Further, the long-standing rule in contempt cases is that ambiguities or omissions in an order will favor the party charged with contempt." *In re Safety-Kleen*, 331 B.R. 605, 608 (Bankr. D. Del. 2005).

23. Even where a party is found to be in contempt of a court order, the court maintains discretion to deny sanctions. *See In re Mariner Post-Acute Network*, 329 B.R. 481, 489 (Bankr. D. Del. 2005) (finding that even if D&Os were in contempt, that they had dismissed the action at issue and "sanctions are not warranted in this case.").

## I. MS. CRUTCHER HAS COMPLIED WITH THE ENFORCEMENT ORDER

**Ms. Crutcher Sought Leave to Amend the Complaint**

24. The operative portion of the Enforcement Order provides:

> 4. In accordance with the Plan and the Confirmation Order, Relator, and all other persons, are enjoined, barred, and estopped from asserting, pursuing or prosecuting the Released Claims in any forum, including in the Qui Tam Litigation, and Relator is hereby directed to immediately cease and refrain from any further acts to commence or continue, in any manner or in any place, any action, or other proceeding, including the Qui Tam Litigation, to prosecute, assert, or enforce the Released Claims asserted against the PIMCO Parties.

> 5. Relator is directed to take all actions necessary to dismiss the Released Claims from the Qui Tam Litigation without prejudice to the rights of Relator with respect to any claim that may be asserted consistent with the terms of the Plan, Confirmation Order and this Order.

Enforcement Order, at 2.

25. The Enforcement Order thus enjoins, bars and estops Ms. Crutcher from litigating *only* the Released Claims, and orders, without any reference to timing, Ms. Crutcher to "take all actions necessary to dismiss the Released Claims."

26. The PIMCO Parties argue that Ms. Crutcher "has the power to dismiss" the Released Claims pursuant to Fed. R. Civ. P. 41. *See* Contempt Motion, at 8. This is wrong for two reasons. First, the Court only ordered Ms. Crutcher to dismiss the Released Claims, not the entire Qui Tam Action. Dismissal under Fed. R. Civ. P. 41 would dismiss the entire Qui Tam Action; dismissal of only the Released Claims under Rule 41 is not possible in the Eleventh Circuit and thus not required by the Enforcement Order. *See Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021) ("This Court has made abundantly clear that a Rule 41(a)(1) voluntary dismissal disposes of the *entire* action, not just some of the plaintiffs' claims."); *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1307 (11th Cir. 2016) ("Rule 41 speaks of voluntary dismissal of an action, not a claim. A district court cannot dismiss some claims while leaving others pending.").

27. Second, even if Ms. Crutcher wanted to dismiss the entire action (and refile minus the Released Claims), she could not do so unilaterally under Rule 41(a)(1). Federal Rule of Civil Procedure 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all the parties." Fed. R. Civ. P.

8

41(a)(1). As discussed above, one defendant in the Qui Tam Action has answered and the PIMCO Parties filed the Motion to Dismiss. Therefore, Ms. Crutcher was required to either file a stipulation of all parties in order to dismiss the Qui Tam Action or move to dismiss under Rule 41(a)(2). As discussed above, Ms. Crutcher did not believe the PIMCO Parties would be cooperative in stipulating to dismiss the Complaint so that Ms. Crutcher could refile, as they had requested that all claims against them in the Qui Tam Action be dismissed with prejudice (*See* No. 16-cv-3812-TWT, D.I. 104-1, at 7), in contravention of this Court's intent for the Enforcement Order. *See* D.I. 104-2, 67:20-68:4 ("[T]he determination that the complaint asserts claims that are barred by the plan injunction is not an adjudication of those claims on the merits such that prejudice would attach….").

28. Thus, Ms. Crutcher opted to seek leave to file a third amended complaint, removing the Released Claims. *See* No. 16-cv-3812-TWT, D.I. 108. As a result, Ms. Crutcher was required to prepare the proposed amended complaint to accompany that motion. *See Hill v. Bank of Am., Inc.*, 2012 WL 13009109, at *3 (N.D. Ga. Feb. 28, 2012), *aff'd*, 512 Fed. Appx. 905 (11th Cir. 2013) (unpublished) ("The proper method of requesting leave to amend a complaint is to file a motion that either contains the substance of the proposed amendment or attaches that amendment to the motion.") (citing *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999)).

29. By filing the Motion for Leave, Ms. Crutcher has complied with the Enforcement Order while also preserving her rights as relator precisely as contemplated by this Court. Indeed, this is precisely what the PIMCO Parties' own motion suggested. Contempt Motion, at ¶ 24 (suggesting potential steps to begin dismissal process). To the extent that the PIMCO Parties are

asserting that Ms. Crutcher did not move fast enough to amend the Complaint, there is no deadline set in the Enforcement Order for implementing the dismissal of the Released Claims.[4]

30. Ms. Crutcher has complied with the Enforcement Order and the PIMCO Parties' distress over timing does not provide a basis for contempt. *See Safety-Kleen*, 331 B.R. at 608 ("ambiguities or omissions in an order will favor the party charged with contempt.").

**The PIMCO Parties Cannot Use the Enforcement Order to Ignore their Promises and Discovery Responsibilities**

31. The PIMCO Parties also assert that Ms. Crutcher is in contempt of the Enforcement Order because she filed the Motion to Compel. *See* Contempt Motion, at 8-9. This is not correct.

