# **Exhibit B**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* KARI CRUTCHER,<br><br>Plaintiff,<br><br>v.<br><br>FIRST GUARANTY MORTGAGE CORPORATION, PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, PIMCO INVESTMENTS LLC, AARON SAMPLES, ANDREW PETERS, JILL WINTERS, and SUZY LINDBLOM,<br><br>Defendants. | Civil Action No.: 16-cv-3812-TWT |

**MEMORANDUM OF LAW IN SUPPORT OF THE PIMCO DEFENDANTS' MOTION TO LIFT THE STAY OF BRIEFING**

The PIMCO Defendants respectfully move this Court to lift the stay of briefing regarding their Motion to Dismiss, Dkt. 99, imposed on August 29, 2023. Dkt. 103. Since that stay was entered, the Bankruptcy Court has ordered that Relator's claims against the PIMCO Defendants in this action have been released and conclusively resolved pursuant to its binding rulings. Accordingly, for the reasons below and in the Motion to Dismiss, this action must be dismissed.

## BACKGROUND

On September 5, 2023, the Bankruptcy Court[1] issued an order enforcing the Plan and Confirmation Order that bars Relator from prosecuting the claims she has asserted against the PIMCO Defendants here, and requires her to take all actions necessary to dismiss these claims. Ex. A, ¶ 2. The Bankruptcy Court's ruling underscores why, in addition to the other reasons stated in the PIMCO Defendants' Motion to Dismiss, the claims against the PIMCO Defendants should be dismissed.

In November 2022, the Bankruptcy Court confirmed FGMC's chapter 11 Plan of liquidation. In the Plan, FGMC released "any and all claims" it had the right to assert against numerous parties, including against each of the PIMCO Defendants. Bankr. Dkt. 671-1 at 90-91, Plan § 16.2(a). The Bankruptcy Court confirmed the Plan, finding that the releases FGMC granted were "in the best interests of the Debtors and all holders of Claims and Interests," including Relator, who submitted her claim against FGMC to the jurisdiction of the Bankruptcy Court. The Plan

---

[1] United States Bankruptcy Court for the District of Delaware (Goldblatt, J.) is overseeing the chapter 11 cases of FGMC and its affiliate Maverick II Holdings, LLC. The filings in the Bankruptcy Case are publicly available at https://www.kccllc.net/fgmc/document/list/5703. All capitalized terms not otherwise defined here shall have the meanings ascribed to them in the Motion to Dismiss, Dkt. 99-1.

2

confirmed by the Bankruptcy Court bars Relator from asserting any released claim. Bankr. Dkt. 671 at 10-11, 30-31, Confirmation Order ¶¶ U(b), 35.

As explained in the PIMCO Defendants' Motion to Dismiss, the alter ego, veil piercing, vicarious liability, and derivative claims that Relator asserts in this action against the PIMCO Defendants were released and permanently enjoined from prosecution under the Plan and Confirmation Order. Dkt. 99-1 at 29-32. To eliminate any issue about the proper application of the Plan and the Bankruptcy Court's injunction to this lawsuit, the PIMCO Defendants moved the Bankruptcy Court to enforce the Plan and Confirmation Order. Exs. D, E. Relator responded in writing and presented additional arguments at a hearing on the PIMCO Defendants' motion in the Bankruptcy Court on September 5, 2023. *See* Bankr. Dkt. 930; Ex. B. Following the hearing, the Bankruptcy Court issued an order finding that the claims Relator is pursuing against the PIMCO Defendants in this action are all derivative claims that were released by the Plan, and are permanently enjoined. The Bankruptcy Court's order is attached as <u>Exhibit A</u> and the transcript of the hearing reflecting the Court's findings, which are incorporated in its order, is attached as <u>Exhibit B</u> to the Declaration of Peter H. White submitted with this motion.

