# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORPORATION, *et al.*,[1]<br><br>Liquidating Debtors. | Chapter 11<br><br>Lead Case No. 22-10584 (CTG)<br><br>Case No. 22-10583 (CTG)<br><br>Adv. Pro. No. 22-50387 (CTG)<br><br>(Jointly Administered)<br><br>**Relates to Case No. 22-10583 D.I. 11** |

## STATUS REPORT

Tanya Meerovich, solely in her capacity as liquidating trustee (the "Liquidating Trustee") of the liquidating trust (the "Liquidating Trust"), created pursuant to the *Amended, Modified And Restated Combined Disclosure Statement And Chapter 11 Plan Of First Guaranty Mortgage Corporation And Debtor Affiliate* (the "Plan")[2] [Lead Case No. 22-10584, D.I. 671-1] and that certain trust agreement dated as of November 4, 2022 (the "Trust Agreement"), and the post-effective date debtors (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through undersigned counsel, hereby files this status report in accordance with the *Notice and Order of Request for Status Report* [Case No. 22-10584, D.I. 11] which provides the following update on the status of the Chapter 11 Cases:

1.  On November 2, 2022, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving Disclosures on a Final Basis and (II) Confirming the Amended Combined*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number, were: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The location of the corporate headquarters and the service address for First Guaranty Mortgage Corporation is 13901 Midway Road, Suite 102-334, Dallas, TX 7524.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

*Disclosure Statement and Chapter 11 Plan of First Guaranty Mortgage Corporation and Debtor Affiliate* [Lead Case No. 22-10584, D.I. 671], which among other things, confirmed the Plan.

2. The Effective Date of the Plan occurred on November 6, 2022. *See Notice of (I) Confirmation and Effective Date of the Amended Combined Disclosure Statement and Chapter 11 Plan of First Guaranty Mortgage Corporation and Debtor Affiliate and (II) Deadline Under the Plan and Confirmation Order to File Administrative Claims, Professional Fee Claims, and Rejection Claims* [Lead Case No. 22-10584, D.I. 678].

3. Since the Effective Date, the Liquidating Trustee successfully monetized its equity in certain of its prepetition warehouse lines, including those with Flagstar Bank and Texas Capital Bank, and liquidated FGMC's interests in mortgage servicing rights and advances, such as those for Servis One, Inc. d/b/a BSI Financial Services, TIAA Bank and Mass Mutual Life Insurance Company. The Liquidating Trustee also successfully settled counterparty setoff claims with Rushmore Loan Management Services LLC, Planet Home Lending, LLC and Lakeview Loan Servicing LLC. The Liquidating Trustee also sold FGMC's intellectual property, disposed of the Debtors' joint venture, First Line Holdings Co., and successfully repurchased and disposed of the postpetition purchased assets under the DIP repo facility. These asset monetization efforts resulted in a recovery in excess of $13 million. The Liquidating Trustee has distributed Net Liquidating Trust Proceeds and Plan Reserves in accordance with section 14.5(d) of the Plan, including to cover operating and professional expenses of the Liquidating Trust and reimburse the Cash Flow DIP Lender for a portion of the Trust Funding Amount and the Additional Administrative Claims Amount. The Liquidating Trustee currently retains reserves for priority and administrative claims and expenses of the Liquidating Trust. The Liquidating Trustee expects to supplement distributions to the Cash Flow DIP Lender to reimburse it for a portion of the Trust Funding Amount and

Additional Administrative Claims Amount with additional recovery not yet received, including but not limited to the equity in unresolved warehouse lending claims and any excess aggregate administrative and priority claim reserves.

4. Since the Effective Date, the Liquidating Trustee and the Debtors have focused on claims reconciliation and related distributions, as follows:

- The Liquidating Trustee undertook a comprehensive review and reconciliation of administrative, priority and secured claims against both Debtors' estates. In furtherance thereof, the Liquidating Trustee has, among other things, undertaken a review and comparison of the scheduled and/or asserted claims and the books and records maintained by the Debtors in the ordinary course of business to determine the validity of such scheduled and/or asserted claims. Following such review, as of November 3, 2023, the Liquidating Trustee made approximately $13.4 million of distributions on allowed undisputed administrative, priority and secured claims under the Plan.

