**Exhibit B**

Proposed Preliminary Approval Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORP., et al,[1]<br><br>Debtors. | Chapter 11<br><br>Bankr. Case No.  22-10584 (CTG)<br>(Jointly Administered) |
| LORI BUCKLEY, GAYLE ZECH, ROBERTA MARTINEZ, JENNIFER JACKSON and JAMES DAVIES, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIRST GUARANTY MORTGAGE CORP., et al.<br><br>Debtors. | Adv. Pro. No. 22-50387-CTG |

## ORDER PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANK. P. 7023 AND 9019 (I) PRELIMINARILY APPROVING THE SETTLEMENT AGREEMENT, (II) APPROVING THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF THE SETTLEMENT, (III) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT AGREEMENT, AND (IV) GRANTING RELATED RELIEF

The Court has considered the Joint Motion of Plaintiffs, Lori Buckley, Gayle Zech, Roberta Martinez, Jennifer Jackson, and James Davies (collectively, "Plaintiffs"), on behalf of themselves and the Class they represent, together with Tanya Meerovich of FTI Consulting, as liquidating trustee (the "Liquidating Trustee"), under the liquidating trust (the "Trust") created pursuant to the Amended, Modified and Restated Combined Disclosure Statement and Chapter 11 Plan of First Guaranty Mortgage Corporation and Debtor Affiliate (the "Plan") [Docket No.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 13901 Midway Road, Ste. 102-334, Dallas, TX 75244.

671-1], and that certain trust agreement dated as of November 4, 2022 (the "Trust Agreement"), appointed in the chapter 11 cases (the "Chapter 11 Cases") of First Guaranty Mortgage Corporation (together with its affiliated debtors in possession, the "Debtors" or "Defendants" and together with Plaintiffs, the "Parties"), by and through their respective counsel, for orders (a) approving the *Settlement and Release Agreement* (the "Settlement Agreement" or the "Settlement")[2] among the Parties pursuant to Bankruptcy Rule 9019, (b) preliminarily approving the Settlement Agreement pursuant to Civil Rule 23, (c) approving the form and manner of notice to Class of the settlement, (d) scheduling a fairness hearing (the "Fairness Hearing") to consider final approval of the Settlement Agreement pursuant to Civil Rule 23, (e) after the Fairness Hearing, finally approving the Settlement Agreement pursuant to Civil Rule 23, and (f) granting related relief; and the Court having considered the Joint Motion and any opposition thereto, the Court finds that:

(a)     Proper and sufficient notice of the Joint Motion has been given and that no further notice of the Joint Motion is required except as set forth herein;

(b)     Based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Settlement is reasonable and cost-effective, and preliminary approval of the Settlement is warranted and in the best interests of the Parties;

(c)     Notice should be given to all of the Class members, affording them the opportunity to object to the proposed Settlement Agreement;

(d)     The Settlement Agreement should be preliminarily approved;

(e)     Notice to the Class by first class mail, postage prepaid, at their last known address as indicated on Schedule 1 to the Settlement (or as may otherwise be determined by Class

---

[2] A true copy of the Settlement Agreement is attached hereto as Exhibit A. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

Counsel and/or the Settlement Administrator) is reasonable and the best notice practicable under the circumstances and such mailing should be made by Class Counsel, through their designee, within ten (10) business days following the entry of this Order;

(f)     The contents of the notice of settlement (the "Class Notice") annexed to the Joint Motion as Exhibit D meet the requirements of Fed. R. Civ. P. 23(c)(2)(B). The Class Notice states the nature of the action, and the issues and defenses. The Class Notice also states that the Settlement Agreement, if approved, will be binding on all Class Members. The Class Notice also summarizes the terms of the Settlement Agreement, the right of each Class Member to appear by counsel at the Fairness Hearing, and the fact that more information is available from Class Counsel upon request. Further, the Class Notice informs the Class Members that the Settlement Agreement provides for the release of their Released Claims (as that term is defined in the Settlement Agreement) and the payment of Class Counsel's attorneys' fees and costs. *See* FED. R. CIV. P. 23(h);

(g)     A hearing on the final approval of the Settlement Agreement ("Fairness Hearing") should be held no sooner than _____ so that Class Members will have sufficient time from the mailing of the Class Notice to secure further information regarding the relief sought by the Joint Motion, and/or to object to the proposed Settlement Agreement should they choose to do so, and to engage counsel to appear at the Fairness Hearing; and

(h)     Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

**THEREFORE, IT IS HEREBY ORDERED THAT**:

(i)     The Joint Motion is **GRANTED**, subject to final approval, as set forth herein.

(ii)     The Settlement Agreement is hereby preliminarily approved.

DE:4895-2321-3458.2 28311.001

(iii)    The form of the Class Notice, substantially in the form annexed to the Joint Motion as Exhibit D, and the preparation and service of the Class Notice by Class Counsel, through their designee, by first class mail, postage prepaid, to each Class member identified in Schedule 1 to the Settlement Agreement at his or her last known address contained therein (or as may otherwise be determined by Class Counsel and/or the Settlement Administrator) is hereby approved.

(iv)    Within two business days of entry of this Order, the Liquidating Trustee shall securely provide the Settlement Administrator with a social security number for each Class member for the Settlement Administrator's use in locating any Class member whose address is stale and/or for use in administration of the Settlement.

(v)    The Class Notice shall be mailed by first class mail by Class Counsel, through their designee, to the individuals identified in Schedule 1 to the Settlement Agreement within ten (10) business days following the entry of this Order.

(vi)    Class Members who wish to object to the Settlement must send such objection, according to the instructions set out in the Class Notice, such that it is received by the Parties and filed with the Court no later than the objection deadline set forth in the Class Notice, which shall be set at twenty-five (25) days from the date of mailing.

(vii)    The Court shall conduct a Fairness Hearing on _____, 2023 at _____ ___.m.

(viii)    This Court retains jurisdiction to construe, interpret, enforce, and implement the Settlement Agreement and this Order.

DE:4895-2321-3458.2 28311.001