## Exhibit C

Proposed Final Order Approving Settlement

DE:4895-2321-3458.2 28311.001

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORP., et al,[1]<br><br>Debtors. | Chapter 11<br><br>Bankr. Case No. 22-10584 (CTG)<br>(Jointly Administered) |
| LORI BUCKLEY, GAYLE ZECH, ROBERTA MARTINEZ, JENNIFER JACKSON and JAMES DAVIES, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIRST GUARANTY MORTGAGE CORP., et al.<br><br>Debtors. | Adv. Pro. No. 22-50387-CTG |

## FINAL ORDER APPROVING WARN CLASS ACTION SETTLEMENT AGREEMENT

The Court has considered the Joint Motion[2] [Docket No. ____] of Plaintiffs, Lori Buckley, Gayle Zech, Roberta Martinez, Jennifer Jackson, and James Davies (collectively, "Plaintiffs"), on behalf of themselves and the Class they represent, together with Tanya Meerovich of FTI Consulting, as liquidating trustee (the "Liquidating Trustee"), under the liquidating trust (the "Trust") created pursuant to the Amended, Modified and Restated Combined Disclosure Statement and Chapter 11 Plan of First Guaranty Mortgage Corporation and Debtor Affiliate (the "Plan") [Docket No. 671-1], and that certain trust agreement dated as of November 4, 2022 (the "Trust Agreement"), appointed in the chapter 11 cases (the "Chapter 11

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 13901 Midway Road, Ste. 102-334, Dallas, TX 75244.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Joint Motion or Settlement Agreement, as appropriate.

Cases") of First Guaranty Mortgage Corporation (together with its affiliated debtors in possession, the "Debtors" or "Defendants" and together with Plaintiffs, the "Parties"), by and through their respective counsel for an order approving the proposed WARN Act Settlement and Release Agreement (the "Settlement Agreement"). The Court finds:

    A.    The Court entered an Order on _____, 2023, granting preliminary approval of the Settlement Agreement and approving the form and manner of notice of the Settlement Agreement to be given to all Class Members;

    B.    Due notice has been given to the Class of the Settlement Agreement and the right to appear in person or by counsel at the Fairness Hearing; and no other and further notice is required and such notice is deemed proper and sufficient under the circumstances;

    C.    The Court has held a Fairness Hearing on _____, 2023 to consider final approval of the Settlement Agreement;

    D.    All Class Members are bound by this Order and the terms of the Settlement Agreement;

    E.    The terms of the Settlement Agreement are fair, reasonable and adequate under Federal Rule of Civil Procedure 23 incorporated by Rule 7023 of the Federal Rules of Bankruptcy Procedure and the nine factor test the Third Circuit developed in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975);

    F.    The Settlement Agreement was negotiated at arm's-length and in good faith, is fair equitable and in the best interests of the Parties; and

    G.    Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement is **APPROVED**, as set forth herein.

2. The Liquidating Trustee and Debtors are authorized to implement the terms of the Settlement Agreement and make the payment required thereunder and in accordance with the Settlement Agreement.

3. Upon entry of this Order and payment of the Settlement Amount in accordance with the Settlement Agreement, the Released Claims shall be deemed waived and disallowed in their entirety.

4. Upon entry of this Order and payment of the Settlement Amount in accordance with the Settlement Agreement, the Liquidating Trustee, and/or Debtors and the claims agent appointed in these Chapter 11 Cases are each authorized and directed to make such revisions to the Debtors' schedules of assets and liabilities and/or the claims register maintained in these cases as are necessary to reflect the relief granted in this Order including, but not limited to, disallowing the Released Claims pursuant to the terms of the Settlement Agreement.

5. Upon entry of this Order and upon payment of the Settlement Amount in accordance with the Settlement Agreement, the WARN Action is deemed dismissed with prejudice.

6. This Court shall retain jurisdiction, even after the closing of these Chapter 11 Cases, with respect to all matters arising from or related to the implementation of the Settlement Agreement and this Order.

DE:4895-2321-3458.2 28311.001