**Exhibit D**

Class Notice

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FIRST GUARANTY MORTGAGE CORP., et al,[1]<br><br><center>Debtors.</center> | <center>Chapter 11<br>Bankr. Case No.  22-10584 (CTG)<br>(Jointly Administered)</center> |
| LORI BUCKLEY, GAYLE ZECH, ROBERTA MARTINEZ, JENNIFER JACKSON and JAMES DAVIES, on behalf of themselves and all others similarly situated,<br><br><center>Plaintiff,</center><br><br><center>v.</center><br><br>FIRST GUARANTY MORTGAGE CORP., et al.<br><br><center>Debtors.</center> | <center>Adv. Pro. No. 22-50387-CTG</center><br><br><br>**Hearing Date:**<br><br>**Responses Due:** |

**NOTICE TO CLASS OF (A) PROPOSED SETTLEMENT OF CLASS ACTION CONCERNING WARN ACT CLAIMS; (B) DATE OF COURT HEARING FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND EXPENSES, AND (C) RIGHT TO OBJECT TO THE SETTLEMENT AND TO APPEAR AT COURT HEARING**

**This Notice Contains Important Information About Your Rights As A Class Member.  You Should Read This Entire Document**

**Introduction**

1.      Plaintiffs, Lori Buckley, Gayle Zech, Roberta Martinez, Jennifer Jackson, and James Davies, (collectively, "Plaintiffs") on behalf of themselves and the Class they represent, which you are a member of, together with the Liquidating Trustee for First Guaranty Mortgage Corporation (sometimes referred to as "FGMC", and together with its affiliated debtors in possession, the "Debtors" or "Defendants" and together with Plaintiffs, the "Parties"), have reached a proposed settlement to resolve the claims against Defendants under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101-2109 (the "WARN Act") in this matter, which is memorialized in the *Settlement and Release Agreement* dated as of November __, 2023 (the "Settlement"  or "Settlement Agreement") and which is pending before the Court

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: First Guaranty Mortgage Corporation (9575); and Maverick II Holdings, LLC (5621). The Debtors' mailing address is 13901 Midway Road, Ste. 102-334, Dallas, TX 75244.

for final approval.

2.      This notice constitutes notice to you and the other Class members of (a) the proposed Settlement  and a summary of the Settlement terms, (b) the date of the hearing before the Court on final approval of the proposed Settlement and (c) the right to object to or comment on the Settlement and to appear at the hearing, if you should so choose, at which the Court will consider final approval of the Settlement.

## Background and Description of the WARN Action

3.      The Debtors operated as a full service, non-bank mortgage lender that originated residential mortgages through a national platform.

4.      On June 24, 2022, Debtors terminated more than 400 employees who reported to the Plano, Texas office.

5.      On June 30, 2022, Debtors each filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. On July 1, 2022, the Debtors' cases were consolidated for joint administration.

6.      On June 30, 2022, Plaintiffs filed this class action adversary proceeding (the "WARN Action") against Defendants under the WARN Act for recovery of damages of up to 60 days' pay and ERISA benefits for alleged violations of the WARN Act. In the WARN Action, Plaintiffs assert that they and the other similarly situated employees are "aggrieved employees" as defined by the WARN Act, who were affected by a mass layoff on or about June 24, 2022, ordered by the Defendants, as a "single employer" without the provision of sixty (60) days advance written notice. Further, the Plaintiffs assert the Defendants failure to give the Class members at least 60 days' advance written notice of termination entitles Class Members to recover up to 60 days of wages and ERISA benefits from the Defendants.

7.      In general, the WARN Act requires employers to give their employees working at or reporting to facilities having at least fifty (50) employees (exclusive of part-time employees) at least sixty (60) calendar days' advance written notice before ordering a shutdown. An employer may give less than sixty (60) days written notice if it can prove that certain defenses, as enumerated in the WARN Act, where applicable. But to avail itself of these defenses, the employer must still give as much notice as practicable and include in the notice a brief statement of the basis for less than sixty (60) days' notice.

8.      On or about July 14, 2022, the Official Committee of Unsecured Creditors (the "Committee") was appointed in this matter by the Office of the United States Trustee. Plaintiff Lori Buckley was appointed to the Committee to represent the WARN Act claimants.

9.      On September 6, 2022, Debtors filed their Combined Disclosure Statement and Chapter 11 Plan, which was later amended to include a WARN Act claim reserve of $2.5 million dollars as a result of Plaintiffs' objection to confirmation of the Plan.  The amended Plan was confirmed on November 2, 2022.