32. In the Motion to Compel, Ms. Crutcher sought to have the Northern District of Georgia give effect to the parties' agreement to transfer the Qui Tam Action to the District of Delaware. *See* Motion to Compel, at 1-2. Further, Ms. Crutcher sought documents related to insurance policies that may cover the underlying claims in the Qui Tam Action. *Id.* at 13.

33. Prior to entry of the Enforcement Order, the parties had agreed to transfer the Qui Tam Action to the District of Delaware. *See* No. 16-cv-3812-TWT, D.I. 102 (PIMCO Parties not opposing the motion to transfer). The Enforcement Order did not find that all claims in the Complaint were barred, only the Released Claims. As such, Ms. Crutcher was well within her rights to move the Georgia court to effectuate the parties' prior agreement. Nothing in pursuing such a transfer would preclude the dismissal of the Released Claims as ordered by this Court.

34. Further, the PIMCO Parties seem to interpret the Enforcement Order as barring all claims against them in the Qui Tam Action. However, the Enforcement Order only banned derivative claims from proceeding in the Qui Tam Action. The Qui Tam Action asserts direct

---

[4] The PIMCO Parties also conveniently ignore that in the midst of this process, Ms. Crutcher retained new counsel in this action and the District Court appeal, which required sufficient time to account for a transition of that change.

10

claims against the PIMCO Parties, and thus the Enforcement Order does not relieve the PIMCO Parties of their discovery responsibilities under the Federal Rules of Civil Procedure.

35. The Motion to Compel does not violate the Enforcement Order, and therefore is not a basis for contempt. *See AGR Premier Consulting, Inc.*, 550 Fed. App'x. at 122 (requiring a person to disobey an order to hold that person in contempt).

## II. THE PIMCO PARTIES HAVE NOT MET AND CONFERRED IN GOOD FAITH BEFORE FILING THE CONTEMPT MOTION

36. Professional courtesy mandates that counsel meet and confer before filing a motion like the Contempt Motion. *See In re Automated Transactions LLC Patent Litig.*, 2014 WL 4957270, at *1 (D. Del. Jan. 31, 2014). Here, the PIMCO Parties did not attempt to meaningfully confer before they filed the Contempt Motion.

37. Counsel for the PIMCO Parties emailed a letter to counsel for Ms. Crutcher demanding that she immediately comply with the Enforcement Order or else they would file the Contempt Motion. *See* Exhibit C.

38. Despite its lack of merit, had this letter been ignored, the PIMCO Parties' filing may be more defensible. But as discussed above, counsel for Ms. Crutcher informed the PIMCO Parties that she would be addressing their concerns within a week. *See* Exhibit D.

39. Without responding to Ms. Crutcher's counsel's email, and with no conferral among Delaware counsel on the matter, the PIMCO Parties filed and served the Contempt Motion. *See* Exhibit E.

40. In light of Ms. Crutcher agreeing to address their concerns, it is baffling that the PIMCO Parties still filed the Contempt Motion. Ms. Crutcher followed through on her representations, and filed the Motion for Leave which would dismiss the Released Claims and effectuate the amended complaint. *See* No. 16-cv-3812-TWT, D.I. 108. This motion practice

11

could and should have been avoided had the PIMCO Parties meaningfully conferred, and therefore the Contempt Motion should be denied.

41.  Moreover, even if Ms. Crutcher had been in contempt of the Enforcement Order at the time the PIMCO Parties had sent their letter (she was not), Ms. Crutcher has since complied with everything the PIMCO Parties had asked, mooting the Contempt Motion. As such, the Court should deny the Contempt Motion. *See Mariner Post-Acute Network*, 329 B.R. at 489.

### III. THE PIMCO PARTIES HAVE NOT BEEN PREJUDICED AND HAVE NOT SUFFERED ANY HARM

42.  Pursuant to the Motion for Leave, Ms. Crutcher has now moved to amend the Complaint to remove the Released Claims as required by the Enforcement Order. As such, the PIMCO Parties cannot demonstrate any harm or prejudice.

43.  The only harm that the PIMCO Parties identify in the Contempt Motion is for preparing the Motion to Enforce, Contempt Motion, and the motion to lift the stay in the Qui Tam Action and the related documents. Contempt Motion, at 12.

44.  With respect to the Motion to Enforce, this motion was obviously filed before the Court entered the Enforcement Order as it was the basis for the order. Even if Ms. Crutcher was in contempt of the Enforcement Order, it would not entitle the PIMCO Parties to their fees for preparation of the Motion to Enforce. This after-the-fact attempt to shift fees should be disregarded.

45.  With respect to the Contempt Motion and the motion to lift the stay in the Qui Tam Action, the PIMCO Parties could have avoided those costs. Neither motion was necessary. The Enforcement Order did not have a date certain deadline for dismissal and the PIMCO Parties themselves created the 'delay" by demanding a stipulation that was not in compliance with that order. Any harm, therefore, has been self-inflicted and should not be borne by Ms. Crutcher.

**CONCLUSION**

Wherefore, Ms. Crutcher respectfully requests that the Court deny the Contempt Motion.

Dated:   October 19, 2023

*/s/ Jesse L. Noa*
Jesse L. Noa (No. 5973)
R. Stephen McNeill (No. 5210)
Andrew L. Brown (No. 6766)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Email: jnoa@potteranderson.com
rmcneill@potteranderson.com
abrown@potteranderson.com

*Counsel for Appellant Kari Crutcher*