3

## ARGUMENT

This Court should not delay in dismissing causes of action that have been finally resolved in another proceeding in which Relator fully participated before a court interpreting its own rulings. Relator voluntarily submitted her claim against FGMC to the jurisdiction of the Bankruptcy Court. Dkt. 99-1 at 24-25 (citing 28 U.S.C. § 1334; *Cent. Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 362-64 (2006); *United States v. Paddock*, 187 F.2d 271, 278 (5th Cir. 1971)). Relator objected to the proposed Plan before it was confirmed, but did not object to the releases by FGMC or the Plan injunction. The Bankruptcy Court overruled her objection and confirmed the Plan with the entry of the Confirmation Order on November 2, 2022. Bankr. Dkt. 600, 671 at 3 n.3, 19. Relator did not appeal the Confirmation Order, which is now final, binding, and conclusive.

Under well-settled precedent and applicable state law, the Bankruptcy Court held that all the claims Relator asserts here against the PIMCO Defendants belonged exclusively to FGMC's bankruptcy estate and were released under the Plan. Ex. A, ¶¶ 2-4; Ex. B at 54:19-55:9 (concluding alter ego and veil piercing claims are "property of the debtor, that only the debtor can bring that and, if the debtor releases it, it's gone."); *see also In re Emoral, Inc.*, 740 F.3d 875, 879-80 (3d Cir. 2014) (holding alter ego and veil piercing claims belong to a debtor's estate); *Steyr-*

4

*Daimler-Puch of Am. Corp. v. Pappas*, 852 F.2d 132, 135-36 (4th Cir. 1988) (holding that an alter ego claim belonged to the debtor since Virginia law grants a corporation an equitable interest in the assets of its alter ego). The Bankruptcy Court applied these precedents to hold that "[a]ny and all claims, causes of action, liabilities, remedies, and/or theories relating to alter ego, veil piercing, and/or any form of vicarious liability, including those asserted in the Qui Tam Litigation [*i.e.*, the instant action], against any of the PIMCO Parties (collectively, the 'Released Claims') were . . . conclusively, absolutely, unconditionally, irrevocably, and forever released" such that "Relator, and all other persons, are enjoined, barred, and estopped from asserting, pursuing, or prosecuting the Released Claims in any forum." Ex. A, ¶¶ 2-4.

The Bankruptcy Court also incorporated into its order "the reasons set forth on the record during the September 5, 2023 hearing." *Id.* at 2. Among other things, the Bankruptcy Court ruled on the record that it was "satisfied from the review of the operative complaint that the claims it asserts are claims that are[,] under the rationale of *Emoral* and my decision in *TPC*, which simply seeks to give effect to the rationale of *Emoral*[,] estate causes of action." Ex. B at 67:14-20. As such, the Bankruptcy Court "grant[ed] the order that gives effect to the confirmation order," which permanently enjoined such estate causes of action.

5

All of the allegations regarding the PIMCO Defendants in the SSAC are presented through the lens of the PIMCO Defendants' purported control of FGMC. *See* SSAC ¶¶ 21, 189-204; Dkt. 99-1 at 13-14. Relator offered these allegations as support for her contention that the PIMCO Defendants were the alter ego of FGMC and, as such, "should not receive the protections of the corporate veil." SSAC ¶¶ 206-207. The Bankruptcy Court found that *all* of Relator's claims were "core veil piercing alter-ego claims," Ex. B at 49:13-17. According to the Bankruptcy Court, when read in context, the SSAC's attempt to assert any direct FCA violation by the PIMCO Defendants is included only to "set up" these released claims. *Id.* at 49:13-21. As the Bankruptcy Court understood, while it may be theoretically possible to allege that "PIMCO took independent action that violated the FCA in a way in which you could say a perfect stranger who wasn't a corporate affiliate might have taken such action, . . . that is not how I read this complaint." *Id.* at 49:22-50:1. The Bankruptcy Court therefore concluded that *all* of the allegations regarding the PIMCO Defendants in the SSAC allege "essentially, [that] the corporate parent directed the actions of the subsidiary through the exercise of domination and control." *Id.* at 47:14-23. As such, these causes of action belong solely to FGMC's bankruptcy estate, and were released and enjoined by order of the Bankruptcy Court.

6

*Id.* at 67:13-18. The Bankruptcy Court's September 5, 2023 order reaffirmed this conclusion. Ex. A, ¶¶ 2-4.