- The Liquidating Trustee's claims reconciliation process also included the identification of particular categories of claims that may be subject to, inter alia, disallowance, reduction, reassignment, and/or reclassification. To reduce the number of claims and avoid improper recoveries by parties asserted claims that should be disallowed, reduced, reassigned, and/or reclassified, the Liquidating Trustee has filed four omnibus objections to claims. [*See* Lead Case No. 22-10584, D.I. 780, 794, 806, 823, 929, 980, 1000]. The Liquidating Trustee also filed two notices of satisfaction [Lead Case No. 22-10584, 781, 928], identifying certain claims filed against the Debtors' estates that have been fully satisfied.

5.      To the extent any further claims reconciliation is needed, on October 31, 2023, the Liquidating Trustee filed a *Second Motion to Extend Deadline to Object to Claims* [Lead Case No. 22-10584, D.I. 1022], requesting an extension of the claims objection deadline to December 31, 2023.

6.      Additionally, October 2, 2023, as part of the Liquidating Trustee's efforts to wind down the Liquidating Trust and close these Chapter 11 Cases, the Liquidating Trustee obtained authority on to destroy certain records of the Debtors.  [Lead Case No. 22-10584, D.I. 984].

7.      The Liquidating Trustee also reached an agreement in principle with plaintiffs to resolve the pending class action WARN adversary proceeding titled *Lori Buckley, Gayle Zech, Roberta Martinez, Jennifer Jackson and James Davies v. First Guaranty Mortgage Corp.*, et al., Adv. Pro. No. 22-50387-CTG .  The parties are finalizing the settlement of this matter and intend to file a motion under Bankruptcy Rules 7023 and 9019 approving such settlement as soon as possible.

8.      The Bankruptcy Court also entered orders modifying the plan injunction to permit the plaintiffs in actions titled *United States ex rel. Kari Crutcher v. First Guaranty Mortgage Corporation*, No. 16-cv-3812-Case 22-10584-CTG pending in the United States District Court for the Northern District of Georgia [*see* D.I. 960] and *Lynley VanSingel, et al., v. First Guaranty Mortgage Corporation, et al.*, CA 4:22-cv-00525 pending in the United States District Court for the Eastern District of Texas, Sherman Division [*see* D.I. 973] to proceed with the litigation to recover against insurance.

9.      While the Liquidating Trustee's final monetization efforts and resolution of remaining claims continue, the Liquidating Trust has limited remaining resources and seeks to finalize the wind down the Liquidating Trust as soon as possible.  Asset recoveries as of the date

of this report plus future expected asset recoveries will not be sufficient to reimburse the Cash Flow DIP Lender for the full Trust Funding Amount and Additional Administrative Claims Amount pursuant to section 14.5(d)(ii) of the Plan. Accordingly, after consideration of post effective date trust expenses, the Liquidating Trustee does not anticipate making any distribution to holders of General Unsecured Claims and, therefore, also does not expect to object to any General Unsecured Claims.

10. The Liquidating Trustee anticipates filing a motion requesting the Bankruptcy Court close these Chapter 11 Cases in either the 4th quarter of 2023 or the 1st quarter of 2024.

[*Remainder of page left intentionally blank*]

| | |
|---|---|
| Dated:  November 13, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP** |

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Tel:     (302) 652-4100
Fax:    (302) 652-4400
Email:  ljones@pszjlaw.com
            mcaloway@pszjlaw.com

-and-

Samuel R. Maizel (*Pro Hac Vice*)
Tania M. Moyron (*Pro Hac Vice*)
**DENTONS US LLP**
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Email:  samuel.maizel@dentons.com
            tania.moyron@dentons.com

Claude D. Montgomery (*Pro Hac Vice*)
**DENTONS US LLP**
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 632-8390
Email:  claude.montgomery@dentons.com

David F. Cook (DE Bar No. 6352)
**DENTONS US LLP**
1900 K Street, NW
Washington, DC 20006
Telephone:  (202) 496-7500
Email:  david.f.cook@dentons.com

*Counsel to the Liquidating Trustee*