DE:4895-2321-3458.2 28311.001

10.     On September 30, 2022, Defendant First Guaranty Mortgage Corp. filed its Answer, denying any violation of the WARN Act and asserting various defenses and affirmative defenses to the WARN Action, including: (a) the "unforeseeable business circumstances" and "faltering company" statutory reductions to the WARN Act's sixty day notice requirement; (b) the "liquidating fiduciary" exception under the WARN Act and (c) good faith belief that all of their actions complied with all provisions of the WARN Act.

11.     On October 14, 2022, Plaintiffs filed a motion for class certification, which also sought appointment of Plaintiffs as the class representatives and appointment of their counsel as class counsel.

12.     On or about October 28, 2022, Defendant First Guaranty Mortgage Corp. filed its memorandum of law in opposition to Plaintiffs' motion for class certification

13.     The Parties ultimately stipulated to certification of a Class in this matter, comprised of 425 employees of Defendant First Guaranty Mortgage Corporation specified by individual name and employee number on Schedule 1 to the stipulation who reported to FGMC's Plano, Texas facility and were involuntarily separated from employment on June 24, 2022, but excluding any individuals who timely elected to opt out of the Class. The class certification stipulation, which was approved by the Court, also appointed Plaintiffs as the Class Representatives and Plaintiffs' counsel (Raisner Roupinian LLP, Lankenau & Miller LLP and The Gardner Firm, P.C.) as Class Counsel. The Court approved Class notices were mailed to Class members on February 6, 2023, at the addresses provided by Defendant First Guaranty Mortgage Corporation. Any individual electing to exclude herself/himself from the Class was required to mail a completed Opt-Out Form so that it was received by Class Counsel by March 13, 2023. There were no opt-outs.

14.     In February 2023, the Parties agreed to mediate the disputed claims in the WARN Action.

15.     The Parties selected Hon. David H. Coar (Ret.) as the mediator and agreed to a mediation date of May 31, 2023. The Parties submitted mediation statements to Judge Coar on May 22, 2023 and mediated the matter for a full day on May 31, 2023, via Zoom. While the Parties were unable to reach a resolution that day, they continued to negotiate in good faith and at arms' length, with the assistance of Judge Coar, over the course of the ensuing five months in an attempt to resolve the WARN Action.

16.     The Parties acknowledge the risks and delays inherent in litigation.

17.     The results of a trial in this matter are uncertain and the litigation is complex. The WARN Action involves numerous legal issues regarding the application of the WARN Act and its statutory and other legal defenses to complex facts. These issues include, among others: (i) whether the Defendants were a covered employer under the WARN Act at the time of the alleged plant closing or mass layoff pursuant to the liquidating fiduciary doctrine; (ii) whether the Defendants' WARN Act notice provided adequate notice to the Class Members under the WARN Act; (iii) whether the WARN Act notice was defective under the WARN Act; (iv) whether the Defendants were entitled to give fewer than sixty (60) days notice because of alleged

DE:4895-2321-3458.2 28311.001

unforeseeable business circumstances; (v) whether the Defendants were entitled to give fewer than sixty (60) days notice because, at the time notice would otherwise have been required, Defendants were seeking new capital which Defendants assert, if obtained, would have obviated the need for or substantially postponed the alleged plant closing or mass layoff; (vi) whether the Defendants efforts to obtain new capital were commercially reasonable under the circumstances; (vii) whether the Defendants have other defenses to the application of the WARN Act; (viii) whether the Defendants gave "as much notice as practicable"; (ix) whether the Defendants constitute a "single employer" under the provisions of the WARN Act such that they would be jointly and severally liable for some or all of the alleged damages;  (x) the computation of the amount of damages; (xi) whether the Defendants are entitled to any reduction of damages based on "good faith;" (xii) whether Plaintiffs' claims are barred by section 502(d) of the Bankruptcy Code because Plaintiffs owe Defendant amounts under Chapter 5 of the Bankruptcy Code, including amounts made to Plaintiffs that constitute avoidable preferential transfers and/or fraudulent conveyances under sections 544, 547, 548 and 550 of the Bankruptcy Code; and (xiii) whether Plaintiffs' claims for priority treatment of damages are subject to the requirements and limitations of section 507(a)(4) of the Bankruptcy Code, and are eliminated or otherwise reduced to the extent other payments to Plaintiffs were made pursuant to, or that otherwise fall within, section 507(a)(4) of the Bankruptcy Code.