All persons are enjoined from pursuing these claims by the Bankruptcy Court's permanent injunction. Ex. A, ¶ 4. As a result, Relator cannot pursue these claims here. Accordingly, the Bankruptcy Court ordered that "Relator is directed to take all actions necessary to dismiss the Released Claims" against the PIMCO Defendants in this action. *Id.* ¶ 5. For these reasons and the additional reasons discussed in the PIMCO Defendants' Motion to Dismiss, all claims against the PIMCO Defendants should be dismissed, with prejudice, from this action.

The parties stipulated to a stay of the briefing in connection with the PIMCO Defendants' Motion to Dismiss in anticipation of Relator's motion to transfer this action to the United States District Court for the District of Delaware. Relator asserted that she sought the approval of the Bankruptcy Court "out of an abundance of caution," "[t]o ensure that the transfer motion is not subject to attack on procedural grounds." Bankr. Dkt. 712 at 2-3. The Bankruptcy Court has now held that its approval is not required, *see* Bankr. Dkt. 960, ¶ 2, as transfer is an issue to be resolved by this Court, *see* Ex. B at 24:17-25:4. Relator has filed no motion to transfer to date.

7

In spite of the Bankruptcy Court's ruling that the claims Relator is asserting against the PIMCO Defendants were conclusively released and its order enjoining continued prosecution of these claims, Relator has persisted in requesting further discovery from the PIMCO Defendants to prosecute this lawsuit. Ex. C. The Motion to Dismiss is now ripe for decision. Relator's counsel has indicated that she opposes this motion to lift the stay of briefing on the PIMCO Defendants' Motion to Dismiss.

For the foregoing reasons and those stated in the PIMCO Defendants' previously filed Motion to Dismiss, the Court should lift the stay of briefing and dismiss with prejudice all claims against the PIMCO Defendants.

Respectfully submitted this 8th day of September, 2023.

                                   */s/ Anthony C. Lake*
                                   Craig A. Gillen
                                   Georgia Bar No. 294838
                                   Anthony C. Lake
                                   Georgia Bar No. 431149
                                   GILLEN & LAKE, LLC
                                   400 Galleria Parkway, SE
                                   Suite 1920
                                   Atlanta, GA 30339
                                   Tel: (404) 842-9700
                                   Fax: (404) 842-9750
                                   Email: cgillen@gwllawfirm.com
                                                     aclake@gwllawfirm.com

                                   -and-

                                   SCHULTE ROTH & ZABEL LLP
                                   Peter H. White
                                   Noah N. Gillespie
                                   555 13th Street NW, Suite 6W
                                   Washington, DC 20004

                                   Admitted *Pro Hac Vice*

                                   -and-

                                   Kristine Manoukian
                                   919 Third Avenue
                                   New York, NY 10022

                                   Admitted *Pro Hac Vice*

                                   *Counsel for Pacific Investment Management Company LLC and PIMCO Investments LLC*

## CERTIFICATION

Counsel for Defendants Pacific Investment Management Company LLC and PIMCO Investments LLC certifies, pursuant to N.D. Ga. L. Civ. R. 7.1D, that the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in N.D. Ga. L. Civ. R. 5.1B.

>  */s/ Anthony C. Lake*
> Craig A. Gillen
> Georgia Bar No. 294838
> Anthony C. Lake
> Georgia Bar No. 431149
> GILLEN & LAKE LLC
> 400 Galleria Parkway, SE
> Suite 1920
> Atlanta, GA 30339
> Tel: (404) 842-9700
> Fax: (404) 842-9750
> Email: cgillen@gwllawfirm.com
>  aclake@gwllawfirm.com
>
> *Counsel for Pacific Investment Management Company LLC and PIMCO Investments LLC*

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 8th day of September 2023, the undersigned electronically filed and served the foregoing document, using the Court's CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

/s/ Anthony C. Lake
Craig A. Gillen
Georgia Bar No. 294838
Anthony C. Lake
Georgia Bar No. 431149
GILLEN & LAKE LLC
400 Galleria Parkway, SE
Suite 1920
Atlanta, GA 30339
Tel: (404) 842-9700
Fax: (404) 842-9750
Email: cgillen@gwllawfirm.com
       aclake@gwllawfirm.com

*Counsel for Pacific Investment Management Company LLC and PIMCO Investments LLC*

11