18.     The Plaintiffs have the burden of proof on some of these issues and the Defendants have the burden on others, including any affirmative defenses, and the trial of this matter would likely be lengthy, adding to cost and potential delay, with an uncertain outcome.

19.     On or about November 1, 2023, the Parties reached an agreement in principle, the terms of which were later memorialized in the Settlement Agreement which has been presented to the Court for approval. In general, the Settlement Agreement provides for a payment in the amount of $1,750,000 in settlement of the WARN Action.  The Settlement Agreement provides that the Settlement Payment will be paid by the Liquidating Trustee to a settlement administrator of Class Counsel's choice within five (5) business days of the entry of an order approving the Settlement Agreement by the Court. The other essential terms of the Settlement Agreement are below.

### The Proposed Settlement

20.     The following description of the proposed Settlement is only a summary. In the event of any difference between this summary and the terms of the Settlement, the terms of the Settlement shall control. You may secure a copy of the complete Settlement from Class Counsel Mary E. Olsen at the address shown below. The terms of the Settlement relevant to the Class Members may be summarized as follows:

### The Terms of the Settlement

21.     In general, the Settlement Agreement requires the Liquidating Trustee to pay $1,750,000 (the "Settlement Amount") to the Settlement Administrator, chosen by Class Counsel, within five business days following final approval of the Settlement. The Settlement Administrator shall then promptly distribute the Settlement Amount as set forth in the Settlement Agreement. The Class Representatives shall each receive a $5,000 payment for their services on

DE:4895-2321-3458.2 28311.001

behalf of the Class Members in this matter. The Class Representatives shall, subject to Court approval, receive a one-time combined total payment of twenty-seven thousand dollars ($27,000) for their service on behalf of the Class Members ("Service Payments") to be allocated as follows: $7,000 to Lori Buckley[2] and $5,000 each to Gayle Zech, Roberta Martinez, Jennifer Jackson, and James Davies. The Service Payments will be made in addition to the Class Representatives' individualized settlement amounts and Class Counsel's Fees will not be deducted from the Service Payments. Class Counsel shall receive payment in the amount of one-third (1/3) of the Settlement Amount, after deduction of the Service Payments, ("Class Counsel's Fees") plus litigation costs and expenses related to the WARN Action ("Class Counsel's Expenses"). The remaining amount of the Settlement Amount shall be divided as shown on Schedule 1 to the Settlement. The projected net amount of your individualized share of the Settlement Amount is detailed on Exhibit A hereto. Note that this amount is an estimate and may be adjusted depending on Class Counsel's Expenses at the time of distribution. Class counsel expects any such adjustments to be minimal.[3] By accepting your portion of the Settlement Amount, you agree that you will be solely responsible for any and all tax liabilities stemming from the payment of your claim under the Settlement Agreement.

22.     Any distributions that are not cashed or deposited within ninety (90) days of their date of issuance shall be deemed residual funds on the 91st day following the Settlement distribution and treated in accordance with the terms of the Settlement Agreement.

### Class Counsel's Recommendation

23.     Class Counsel recommends the Settlement, believing that it is fair, reasonable and adequate to the Class.

### Release of Claims and
### Effect of Approval of Settlement Agreement

24.     Except for the rights arising out of, provided for, or reserved in the Agreement, upon the payment of the Settlement Amount to the settlement administrator, the Class Members, for and on behalf of themselves, and their respective predecessors, successors, assigns, affiliates and subsidiaries (collectively, the "Releasing Parties"), will fully and forever release and discharge the Defendants, the Liquidating Trustee, the Trust, the Defendants' current and former directors, parents, subsidiaries, partners, members, lenders, accountants, attorneys, representatives, and all other agents, and all of their respective predecessors, successors and assigns, and the Cash Flow DIP Lender, the Prepetition Bridge Lender, and each of the Related Parties of each of the Cash Flow DIP Lender and Prepetition Bridge Lender (collectively, the "Released Parties"), of and from any and all claims, obligations, demands, rights, debts, liabilities, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, character, and description, whether in law or in equity, whether

---

[2] Buckley was selected by the United States Trustee to represent the WARN Claimants on the Committee of Unsecured Creditors and served in that capacity through Plan confirmation.

[3] The Projected Net Settlement Amounts were adjusted on Schedule 1 so that no Class Member's Projected Net Settlement Amount is less than $250.

sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, suspected or disclosed, which the Releasing Parties may now or hereafter may have against the Released Parties, which relate to or are based on the WARN Act or any federal, state or local law or regulation applying to plant closings (collectively, the "Released Claims").[4] The Released Parties waive any and all rights to assert any avoidance claims against Class Members arising under chapter 5 of the Bankruptcy Code or applicable state law.

### How to Object to the Settlement

25.    If you are satisfied with the proposed Settlement including Class Counsel's Fees and Class Counsel's Expenses and your projected individualized WARN settlement amount as shown on Exhibit A, you do not need to do anything. Following final Court approval and payment of the Settlement Amount, your share of the Settlement amount will be mailed to your last known address as indicated in the Defendants' books and records or to such address that you have updated with Class Counsel, in accordance with the Settlement Agreement. If you are concerned that Class Counsel does not have your current address, please promptly notify Class Counsel as follows:

|  |  |
|---|---|
| **Via Mail:** | **Mary E. Olsen, Esq.**<br>**182 St Francis Street**<br>**Suite 103**<br>**Mobile, AL 36602** |
| **Via Phone:** | **251-415-4978** |
| **Via Email:** | **molsen@thegardnerfirm.com** |

26.    If, on the other hand, you believe that the proposed Settlement is unfair or inadequate or are dissatisfied with the amount shown on Exhibit A or feel that Class Counsel's Fees or Class Counsel's Expenses should not be approved, you may object to the Settlement by mailing via First Class US Mail a detailed written statement bearing the caption of this action shown above on the first page stating your comment or objection, to the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington,

---

[4] The Released Claims consist of any and all claims of any kind or nature whatsoever, at law, in equity, and otherwise, whether known or unknown, anticipated, suspected, or disclosed, which the Releasing Parties have or may have as of the Final Approval Date, which relate to or are based on the WARN Act or any federal, state or local law or regulation applying to plan closings. For avoidance of doubt, the following claims and/or rights shall not be released:

  i.   any claims for continuation of health or medical coverage, at the Class Member's expense, or at the expense of a beneficiary or dependent of a  Class Member, to the extent required by the relevant provisions of the Consolidated Omnibus Reconciliation Act of 1985 ("COBRA");

 ii.   any pre-petition claims for expense reimbursement due individual Class Members;

iii.   rights, if any unrelated to the individual Class Members' WARN Act claims, arising under the Debtors' 401(k) retirement plans; and

iv.   any claims of individual Class Members which the law clearly states may not be released by settlement.

Settlement Agreement, ¶ 8.

Delaware  19801, and by sending copies of that statement, also by First Class US Mail, to (1) THE GARDNER FIRM, P.C., 182 St Francis Street, Suite 103, Mobile, AL  36602, Attention: Mary E. Olsen, Esq., and (2) Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, California Attention: Tania M. Moyron, Esq. **Objections must be mailed so as to be received no later than _____, 2023, and must include the caption of the action and your name, address, and telephone number together with a detailed statement of the basis for your objection and whether you wish to be heard personally or by counsel at the final hearing at which the parties will be requesting binding Court approval of the Settlement and the award of attorneys' fees and costs, as described above.**

27.     You may also appear in person or by counsel at the final hearing described below, if you so choose.

### Final Hearing to Approve Settlement and Award Class Counsel's Fees and Class Counsel's Expenses

28.     The hearing for final consideration and approval of the Settlement and the award of Class Counsel's Fees and Class Counsel's Expenses is scheduled to take place on _____, 2023 at _____a.m./p.m. before the Honorable Craig T. Goldblatt, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Courtroom 7, Wilmington, Delaware  19801. That hearing may be adjourned without further notice. If you wish to determine if the hearing is adjourned, you may contact Ms. Olsen at the address shown above.

### Other Information

29.     For more information about the Settlement or the WARN Action, you may contact Class Counsel Mary E. Olsen at (251) 415-4978 or at molsen@thegardnerfirm.com.

30.     While the Court has approved the sending of this notice, that does not indicate, and is not intended to indicate, that the Court has any opinion as to the respective claims or defenses asserted by the parties in the WARN Action.

### Please do not write to or call the Court concerning this matter.

**EXHIBIT A**

| | |
|---|---|
| Projected NetShare of the Settlement Amount,  After the Deduction of Service Payments, Class Counsel's Fees and Class Counsel Expenses | $_____ |

DE:4895-2321-3458.2 28311.001